UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH DEANGELIS, Individually and On Behalf Of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>  -against-<br><br>JON S. CORZINE, HENRI J. STEENKAMP, BRADLEY I. ABELOW, and MICHAEL G. STOCKMAN<br><br>      Defendants. | Case No. 11 Civ. 7866 (VM) |
| THIS DOCUMENT RELATES TO:<br><br>All Consolidated Actions. | |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION
OF CONTEXT PARTNERS FUND, L.P. FOR APPOINTMENT
AS LEAD PLAINTIFF AND APPROVAL OF ITS SELECTION OF
COUNSEL AS LEAD COUNSEL ON BEHALF OF PURCHASERS
OF MF GLOBAL HOLDINGS LTD. 3.375% SENIOR
CONVERTIBLE NOTES DUE 2018**

              ENTWISTLE & CAPPUCCI LLP
              Vincent R. Cappucci, Esq.
              Robert N. Cappucci, Esq.
              Jordan A. Cortez, Esq.
              280 Park Avenue
              26th Floor West
              New York, New York 10017
              Telephone: (212) 894-7200

              *Attorneys for Plaintiff Context Partners
              Fund, L.P.*

# TABLE OF CONTENTS

| | | | |
|---|---|---|---|
| I. | PRELIMINARY STATEMENT | | 1 |
| II. | FACTUAL BACKGROUND | | 2 |
| III. | ARGUMENT | | 3 |
| | A. | Context Should Be Appointed Lead Plaintiff On Behalf Of The Class | 3 |
| | | 1. The PSLRA Standard for Appointing Lead Plaintiff | 3 |
| | | 2. Context Satisfies the PSLRA's Procedural Requirements | 5 |
| | | 3. Context is the Most Adequate Plaintiff | 5 |
| | | 4. Context Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure | 6 |
| | B. | The Court Should Approve Context's Selection Of Lead Counsel | 10 |
| IV. | CONCLUSION | | 11 |

# TABLE OF AUTHORITIES

**Cases**

*Caridad v. Metro-North Commuter R.R.*,
   191 F.3d 283 (2d Cir. 1999) ..................................................................................................7

*Constance Sczesny Trust v. KPMG LLP*,
   223 F.R.D. 319 (S.D.N.Y. 2004) ............................................................................................8

*Glauser v. EVCI Career Colls. Holding Corp.*,
   236 F.R.D. 184, (S.D.N.Y. 2006) ..........................................................................................4

*In re BankAmerica Sec. Litig.*,
   No. 99-md-1264-CEJ (E.D. Mo. Oct. 18, 2002) ..................................................................10

*In re Cendant Corp. Sec. Litig.*,
   404 F.3d 173 (3d Cir. 2005) .............................................................................................9, 10

*In re CMS Energy Sec. Litig.*,
   No. 02-Cv-72004 (E.D. Mich. Sept. 6, 2007) ......................................................................10

*In re DaimlerChrysler AG Sec. Litig.*,
   No. 00-cv-00993-LPS (D. Del. Feb. 5, 2004) ......................................................................10

*In re Dollar General Corp. Sec. Litig.*,
   No. 3:01-0388 (M.D. Tenn. May 24, 2002) ........................................................................10

*In re Drexel Burnham Lambert Grp., Inc.*,
   960 F.2d 285 (2d Cir. 1992) ...................................................................................................7

*In re Flag Telecom Holdings, Ltd. Sec. Litig.*,
   245 F.R.D. 147 (S.D.N.Y. 2007)
   *aff'd in part, vacated in part*,
   574 F.3d 29 (2d Cir. 2009) .....................................................................................................8

*In re Orion Sec. Litig.*,
   No. 08 Civ. 1328 (RJ),
   2008 WL 2811358 (S.D.N.Y. July 8, 2008) ..........................................................................4

*In re Oxford Health Plans, Inc. Sec. Litig.*,
   182 F.R.D. 42 (S.D.N.Y. 1998) .............................................................................................7

*In re Royal Ahold N.V. Sec. and ERISA Litig.*,
   219 F.R.D. 343 (D. Md. 2003) .........................................................................................7, 10

*Koppel v. 4987 Corp.*,
   No. 96 Civ. 7590(RLC), 1999 WL 608783, (S.D.N.Y. Aug. 9, 1999),
   *aff'd sub. nom.*
   *Greenberg v. Malkin*,
   39 F.App'x 633 (2d Cir. 2002) ...............................................................................................7

