UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

| | | |
|---|---|---|
| JOSEPH DEANGELIS, Individually and On Behalf of All Others Similarly Situated, | : : : : | |
| Plaintiff, | : : | Civil Action No. 11-CIV-7866 |
| v. | : : : | |
| JON S. CORZINE, et al. | : : | |
| Defendants. | : | |
| ERNESTO ESPINOZA, Individually and On Behalf of All Others Similarly Situated, | : : : : | |
| Plaintiff, | : : | Civil Action No. 11-CIV-7960 |
| v. | : : : | |
| JON S. CORZINE, et al., | : : | |
| Defendants. | : | |
| VASIL PETRO, On Behalf of Himself and All Others Similarly Situated, | : : : : | |
| Plaintiff, | : : | Civil Action No. 11-CIV-8253 |
| v. | : : : | |
| JON S. CORZINE, et al., | : : | |
| Defendants. | : | |
| DOUBLE D TRADING, LLC, Individually and On Behalf of All Others Similarly Situated, | : : : : : | |
| Plaintiff, | : : | Civil Action No. 11-CIV-8271 |
| v. | : : : | |
| JON S. CORZINE, et al., | : : | |
| Defendants. | : | |

| | |
|---|---|
| IBEW LOCAL 90 PENSION FUND and PLUMBER'S PIPEFITTERS' LOCAL #562 PENSION FUND, Individually and On Behalf of All Others Similarly Situated, :<br>:<br>:<br>:<br>: | |
| Plaintiffs. : | Civil Action No. 11-CIV-8401 |
| : | |
| v. : | |
| : | |
| JON S. CORZINE, et al., : | |
| : | |
| Defendants. : | |
| CONTEXT PARTNERS FUND, L.P., On Behalf of Itself and All Others Similarly Situated, :<br>:<br>:<br>: | |
| Plaintiff, : | Civil Action No. 11-CIV-8888 |
| : | |
| v. : | |
| : | |
| JON S. CORZINE, et al., : | |
| : | |
| Defendants. : | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF ARKANSAS PUBLIC EMPLOYEES RETIREMENT SYSTEM FOR APPOINTMENT AS LEAD PLAINTIFF AND APPOINTMENT OF LEAD COUNSEL**

### I. INTRODUCTION

Arkansas Public Employees Retirement System ("Movant") suffered substantial losses as a result of its investment during the relevant class period (the "Class Period") in certain notes issued by MF Global Holdings Ltd. ("MF Global") with a maturity date of August 1, 2018 (the "2018 Notes").[1] These losses are the result of Defendants' violations of the federal securities laws.

Movant respectfully submits this memorandum in support of its motion (1) to be named a lead plaintiff for purchasers of the 2018 Notes during the Class Period, pursuant to the Private Securities Litigation Reform Act ("PSLRA"); and (2) for approval of its selection of the law firm of Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") as one of the lead counsel in this action.[2]

The PSLRA provides that, after consolidation of any related cases, the Court is to appoint as a lead plaintiff or lead plaintiffs "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members" who have asked to be appointed lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B).

---

[1] Specifically, the term "2018 Notes" refers to MF Global Holdings Ltd. 3.375% notes with a maturity date of August, 1, 2018, CUSIP: 55277JAB4 that were first offered for sale pursuant to a Prospectus dated July 28, 2011.

[2] Movant is aware that the Court's Individual Rules of Practice normally require a pre-motion conference involving the Court and all parties prior to the filing of a motion. Movant, however, respectfully submits that this procedure cannot be complied with given the unusual, Congressionally mandated process of determining who shall serve as lead plaintiff. Because any potential class member can move to be named lead plaintiff, even if he, she or it has not yet appeared in this action, Movant cannot determine who will move to be appointed lead plaintiff and, consequently it (along with all other interested parties) cannot determine who should participate in such a conference.

The PSLRA establishes a procedure for the selection of the lead plaintiff or lead plaintiffs. First, the PSLRA provides that within 20 days after the date on which a securities class action is filed, the initial plaintiff must publish a notice advising potential plaintiff class members of the pendency of the action, the claims, the purported class period, and that any member of the class may file a motion with the Court to serve as lead plaintiff no later than 60 days from the publication of that original notice. 15 U.S.C. § 78u-4(a)(3). Notice of the first securities class action involving the allegations relating to the conduct of the Defendants in these cases was timely published. *See* Declaration of Matthew B. Kaplan ("Kaplan Decl."), Ex. A.

