UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE MF GLOBAL HOLDINGS LTD. INVESTMENT LITIGATION | Case No. 12-MD-2338 (VM) |
| JOSEPH DEANGELIS, *et al.*, <br><br> Plaintiffs, <br><br> - against - <br><br> JON S. CORZINE, *et al.*, <br><br> Defendants. | Case No. 11-Civ-7866 (VM) <br><br> ECF CASE <br><br> USDC SDNY <br> DOCUMENT <br> ELECTRONICALLY FILED <br> DOC #: _____ <br> DATE FILED: 12-20-2013 |
| THIS DOCUMENT RELATES TO: <br><br> The Commodity Customer Class Action | |

**ORDER GRANTING PRELIMINARILY APPROVAL OF THE SETTLEMENT BETWEEN THE FORMER COMMODITY FUTURES CUSTOMERS OF MF GLOBAL INC. AND THE MF GLOBAL INC. TRUSTEE PROVIDING FOR THE ASSIGNMENT OF THE COMMODITY FUTURES CUSTOMERS' UNPAID NET EQUITY CLAIMS IN EXCHANGE FOR PAYMENT OF 100% OF THE CLAIMS, APPROVING NOTICE THROUGH THE SIPA PROCEEDING, AND SETTING A HEARING DATE FOR FINAL APPROVAL**

WHEREAS, the above-captioned consolidated matter includes a proposed class action on behalf of former commodity customers (the "Customers") of MF Global Inc. ("MFGI" or the "Company") whose property deposited at the Company ("Net Equity") remains partially unreturned to them following defalcations of such property prior to the Company's October 31, 2011 collapse (the "Customer Class Action");

WHEREAS, plaintiffs Kay P. Tee, LLC and Paradigm Global Fund I Ltd., *et al.*, as interim class representatives (the "Customer Representatives") in the Customer Class Action,

1

and James W. Giddens, the trustee (the "Trustee") for the liquidation of MFGI pursuant to the Securities Investor Protection Act of 1970, 15 U.S.C. §§78aaa *et seq.*( the "SIPA Proceeding"), and successor-in-interest to MFGI, have reached an agreement (the "Net Equity Settlement Assignment Agreement"), assigning the Customers' claims against the D&O Defendants[1] and Defendant PricewaterhouseCoopers LLP (collectively, the "MDL Defendants") to the Trustee, as representative of the general creditors of MFGI, up to the Net Equity amount in exchange for the advance of general estate assets of MFGI sufficient to satisfy 100% of Customers' unpaid Net Equity claims;

WHEREAS, the Plan Administrator for the confirmed plan of liquidation of MF Global Holdings Ltd. ("Holdings"), MFGI's largest general creditor, has consented to the advance of MFGI general estate assets to satisfy Customers' unpaid Net Equity claims specifically conditioned on the subrogation and assignment of the Customers' claims against the MDL Defendants up to the Net Equity amount to the Trustee on behalf of the general creditors of MFGI, as contemplated by the Final Consent Order of Restitution, Civil Monetary Penalty and Ancillary Relief Against MF Global Inc. (the "Consent Order") between the Trustee and U.S. Commodity Futures Trading Commission (the "CFTC") (ECF No. 571) and the Allocation and Advance Order (defined below);

WHEREAS, on November 6, 2013, Judge Martin Glenn entered an Order in the SIPA Proceeding (SIPA Proceeding ECF No. 7208) approving the Trustee's additional advance of $233 million in general estate funds (the "Allocation and Advance Order") to enable the Trustee to satisfy 100% of Customers' unpaid Net Equity claims (together with the previously approved

---

[1] The D&O Defendants are Bradley Abelow, Jon Corzine, David Dunne, Laurie Ferber, Vinay Mahajan, Edith O'Brien, Henri Steenkamp and Christine Serwinski.

allocations and advances of $330 million of general estate funds), approving the subrogation of the Trustee to the Customers' claims against the MDL Defendants to the extent of all of the advances, and authorizing the Trustee to receive assignment of the Customers' claims against the MDL Defendants on behalf of the general estate and general creditors as detailed in the Net Equity Settlement Assignment Agreement;

