**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| Joseph Deangelis, et al., | x : : | |
| Plaintiff, | : : | 11 CV 7866 (USCFTC) |
| - against - | : : | ECF Case |
| Jon S. Corzine, et al., | : : | |
| Defendants. | : : | |
| | x | |
| This Document relates to:<br>United States Commodity Futures Trading<br>Commission, | : : : : | |
| Plaintiff, | : : | |
| - against - | : : | 13 CV 4463 (VM) |
| MF Global Holdings, Ltd., Jon S. Corzine<br>and Edith O'Brien, | : : : | |
| Defendants. | : : | |
| | x | |

## DEFENDANT JON S. CORZINE'S ANSWER AND AFFIRMATIVE DEFENSES

DECHERT LLP
Andrew J. Levander
Jonathan R. Streeter
Rebecca S. Kahan
Matthew L. Mazur
1095 Avenue of the Americas
New York, New York 10036
(212) 698-3500

*Attorneys for Defendant Jon S. Corzine*

Defendant Jon S. Corzine ("Mr. Corzine" or "Defendant"), by and through his attorneys Dechert LLP, respectfully submits his Answer and Affirmative Defenses to Amended Complaint for Injunctive and Other Equitable Relief and For Civil Monetary Penalties Under the Commodity Exchange Act (the "Amended Complaint") filed by the Commodity Futures Trading Commission (the "Commission" or the "CFTC").

## INTRODUCTORY STATEMENT

The Amended Complaint contravenes the Federal Rules of Civil Procedure by improperly combining factual allegations with legal conclusions and argument so as to make admissions or denials of such allegations difficult, and at times, impossible.  In addition, many of the allegations in the Amended Complaint are overly broad, vague, conclusory, and/or contain terms which are undefined and susceptible to different meanings.  Accordingly, by way of general response, all allegations in the Amended Complaint are denied unless expressly and specifically admitted.  Any factual allegation admitted below is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, or speculation contained in the allegation or in the Amended Complaint as a whole.

Mr. Corzine respectfully submits that he is required to respond only to those allegations made specifically against him individually.  Unless otherwise noted, Mr. Corzine denies knowledge or information sufficient to form a belief as to the truth of any allegation relating to any other person, including, *inter alia*, Edith O'Brien, MF Global Holdings Ltd. ("Holdings"), or any other entity.

Mr. Corzine further respectfully submits that he is not required to respond to legal conclusions in his Answer.  Mr. Corzine neither admits nor denies the purported allegations that are legal conclusions.  To the extent a response is required, and unless otherwise stated, Mr.

Corzine denies such allegations.  Mr. Corzine also respectfully submits that the headings, sub-headings, and numbered paragraphs used in the Amended Complaint do not require a response, but for the avoidance of doubt, to the extent that they contain allegations against Mr. Corzine, any such allegations are denied.

The Amended Complaint is replete with references to purported descriptions and/or summaries of, and purported quotations from, various documents and recordings of telephone calls.  In appropriate cases, Mr. Corzine refers to the relevant documents for a complete and accurate statement of their contents, without admitting the truth thereof or the admissibility of the documents and recordings of telephone calls.  To the extent the purported descriptions, summaries or quotations are taken from sources not specifically identified in the Amended Complaint or not in Mr. Corzine's possession, custody or control, or which are otherwise unclear, Mr. Corzine denies knowledge or information sufficient to form a belief as to the truth of the relevant allegations and, in the case of quotations, as to the accuracy of such quotations.

The comments and objections in this Introductory Statement are incorporated into each numbered paragraph of this Answer.

## SPECIFIC RESPONSES

1.      Mr. Corzine admits that, for a time, he was the Chief Executive Officer ("CEO") of MF Global Inc. ("MF Global") and that the CFTC has implemented rules and regulations regarding the segregation of certain funds deposited by the customers of a futures commission merchant ("FCM").  The remainder of the allegations in Paragraph 1 state legal conclusions as to which no response is required.  To the extent a response is required, Mr. Corzine denies the remaining allegations in Paragraph 1.

2.      Mr. Corzine admits that MF Global was an FCM registered with the CFTC, that MF Global was a subsidiary of Holdings and that Holdings was the parent company of numerous direct and indirect subsidiaries.

3.      Mr. Corzine admits that he became the CEO for Holdings in March 2010 and that Holdings developed a strategic plan for itself and its affiliates (collectively, the "Firm").  Mr. Corzine further admits that Holdings made investments, including investments in the sovereign debt of certain European countries.  Mr. Corzine denies the remaining allegations contained in Paragraph 3.

4.      To the extent Paragraph 4 contains allegations about the conduct of other Firm employees, Mr. Corzine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4.  Mr. Corzine admits that during October 2011 the Firm took steps to sell itself to another company and that he communicated with other employees by email and sometimes on recorded phone lines.  Mr. Corzine denies the remaining allegations contained in Paragraph 4.

5.      Paragraph 5 states legal conclusions as to which no response is required.  To the extent that a response is required, Mr. Corzine admits that on October 31, 2011, Holdings and certain other affiliated companies filed for bankruptcy protection but denies the remaining allegations contained in Paragraph 5.

6.      Paragraph 6 states legal conclusions as to which no response is required.  To the extent that a response is required, Mr. Corzine denies the allegations contained in Paragraph 6.

