```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/14/14
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE MF GLOBAL HOLDINGS LTD. INVESTMENT LITIGATION | Case No. 12-MD-2338 (VM) |
| JOSEPH DEANGELIS, *et al.*,<br><br>Plaintiffs,<br><br>- against -<br><br>JON S. CORZINE, *et al.*,<br><br>Defendants. | Case No. 11-Civ-7866 (VM)<br><br>ECF CASE |
| THIS DOCUMENT RELATES TO:<br><br>The Commodity Customer Class Action | |

**ORDER GRANTING FINAL APPROVAL OF THE SETTLEMENT BETWEEN THE FORMER COMMODITY FUTURES CUSTOMERS OF MF GLOBAL INC. AND THE MF GLOBAL INC. TRUSTEE PROVIDING FOR THE ASSIGNMENT OF THE COMMODITY FUTURES CUSTOMERS' UNPAID NET EQUITY CLAIMS IN EXCHANGE FOR PAYMENT OF 100% OF THE CLAIMS**

VICTOR MARRERO, United States District Judge:

On this 14th day of March 2014, a hearing (the "Settlement Hearing") having been held before this Court (or the Court having determined that no such hearing was necessary) to determine whether the terms and conditions of the Net Equity Settlement Assignment Agreement between the Customer Representatives and the Trustee in the SIPA Proceeding and successor-in-interest to MFGI (collectively, the "Parties"), is fair, reasonable and adequate;

As it appears that the Notice, as approved by the Court, including the date of the

1

Settlement Hearing, was mailed to all Settlement Class Members constituting the previous settlement class certified by this Court in connection with the prior JPMC Settlement, and that the related Approval Materials were posted on the Trustee's and Co-Lead Counsel's respective websites;

And the Court, having considered all matters submitted to it, along with all prior submissions by the Parties to the Net Equity Settlement Assignment Agreement, and by others, including the Allocation and Advance Order in the SIPA Proceeding and the so-ordered Consent Order between the Trustee and CFTC approved by this Court, and otherwise having determined the fairness and reasonableness of the proposed Net Equity Settlement Assignment Agreement;

And the Court, ruling only on approval of the Net Equity Settlement Assignment Agreement, not on issues related to the classification, allocation or distribution of general estate assets or the legal effect of the advance of such assets, which were addressed in the Allocation and Advance Order in the SIPA Proceeding and are ostensibly the subject of notices of appeal filed in the SIPA proceeding by the MDL Defendants that do not impact the relief sought herein;

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Court, for purposes of this Order granting final approval of the Net Equity Settlement Assignment Agreement (the "Final Approval Order") adopts the defined terms in the Order Granting Preliminarily Approval of the Settlement Between the Former Commodity Futures Customers of MF Global Inc. and the MF Global Inc. Trustee Providing for the Assignment of the Commodity Futures Customers' Unpaid Net Equity Claims in Exchange for Payment of 100% of the Claims, Approving Notice Through the SIPA Proceeding, and Setting a Hearing Date for Final Approval (the "Preliminary Approval Order").

2. This Court has jurisdiction over the subject matter of the Customer Class Action

and over all parties to the action, including all Settlement Class Members.

3. The Court finds that all elements for maintenance of the Customer Class Action as a class action are met for the limited purpose of the Net Equity Settlement Assignment Agreement. Specifically, the Settlement Class satisfies the numerosity requirement of Rule 23(a)(1); there are common issues of fact and law sufficient to satisfy Rule 23(a)(2); the claims of the Customer Representatives are typical of the claims of absent Settlement Class Members, satisfying Rule 23(a)(3); the Customer Representatives and their counsel are adequate representatives of the Settlement Class Members, satisfying Rule 23(a)(4); common issues predominate over individual issues, satisfying Rule 23(b)(3)(i); and class action treatment of this Customer Class Action is a superior method of proceeding in this matter, satisfying Rule 23(b)(3)(ii).

4. Accordingly, and for purposes of the Net Equity Settlement Assignment Agreement only, the Court hereby approves the utilization of the Settlement Class it certified in connection with the JPMC Settlement Order.

5. The Court hereby finds, in accordance with the Preliminary Approval Order, that the Notice mailed to the Settlement Class and the Approval Materials posted by the Trustee and Co-Lead Counsel on their respective websites provided due and adequate notice of these proceedings and the matters set forth herein, including the Net Equity Settlement Assignment Agreement, to all eligible Settlement Class Members entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, due process, and all other applicable laws and rules.

6. Pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the Net Equity Settlement Assignment Agreement as fair, reasonable and adequate, and in the best

interests of the Settlement Class Members. The Parties are directed to consummate the Net Equity Settlement Assignment Agreement pursuant to its terms, and the terms of the Allocation and Advance Order and Consent Order.

7. Nothing in this Final Approval Order shall bar any action by any of the Parties to enforce or effectuate the terms of the Net Equity Settlement Assignment Agreement.

8. The Court finds that during the course of the Customer Class Action, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

9. In the event that this Final Approval Order is modified or reversed on appeal to the extent that the Net Equity Settlement Assignment Agreement does not become effective, then this Order shall be rendered null and void and shall be vacated and, in such event, all orders entered and releases given in connection herewith shall be null and void, *nunc pro tunc*, and the Parties will be deemed to have reverted to their respective status as of the date and time immediately before October 2, 2013.

10. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Net Equity Settlement Assignment Agreement.

11. Without affecting the finality of this Final Approval Order in any way, the Court hereby retains continuing jurisdiction over implementation of the Net Equity Settlement Assignment Agreement and all Parties hereto for the purpose of construing, enforcing and administering the Net Equity Settlement Assignment Agreement.

SO ORDERED this \_\_\_14th\_\_\_ day of \_\_\_March\_\_\_, 2014.

_____
The Honorable Victor Marrero
United States District Judge