USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____3_____
DATE FILED: 3/17/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE MF GLOBAL HOLDINGS LTD. INVESTMENT LITIGATION | Case No. 12-MD-2338 (VM) |
| JOSEPH DEANGELIS, et al.,<br><br>Plaintiffs<br><br>- against -<br><br>JON S. CORZINE, et al.,<br><br>Defendants. | Case No. 11-Civ-7866 (VM)<br><br>**ECF CASE** |
| THIS DOCUMENT RELATES TO:<br><br>The Commodity Customer Class Action | |

## FINAL JUDGMENT AND ORDER AWARDING FEES AND EXPENSES

VICTOR MARRERO, United States District Judge:

On this 14th day of March 2014, a hearing (the "Hearing") having been held before this Court to determine (i) whether the terms and conditions of the Settlement and related Settlement Agreement, dated January 29, 2014, among the Customer Representatives and CME Group Inc. and the Chicago Mercantile Exchange Inc., and their parents, subsidiaries and affiliates ("CME Group") (collectively, the "Parties"), are fair, reasonable and adequate to settle the claims by the Customer Representatives against CME Group as set forth herein; and (ii) whether judgment should be entered dismissing with prejudice in favor of CME Group and any other Released Defendant Persons any and all of the Released Customer Claims, as against all persons or entities who are Settlement Class Members and who have not requested exclusion from the Settlement Class;

Whereas, before and during the Hearing, the Court also considered and evaluated the Plaintiffs' Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, dated February 21, 2014 (the "Fee and Expense Motion"), and the materials in support thereof, including the (i) Joint Declaration of Merrill G. Davidoff and Andrew J. Entwistle in Support of Plaintiffs' Counsel's Motion for An Award of Attorneys' Fees and Reimbursement of Litigation Expenses; and (ii) Memorandum of Law in Support of Plaintiffs' Counsel's Motion for An Award of Attorneys' Fees and Reimbursement of Litigation Expenses;

As it appears that the Notice Materials substantially in the form approved by the Court, including the date of the Hearing, were mailed to all persons and entities in accordance with the Settlement and as provided in the Order Preliminarily Approving Proposed Settlement and Providing For Notice, dated January 31, 2014 (ECF No. 632) ("CME Group Preliminary Approval Order");

And the Court, having considered all matters submitted to it at the Hearing concerning the Fee and Expense Motion, along with all prior submissions by the Parties to the Settlement and others;

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Court, for purposes of this Final Judgment and Order Awarding Fees and Expenses (the "Fee and Expense Judgment"), adopts all relevant defined terms set forth in the Settlement Agreement, Fee and Expense Motion and supporting documents; and the Final Judgment and Order of Dismissal with Prejudice (the "Final Judgment").

2. The Court hereby awards Class Counsel attorneys' fees of $2,722,023.42 and expenses of $177,976.58 (the "Fees and Expenses"). Interim Co-Lead Counsel shall allocate the Fees and Expenses in a manner which, in their good-faith judgment, reflects each Plaintiffs'

Counsel's contribution to the institution and prosecution of the Customer Class Action and/or Settlement with CME Group.

3. This Court has jurisdiction over the subject matter of the Customer Class Action and over all Parties to the action, including all Settlement Class Members.

4. The Court hereby finds, in accordance with the CME Group Preliminary Approval Order, that the notice given to the Settlement Class, including the individual notice to all Settlement Class Members who could be identified through reasonable effort, was the best notice practicable under the circumstances. Said notice provided due and adequate notice of these proceedings and the matters set forth herein, including the proposed Settlement set forth in the Settlement Agreement, to all eligible Settlement Class Members entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, due process, and all other applicable laws and rules.

5. Neither this Fees and Expenses Judgment nor the Settlement (including the Settlement Agreement or any of its terms, or any aspect of any of the negotiations, discussions and proceedings in connection with the negotiation of and/or efforts to consummate the Settlement): (a) shall be offered in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum or other tribunal other than as may be necessary to enforce the terms of this Order and/or the Settlement; (b) shall be described as, construed as, interpreted as or offered against any party as evidence of and/or deemed to be evidence of any presumption, concession or admission as to any liability, negligence, fault, wrongdoing on their part or the validity of any claim by any party or the merits of any of their defenses; and (c) shall be described as, construed as, interpreted as or offered against any party or any Settlement Class Member as evidence of any infirmity in the claims of any party or the

Settlement Class, or as evidence that the damages recoverable from any party would not have exceeded the Settlement Amount.

6. The Court finds that during the course of the Customer Class Action, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

7. In the event that the Final Judgment is modified or reversed on appeal to the extent that the Settlement does not become effective in accordance with the terms of the Settlement Agreement, or the Settlement Agreement terminates according to its provisions, or the Distribution Fund, or any portion thereof, is returned to CME Group, or the Final Judgment does not become Final, then the Fees and Expenses Judgment shall be rendered null and void and shall be vacated, except the filing of appeal of the Final Judgment shall in no way disturb or affect any part of this Fees and Expenses Judgment until the foregoing occurs.

8. Without affecting the finality of this Fees and Expenses Judgment in any way, the Court hereby retains continuing jurisdiction over: (i) implementation of this Settlement and any award or distribution of the Distribution Fund, including the Fees and Expenses award and any interest earned thereon; (ii) disposition of the Distribution Fund; and (iii) all Parties hereto for the purpose of construing, enforcing and administering the Settlement Agreement.

9. There is no just reason for delay in the entry of this Fees and Expenses Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

SO ORDERED.

17 March 2014
DATE           VICTOR MARRERO, U.S.D.J.