USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/23/14

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> MF GLOBAL HOLDINGS LTD., JON S. CORZINE, AND EDITH O'BRIEN, <br><br> Defendants. | CIVIL ACTION NO. 11 Civ. 7866 (VM) (USCFTC) <br><br> ECF CASE |

### FINAL CONSENT ORDER OF RESTITUTION, CIVIL MONETARY PENALTY AND ANCILLARY RELIEF AGAINST MF GLOBAL HOLDINGS LTD.

#### I. INTRODUCTION

On June 27, 2013, Plaintiff U.S. Commodity Futures Trading Commission ("Commission") filed a Complaint in the above-captioned action against MF Global Holdings Ltd. ("MFGH"), MF Global Inc. ("MFGI"), Jon S. Corzine ("Corzine") and Edith O'Brien ("O'Brien") for violations of the Commodity Exchange Act ("CEA" or "Act"), 7 U.S.C. §§ 1 *et seq.*, and regulations promulgated pursuant thereto, 17 C.F.R. §§ 1 *et seq.* On November 8, 2013, this Court approved a settlement of all of the Commission's claims against MFGI. On December 6, 2013, the Commission filed an amended Complaint against MFGH, Corzine, and O'Brien.

On October 31, 2011, MFGH filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in a proceeding captioned *In re MF Global Holdings Ltd.*, Case

No. 11-15059 (MG) (Bankr. S.D.N.Y.) (the "Bankruptcy Proceeding"). The Bankruptcy Court confirmed the *Second Amended and Restated Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code for MF Global Holdings Ltd., MF Global Finance USA Inc., MF Global Capital LLC, MF Global FX Clear LLC, MF Global Market Services LLC, and MF Global Holdings USA Inc.* (the "Plan") on April 5, 2013, and the Plan became effective as of June 4, 2013. MFGH is the Plan Administrator under the Plan.

## II. CONSENTS AND AGREEMENTS

To effect settlement of matters alleged in the amended Complaint in this action against MFGH without a trial on the merits or any further judicial proceedings as to MFGH, MFGH:

1. Consents to the entry of this Final Consent Order of Restitution, Civil Monetary Penalty and Ancillary Relief Against MFGH (the "Consent Order");

2. Affirms that it has read and agreed voluntarily to this Consent Order, and that no promise, other than as specifically contained herein, or threat, has been made by the Commission or any member, officer, agent or representative thereof, or by any other person, to induce consent to this Consent Order;

3. Acknowledges service of the Summons, Complaint and amended Complaint;

4. Admits the jurisdiction of this Court over MFGH and the subject matter of this action pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1;

5. Admits the jurisdiction of the Commission over the conduct and transactions at issue in this action pursuant to the Act, 7 U.S.C. §§ 1 *et seq.*;

6. Admits that venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e);

7.  **Waives:**

a.  Any and all claims that MFGH may possess under the Equal Access to Justice Act ("EAJA"), 5 U.S.C. § 504 (2006) and 28 U.S.C. § 2412 (2006), and/or the rules promulgated by the Commission in conformity therewith, Part 148 of the Regulations, 17 C.F.R. §§ 148.1 *et seq.* (2012), relating to, or arising from, this action;

b.  Any and all claims that MFGH may possess under the Small Business Regulatory Enforcement Fairness Act of 1996, Pub. L. No. 104-121, §§ 201-253, 110 Stat. 847, 857-868 (1996), as amended by Pub. L. No. 110-28, § 8302, 121 Stat. 112, 204-205 (2007), relating to, or arising from, this action;

c.  Any claim of Double Jeopardy based upon the institution of this action or the entry in this action of any order imposing a civil monetary penalty or any other relief, including this Consent Order;

d.  All rights of appeal from this action.

