```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
JOSEPH DeANGELIS, et al.,            :    11 Civ. 7866 (VM) (JCF)
                                     :
            Plaintiffs,              :
                                     :
    - against -                      :
                                     :
JON S. CORZINE, et al.,              :
                                     :
            Defendants.              :
- - - - - - - - - - - - - - - - - - -:
IN RE MF GLOBAL HOLDINGS LTD.        :
INVESTMENT LITIGATION                :    12 MD 2338
                                     :
                                     :    MEMORANDUM
                                     :    AND ORDER
- - - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

Defendants Bradley Abelow, Jon Corzine, David Dunne, Randy MacDonald, Vinay Mahajan, Edith O'Brien, David P. Bolger, Eileen S. Fusco, David Gelber, Martin J.G. Glynn, Edward L. Goldberg, David I. Schamis, Robert S. Sloan, and Henry Steenkamp (the "Individual Defendants") seek to compel the Litigation Trustee of the MF Global Litigation Trust (the "Litigation Trustee") to search all of the as-yet-unproduced documents of MF Global Inc. and MF Global Holdings Ltd. (collectively, "MF Global") and produce those responsive to the Individual Defendants' First Set of Requests for Production of Documents. The application is granted in part.

Background

This consolidated action concerns events surrounding the

collapse of MF Global.  The Litigation Trustee is the assignee of the rights and interests of the former Chapter 11 Trustee for MF Global, and has control over all of the company's documents that were in existence at the time of its bankruptcy on October 31, 2011.  (Letter of Neil S. Binder dated Dec. 9, 2014 ("Binder 12/9/14 Letter") at 2-3 & n.4).  The Litigation Trustee has produced or agreed to produce millions of pages of documents to the Individual Defendants, including documents from thirty-three MF Global custodians who were identified by certain government agencies (the "Government Agencies") in connection with their investigations and by the plaintiffs in the putative securities class action (the "Securities Plaintiffs") that is part of this consolidated case.  (Letter of Michael S. McCauley dated Dec. 11, 2014 ("McCauley 12/11/14 Letter") at 3).  The Individual Defendants contend that this is insufficient and seek an order compelling the Litigation Trustee to search "all relevant document file systems" of MF Global, including "all shared drives, private shared files, custodial files and hard copy document sources" that might contain material responsive to the requests for production.  (Binder 12/9/14 Letter at 5).

Discussion

    One of the "guiding principles" behind the rules governing discovery in the Federal Rules of Civil Procedure is that "every

party to a litigation is entitled to secure all evidence, information and documents germane to the issues, even if they are in possession of an adverse party." Odum v. Willard Stores, Inc., 1 F.R.D. 680, 681 (D.D.C 1941). However, this principle is subject to limitation. For example, a court may protect a party from discovery that would involve "undue burden or expense." Fed. R. Civ. P. 26(c). Moreover, discovery may be limited where "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2).

According to the Individual Defendants, the discovery produced by the Litigation Trustee is insufficient because the requests of the Government Agencies and the Securities Plaintiffs are not tailored to the needs of the Individual Defendants in this litigation. (Binder 12/9/14 Letter at 4). Specifically, they complain that the Government Agencies' requests focus on a narrow time period two weeks prior to MF Global's bankruptcy and "are targeted at specific issues relevant to each agency's jurisdiction, generally the segregation of customer funds . . . and earnings releases." (Binder 12/9/14 Letter at 4). Similarly, the Securities Plaintiffs' requests were purportedly crafted to capture

only information helpful to their litigating positions in that specific putative class action. (Binder 12/9/14 Letter at 4). The Litigation Trustee, however, points out that it produced documents "not . . . on an issue-by-issue basis, but [] on a custodian-by-custodian basis" from "key officers and employees" of MF Global who were at the center of the transactions that are "the subject of the Litigation Trustee's case, the Securities Plaintiffs' case, and the Government Agencies' investigations." (McCauley 12/11/14 Letter at 3). As to the time period, the Litigation Trustee points out that he has agreed to produce documents from the thirty-three previously-identified custodians for a time period extending from March 1, 2010 (weeks prior to defendant Jon Corzine's employment at MF Global) to the date of the bankruptcy. (McCauley 12/11/14 Letter at 3-4). In their application, the Individual Defendants also identify a "public share location" designated "\Internal Audit\" and two additional custodians -- MF Global's Global Head of Internal Audit and its Head of Internal Audit for the Americas -- that likely have relevant information. (Binder 12/9/14 Letter at 6). The Litigation Trustee has agreed to produce non-privileged documents from these sources, as well. (McCauley 12/11/14 Letter at 4-5). Thus, the specific deficiencies notes in the Individual Defendants' application have been remedied. Nonetheless, they continue to press for further review and production of documents.