*Weinberg v. Atlas Air Worldwide Holdings, Inc.*,
   216 F.R.D. 248 (S.D.N.Y. 2003) ...........................................................................................7

**Statutes**

15 U.S.C. § 77k ...........................................................................................................................1

15 U.S.C. § 77o ...........................................................................................................................1

15 U.S.C. § 77t ............................................................................................................................1

15 U.S.C. § 78j ............................................................................................................................1

15 U.S.C. §§ 77z......................................................................................................................3, 4

**Other Authorities**

H.R. Conf. Rep. No. 104-369,
   104th Cong. 1st Sess. (1995),
   *reprinted in* 1995 U.S.C.C.A.N. 679 ..................................................................................9

**Rules**

Fed. R. Civ. P. 23(a) ...........................................................................................................2, 7, 8

Fed. R. Civ. P. 6(a)(1)(C) ...........................................................................................................5

Plaintiff Context Partners Fund, L.P. ("Context"), on behalf of itself and the Class defined herein, respectfully submits this memorandum of law pursuant to Section 27(a)(3)(B) of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 77z-1(a)(3)(B), in support of its Motion for the entry of an order: (i) appointing Context as Lead Plaintiff for all purchasers of MF Global Holdings Ltd. ("MF Global or the "Company") debt securities issued pursuant or traceable to the July 28, 2011 offering ("the Offering") of 3.375% Senior Convertible Notes due 2018 (the "3.375% Notes") and who were damaged thereby (the "Class" or "Class Members"); and (ii) approving Context's selection of the law firm of Entwistle & Cappucci LLP ("Entwistle & Cappucci") as Lead Counsel.

I.   **PRELIMINARY STATEMENT**

Before this Court are eight related securities class actions ("Actions") brought on behalf of purchasers of MF Global common stock and certain debt securities issued by the Company. The Actions allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78t(a), Securities Exchange Commission Rule 10b-5, 17 C.F.R. § 240.10b-5, and/or Sections 11 and 15 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §§ 77k and 77o. The Court has consolidated all Actions for all pretrial purposes with the first filed Action titled *Joseph DeAngelis v. Jon S. Corzine, et al.*, No. 11 Civ. 7866. (*See* Docket Nos. 3-5, 10-11, and 13.) In connection with the consolidated Actions, the Court is required to appoint a plaintiff or group of plaintiffs to lead the Actions (the "Lead Plaintiff"), as mandated by the procedures and presumptions set forth by Congress when it enacted the PSLRA.

In assessing the appointment of class representatives to serve as Lead Plaintiff, the Court is to appoint as Lead Plaintiff the movant that demonstrates the "largest financial interest in the litigation" and that also meets the typicality and adequacy prerequisites of Federal Rule of Civil Procedure 23. *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii). Through these measures, Congress adopted a

EC.47411.2

1

procedure that was designed to encourage the appointment of sophisticated institutional investors, such as Context, as Lead Plaintiff to supervise and direct securities class actions on behalf of class members.

As demonstrated herein, Context is precisely the type of institutional investor that Congress envisioned leading a case of this nature on behalf of the Class Members as defined herein.  Context is a sophisticated investment fund that is managed by its general partner, Context Capital Management LLC, which has approximately $30 million of assets under management.  Context has sustained losses of $388,365.00 solely on its purchases of MF Global's 3.375% Notes and, accordingly, has sustained substantial financial losses in this matter.  Moreover, Context is typical of the Class it seeks to represent in that Context possesses the same claims as other Class Members and is more than able to protect adequately the interests of the Class.  Context has extensive experience in the capital markets as fiduciaries.  Indeed, it is hard to imagine a better choice to lead this case for the Class of purchasers of the 3.375% Notes.

Lastly, if appointed Lead Plaintiff, Context would be entitled to select Lead Counsel for the Class, subject to the Court's approval.  *See* 15 U.S.C. § 77z-1(a)(3)(B)(v).  Context has engaged the law firm of Entwistle & Cappucci.  Entwistle & Cappucci is highly experienced in litigating securities cases on behalf of investors in both class and direct actions.

For the reasons summarized above and discussed more fully below, Context's Motion should be granted in its entirety.