Next, the PSLRA instructs courts to appoint the "most adequate plaintiff" to serve as lead plaintiff. Generally, courts appoint as lead plaintiff the person or persons who "ha[ve] the largest financial interest in the relief sought" and who satisfy the typicality and adequacy requirements of Fed. R. Civ. P. 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Courts, however, have the discretion to appoint multiple lead plaintiffs when it is appropriate to do so. In this case, the Court should exercise its discretion and appoint multiple lead plaintiffs and Movant should be among those named as lead plaintiff. This will ensure that the interests of members of the proposed class who, like Movant, purchased the 2018 Notes are adequately represented. Movant lost approximately $943,000 from its transactions in the 2018 Notes and, to the best of Movants' knowledge, Movants' losses are greater than those of any other purchaser of the 2018 Notes who has sought to be appointed lead plaintiff. Furthermore, Movant clearly satisfies Rule 23's requirements that it be an adequate class representative with claims typical of those of other members of the proposed class.

Movant's selection of Cohen Milstein—a firm with extensive experience in complex securities class actions, and which served as co-lead counsel in the prior MF Global securities case recently completed and settled in this Court —should also be approved.

## II.     BACKGROUND

MF Global was a large financial brokerage firm until it filed for bankruptcy protection late last year. Defendants in these consolidated cases include former senior officers of MF Global.

The above-captioned related cases assert numerous related claims arising from Defendants' violations of the federal securities laws. Among these claims are claims based on alleged violation of the Securities Act of 1933 in connection with the sale of the 2018 Notes. These claims are based on the allegation that the offering documents associated with the 2018 Notes contained materially false and misleading information about MF Global's financial condition. When the true facts about MF Global's financial condition became known the 2018 Notes substantially dropped in value, causing substantial losses to class members who purchased the 2018 Notes. Movant suffered approximately $943,000 in losses on its investment in the 2018 Notes, calculated pursuant to the provisions of the Securities Act. See Kaplan Decl., Ex. B.

The first securities class action relating to these facts, *DeAngelis v. Corzine.*, No. 11-CV-7866, was filed on November 3, 2011 in this Court. Notice of this action was published on that same day. Kaplan Decl., Ex. A. Subsequently, additional related cases were filed in this Court, as indicated in the caption above. Although related, these complaints are not uniform—they assert claims arising from transactions in differing securities and they allege differing class periods. Moreover, some of the allegations advanced in these complaints are based on the Securities Act while others are based on the Exchange Act of 1934.

## III.     ARGUMENT

### A.     Movant Should Be Appointed as a Lead Plaintiff in the Action

The PSLRA provides that within 90 days after the publication of a required notice of

pendency, or as soon as practicable after any related actions have been consolidated, the Court shall consider any motion made by a class member and "shall appoint as lead plaintiff the member *or members* of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i) (emphasis added).

### 1. Movant's Motion Is Timely

In compliance with the PSLRA, Movant has timely moved for appointment as lead plaintiff within 60 days of the publication of the PSLRA notice. 15 U.S.C. § 78u-4.

### 2. Movant Believes That It Possesses the Largest Financial Stake in the Relief Sought by Purchasers of the 2018 Notes

Movant's appointment as one of several lead plaintiffs will ensure that the interests of the purchasers of the 2018 Notes are fully and fairly considered and protected during the course of this litigation.

The PSLRA provides that courts:

> [S]hall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter in this paragraph referred to as the "most adequate plaintiff"). . . .

15 U.S.C. § 78u-4(a)(3)(B)(i). Courts generally adopt a rebuttable presumption that the most adequate plaintiff in any private action arising under the Exchange Act is the person or group of persons that has "the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

It is, however, well established that courts are not required to mechanically appoint as a sole lead plaintiff the lead plaintiff movant who has the largest losses in a broad proposed class. In appropriate cases a court may appoint a particular plaintiff as one of several lead plaintiffs where doing so ensures that the interests of all class members will be appropriately represented

during the course of the litigation.  *See., e.g., In re BP, PLC Sec. Litig.*, 758 F. Supp. 2d 428, 439-42 (S.D. Tex. 2010) (declining to appoint single lead plaintiff for entire class where a single lead plaintiff might not adequately represent all class members); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 45 (S.D.N.Y. 1998) (concerned about conflicts of interest, court appointed three lead plaintiffs to ensure fair representation of all class members).