WHEREAS, the Net Equity Settlement Assignment Agreement and Allocation and Advance Order are attached as Exhibits A and B, respectively, to the to the Declaration of Andrew J. Entwistle in Support of the Motion for Approval of the Settlement Between the Former Commodity Futures Customers of MF Global Inc. and the MF Global Inc. Trustee Providing for the Assignment of the Commodity Futures Customers' Unpaid Net Equity Claims in Exchange for Payment of 100% of the Claims, dated December 20, 2013 (the "Entwistle Decl.");

WHEREAS, on November 8, 2013, this Court so ordered the Consent Order (ECF No. 571) that required the Trustee to seek an order in the SIPA Proceeding authorizing the advance of MFGI general estate assets in an amount sufficient to satisfy 100% of Customers' unpaid Net Equity claims and contemplated that the general estate and general creditors will be subrogated to any claims the Customer Representatives advance on behalf of Customers in the Customer Class Action (and the Allocation and Advance Order constituting such an order);

WHEREAS, the Customer Representatives have moved, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Net Equity Settlement Assignment Agreement, approving notice through the SIPA Proceeding to the Customers constituting the previous settlement class certified by this Court (the "Settlement Class") in connection with the prior settlement with JPMorgan Chase Bank, N.A. (the "JPMC Settlement"), and setting a hearing date for final approval of the Net Equity Settlement Assignment

3

Agreement.

WHEREAS, the Court, having considered the: (i) Net Equity Settlement Assignment Agreement; (ii) Allocation and Advance Order; (iii) Consent Order; (iv) Notice of Motion for Approval of the Settlement Between the Former Commodity Futures Customers of MF Global Inc. and the MF Global Inc. Trustee Providing for Assignment of the Former Commodity Futures Customers' Unpaid Net Equity Claims in Exchange for Payment of 100% of the Claims (the "Notice of Motion"); (v) Memorandum of Law in Support of Motion for Approval of the Settlement Between the Former Commodity Futures Customers of MF Global Inc. and the MF Global Inc. Trustee Providing for the Assignment of the Commodity Futures Customers' Unpaid Net Equity Claims in Exchange for Payment of 100% of the Claims (the "Memorandum of Law"); (vi) Entwistle Decl. and exhibits; and (vii) prior documents and submissions in the Customer Class Action, including the preliminary and final approval materials submitted in connection with the JPMC Settlement, and finding that substantial and sufficient grounds exist for entering this Order;

WHEREAS, the Customer Representatives seek approval of the Net Equity Settlement Assignment Agreement only, and do not seek from this Court a determination of issues related to the classification, allocation or distribution of general estate assets or the legal effect of the advance of such assets, which were addressed by Judge Martin Glenn in the Allocation and Advance Order in the SIPA Proceeding and are ostensibly the subject of notices of appeal filed in the SIPA proceeding by the MDL Defendants that do not impact the relief sought herein; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Net Equity Settlement Assignment Agreement;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **Settlement Class Certification**: Pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, and for purposes of the Net Equity Settlement Assignment Agreement only, the Court approves the utilization of the Settlement Class it certified in connection with the JPMC Settlement by Order dated March 28, 2013 (the "JPMC Settlement Order") (ECF No. 474). For ease of reference, the Court certified the Customer Class Action as a class action on behalf of the following Settlement Class:

> All persons or entities who held money, property, and/or securities at MFGI as of the bankruptcy of MFGI on October 31, 2011. For the avoidance of doubt, the Settlement Class is intended to include all commodities and securities customers of MFGI, including but not limited to each of the customer account classes identified in 17 C.F.R. § 190.01(a) (*i.e.*, futures, foreign futures, leverage, delivery, and cleared swaps accounts) and any customer for whose benefit MFGI was required by law to maintain segregated, secured, or other dedicated accounts or funds, including without limitation under 17 C.F.R. §§ 1.20, 30.7, and/or 240.15c3-3.