7.      Paragraph 7 states legal conclusions as to which no response is required.  To the extent that a response is required, Mr. Corzine admits that Edith O'Brien was the Assistant

Treasurer of MF Global but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 7.

8. Paragraph 8 states legal conclusions as to which no response is required. To the extent that a response is required, Mr. Corzine denies the allegations contained in Paragraph 8.

9. Paragraph 9 states legal conclusions as to which no response is required. To the extent a response is required, Mr. Corzine denies the allegations contained in Paragraph 9.

10. Paragraph 10 states a summary of the action as to which no response is required.

11. Paragraph 11 states legal conclusions as to which no response is required. To the extent a response is required, Mr. Corzine admits that 7 U.S.C. § 13a-1(a) addresses the ability of the CFTC to commence a proceeding in a United States District Court and respectfully refers to 7 U.S.C. § 13a-1(a) for its complete and accurate contents.

12. Paragraph 12 states legal conclusions as to which no response is required. To the extent a response is required, Mr. Corzine admits that venue is proper in the United States District Court for the Southern District of New York and respectfully refers to 7 U.S.C. § 13a-1(e) for its complete and accurate contents.

13. Mr. Corzine admits the allegations contained in Paragraph 13.

14. Paragraph 14 states legal conclusions as to which no response is required. To the extent a response is required, Mr. Corzine admits that MF Global was a Delaware corporation with its principal place of business in New York, New York. Further, on information and belief, Mr. Corzine admits that MF Global: provided brokerage services to various individual, corporate, and institutional customers; had been registered as an FCM since 1996; was a member of the National Futures Association ("NFA"); operated as a broker-dealer registered with the Securities and Exchange Commission; and was regulated by the CFTC and its DSRO, the

Chicago Mercantile Exchange, Inc. ("CME").  Moreover, Mr. Corzine admits that MF Global is currently the subject of a Securities Investor Protection Act ("SIPA") liquidation proceeding in the United States Bankruptcy Court in the Southern District of New York and that on November 8, 2013 the United States District Court for the Southern District of New York entered a Final Consent Order of Restitution, Civil Monetary Penalty and Ancillary Relief against MF Global related to the charges filed by the Commission against MF Global in its initial Complaint, dated June 27, 2013, docket 13 CIV 4463.  Mr. Corzine denies the remaining allegations contained in Paragraph 14.

15.     Mr. Corzine admits the allegations contained in Paragraph 15.

16.     Mr. Corzine admits the allegations contained in Paragraph 16.

17.     Paragraph 17 states legal conclusions as to which no response is required.  To the extent a response is required, Mr. Corzine denies the allegations contained in Paragraph 17.

18.     Mr. Corzine admits the allegations contained in Paragraph 18.

19.     Mr. Corzine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19.

20.     Mr. Corzine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20.

21.     Paragraph 21 states legal conclusions as to which no response is required.  To the extent a response is required, Mr. Corzine respectfully refers to Commodity Exchange Act ("CEA") and the rules and regulations promulgated thereunder (the "CFTC Rules") for their complete and accurate requirements.

22.     Paragraph 22 states legal conclusions as to which no response is required. To the extent a response is required, Mr. Corzine respectfully refers to the CEA and the CFTC Rules for their complete and accurate requirements.

23.     Paragraph 23 states legal conclusions as to which no response is required. To the extent a response is required, Mr. Corzine respectfully refers to the CEA and the CFTC Rules for their complete and accurate requirements.

24.     Paragraph 24 states legal conclusions as to which no response is required. To the extent a response is required, Mr. Corzine respectfully refers to the CEA and the CFTC Rules for their complete and accurate requirements.

25.     Paragraph 25 states legal conclusions as to which no response is required. To the extent a response is required, Mr. Corzine respectfully refers to the CEA and the CFTC Rules for their complete and accurate requirements.

26.     Paragraph 26 states legal conclusions as to which no response is required. To the extent a response is required, Mr. Corzine denies knowledge or information sufficient to form a belief as to the truth of the allegations in the final sentence of Paragraph 26, denies the remaining allegations contained in Paragraph 26 and respectfully refers to CEA and the CFTC Rules for their complete and accurate requirements.

27.     Mr. Corzine admits the allegations contained in Paragraph 27.

28.     The final sentence of Paragraph 28 states a legal conclusion as to which no response is required. Mr. Corzine admits the remaining allegations contained in Paragraph 28.

29.     Paragraph 29 states legal conclusions as to which no response is required. To the extent a response is required, Mr. Corzine respectfully refers to the CEA and the CFTC Rules for their complete and accurate requirements.

30.     Paragraph 30 states legal conclusions as to which no response is required.  To the extent a response is required, Mr. Corzine respectfully refers to the CEA and the CFTC Rules for their complete and accurate requirements.

31.     Upon information and belief, Mr. Corzine admits the allegations contained in Paragraph 31.

32.     Mr. Corzine admits that when he joined Holdings as its CEO in March 2010, MF Global was, among other things, a commodity brokerage firm that earned revenue from, among other sources, interest income for servicing customers' deposits and from commissions on certain transaction and that the Firm began to develop and implement a strategic plan that would change the nature of the Firm's operations and generate additional revenue for the Firm.  Mr. Corzine denies the remaining allegations contained in Paragraph 32.