8.  Consents to the continued jurisdiction of this Court and the Bankruptcy Court over MFGH for the purpose of implementing and enforcing the terms and conditions of this Consent Order and for any other purposes relevant to this case, even if MFGH now or in the future is located outside the jurisdiction of this Court;

9.  Agrees that MFGH will not oppose enforcement of this Consent Order by alleging that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure and waives any objection based thereon;

10. Admits the allegations pertaining to liability against MFGH solely based on the acts and omissions of its agents as set forth in this Consent Order and the amended Complaint, which shall be taken as true and correct solely for purposes of enforcing the terms and conditions

of this Consent Order;. Except as set forth in this paragraph 10 and as necessary to give effect to this Consent Order in the Bankruptcy Court, the Consent Order and/or the amended Complaint shall not be used, admissible or given preclusive effect in any other proceeding, and nothing in this Consent Order shall be construed to confer any rights on any third parties or inure to the benefit of any third parties;

11. Agrees that neither MFGH nor any of its agents shall take any action or make any public statement denying, directly or indirectly, any allegation in the amended Complaint, or creating or tending to create the impression that the amended Complaint and/or this Consent Order is without a factual basis; provided, however, that nothing in this paragraph 11 shall affect MFGH's: (a) testimonial obligations, or (b) right to take legal positions in other proceedings to which the Commission is not a party, specifically with respect to the ongoing class action entitled *Deangelis v. Corzine, et al.*, 11-cv-07866-VM (S.D.N.Y.) (the "MDL"), which proceedings have been consolidated for pre-trial purposes with the above-captioned matter. MFGH shall take all steps necessary to ensure its agents comply with this provision;

12. Acknowledges that pursuant to the Final Customer Allocation Order in the liquidation of MFGI pursuant to the Securities Investor Protection Act, currently pending in the Bankruptcy Court and captioned *In re MF Global Inc.*, Case No. 11-2790 (the "SIPA Proceeding"), which was entered by the Bankruptcy Court on November 6, 2013 and affirmed on appeal by this Court on February 20, 2014, the Bankruptcy Court found that the combined allowed net equity claims of MFGI commodity customers with claims with respect to the futures account class (the "4d Allowed Customer Net Equity Claims") and the combined allowed net equity claims of MFGI commodity customers with claims with respect to the foreign futures account class (the "30.7 Allowed Customer Net Equity Claims," and together with the 4d

Allowed Customer Net Equity Claims, the "Allowed Customer Net Equity Claims") in the SIPA Proceeding were unsatisfied to the extent of at least $560,000,000 (five-hundred and sixty million dollars).

13. Agrees that no provision of this Consent Order shall in any way limit or impair the ability of any other person or entity to seek any legal or equitable remedy against MFGH in any other proceeding that is not otherwise prohibited by applicable law, any applicable bar date, automatic stay or injunction, including the Plan Injunction (as defined in the Plan), or discharged, in the Bankruptcy Proceeding.

### III. FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR RESTITUTION, CIVIL MONETARY PENALTY AND ANCILLARY RELIEF

**THE COURT HEREBY FINDS AND CONCLUDES THAT:**

1. This Court has jurisdiction over the parties and over the subject matter of this action pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2006 & Supp. IV 2011).

2. Venue lies properly within this District pursuant to Section 6c(e) of the Act, 7 U.S.C. 13a-1(e) (2006).

3. Pursuant to Section 2(a)(1)(B) of the Act, 7 U.S.C. § 2(a)(1)(B), and CFTC Regulation 1.2, 17 C.F.R. § 1.2, MFGH is liable as a principal of MFGI for having violated Sections 4d(a)(2) and 6(c)(2) of the Act, 7 U.S.C. §§ 6d(a)(2) and 9(2), and CFTC Regulations 1.12(h), 1.20, 1.22, 1.23, and 1.25, 17 C.F.R. §§ 1.12(h), 1.20, 1.22, 1.23, and 1.25 as alleged in Counts 1 through 3 of the amended Complaint.

**IT IS HEREBY ORDERED THAT:**

4. MFGH, jointly and severally with MF Global Inc., shall make restitution for the amount of $1,212,000,000 (one-billion two-hundred twelve million dollars), or such amount

necessary to ensure that all Allowed Customer Net Equity Claims are paid in full (the "Restitution Obligation").

5. The Restitution Obligation shall be deemed satisfied upon completion by the SIPA Trustee of its obligations pursuant to Paragraph III.4 of the Final Consent Order of Restitution, Civil Monetary Penalty and Ancillary Relief Against MF Global Inc. (the "MF Global Inc. Consent Order") as authorized by the Bankruptcy Court in the SIPA Proceeding on September 12, 2013, and so ordered by this Court on November 8, 2013.

6. MFGH will obtain a dollar-for-dollar credit against the Restitution Obligation as a result of the SIPA Trustee's satisfaction of the Restitution Obligation under the MF Global Inc. Consent Order.