4

(Letter of Neil S. Binder dated Dec. 15, 2014).

The Litigation Trustee contends that the Individual Defendants' requested relief would be unduly burdensome and disproportionate to the likely benefit of the discovery. It argues that "[p]rocessing, reviewing, and producing this unprocessed data" is a "practical impossibility given the circumstances surrounding the liquidating estate, the amount of data, and how the data is stored." (McCauley 12/11/14 Letter at 1). As the Litigation Trustee explains, the cost would be prohibitive. During the meet and confer process, the Individual Defendants identified twenty-four additional MF Global custodians whose documents they sought. (Letter of Michael C. Schneidereit dated Nov. 25, 2014 ("Schneidereit 11/25/14 Letter"), attached as Exh A to McCauley 12/11/14 Letter, at 2). Merely processing these additional documents -- which is a much smaller universe than the dozens of terabytes of information that this application asks the Litigation Trustee to review (McCauley 12/11/15 Letter at 5) -- would cost over $300,000; review and production would multiply that amount and require months of work. (Schneidereit 11/25/14 Letter at 2). Indeed, most of MF Global's documents "reside on servers for which the Litigation Trustee does not have direct access," so merely

5

retrieving them is "a time-consuming and costly process."[1] (McCauley 12/11/14 Letter at 5; Schneidereit 11/25/14 Letter at 3). And, with the exceptions addressed above with regard to time period and internal auditing, the Individual Defendants have not articulated with any specificity why, in light of the information already obtained, the requested discovery is particularly important.

Well before this application, the Litigation Trustee suggested an appropriate compromise. (Schneidereit 11/25/14 Letter at 2-3 (Individual Defendants invited to identify additional custodians in July 2014 and additional public share drive folders in November 2014)). Within fourteen days of the date of this Order, the parties shall meet and confer to agree on a reasonable list of additional custodians -- no more than six -- whose files

---

[1] The Individual Defendants indicate that the cost involved in producing these document is irrelevant (Binder 12/9/14 Letter at 5), citing a case that states that a bankruptcy trustee must weigh the costs and benefits of a potential action before investigating and filing it, because "bringing a lawsuit which would cost the []estate fees and costs, when no recovery could result, would be a breach of the trustee's duties." In re Bean, 251 B.R. 195, 205 (E.D.N.Y. 2000) (alteration in original) (internal quotation marks omitted). While that may be true, I am not passing on whether the Litigation Trustee has faithfully fulfilled his duties; this is a discovery dispute, and the rules clearly allow the expense of discovery to be taken into account. Fed. R. Civ. P. 26(b)(2). Indeed, it is perhaps particularly appropriate in this litigation, where the Court has been keenly aware of the potential for outsized litigation costs and has attempted to impose efficiencies to limit those costs. (E.g., Transcript of Hearing dated Aug. 27, 2012).

shall be produced. In addition, they shall confer to identify a reasonable subset of file systems likely to contain relevant documents,[2] which the Litigation Trustee shall produce. This resolves Docket no. 798 in Case no. 11 Civ. 7866.

SO ORDERED.

*/s/ James C. Francis IV*
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:   New York, New York
         January 15, 2015

Notice transmitted via CM/ECF to all counsel of record.

---

[2] Although I am not setting an outer limit on the number of file systems to be agreed upon, I caution the Individual Defendants that the number they previously identified, which included nearly 2000 gigabytes of information (Schneidereit 11/25/14 Letter at 3), is well beyond the realm of reasonableness.

7