## II.     FACTUAL BACKGROUND

As alleged in the complaint filed by Context, the Actions arise out of MF Global's financial implosion, which was allegedly caused by Defendants' wholesale disregard for its purported risk management and internal controls, as they sought to transform the Company from

a broker-dealer into a full service investment bank at all costs. Part of this "strategic" transformation included increasing the Company's own proprietary trading in highly risky European sovereign debt. Based upon the insatiable risk appetite of MF Global's Chief Executive Officer, Defendant Jon S. Corzine, the Company invested billions of dollars in European sovereign debt at a time when the Company was undercapitalized and struggling with severe liquidity issues. This strategy utterly failed and Defendants sought to bail out the Company by raising desperately needed capital through materially false and misleading statements and omissions of material fact, including in the Registration Statement and Prospectuses in connection with the Offering. Specifically, Defendants made numerous material misrepresentations and omissions of material facts in the Offering materials and documents incorporated by reference therein, concerning, among other things, the adequacy of the Company's risk management, its liquidity, and internal controls.

Less than three months after MF Global raised $325 million from Class Members in connection with the 3.375% Notes, the Company filed for involuntary Chapter 11 bankruptcy on October 31, 2011. By that time, the 3.375% Notes had lost approximately 60% of its value since the time of the Offering.

III. ARGUMENT

    A.    Context Should Be Appointed Lead Plaintiff On Behalf Of The Class

        1.    The PSLRA Standard for Appointing Lead Plaintiff

The PSLRA sets forth a procedure for selecting Lead Plaintiffs for "each private action arising under the [Securities Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§ 77z-1(a)(1) and (a)(3)(B). Specifically, Section 27(a)(3)(A)(i) of the Securities Act, as amended by the PSLRA, provides that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class-
>
> (I) of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. §§ 77z-1(a)(3)(A)(i).

Under 15 U.S.C. § 77z-1(a)(3)(B)(i), the Court is to consider any motion made by class members and is to appoint as Lead Plaintiff the movant that the Court determines to be "most capable of adequately representing the interests of class members." *See id.* (emphasis added). As part of the Court's adequacy determination, the PSLRA establishes a rebuttable presumption that the "most adequate plaintiff" is the one that:

> (i) has either filed the complaint or made a motion in response to the aforementioned notice;
>
> (ii) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (iii) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B); *see also In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS), 2008 WL 2811358, at *4 (S.D.N.Y. July 8, 2008); *Glauser v. EVCI Career Colls. Holding Corp.*, 236 F.R.D. 184, 187 (S.D.N.Y. 2006). Once the Court has identified the most adequate plaintiff, the presumption may only be rebutted by proof from a class member that the "most adequate plaintiff" (1) will not fairly and adequately protect the interests of the class or (2) is subject to unique defenses that render such plaintiff incapable of adequately representing the class. 15 U.S.C. §§ 77z-1(a)(3)(B)(iii) (II); *see also Glauser*, 236 F.R.D. at 187.

### 2. Context Satisfies the PSLRA's Procedural Requirements

As discussed below, Context is presumptively the most adequate plaintiff because it has satisfied all the PSLRA's procedural hurdles, holds a substantial financial interest in seeking to represent the Class as Lead Plaintiff, and satisfies Rule 23's typicality and adequacy requirements.

The PSLRA permits any member of the class to move for appointment as Lead Plaintiff within 60 days of the publication of notice. *See* 15 U.S.C. § 77z-1(a)(3)(A). According to the published notice in the *DeAngelis* action (the first consolidated Action filed), the time period in which Class Members may move to be appointed Lead Plaintiff herein under the PSLRA expires on January 3, 2012.[1] Context satisfies the applicable PSLRA deadline by making this Motion.

Moreover, as discussed below, Context is presumptively the most adequate plaintiff to represent the Class because it has satisfied all the PSLRA's procedural hurdles, holds a substantial financial interest in seeking to represent the Class as Lead Plaintiff, and satisfies Rule 23's typicality and adequacy requirements.

### 3. Context is the Most Adequate Plaintiff

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" for lead plaintiff purposes is the entity with the largest financial interest in the relief sought by the class, so long as the movant meets the requirements of Rule 23. *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(bb).

---

[1] The published notice indicated that class members had until January 2, 2012 to move to seek appointment as Lead Plaintiff. (*See* Ex. A to the Declaration of Vincent R. Cappucci in Support of the Motion of Context Partners Fund L.P. for Appointment as Lead Plaintiff and Approval of Its Selection of Counsel as Lead Counsel (the "Cappucci Decl").) Because the Court was closed on January 2, 2012 in observance of the New Year's Day holiday, pursuant to Federal Rules of Civil Procedure 6(a)(1)(C), the 60-day period is extended to "the end of the next day that is not a . . . legal holiday" -- *i.e.*, January 3, 2012. Fed. R. Civ. P. 6(a)(1)(C).