Appointing a lead plaintiff who purchased the 2018 Notes is especially appropriate given the facts of this case.  Some courts have recently held that "a plaintiff lacks standing under both Article III of the U.S. Constitution and under Sections 11 and 12(a)(2) of the 1933 [Securities] Act to represent the interests of investors in . . . offerings in which the plaintiffs did not themselves buy." *Me. State Ret. Sys. v. Countrywide Fin. Corp.*, 722 F. Supp. 2d 1157, 1163 (C.D. Cal. 2010); *see also In re IndyMac Mortgage-Backed Sec. Litig.*, 718 F. Supp. 2d 495, 501 (S.D.N.Y. 2010).  If this court were to adopt this view, a lead plaintiff who suffered substantial losses arising from its purchase of MF Global Securities during the class period, but who had not purchased the 2018 Notes, would presumably be unable to bring claims on behalf of 2018 Notes purchasers.  However, no such issue would arise if the Court appoints multiple lead plaintiffs, at least one of which purchased the 2018 Notes.

### 3.     Movant Is Otherwise Qualified Under Rule 23

The PSLRA provides that, at the outset of the litigation, lead plaintiffs must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  With respect to the qualifications of the class representative, Rule 23(a) requires generally that the plaintiff's claims be typical of the claims of the class and that the representative fairly and adequately protect the interests of the class.  Movant satisfies these typicality and adequacy requirements.

Rule 23's typicality requirement is satisfied where "the claims or defenses of the

5

representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). A "claim will meet the typicality requirement if 'each class member's claim arises from the same course of conduct, and each class member makes similar legal arguments to prove the defendants' liability.'" *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998) (quoting *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)); *see also Fields v. Biomatrix, Inc.*, 198 F.R.D. 451, 456 (D.N.J. 2000).

The typicality requirement is plainly satisfied in the instant case, where Movant seeks the same relief and advances the same legal theories as class members. Here, the questions of law and fact common to the members of the class that predominate over questions that may affect individual class members include the following:

(i)  whether the securities laws were violated by Defendants;

(ii) whether Defendants made false statements and/or omissions;

(iii) whether the members of the class have sustained damages and, if so, what is the proper measure of damages.

The adequacy of representation requirement of Rule 23 is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Here, Movant will more than adequately represent and protect the interests of the class. First, its interests are clearly aligned with the members of the proposed class and there is no evidence of any antagonism between its interests and the interests of the proposed class members. Second, as detailed above, Movant shares substantially similar questions of law and fact with the members of the proposed class and its claims are typical of the members of the class. Third, Movant has demonstrated that it will adequately serve as class representative by signing a sworn certification affirming its willingness to serve as, and assume the responsibilities of, a class representative. *See* Kaplan Decl., Ex. C. Finally, Movant has retained and selected

Cohen Milstein, a firm that is highly experienced in prosecuting securities class actions, to vigorously prosecute this action on behalf of the class.  Therefore, Movant satisfies the requirements of Rule 23 and all of the PSLRA's prerequisites for appointment as a lead plaintiff in this action and should be appointed as such pursuant to 15 U.S.C. § 78u-4(a)(3)(B).

        **B.**        **The Court Should Approve Movant's Choice of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  As such, this Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).  Here, Movant has selected the law firm of Cohen Milstein to represent the class.  Cohen Milstein has successfully prosecuted numerous securities class actions on behalf of injured investors, as is set out in the firm's resume.  *See* Kaplan Decl., Ex. D.  Cohen Milstein was also appointed by this Court to serve as co-lead counsel in the recently completed MF Global case pending for your Honor, whereby an excellent settlement of $90 million was obtained, which settlement received final approval from your Honor in November 2011.  Cohen Milstein's involvement in that case, and its knowledge of MF Global's operations, will be a great benefit to the Class in this case.

## IV.    CONCLUSION

For all the foregoing reasons, Movant respectfully requests that the Court: (i) appoint it as a lead plaintiff for the purchasers of the 2018 Notes in these actions; and (ii) approve its selection of the law firm of Cohen Milstein to serve as lead counsel for the purchasers of the 2018 Notes.

Dated: January 3, 2012

Respectfully submitted,

COHEN MILSTEIN SELLERS & TOLL PLLC

　　　/s/　　Kenneth M. Rehns　　　
Kenneth M. Rehns (KR-9822)
88 Pine Street, 14th Floor
New York, New York 10005
Telephone: (212) 838-7797
Facsimile: (212) 838-7745

- and -

Steven J. Toll
Daniel S. Sommers
Julie G. Reiser
Matthew B. Kaplan
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC  20005-3964
Telephone: (202) 408-4600
Facsimile: (202) 408-4699

*Attorneys for Movant and Proposed Lead Counsel*