Excluded from the Settlement Class are: (i) any of the MDL Defendants (including any immediate family members of such defendant and any parent, subsidiary or affiliate of any defendant) that held money, securities, or property at MFGI and that could otherwise be deemed to be a member of the Settlement Class; (ii) any parent, subsidiary or affiliate of MFGI that held money, securities, or property at MFGI and that could otherwise be deemed to be a member of the Settlement Class; and (iii) any person or entity that excludes him, her or itself from the Settlement Class by filing a request for exclusion that is accepted by the Court pursuant to this Order.

2. **Settlement Class Findings**: The Court finds, for purposes of the Net Equity Settlement Assignment Agreement, that the prerequisites for certifying the Settlement Class under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure remain satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is

5

impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Customer Representatives are typical of the claims of the Settlement Class; (d) Customer Representatives and Co-Lead Counsel (as defined herein) have and will fairly and adequately represent the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Customer Class Action.

3. The Court hereby finds and concludes pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of the Net Equity Settlement Assignment Agreement, that the Customer Representatives remain adequate class representatives on behalf of the Settlement Class, and that the law firms of Berger & Montague, P.C. and Entwistle & Cappucci LLP ("Co-Lead Counsel") will continue as counsel for the Settlement Class.

4. **Preliminary Approval of the Settlement:** The Court hereby preliminarily approves the Net Equity Settlement Assignment Agreement as fair, reasonable and adequate, and in the best interest of the Customer Representatives and the other Settlement Class Members, subject to further consideration at the Settlement Hearing to be conducted as described below.

5. **Settlement Hearing:** The Court will hold a settlement hearing (the "Settlement Hearing") on February 14, 2014 at 4:00 p.m. at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Courtroom 20B, New York, NY 10007-1312, for the following purposes: (a) to determine whether the proposed Net Equity Settlement Assignment Agreement is fair, reasonable and adequate, and should be approved by the Court; (b) to determine whether a final Order (the "Final Approval Order") substantially in the form attached as Exhibit B to the Notice of Motion should be entered approving the assignment of the Assigned Claims to the Trustee; and (c) to consider any other matters that may properly be brought before the Court in

connection with the Net Equity Settlement Assignment Agreement. Notice of the Net Equity Settlement Assignment Agreement and the Settlement Hearing shall be furnished to Settlement Class Members as set forth in Paragraph 7 of this Order.

6. The Court may adjourn the Settlement Hearing and/or approve the Net Equity Settlement Assignment Agreement with such modifications as the parties may agree to, if appropriate, without further notice to the Settlement Class.

7. **Use of Existing Claims Administrator and Manner of Notice:** All advances of MFGI general estate property pursuant to the Allocation and Advance Order shall be allocated as appropriate through the claims process established in the SIPA Proceeding to appropriate members of the Settlement Class, *except that no member of the Settlement Class that delivers a valid and timely request for exclusion from the Settlement Class shall receive any portion of the funds advanced from the general estate.*

The Trustee and Co-Lead Counsel shall furnish notice of the Net Equity Settlement Assignment Agreement and the Settlement Hearing to prospective Settlement Class Members as follows:

(a) No later than ten (10) calendar days of the date of entry of this Order, the Trustee's professionals will mail or cause to be mailed the Notice to the Former Commodity Futures Customers of MF Global Inc. of the Settlement Between the Former Commodity Futures Customers of MF Global Inc. and the MF Global Inc. Trustee Providing for the Assignment of the Commodity Futures Customers' Unpaid Net Equity Claims in Exchange for Payment of 100% of the Claims, substantially in the form attached as Exhibit C to the Notice of Motion (the "Notice"), by first-class mail to Settlement Class Members identified through the customer claims process in the SIPA Proceeding and claim forms filed in the JPMC Settlement. Copies

7

will also be sent, where appropriate, to the assignee or transferee of any such claim as reflected on the Claims Register maintained in the SIPA proceeding;