33.     Mr. Corzine admits that MF Global invested in the sovereign debt of certain European nations, that it entered into certain repurchase transactions and repurchase to maturity transactions ("RTMs") involving the sovereign debt of certain European nations.  Mr. Corzine further admits that a repurchase transaction typically worked as follows:  MF Global would purchase a debt security (such as sovereign debt) from a seller and would sell the same security to another party (the "Counterparty") with an agreement to repurchase the security from the Counterparty at a later date and the Counterparty would hold the debt security as collateral for the loan.  Additionally, Mr. Corzine admits that an RTM is a particular kind of repurchase transaction in which MF Global agreed to buy back the underlying debt security on or near its maturity date, that many of MF Global's RTM Transactions were executed through the London Clearing House ("LCH") and that there were certain risks associated with RTM transactions.  Mr. Corzine denies the remaining allegations contained in Paragraph 33.

34.     Mr. Corzine admits that the Former CRO, among others, made presentations to the Holdings' Board of Directors but denies the remaining allegations contained in Paragraph 34.

35.     Mr. Corzine denies the allegations contained in Paragraph 35.

36.     Mr. Corzine denies the allegations contained in Paragraph 36.

37.     Mr. Corzine denies the allegations contained in Paragraph 37.

38.     Mr. Corzine denies the allegations contained in Paragraph 38.

39.     Mr. Corzine denies the allegations contained in Paragraph 39.

40.     Mr. Corzine denies the allegations contained in Paragraph 40 but admits that he received regular updates regarding MF Global's estimated liquidity position and refers to the written updates and summaries referred to in Paragraph 40 for their complete and accurate contents.

41.     Paragraph 41 states legal conclusions as to which no response is required.  To the extent that a response is required, Mr. Corzine denies the allegations contained in Paragraph 41.

42.     Paragraph 42 states legal conclusions as to which no response is required.  To the extent that a response is required, Mr. Corzine denies the allegations contained in Paragraph 42.

43.     Paragraph 43 states legal conclusions as to which no response is required.  To the extent that a response is required, Mr. Corzine denies the allegations contained in Paragraph 43.

44.     Mr. Corzine denies the allegations contained in Paragraph 44.

45.     Mr. Corzine denies the allegations contained in Paragraph 45.

46.     Mr. Corzine denies the allegations contained in Paragraph 46.

47.     Mr. Corzine denies the allegations contained in Paragraph 47.

48.     Mr. Corzine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 and refers to the recorded telephone call discussed in Paragraph 48 for its complete and accurate contents.

49.     Mr. Corzine admits that the Firm had access to, among other things, an unsecured revolving credit facility but denies the remaining allegations contained in Paragraph 49 and refers to the recorded telephone call discussed in Paragraph 49 for its complete and accurate contents.

50.     Mr. Corzine denies the allegations contained in the final sentence of Paragraph 50.  Mr. Corzine denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 50 and refers to the recorded telephone call quoted in Paragraph 50 for its complete and accurate contents.

51.     Mr. Corzine denies the allegations contained in Paragraph 51 and refers to the email discussed in Paragraph 51 for its complete and accurate contents.

52.     Mr. Corzine denies the allegations contained in Paragraph 52 and refers to the recorded telephone call quoted in Paragraph 52 for its complete and accurate contents.

53.     Mr. Corzine denies the allegations contained in Paragraph 53 and refers to the email discussed in Paragraph 53 for its complete and accurate contents.

54.     Mr. Corzine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 and refers to the recorded telephone call discussed in Paragraph 54 for its complete and accurate contents.

55.     Mr. Corzine admits that on October 18, 2011, with his consent, Holdings drew $125 million from its revolving credit facility but denies the allegations contained in Paragraph

55 and refers to the recorded telephone call discussed in Paragraph 55 for its complete and accurate contents.

56.     Mr. Corzine denies the allegations contained in Paragraph 56 and refers to the reports cited in Paragraph 56 for their complete and accurate contents.

57.     Paragraph 57 states legal conclusions as to which no response is required.  To the extent that a response is required, Mr. Corzine denies the allegations contained in Paragraph 57.

58.     Mr. Corzine admits that on Monday, October 24, 2011 credit rating agency Moody's Investor Services, Inc. downgraded its rating of Holdings' credit but denies knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 58.

59.     Mr. Corzine admits the allegations contained in Paragraph 59.

60.     Mr. Corzine admits that during the week of October 24, 2011 the Firm faced demands to its liquidity but denies the remaining allegations contained in Paragraph 60.

61.     Mr. Corzine admits that on October 24 and 25, 2011 the Firm drew down on its unsecured revolving credit facility but denies the remaining allegations contained in Paragraph 61.

62.     Paragraph 62 states legal conclusions as to which no response is required.  To the extent a response is required, Mr. Corzine denies the allegations contained in Paragraph 62.

62(a).  Mr. Corzine admits that on October 26, 2011 the Firm requested a draw on its credit facility but denies the remaining allegations contained in Paragraph 62(a).  To the extent Paragraph 62(a) contains allegations regarding Ms. O'Brien, Mr. Corzine denies knowledge or information sufficient to form a belief as to the truth of the allegations.

62(b).  Mr. Corzine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62(b) and refers to the emails discussed and quoted in Paragraph 62(b) for their complete and accurate contents.

62(c).  Mr. Corzine denies the allegations contained in Paragraph 62(c) and refers to the email discussed in Paragraph 62(c) for its complete and accurate contents.