7. Pursuant to the MF Global Inc. Consent Order and the Final Customer Allocation Order, the MFGI general estate (and the general creditors) are subrogated to any possible rights that MFGI's former customers may have to pursue claims against third parties based on the shortfall in the customer estates to the extent of the approximately $560 million advanced by the SIPA Trustee from general estate funds to satisfy in full the Allowed Customer Net Equity Claims. Further, pursuant to the Consent Order, Final Customer Allocation Order and the Order Granting Final Approval of the Settlement Between the Former Commodity Futures Customers of MF Global Inc. and the MF Global Inc. Trustee Providing for the Assignment of the Commodity Futures Customers' Unpaid Net Equity Claims in Exchange for Payment of 100% of the Claims (the "Assignment Agreement Order"), the former commodity futures customers in the MDL assigned their rights to pursue claims against third parties based on the shortfall in the customer estates to the SIPA Trustee on behalf of the MFGI general estate.

8. To the extent necessary, MFGH will cooperate with and support the SIPA Trustee before any court, including but not limited to the Bankruptcy Court, the U.S. District Court and the U.S. Court of Appeals, in seeking the relief contemplated by Paragraph III.4 of the MF Global Inc. Consent Order, in making the Final Distribution pursuant to the terms and conditions of the Final Customer Allocation Order and Assignment Agreement Order.

9. Section 6c of the Act, 7 U.S.C. §13a-1, provides the Court with authority to impose a civil monetary penalty against MFGH up to a maximum of triple the monetary gain received by MFGH for the violations alleged in the amended Complaint, or $140,000 per violation, whichever is greater. The maximum civil monetary penalty in this case against MFGH is measured by the monetary gain, i.e. the gain to MFGH from unlawful uses of segregated customer funds during the final week of October 2011. MFGH shall pay a civil monetary penalty in the amount of $100,000,000 (one-hundred million dollars), pursuant to Section 6c of the Act, 7 U.S.C. §13a-1 (the "CMP Obligation"). Any penalty imposed by the District Court, or any other court, shall be accorded the priority under section 726(a)(4) of title 11 of the United States Code (the "Bankruptcy Code"), 11 U.S.C. § 726(a)(4), and shall accordingly be subordinated to claims of other senior classes of creditors, including general unsecured creditors, in the Bankruptcy Proceeding pursuant to Section 726(a)(4) of the Bankruptcy Code. Nevertheless, the CMP Obligation shall constitute a timely filed, allowed subordinated penalty claim of the Commission in the Bankruptcy Proceeding payable to the extent any funds are left in the MFGH estate after satisfaction of all general unsecured claims and all other claims senior to a penalty pursuant to section 726 of the Bankruptcy Code. For greater certainty, all contractually subordinated claims are senior to the CMP Obligation unless otherwise expressly subordinated to penalties of the type described in Section 726(a)(4) of the Bankruptcy Code.

10. The CMP Obligation is payable by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order. If payment is to be made other than by electronic funds transfer, the payment shall be made payable to the Commodity Futures Trading Commission and sent to the address below:

> Commodity Futures Trading Commission
> Division of Enforcement
> ATTN: Accounts Receivables
> DOT/FAA/MMAC/AMZ-341CFTC/CPSC/SEC
> 500 S. MacArthur Blvd.
> Oklahoma City, OK 73169
> (405) 954-7262 office
> (405) 954-1620 fax
> nikki.gibson@faa.gov

If payment by electronic transfer is chosen, MFGH shall contact Nikki Gibson or her successor at the address above to receive payment instructions and shall fully comply with those instructions. MFGH shall accompany payment of the CMP Obligation with a cover letter that identifies MFGH and the name and docket number of this proceeding. MFGH shall simultaneously transmit copies of the cover letter and the form of payment to: (1) Director, Division of Enforcement, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, N.W., Washington, D.C. 20581; (2) the Chief, Office of Cooperative Enforcement, Division of Enforcement, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, N.W., Washington, D.C. 20581; and (3) Deputy Director, Division of Enforcement, Commodity Futures Trading Commission, at the following address: 140 Broadway, 19th Floor, New York, NY 10005.

## IV. MISCELLANEOUS PROVISIONS

1. This Consent Order shall supersede, amend, and/or replace all claims previously filed by the Commission in the Bankruptcy Proceeding. MFGH shall withdraw from the

Bankruptcy Proceeding its Thirteenth Omnibus Objection and Amended Thirteenth Omnibus Objection of Plan Proponents Seeking to Reclassify Certain Claims (Dkt. Nos. 1163, 1317) as to the Commission's claims upon entry of this Consent Order.