Context should be appointed Lead Plaintiff because, as a sophisticated investment fund that is managed by its general partner, Context Capital Management LLC, which has approximately $30 million of assets under management, Context has sustained substantial financial losses solely on its purchases of the 3.375% Notes. Specifically, Context purchased 1,000,000 in face amount of these MF Global Notes for $990,865.00, as detailed in Context's certification attached as Exhibit B to the Cappucci Decl. Context sold all of the 3.375% Notes that it purchased and sustained total losses of $388,365.00. (*See id.*) Further, Context -- a sophisticated institutional investor with a real financial interest in the litigation -- is precisely the type of investor whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA.

Accordingly, Context believes that given its substantial financial interest in this matter and having satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure as detailed below, it is the "most adequate plaintiff" seeking appointment as Lead Plaintiff on behalf of the Class as defined herein.

### 4. Context Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

In addition to possessing a substantial financial interest in the outcome of this litigation in connection with Class Members who purchased MF Global's 3.375% Notes, Context also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (i) the class is so numerous that joinder of all members is impracticable ("numerosity"); (ii) there are questions of law or fact common to the class ("commonality"); (iii) the claims or defenses of the representative parties are typical of

the claims or defenses of the class ("typicality"); and (iv) the representative parties will fairly and adequately protect the interests of the class ("adequacy"). Fed. R. Civ. P. 23(a).

The Rule 23 inquiry at the lead plaintiff stage is less stringent than the "rigorous analysis" required at the class certification stage. *See Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003) ("[A] wide-ranging analysis under Rule 23 is not appropriate at this initial stage of the litigation and should be left for consideration of a motion for class certification") (citations omitted). At this stage in the litigation, a party seeking lead plaintiff status need only make a "preliminary showing" that the Rule's typicality and adequacy requirements have been satisfied. *Id.* at 252; *In re Royal Ahold N.V. Sec. and ERISA Litig.*, 219 F.R.D. 343, 350 (D. Md. 2003) (same). However, it should be noted that any preliminary class certification findings of typicality and adequacy made at this time do not preclude a party from contesting a plaintiff's adequacy and typicality at the class certification stage. *See Koppel v. 4987 Corp.*, No. 96 Civ. 7590(RLC), 1999 WL 608783, at *8 (S.D.N.Y. Aug. 9, 1999), *aff'd sub. nom. Greenberg v. Malkin*, 39 F. App'x 633 (2d Cir. 2002).

Context's claims are typical of the claims of other members of the Class. The typicality requirement under Rule 23 is satisfied when the claims of the proposed lead plaintiff "arise from the same conduct from which the other class members' claims and injuries arise." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998) (citing *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992). Typicality "does not require that the factual background of [the lead plaintiff's] claim be identical to that of all class members; rather, it requires that the disputed issue of law or fact 'occupy essentially the same degree of centrality to the [lead plaintiff's] claim as to that of other members of the proposed class.'" *Caridad v. Metro-North Commuter R.R.*, 191 F.3d 283, 293 (2d Cir. 1999).

Here, Context's claims in this action arise from the very same course of conduct as the claims of other members of the Class -- *i.e.*, the purchase of the 3.375% Notes pursuant or traceable to the Company's allegedly false and misleading Registration Statement and Prospectuses issued in connection with the Offering and who were damaged thereby. Moreover, on December 6, 2011, Context filed a complaint with this Court in the action titled *Context Partners Fund L.P. v. Corzine et al.*, No. 11-CV-08888 (VM), asserting claims on behalf of a class of note purchasers that arises out of the same facts and circumstances as alleged herein and in the consolidated Actions; namely, that Defendants made numerous material misrepresentations and omissions of material facts in, *inter alia*, the Offering materials and documents incorporated by reference therein, concerning, among other things, the adequacy of the Company's risk management, its liquidity, and internal controls. (*See* Docket No. 1.) Accordingly, Context's claims are typical of those of other Class Members since their claims and the claims of other Class Members arise out of the same course of events.

Under Fed. R. Civ. P. 23(a)(4), a representative party must also "fairly and adequately protect the interests of the class." The adequacy requirement under Rule 23 is satisfied if the movant: (i) does not have any interests that are antagonistic to the class; (ii) selects class counsel that is qualified, experienced, and generally able to conduct the litigation; and (iii) possesses sufficient interest in the outcome of the case to represent the class vigorously. *See In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 245 F.R.D. 147, 160 (S.D.N.Y. 2007), *aff'd in part, vacated in part* 574 F.3d 29 (2d Cir. 2009); *Constance Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 324 (S.D.N.Y. 2004). Context easily satisfies the Rule 23(a)(4)'s adequacy requirement.