(b) The Trustee's professionals will make the following materials (the "Approval Materials") available to Customers at http://dm.epiq11.com/MFG-Project: (i) this Order, (ii) the Net Equity Assignment Settlement Agreement, (iii) the Notice of Motion; (iv) the Memorandum of Law; (v) the Entwistle Declaration and exhibits; (iv) the proposed Final Approval Order; (vi) the Consent Order; and (vii) the Allocation and Advance Order, and Co-Lead Counsel will do the same on their respective websites;

(c) Because Settlement Class Members were identified through the customer claims process in the SIPA Proceeding and claim forms filed in the JPMC Settlement, the Customer Representatives and Trustee are not required also to publish notice.

8. **Approval of Form and Content of Notice**: The Court (a) approves the manner of notice provided in Paragraph 7, and (b) finds that the mailing and distribution of the Notice and website posting of the Approval Materials (i) are appropriate under the circumstances; (ii) constitute notice that is reasonably calculated, under the circumstances, to apprise individual Settlement Class Members of the relevant details of the Net Equity Settlement Assignment Agreement; (iii) constitute due, adequate and sufficient notice to all persons or entities entitled to receive notice of the Net Equity Settlement Assignment Agreement; and (iv) satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and all other applicable law and rules.

9. **Participation in the Net Equity Settlement Assignment Agreement**: Settlement Class Members who previously submitted a customer proof of claim in the SIPA Proceeding and/or JPMC Settlement and who wish to participate in the Net Equity Settlement

8

Assignment Agreement **_DO NOT_** need to submit a customer proof of claim or take any additional steps; they will automatically participate in the Net Equity Settlement Assignment Agreement **_UNLESS_** they elect to be excluded by following the procedure outlined herein.

10.  Any Settlement Class Member who did not submit a customer proof of claim in the SIPA Proceeding and/or in connection with the JPMC Settlement: (i) shall be deemed to have waived his, her or its right to receive payment of their Net Equity claims pursuant to advances of funds from the MFGI general estate; (ii) shall be bound by the provisions of the Net Equity Settlement Assignment Agreement, all proceedings, determinations, orders and judgments in the Customer Class Action relating thereto, whether favorable or unfavorable to the Settlement Class; and (iv) will be barred from commencing, maintaining or prosecuting any of the Assigned Claims. Notwithstanding any of the foregoing, the Trustee's professionals may subsequently identify and include additional Settlement Class Members.

11.  *Payment of Settlement Class Members' Net Equity claims may not occur until after the exhaustion of all appeals of the Allocation and Advance Order, this Order and any related final order of approval by this Court.*

12.  **Exclusion From the Settlement Class:**  Any prospective Settlement Class Member who wishes to exclude himself, herself or itself from the Settlement Class must request exclusion in writing as follows:  (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than seven (7) calendar days prior to the Settlement Hearing by the Trustee's professionals; and (b) that each request for exclusion must (i) state the name, address and telephone number of the person or entity requesting exclusion; (ii) state that such person or entity "requests exclusion from the Settlement Class in the Customer Class Action consolidated into *In re MF Global Ltd. Investment Litigation*, 11-MD-2338 (VM)

9

(S.D.N.Y.)"; and (iii) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

13. Any person or entity who or which timely and validly requests exclusion from the Settlement Class, in compliance with the terms stated in this Order, and is excluded from the Settlement Class, shall not be a Settlement Class Member, shall not be bound by the terms of the Net Equity Settlement Assignment Agreement, and *shall have no right to receive any payment of his, her or its Net Equity claim pursuant to advances of funds from the MFGI general estate in connection with the Allocation and Advance Order and Net Equity Settlement Assignment Agreement.*

14. Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Net Equity Settlement Assignment Agreement and all proceedings, determinations, orders and judgments in the Customer Class Action, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Assigned Claims.