62(d).  The final sentence of Paragraph 62(d) states a legal conclusion as to which no response is required.  To the extent that a response is required, and as to the remaining allegations contained in Paragraph 62(d), Mr. Corzine denies knowledge or information sufficient to form a belief as to the truth of the allegations.

62(e).  The second sentence of Paragraph 62(e) states a legal conclusion as to which no response is required.  To the extent that a response is required, and as to the remaining allegations contained in Paragraph 62(e), Mr. Corzine denies knowledge or information sufficient to form a belief as to the truth of the allegations and refers to the correspondence quoted in Paragraph 62(e) for its complete and accurate contents.

62(f).  Mr. Corzine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62(f) and refers to the recorded telephone call discussed in Paragraph 62(f) for its complete and accurate contents.

62(g).  Mr. Corzine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62(g) and refers to the recorded telephone call quoted in Paragraph 62(g) for its complete and accurate contents.

62(h).  Mr. Corzine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62(h).

62(i).   Paragraph 62(i) states legal conclusions as to which no response is required.  To the extent a response is required, Mr. Corzine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62(i).

62(j).   Mr. Corzine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62(j) and refers to the email quoted in Paragraph 62(j) for its complete and accurate contents.

63.   Paragraph 63 states legal conclusions as to which no response is required.  To the extent a response is required, Mr. Corzine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63.

63(a).   To the extent Paragraph 63(a) makes allegations regarding Ms. O'Brien's understanding of certain facts, Mr. Corzine denies knowledge or information sufficient to form a belief as to the truth of the allegations.  Mr. Corzine denies the remaining allegations contained in Paragraph 63(a) and refers to the email discussed in Paragraph 63(a) for its complete and accurate contents.

63(b).   Mr. Corzine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63(b) and refers to the email discussed in Paragraph 63(b) for its complete and accurate contents.

63(c).   Mr. Corzine denies the allegations contained in Paragraph 63(c) and refers to the email discussed in Paragraph 63(c) for its complete and accurate contents.

63(d).   Mr. Corzine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63(d) and refers to the recorded telephone call discussed in Paragraph 63(d) for its complete and accurate contents.  Further, to the extent that Paragraph 63(d) alleges misconduct by Mr. Corzine, Mr. Corzine denies each such allegation.

63(e).  Mr. Corzine admits that he participated in communications with the Board of Directors but denies the remaining allegations contained in Paragraph 63(e).

63(f).  Mr. Corzine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63(f) and refers to the email quoted in Paragraph 63(f) for its complete and accurate contents.

63(g).  Mr. Corzine denies the allegations contained in Paragraph 63(g) and refers to the documents cited in Paragraph 63(g) for their complete and accurate contents.

63(h).  Mr. Corzine denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 63(h) and refers to the emails quoted in Paragraph 63(h) for their complete and accurate contents.

63(i).  Mr. Corzine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63(i) and refers to the email cited in Paragraph 63(i) for its complete and accurate contents.

63(j).  Mr. Corzine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63(j) and refers to the emails quoted in Paragraph 63(j) for their complete and accurate contents.

63(k).  Mr. Corzine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63(k).

63(l).   Mr. Corzine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63(l).

63(m). Paragraph 63(m) states legal conclusions as to which no response is required.  To the extent a response is required, Mr. Corzine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63(m).

63(n).  The final two sentences of Paragraph 63(n) state legal conclusions as to which no response is required.  To the extent a response is required, and as to the remaining allegations in paragraph 63(n), Mr. Corzine denies knowledge or information sufficient to form a belief as to the truth of the allegations.

63(o).  Mr. Corzine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63(o) and refers to the emails quoted in Paragraph 63(o) for their complete and accurate contents.

63(p).  Mr. Corzine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63(p).

63(q).  The first sentence of Paragraph 63(q) states a legal conclusion as to which no response is required.  To the extent that a response is required, and as to the remaining allegations contained in Paragraph 63(q), Mr. Corzine denies knowledge or information sufficient to form a belief as to the truth of the allegations and refers to the documents and recorded telephone call cited in Paragraph 63(q) for their complete and accurate contents.

63(r).  Mr. Corzine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63(r) and refers to the emails and other documents or communications cited in Paragraph 63(r) for their complete and accurate contents.

63(s).  Mr. Corzine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63(s) and refers to the emails and documents cited in Paragraph 63(s) for their complete and accurate contents.

63(t).  Mr. Corzine denies the allegations contained in Paragraph 63(t) and refers to the recorded telephone call cited in Paragraph 63(t) for its complete and accurate contents.

63(u).  Mr. Corzine denies the allegations contained in Paragraph 63(u).

63(v).  Mr. Corzine denies the allegations contained in Paragraph 63(v) and refers to the recorded telephone call cited in Paragraph 63(v) for its complete and accurate contents.

63(w).  Mr. Corzine admits that the Firm had approximately $684 million in cash or equivalents but denies the remaining allegations contained in Paragraph 63(w) and refers to the recorded telephone calls referenced in Paragraph 63(w) for their complete and accurate contents.

63(x).  Paragraph 63(x) states legal conclusions as to which no response is required.  To the extent that a response is required, Mr. Corzine denies the allegations contained in Paragraph 63(x).

63(y).  Paragraph 63(y) states legal conclusions as to which no response is required.  To the extent a response is required, Mr. Corzine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63(y).

64.     Paragraph 64 states legal conclusions as to which no response is required.  To the extent a response is required, Mr. Corzine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64.