2. Cooperation: Subject to any legally recognized privilege of MFGH not previously waived in the Bankruptcy Proceeding, MFGH has cooperated and shall continue to cooperate fully and expeditiously with the Commission, including the Commission's Division of Enforcement, and any other governmental agency, department or office in this action, and in any investigation, civil litigation, or administrative matter related to this Consent Order or the amended Complaint, or any current or future Commission investigation related thereto.

3. Notice: All notices required to be given by any provision in this Consent Order shall be sent certified mail, return receipt requested, as follows:

Notice to Commission:

Manal M. Sultan
Deputy Director
Division of Enforcement
U.S. Commodity Futures Trading Commission
140 Broadway, 19th Floor
New York, NY 10005

Notice to MFGH:

Scott Jason Greenberg
Jones Day
222 East 41st Street
New York, NY 10017

Attorneys for MFGH

4. Authority: MFGH, or anyone so designated on its behalf who has been duly empowered to sign and submit this Consent Order on behalf of MFGH represents that it is authorized, pursuant to the Plan, to enter into this Consent Order.

5. **Entire Agreement and Amendments:** This Consent Order incorporates all of the terms and conditions of the settlement among the parties hereto to date. Nothing shall serve to amend or modify this Consent Order in any respect whatsoever, unless: (a) reduced to writing; (b) signed by all parties hereto; and (c) approved by order of this Court.

6. **Invalidation:** If any provision of this Consent Order, or if the application of any provision or circumstances is held invalid, the remainder of this Consent Order and the application of the provisions to any other person or circumstances shall not be affected by the holding. In the event that the Restitution Obligation is not satisfied pursuant to the MF Global Inc. Consent Order, Final Customer Allocation Order, and this Consent Order, the remaining provisions, including, but not limited to, the consents and agreements set forth in Section II of this Consent Order are unaffected.

7. **Waiver:** The failure of any party to this Consent Order at any time to require performance of any provision of this Consent Order shall in no manner affect the right of the party at a later time to enforce the same or any other provision of this Consent Order. No waiver in one or more instances of the breach of any provision contained in this Consent Order shall be deemed to be or construed as a further or continuing waiver of such breach of waiver of the breach of any other provision of this Consent Order.

8. **Counterparts and Facsimile Execution:** This Agreement may be executed in two or more counterparts, all of which shall be considered one and the same agreement and shall become effective when one or more counterparts have been signed by each of the parties hereto and delivered (by facsimile, e-mail, or otherwise) to the other party, it being understood that all parties need not sign the same counterpart. Any counterpart or other signature to this Agreement

that is delivered by facsimile shall be deemed for all purposes as constituting good and valid execution and delivery by such party of this Agreement.

9. Continuing Jurisdiction of this Court: This Court shall retain jurisdiction of this cause to ensure compliance with this Order and for all other purposes related to this action, including any motion by MFGH to modify or for relief from the terms of this Consent Order.

10. MFGH understands that the terms of the Consent Order are enforceable through contempt proceedings and that, in any such proceedings, it may not challenge the validity of this Consent Order.

CONSENTED TO AND APPROVED BY:

_____
On Behalf of MF Global Holdings Ltd.

Date: 10/3/14

_____
Scott Jason Greenberg
Jones Day
222 East 41st Street
New York, New York (212) 326-3939 Fax: (212) 755-7306
Counsel for MF Global Holdings Ltd.

Date: 10/3/14

_____
Steven Ringer
Chief Trial Attorney
Manal M. Sultan
Deputy Director
U.S. COMMODITY FUTURES TRADING COMMISSION
140 Broadway, 19th Floor
New York, New York 10005
(646) 746-9700
(646) 746-9940 (facsimile)
Attorneys for Plaintiff

Date: 12/2/14

There being no just reason for delay, the Clerk of the Court is hereby directed to enter this *Final Consent Order of Restitution, Civil Monetary Penalty and Ancillary Relief Against MFGH.*

SO ORDERED.

12-23-14
DATE

VICTOR MARRERO, U.S.D.J.

**SO ORDERED**

DATED:   New York, New York
         _____, 2014

                                   _____
                                         Victor Marrero
                                           U.S.D.J.