Context's interests are perfectly aligned with those of the other purchasers of MF Global's 3.375% Notes pursuant or traceable to the Offering and are not antagonistic in any way.

There are no facts or evidence suggesting that any actual or potential conflict of interest or other antagonism exists between Context and other purchasers of MF Global's 3.3.75% Notes. Moreover, Context is submitting a certification affirming its understanding of the duties owed to Class Members through its commitment to oversee the prosecution of this class action.[2] Through its certification, Context accepts the fiduciary obligations it will assume if appointed Lead Plaintiff in this action.

Further, Context, which is a sophisticated institutional investor with a real financial interest in the litigation, is precisely the type of investor whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA. *See* H.R. Conf. Rep. No. 104-369, 104th Cong. 1st Sess. (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 690 (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions"); *see also In re Cendant Corp. Sec. Litig.*, 404 F.3d 173, 180 (3d Cir. 2005) (holding that the PSLRA establishes "a paradigm in which the plaintiff with the largest stake in the case, usually a large and sophisticated institution, is accorded the status of lead plaintiff and assigned the right to appoint and duty to monitor lead counsel for the class").

Finally, Context has demonstrated its adequacy through its selection of Entwistle & Cappucci as counsel to represent the Class. As discussed more fully below, Entwistle & Cappucci is highly qualified and experienced in the area of securities class action litigation and has repeatedly demonstrated an ability to conduct complex securities class action litigation effectively.

---

[2] As noted above, Context also vigorously undertook an investigation, through its counsel, into the facts and circumstances alleged herein which resulted in Context filing a complaint with this Court on December 6, 2011.

### B. The Court Should Approve Context's Selection Of Lead Counsel

Context respectfully requests that the Court approve its choice of the law firm of Entwistle & Cappucci to serve as Lead Counsel. Pursuant to Section 27(a)(3)(B)(v) of the Securities Act, 15 U.S.C. § 77z-1(a)(3)(B)(v), the court-appointed Lead Plaintiff is to select and retain Lead Counsel to represent the class, subject to Court approval. *See also Cendant*, 264 F.3d at 276 (holding that the "[PSLRA] evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention").

As reflected in its firm resume, Entwistle & Cappucci possesses extensive experience litigating securities class actions, having successfully prosecuted some of the largest and highest-profile securities class actions in history. (*See* Exhibit C to Cappucci Decl.) In fact, Entwistle & Cappucci has obtained literally billions of dollars in recoveries on behalf of defrauded public and private investors. *See, e.g., In re Royal Ahold, N.V. Sec. & ERISA Litig.*, No. 03-md-01539-CCB (D. Md. June 26, 2006) (Entwistle & Cappucci served as sole lead counsel and obtained a $1.1 billion recovery for the Class); *In re BankAmerica Sec. Litig.*, No. 99-md-1264-CEJ (E.D. Mo. Oct. 18, 2002) ($490 million recovery); *In re DaimlerChrysler AG Sec. Litig.*, No. 00-CV-00993-CPS (D. Del. Feb. 5, 2004) ($300 million recovery); *In re CMS Energy Sec. Litig.*, No. 02-Cv-72004 (E.D. Mich. Sept. 6, 2007) (Entwistle & Cappucci served as sole Lead Counsel, and obtained a $200 million recovery for the Class); *In re Dollar General Corp. Sec. Litig.*, No. 3:01-0388 (M.D. Tenn. May 24, 2002) ($172 million recovery).

Accordingly, the Court should approve Context's selection of Entwistle & Cappucci as Lead Counsel.

## IV. CONCLUSION

For the foregoing reasons, Context respectfully requests that the Court: (1) appoint Context as Lead Plaintiff on behalf of the Class of purchasers of MF Global's 3.375% Notes as further defined herein; (3) approve Context's selection of Entwistle & Cappucci as Lead Counsel for the Class; and (4) grant such other relief as the Court may deem just and proper.

Dated: January 3, 2012

Respectfully Submitted,

**ENTWISTLE & CAPPUCCI LLP**

/s/ Vincent R. Cappucci
Vincent R. Cappucci, Esq.
Robert N. Cappucci, Esq.
Jordan A. Cortez, Esq.
280 Park Avenue
26th Floor West
New York, New York 10017
Telephone: (212) 894-7200

*Attorneys for Plaintiff Context Partners Fund, L.P.*

EC.47411.2                                11