15. **Appearance and Objections at Settlement Hearing**: Any Settlement Class Member who does not request exclusion from the Settlement Class may enter an appearance in the Customer Class Action, at his, her or its own expense, individually or through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to Co-Lead Counsel and counsel for the Trustee, as set forth in Paragraph 17 below, such that it is

received no later than seven (7) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct. Any Settlement Class Member who does not enter an appearance will be represented by Co-Lead Counsel.

16.  Any Settlement Class Member who does not request exclusion from the Settlement Class may file written objections to any aspect of the Net Equity Settlement Assignment Agreement and appear and show cause, if he, she or it has any cause, why the proposed Net Equity Settlement Assignment Agreement should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of any aspect of the proposed Net Equity Settlement Assignment Agreement unless that person or entity has filed written objections with the Court and served copies of such objections on Co-Lead Counsel and the Trustee's counsel at the addresses set forth below such that they are received no later than seven (7) calendar days prior to the Settlement Hearing:

| TO THE COURT | COUNSEL FOR THE TRUSTEE |
|---|---|
| CLERK OF THE COURT<br>UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>DANIEL PATRICK MOYNIHAN UNITED STATES COURTHOUSE<br>500 PEARL STREET<br>NEW YORK, NY 10007-1312<br>RE: *IN RE MF GLOBAL LTD. INVESTMENT LITIGATION*, 11-MD-2338 (VM) | JAMES B. KOBAK, JR.<br>HUGHES HUBBARD & REED LLP<br>ONE BATTERY PARK PLAZA<br>NEW YORK, NY 10004 |

### CO-LEAD COUNSEL

| | |
|---|---|
| ANDREW J. ENTWISTLE<br>ENTWISTLE & CAPPUCCI LLP<br>280 PARK AVENUE, 26TH FLOOR WEST<br>NEW YORK, NY 10017 | MERRILL G. DAVIDOFF<br>BERGER & MONTAGUE, P.C.<br>1622 LOCUST STREET<br>PHILADELPHIA, PA 19103 |

11

17. Any objections, filings and other submissions by any objecting Settlement Class Member (a) must contain a statement of his, her or its objections, as well as the specific reasons for each objection, including the legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (b) must include documents sufficient to prove membership in the Settlement Class, as defined above in Paragraph 1.

18. Any Settlement Class Member who does not make his, her or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object to any aspect of the Net Equity Settlement Assignment Agreement, and shall forever be barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Net Equity Settlement Assignment Agreement, or from otherwise being heard concerning the Net Equity Settlement Assignment Agreement.

19. **Termination:** If the Net Equity Settlement Assignment Agreement is terminated, or is not approved, this Order shall become null and void, and shall be without prejudice to the rights of the Customer Representatives, the Settlement Class Members, or the Trustee.

20. **Waiver of the Requirement for Final Supporting Papers**: Given the unique circumstances of the Net Equity Settlement Assignment Agreement, including the fact that Settlement Class Members will receive 100% of their unpaid Net Equity claims, that Customers did not object to the Allocation and Assignment Motion and/or Assignment in the SIPA Proceeding despite wide dissemination, and that this motion does not seek an award of attorneys' fees, Co-Lead Counsel is not required to submit additional papers in support of entry of an Order for final approval substantially in the form attached as Exhibit B to the Notice of Motion, but may file response(s) to objections, if any, no later than three (3) calendar days prior to the Settlement Hearing.

21.     Pending final determination of whether the Net Equity Settlement Assignment Agreement should be approved, or by further order of the Court, no potential Settlement Class Member, whether directly, representatively or in any other capacity, and whether or not such person or entity has appeared in the above-captioned consolidated action, shall commence or prosecute, or continue to prosecute, in any court or forum any action involving the subject matter of any of the Assigned Claims.  This injunction is necessary to protect and effectuate the Net Equity Settlement Assignment Agreement, this Order, and the Court's flexibility and authority to enter judgment when appropriate.

22.     The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Net Equity Settlement Assignment Agreement.

SO ORDERED this _20th_ day of _December_, 2013.

_____
The Honorable Victor Marrero
United States District Judge