64(a).  Mr. Corzine denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64(a) and refers to the email quoted in Paragraph 64(a) for its complete and accurate contents.

64(b).  Mr. Corzine incorporates his responses to Paragraphs 63(t), (u), (v) and (w) as if fully set forth herein.  Mr. Corzine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64(b) and refers to the recorded telephone call quoted in Paragraph 64(b) for its complete and accurate contents.

64(c).  Mr. Corzine admits that, at some time on October 28, 2011 he learned that LCH made a margin call on the Firm for over $200 million related to the RTM positions but denies the remaining allegations contained in Paragraph 64(c).

64(d).  Mr. Corzine denies the allegations contained in Paragraph 64(d).

64(e).  Mr. Corzine admits that he was involved in efforts to sell securities, unwind positions and auction assets and that MF Global needed assistance from JPM to facilitate certain of those transactions but denies the remaining allegations contained in Paragraph 64(e).

64(f).  Mr. Corzine admits that, at some time, he was told that certain accounts held to JPM's London branch were overdrawn but denies the remaining allegations contained in Paragraph 64(f).

64(g).  Mr. Corzine admits that JPM informed Mr. Corzine that they would not engage in certain transactions with the Firm if the Firm did not resolve the overdrafts, but denies the remaining allegations contained in Paragraph 64(g).

64(h).  Mr. Corzine admits that certain accounts were overdrawn but denies the remaining allegations contained in Paragraph 64(h) and refers to the email cited in Paragraph 64(h) for its complete and accurate contents.

64(i).  Mr. Corzine denies the allegations contained in Paragraph 64(i) and refers to the recorded telephone call quoted in Paragraph 64(i) for its complete and accurate contents.

64(j).  Mr. Corzine denies the allegations contained in Paragraph 64(j) and refers to the email cited in Paragraph 64(j) for its complete and accurate contents.

64(k).  Mr. Corzine denies the allegations contained in Paragraph 64(k) and refers to the email cited in Paragraph 64(k) for its complete and accurate contents.

64(l).   Mr. Corzine denies the allegations in the first sentence of Paragraph 64(l).  Mr. Corzine denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained Paragraph 64(l) and refers to the recorded telephone calls described in Paragraph 64(l) for their complete and accurate contents.

64(m).  Mr. Corzine denies the allegations contained in the first sentence of Paragraph 64(m) and refers to the emails cited in that sentence for their complete and accurate contents. Mr. Corzine denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 64(m) and refers to email cited in the remaining portion of Paragraph 64(m) for its complete and accurate contents.

64(n).  Mr. Corzine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64(n) and refers to the recorded telephone call quoted in Paragraph 64(n) for its complete and accurate contents.

64(o).  Mr. Corzine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64(o) and refers to the recorded telephone call quoted in Paragraph 64(o) for its complete and accurate contents.

64(p).  Mr. Corzine admits that, at some time on Friday, October 28, 2011, JPM contacted him and said they needed assurances that the transfer of funds did not violate CFTC rules but denies the remaining allegations contained in Paragraph 64(p).

64(q).  Mr. Corzine admits that he received an email from Ms. O'Brien attaching documentation regarding a transfer of $175 million but denies the remaining allegations contained in Paragraph 64(q) and refers to the email referred to in Paragraph 64(q) for its complete and accurate contents.

64(r).   Mr. Corzine admits that JPM emailed him a draft letter regarding the transfers of funds and that he forwarded that email.  Mr. Corzine denies the remaining allegations contained in Paragraph 64(r) and refers to the emails and documents cited in Paragraph 64(r) for their complete and accurate contents.

64(s).   Mr. Corzine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64(s) and refers to the email quoted in Paragraph 64(s) for its complete and accurate contents.

64(t).   Mr. Corzine denies the allegations contained in Paragraph 64(t) and refers to the recorded telephone call quoted in Paragraph 64(t) for its complete and accurate contents.

64(u).   Mr. Corzine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64(u) and refers to the recorded telephone call quoted in Paragraph 64(u) for its complete and accurate contents.

64(v).   Mr. Corzine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64(v).

64(w).  Mr. Corzine denies the allegations contained in Paragraph 64(w).

64(x).   Paragraph 64(x) states legal conclusions as to which no response is required.  To the extent a response is required, Mr. Corzine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64(x).

64(y).   Mr. Corzine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64(y).

64(z).   Mr. Corzine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first three sentences of Paragraph 64(z) and refers to the documents referenced in the first three sentences of Paragraph 64(z) for their complete and

accurate contents.  The final three sentences of Paragraph 64(z) state legal conclusions as to which no response is required.  To the extent a response to the final three sentences of Paragraph 64(z) is required, Mr. Corzine denies knowledge or information sufficient to form a belief as to the truth of the allegations.

64(aa).     Mr. Corzine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64(aa).

64(bb).     The first sentence of Paragraph 64(bb) states legal conclusions as to which no response is required.  To the extent a response is required, and as to the remaining allegations in Paragraph 64(bb), Mr. Corzine denies knowledge or information sufficient to form a belief as to the truth of the allegations and refers to the recorded telephone call quoted in Paragraph 64(bb) for its complete and accurate contents.

64(cc).     Mr. Corzine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64(cc).

64(dd).     Mr. Corzine repeats and incorporates his responses to Paragraphs 64(y)-(z) as if fully set forth herein.  The final sentence of Paragraph 64(dd) states legal conclusions as to which no response is required.  To the extent a response is required, and as to the allegations contained in the remainder of Paragraph 64(dd), Mr. Corzine denies the allegations and refers to the recorded telephone call quoted in Paragraph 64(dd) for its complete and accurate contents.

64(ee).     Paragraph 64(ee) states a legal conclusion as to which no response is required.  To the extent a response is required, Mr. Corzine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64(ee).

65.     Mr. Corzine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 and refers to the testimony cited in Paragraph 65 for its complete and accurate contents.

66.     Mr. Corzine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 and refers to the email referenced in Paragraph 66 for its complete and accurate contents.

67.     Mr. Corzine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 and refers to the email referenced in Paragraph 67 for its complete and accurate contents.

68.     Mr. Corzine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 and refers to the email referenced in Paragraph 68 for its complete and accurate contents.

69.     Mr. Corzine denies the allegations contained in Paragraph 69.

70.     Mr. Corzine denies the allegations contained in Paragraph 70.

71.     Mr. Corzine denies the allegations contained in Paragraph 71.

72.     Paragraph 72 states legal conclusions as to which no response is required.  To the extent a response is required, Mr. Corzine either denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72.

73.     Mr. Corzine repeats and incorporates his responses to Paragraphs 1 through 72 as if fully set forth herein.

74.     Paragraph 74 states legal conclusions as to which no response is required.  To the extent a response is required, Mr. Corzine refers to 7 U.S.C. § 6d(a)(2) for its complete and accurate contents.

75.     Paragraph 75 states a legal conclusion as to which no response is required.  To the extent a response is required, Mr. Corzine refers to 17 C.F.R. § 1.20 for its complete and accurate contents.

76.     Paragraph 76 states a legal conclusion as to which no response is required.  To the extent a response is required, Mr. Corzine refers to 17 C.F.R. § 1.22 for its complete and accurate contents.

77.     Paragraph 77 states a legal conclusion as to which no response is required.  To the extent a response is required, Mr. Corzine refers to 17 C.F.R. § 1.23 for its complete and accurate contents.

78.     Paragraph 78 states a legal conclusion as to which no response is required.  To the extent that a response is required, Mr. Corzine refers to 17 C.F.R. § 1.25 for its complete and accurate contents.

79.     Paragraph 79 states legal conclusions as to which no response is required.  To the extent a response is required, and to the extent that Paragraph 79 alleges misconduct by Mr. Corzine, Mr. Corzine denies the allegations in Paragraph 79 and refers to 7. U.S.C. § 6d(a)(2), 17 C.F.R. §§ 1.20, 1.22, 1.23, and 1.25 for their complete and accurate contents.

80.     Paragraph 80 states legal conclusions as to which no response is required.  To the extent a response is required, Mr. Corzine denies the allegations contained in Paragraph 80, except he admits that Holdings was the parent company of MF Global.  Further, Mr. Corzine refers to 7 U.S.C. § 2(a)(1)(B) and 17 C.F.R. § 1.2 for their complete and accurate contents.

81.     Paragraph 81 states legal conclusions as to which no response is required.  To the extent a response is required, Mr. Corzine denies the allegations in paragraph 81 and refers to 7

21

U.S.C. §§ 6d(a)(2), 13c(b) and 17 C.F.R. §§ 1.20, 1.22, and 1.23 for their complete and accurate contents.

82.     Paragraph 82 states legal conclusions as to which no response is required.  To the extent that a response is required, Mr. Corzine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82.

83.     Paragraph 83 states legal conclusions as to which no response is required.  To the extent a response is required, Mr. Corzine denies the allegations contained in Paragraph 83.

84.     Paragraph 84 states legal conclusions as to which no response is required.  To the extent a response is required, Mr. Corzine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84.

85.     Paragraph 85 states legal conclusions as to which no response is required.  To the extent that a response is required, Mr. Corzine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85.

86.     Paragraph 86 states a legal conclusion as to which no response is required.  To the extent that a response is required, Mr. Corzine denies the allegations contained in Paragraph 86.

87.     Because the CFTC did not assert a Regulation 1.12(h) claim against Mr. Corzine, no response is required to the allegations in Paragraph 87.  To the extent a response is required, Mr. Corzine repeats and incorporates his responses to Paragraphs 1 through 86 as if fully set forth herein.

88.     Because the CFTC did not assert a Regulation 1.12(h) claim against Mr. Corzine, no response is required to the allegations in Paragraph 88.  Further, the allegations in Paragraph 88 state legal conclusions as to which no response is required.  To the extent a response is required, Mr. Corzine refers to 17 C.F.R. § 1.12(h) for its complete and accurate contents.

89.     Because the CFTC did not assert a Regulation 1.12(h) claim against Mr. Corzine, no response is required to the allegations in Paragraph 89.  Further, the allegations in Paragraph 89 state legal conclusions as to which no response is required.  To the extent a response is required, Mr. Corzine denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 and refers to 17 C.F.R. § 1.12(h) for its complete and accurate contents.

90.     Because the CFTC did not assert a Regulation 1.12(h) claim against Mr. Corzine, no response is required to the allegations in Paragraph 90.  Further, the allegations in Paragraph 90 state legal conclusions as to which no response is required.  To the extent a response is required, Mr. Corzine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90, except he admits that Holdings was the parent company of MF Global.

91.     Because the CFTC did not assert a Regulation 1.12(h) claim against Mr. Corzine, no response is required to the allegations in Paragraph 91.  Further, the allegations in Paragraph 91 state legal conclusions as to which no response is required.  To the extent a response is required, Mr. Corzine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 and refers to 17 C.F.R. § 1.12 (h).

92.     Because the CFTC did not assert a Section 6(c)(2) claim against Mr. Corzine, no response is required to the allegations in Paragraph 92.  To the extent a response is required, Mr. Corzine repeats and incorporates his responses to Paragraphs 1 through 91 as if fully set forth herein.

93.     Because the CFTC did not assert a Section 6(c)(2) claim against Mr. Corzine, no response is required to the allegations in Paragraph 93.  Further, the allegations in Paragraph 93

state legal conclusions as to which no response is required.  To the extent a response is required, Mr. Corzine refers to 7 U.S.C. § 9(2) for its complete and accurate contents.

94.     Because the CFTC did not assert a Section 6(c)(2) claim against Mr. Corzine, no response is required to the allegations in Paragraph 94.  To the extent a response is required, Mr. Corzine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94.

95.     Because the CFTC did not assert a Section 6(c)(2) claim against Mr. Corzine, no response is required to the allegations in Paragraph 95.  Further, the allegations in Paragraph 95 state legal conclusions as to which no response is required.  To the extent a response is required, Mr. Corzine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95.

96.     Because the CFTC did not assert a Section 6(c)(2) claim against Mr. Corzine, no response is required to the allegations in Paragraph 96.  Further, the allegations in Paragraph 96 state legal conclusions as to which no response is required.  To the extent a response is required, Mr. Corzine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96.

97.     Because the CFTC did not assert a Section 6(c)(2) claim against Mr. Corzine, no response is required to the allegations in Paragraph 97.  To the extent a response is required, Mr. Corzine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97.

98.     Because the CFTC did not assert a Section 6(c)(2) claim against Mr. Corzine, no response is required to the allegations in Paragraph 98.  Further, the allegations in Paragraph 98 state legal conclusions as to which no response is required.  To the extent a response is required,

Mr. Corzine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98.

99.     Because the CFTC did not assert a Section 6(c)(2) claim against Mr. Corzine, no response is required to the allegations in Paragraph 99.  Further, the allegations in Paragraph 99 state legal conclusions as to which no response is required.  To the extent a response is required, Mr. Corzine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99.

100.     Because the CFTC did not assert a Section 6(c)(2) claim against Mr. Corzine, no response is required to the allegations in Paragraph 100.  Further, the allegations in Paragraph 100 state legal conclusions as to which no response is required.  To the extent a response is required, Mr. Corzine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100.

101.     Because the CFTC did not assert a Section 6(c)(2) claim against Mr. Corzine, no response is required to the allegations in Paragraph 101.  Further, the allegations in Paragraph 101 state legal conclusions as to which no response is required.  To the extent a response is required, Mr. Corzine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101, except he admits that Holdings was the parent company of MF Global.

102.     Mr. Corzine repeats and incorporates his responses to Paragraphs 1 through 101 as if fully set forth herein.

103.     Paragraph 103 states a legal conclusion as to which no response is required.  To the extent a response is required, Mr. Corzine refers to 17 C.F.R. §166.3 for its complete and accurate contents.

104.    Paragraph 104 states a legal conclusion as to which no response is required.  To the extent a response is required, Mr. Corzine denies the allegations contained in Paragraph 104 and refers to 17 C.F.R. §166.3 for its complete and accurate contents.

105.    Paragraph 105 states a legal conclusion as to which no response is required.  To the extent a response is required, Mr. Corzine denies each and every allegation.

Mr. Corzine denies that the CFTC is entitled to any of the relief requested in the Amended Complaint or any relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

Mr. Corzine asserts the following defenses without assuming any burden of proof that rests on the Commission as to any issue.  Mr. Corzine also expressly reserves the right to plead additional defenses, including affirmative defenses, as appropriate as the case proceeds.  To the extent applicable to Mr. Corzine, Mr. Corzine further incorporates by reference the defenses asserted by any other Defendant.

## FIRST AFFIRMATIVE DEFENSE

The CFTC's claims for relief are barred, in whole or in part, because the CFTC has failed to state any claim for relief against him.

## SECOND AFFIRMATIVE DEFENSE

The CFTC's claims for relief are barred, in whole or in part, because Mr. Corzine did not know and could not have known with the exercise of reasonable care, the untruth or inaccuracy of any filing allegedly made with the CFTC.

## THIRD AFFIRMATIVE DEFENSE

The CFTC's claims for relief are barred, in whole or in part, because Mr. Corzine did not have a duty to investigate any of the issues he allegedly failed to investigate.

## FOURTH AFFIRMATIVE DEFENSE

The CFTC's claims for relief are barred, in whole or in part, because Mr. Corzine acted with reasonable care, in good faith, with due diligence, and without negligence in carrying out his responsibilities.

## FIFTH AFFIRMATIVE DEFENSE

The CFTC's claims for relief are barred, in whole or in part, because Mr. Corzine did not have actual knowledge of the alleged violations of the Commodity Exchange Act.

## SIXTH AFFIRMATIVE DEFENSE

The CFTC's claims for relief are barred, in whole or in part, because the claims are based solely on alleged actions and omissions concerning a broad amount of discrete information known to many different MF Global employees working in various aspects of the business.  Mr. Corzine reasonably relied on MF Global's institutional processes to ensure adequate review, including review by the Audit Committee and the Board of Directors, and he cannot be liable for the alleged failings of those processes.

## SEVENTH AFFIRMATIVE DEFENSE

The CFTC's claims for relief are barred in whole or in part because the CFTC has failed to allege, and cannot prove, any facts showing that Mr. Corzine acted with the requisite intent or culpably participated in the alleged misconduct.

## EIGHTH AFFIRMATIVE DEFENSE

The CFTC's claims for relief are barred, in whole or in part, because Mr. Corzine was a not a "control person" under the Commodity Exchange Act and because Mr. Corzine acted in good faith and did not directly or indirectly induce any act or omission constituting the alleged violations or causes of action, and because none of Mr. Corzine's subordinates committed any of the alleged violations or causes of actions.

## NINTH AFFIRMATIVE DEFENSE

The CFTC's claims for relief are barred, in whole or in part, because Mr. Corzine exercised reasonable diligence and/or reasonably relied on information and advice provided to him by other members of MF Global's management and reasonably and in good faith believed such statements to be materially accurate and not misleadingly incomplete.

## TENTH AFFIRMATIVE DEFENSE

The CFTC's claims for relief are barred, in whole or in part, because Mr. Corzine is absolved from any and all liability for the wrongs alleged in the Amended Complaint by reason of his full compliance with all statutes, regulations, and other laws in effect at the time of the conduct alleged in the Amended Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

The CFTC's claims for relief are barred, in whole or in part, because the CFTC has failed to allege any violation of Commodity Exchange Act.

## TWELFTH AFFIRMATIVE DEFENSE

The CFTC's claims for relief are barred, in whole or in part, because Mr. Corzine did not directly or indirectly cause the alleged violations complained of in the Amended Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

The CFTC's claims for relief are barred, in whole or in part, because the CFTC has failed to specify the number of alleged violations of the Commodity Exchange Act.

## FOURTEENTH AFFIRMATIVE DEFENSE

The CFTC's claim for penalties is barred because any violation, if it did occur, was isolated and unintentional, and Mr. Corzine received no ill-gotten gains.

## FIFTEENTH AFFIRMATIVE DEFENSE

The CFTC's claims for relief are barred, in whole or in part, under such equitable doctrines as the evidence demonstrates and as are permissible to be asserted against the CFTC.

## SIXTEENTH AFFIRMATIVE DEFENSE

The CFTC's claims for relief are barred, in whole or in part, by the statute of limitations or the relevant doctrines, waiver, estoppel, res judicata and laches.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The CFTC's claims for relief are barred, in whole or in part, because the CFTC seeks to impose on Mr. Corzine obligations that are inconsistent with, or in excess of, those imposed by federal law including, but not limited to, the Commodity Exchange Act.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The CFTC's claims for relief are barred, in whole or in part, because Mr. Corzine justifiably relied on information and advice provided to him by others. Mr. Corzine relied in good faith on: (i) the professional judgments and advice of in-house and outside professionals and others regarding, among other things, the adequacy of internal controls; (ii) other MF Global officers and employees regarding, among other things, the adequacy of internal controls, the preparation of regulatory submissions, and the calculations of amounts required to be held in segregation, as well as MF Global's quality control, identification of risks, and adherence to standards; and (iii) MF Global's procedures and processes for the foregoing.

## NINETEENTH AFFIRMATIVE DEFENSE

Mr. Corzine will rely on any and all further defenses that become available or appear during discovery proceedings in this action and specifically reserves his right to amend this Answer for purposes of asserting additional defenses.

## **ADDITONAL DEFENSES**

Mr. Corzine hereby adopts and incorporates by reference any defense asserted or to be asserted by any other defendant to the extent such defense may be applicable to Mr. Corzine.  By designating the aforementioned defenses, Mr. Corzine does not in any way waive or limit any defenses which are or may be raised by his denials and averments.  These defenses are pled in the alternative, and are raised to preserve the rights of Mr. Corzine to assert such defenses, and are without prejudice to Mr. Corzine' ability to raise other and further defenses.  Mr. Corzine expressly reserves all rights to re-evaluate his defenses and/or assert additional defenses upon discovery and review of additional documents and information, upon the development of other pertinent facts, and/or during pretrial proceedings in this action.

**WHEREFORE**, Mr. Corzine respectfully seeks judgment as follows:

A.      That the CFTC take nothing by virtue of the Amended Complaint;

B.      That the CFTC's claims against Mr. Corzine are dismissed with prejudice as to Mr. Corzine;

C.      That no civil penalties be imposed on Mr. Corzine;

D.      That Mr. Corzine's ability to engage in transactions on behalf of himself or others involving commodity futures, options on commodity futures, commodity options, security futures products, swaps and/or foreign currency be in no way limited;

E.      That Mr. Corzine be awarded the costs of defending this action; and

F.      For such other and further relief as this Court may deem just and proper.

Date:   February 21, 2014                    Respectfully submitted,
        New York, New York

                                             DECHERT LLP
                                             By:     /s/  Jonathan R. Streeter
                                                    Andrew J. Levander
                                                    Jonathan R. Streeter
                                                    Rebecca S. Kahan
                                                    Matthew L. Mazur
                                                    1095 Avenue of the Americas
                                                    New York, New York 10036
                                                    (212) 698-3500

15138449.8

31