# Exhibit 1

EXECUTION COPY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE MF GLOBAL HOLDINGS LIMITED SECURITIES LITIGATION | : : Civil Action No. 1:11-CV-07866-VM |
| THIS DOCUMENT RELATES TO: | : : |
| All Securities Actions (*DeAngelis v. Corzine*) | : ECF CASE : : |

**STIPULATION AND AGREEMENT OF SETTLEMENT**
**WITH DEFENDANT COMMERZ MARKETS LLC**

This Stipulation and Agreement of Settlement, dated as of March 17, 2015 (the "Stipulation" or "Commerz Stipulation") is entered into between (a) the Virginia Retirement System and Her Majesty The Queen In Right Of Alberta (collectively, "Lead Plaintiffs") and named plaintiff the Government of Guam Retirement Fund (together with Lead Plaintiffs, the "Settling Plaintiffs"), on behalf of themselves, the other named plaintiffs in the Action (defined below), and the other members of the Settlement Class (defined below); and (b) defendant Commerz Markets LLC ("Commerz," and, together with Settling Plaintiffs, on behalf of themselves, the other named plaintiffs in the Action, and the other members of the Settlement Class, the "Settling Parties"), by and through their respective undersigned counsel, and embodies the terms and conditions of the settlement between the Settling Parties.[1] Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally and forever compromise, settle, release, resolve, and dismiss with prejudice all claims asserted in the Action against Commerz.

---

[1]  All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 herein.

WHEREAS:

A.     Beginning on November 3, 2011, multiple putative securities class action complaints were filed in the United States District Court for the Southern District of New York (the "Court").  Pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1 and 78u-4, as amended (the "PSLRA"), notice to the public was issued setting forth the deadline by which putative class members could move the Court to be appointed to act as lead plaintiff.

B.     By Order dated January 20, 2012, the Court consolidated the related actions in the Action, appointed the Virginia Retirement System and Her Majesty The Queen In Right Of Alberta as Lead Plaintiffs for the Action, and approved Lead Plaintiffs' selection of Bernstein Litowitz Berger & Grossmann LLP and Labaton Sucharow LLP as Co-Lead Counsel.

C.     On August 20, 2012, Lead Plaintiffs filed and served their Consolidated Amended Securities Class Action Complaint (the "Amended Complaint"), which included the Government of Guam Retirement Fund, the West Virginia Laborers' Pension Trust Fund, LRI Invest S.A., Monica Rodriguez, and Jerome Vrabel as additional named plaintiffs.  The Amended Complaint asserts claims under §§ 11 and 12 of the Securities Act of 1933 (the "Securities Act") against the Underwriter Defendants and the Individual Defendants and claims under § 15 of the Securities Act and §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder against some or all of the Individual Defendants.

D.     On October 19, 2012, Commerz (and other Defendants) filed and served their motions to dismiss the Amended Complaint.  On December 18, 2012, Lead Plaintiffs filed and served their papers in opposition to the motions and, on February 1, 2013, Commerz (and other Defendants) filed and served their reply papers.

E.      On February 6, 2013, the Court stayed all proceedings in the Action to permit the parties to pursue a global mediation of plaintiffs' claims (as well as claims asserted by MF Global's commodities futures customers against defendants other than the Underwriter Defendants). The initial mediation with respect to the Action included three in-person sessions before Judge Daniel Weinstein (Ret.) and multiple telephonic conferences. The mediation was unsuccessful in resolving the Action, and the stay of the Action expired on August 2, 2013.

F.      On November 12, 2013, the Court entered its Memorandum and Order denying the Individual Defendants' and the Underwriter Defendants' motions to dismiss.

G.      On December 27, 2013, the Individual Defendants and the Underwriter Defendants filed their answers and affirmative defenses to the Amended Complaint.

H.      Discovery in the Action commenced in December 2013. Defendants and third-parties—including James W. Giddens, as Trustee for the liquidation of MF Global Inc. pursuant to the Securities Investor Protection Act of 1970, and Nader Tavakoli, the Litigation Trustee presiding over the entity formerly known as MF Global Holdings Limited—have produced millions of documents.

I.      On May 8, 2014, following additional arm's-length settlement negotiations, Settling Plaintiffs and Commerz reached an agreement in principle to settle the Action as against Commerz for $932,828 in cash to be paid by or on behalf of Commerz.

J.      By Order dated August 13, 2014, the Court approved the substitution of Bleichmar Fonti Tountas & Auld LLP for Labaton Sucharow LLP as Co-Lead Counsel.

K.      On October 3, 2014, Lead Plaintiffs filed the Consolidated Second Amended Securities Class Action Complaint (the "Complaint"), which added MF Global's auditor,

PricewaterhouseCoopers LLP ("PwC"), as a named defendant, asserting claims against PwC for violation of § 10(b) of the Exchange Act and § 11 of the Securities Act.

L.     On February 3, 2015, the Court entered a stipulated order dismissing with prejudice Plaintiff Monica Rodriguez's claims asserted in the Complaint.

M.     This Stipulation (together with the exhibits hereto) has been duly executed by the undersigned signatories on behalf of their respective clients and reflects the final and binding agreement between the Settling Parties.

N.     Based upon their investigation, prosecution and mediation of the case, Settling Plaintiffs and Co-Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to the members of the Settlement Class, and in their best interests.  Based on Settling Plaintiffs' oversight of the prosecution of this matter and with the advice of their counsel, each of the Settling Plaintiffs has agreed to settle and release the claims raised in the Action against Commerz pursuant to the terms and provisions of this Stipulation, after considering (i) the substantial financial benefit that the members of the Settlement Class will receive from resolution of the Action as against Commerz; (ii) the significant risks of continued litigation and trial against Commerz; and (iii) the desirability of permitting the Settlement to be consummated as provided by the terms of this Stipulation.

O.     The Settling Parties agree that certification of a class, for settlement purposes only, is appropriate in the Action.  For purposes of this Settlement only, the Settlement Class is defined in ¶ 1 below.  Nothing in this Stipulation shall serve in any fashion, either directly or indirectly, as evidence or support for certification of a litigation class, and the Settling Parties intend that the provisions herein concerning certification of the Settlement Class shall have no effect whatsoever in the event this Settlement does not become Final.

P.     This Stipulation constitutes a compromise of matters that are in dispute between the Settling Parties.  Commerz is entering into this Stipulation solely to eliminate the uncertainty, burden and expense of further protracted litigation.  Commerz has denied and continues to deny any wrongdoing, and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Commerz, or any other of the Commerz Releasees (defined below), with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Commerz has, or could have, asserted. Commerz expressly denies that Settling Plaintiffs have asserted any valid claims as to it, and expressly denies any and all allegations of fault, liability, wrongdoing or damages whatsoever. Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Settling Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of Commerz's defenses to liability had any merit.  Each of the Settling Parties recognizes and acknowledges, however, that the Action has been initiated, filed and prosecuted by Settling Plaintiffs in good faith and defended by Commerz in good faith, and that the Action as to Commerz is being voluntarily settled with the advice of counsel.

NOW THEREFORE, without any admission or concession on the part of Settling Plaintiffs of any lack of merit of the Action whatsoever, and without any admission or concession on the part of Commerz of any liability or wrongdoing or lack of merit in the defenses whatsoever, it is hereby STIPULATED AND AGREED, by and among Settling Plaintiffs (individually and on behalf of the Settlement Class) and Commerz, by and through their respective undersigned attorneys, and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the

Settling Parties from the Settlement, all Released Plaintiffs' Claims as against the Commerz Releasees and all Released Commerz Claims as against the Plaintiffs' Releasees shall be fully, finally and forever compromised, settled, released, discharged and dismissed with prejudice, upon and subject to the terms and conditions set forth below.

## DEFINITIONS

1.     As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

(a)     "Action" means the consolidated securities class action styled *In re MF Global Holdings Limited Securities Litigation*, Civil Action No. 1:11-CV-07866-VM that has been consolidated with other actions under the master case *DeAngelis v. Corzine*, 11-CV-07866-VM.

(b)     "Authorized Claimant" means a Claimant who or which submits a Proof of Claim Form to the Claims Administrator that is approved by the Court for payment.

(c)     "Barred Claims" means (i) claims and claims over for contribution or indemnity (or any other claim or claim over for contribution or indemnity however denominated on whatsoever theory), arising out of or related to the claims or allegations asserted by Settling Plaintiffs in the Action, or (ii) any other claim of any type, whether arising under state, federal, common, or foreign law, for which the injury claimed is that person's or entity's actual or threatened liability to Settling Plaintiffs and/or Settlement Class Members arising out of or related to the claims or allegations asserted by Settling Plaintiffs in the Action; provided, however, that Barred Claims shall not include, and nothing in the Bar Order shall release or alter, the contractual rights, if any, between Commerz, on the one hand, and MF Global, on the other

hand, under any applicable Underwriting Agreement with respect to any right of indemnification in connection with the payment of the Settlement Amount or incurrence of defense costs.

(d)     "Claim" means a Proof of Claim Form submitted to the Claims Administrator.

(e)     "Claim Form" or "Proof of Claim Form" means the form, substantially in the form to be approved by the Court and disseminated at a future date to Settlement Class Members and members of any other class(es) that might be certified in the Action, that a Claimant will be required to complete and submit to the Claims Administrator in order to be eligible to share in a distribution of the net proceeds of the recoveries obtained on behalf of the classes in the Action.

(f)     "Claimant" means a person or entity who or which submits a Claim Form to the Claims Administrator seeking to be eligible to share in the net proceeds of the recoveries obtained on behalf of the classes in the Action.

(g)     "Claims Administrator" or "Notice Administrator" means the firm retained by Lead Plaintiffs and Co-Lead Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential class members in the Action and to administer settlements achieved in the Action.

(h)     "Class Distribution Order" means an order entered by the Court authorizing and directing that the net proceeds of the recoveries obtained on behalf of the classes in the Action, including but not limited to the Commerz Settlement Class and the Other Class(es), be distributed, in whole or in part, to Authorized Claimants.

(i)     "Co-Lead Counsel" means the law firms of Bernstein Litowitz Berger & Grossmann LLP and Bleichmar Fonti Tountas & Auld LLP.

(j)     "Commerz's Counsel" means the law firm of Shearman & Sterling LLP.

(k)     "Commerz Releasees" means (i) Commerz; (ii) each of the past or present parents, subsidiaries, affiliates, successors and predecessors of Commerz; and (iii) the respective past or present officers, directors, agents, employees, attorneys, advisors, investment advisors, auditors, accountants, insurers and assigns, of the foregoing in (i) and (ii), in their capacities as such.  Notwithstanding the foregoing, Commerz Releasees does not include any Non-Settling Defendants.

(l)     "Complaint" means the Consolidated Second Amended Securities Class Action Complaint filed by Lead Plaintiffs in the Action on October 3, 2014.

(m)     "Court" means the United States District Court for the Southern District of New York.

(n)     "Defendants" means the Individual Defendants, the Underwriter Defendants, and PwC.

(o)     "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 34 of this Stipulation have been met and have occurred or have been waived.

(p)     "Escrow Account" means an account maintained at Citibank, N.A. wherein the Settlement Amount shall be deposited and held in escrow under the control of Co-Lead Counsel.

(q)     "Escrow Agent" means Citibank, N.A.

(r)     "Escrow Agreement" means the agreement between Co-Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

(s)     "Excluded Plaintiffs' Claims" means (i) any claims asserted, or which may be asserted, in the Action against any of the Non-Settling Defendants or any person or entity with whom or which Lead Plaintiffs have a tolling agreement; (ii) any claims of any person or entity who or which submits a request for exclusion from the Commerz Settlement Class or any Other Class(es) (to the extent such persons or entities are also Commerz Settlement Class Members) that is accepted by the Court; and (iii) any claims relating to the enforcement of the Commerz Settlement.

(t)     "Excluded Commerz Claims" means any claims asserted, or which may be asserted by the Commerz Releasees against:  (i) MF Global or any of its past or present parents, subsidiaries, affiliates, successors, predecessors, and/or estate(s) thereof; (ii) any person or entity who or which submits a request for exclusion from the Commerz Settlement Class or any Other Class(es) (to the extent such persons or entities are also Commerz Settlement Class Members) that is accepted by the Court; and (iii) any person or entity relating to the enforcement of the Commerz Settlement.

(u)     "Final", with respect to the Judgment or any other court order means the later of: (i) if there is an appeal from the Judgment or order, the date of final affirmance on appeal or dismissal of all such appeals, and the expiration of the time for any further judicial review, whether by appeal, reconsideration or a petition for a writ of certiorari, and, if a writ of certiorari is granted, the date of final affirmance of the Judgment or order following review pursuant to the grant; or (ii) the expiration of the time provided for the filing or noticing of any appeal from the Judgment or order under the Federal Rules of Civil Procedure, *i.e.*, thirty (30) days after the Judgment or order is entered on the Court's docket.  Any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to (i)

attorneys' fees, costs or expenses, or (ii) any plan of allocation of Settlement proceeds (as submitted or subsequently modified), shall not in any way delay or preclude the Judgment from becoming Final.

       (v)    "Immediate Family" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law.  As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

       (w)    "Individual Defendants" means Jon S. Corzine, J. Randy MacDonald, and Henri J. Steenkamp (the "Officer Defendants"), and David P. Bolger, Eileen S. Fusco, David Gelber, Martin J. Glynn, Edward L. Goldberg, David I. Schamis, and Robert S. Sloan (the "Director Defendants").

       (x)    "Investment Vehicle" means any investment company or pooled investment fund, including but not limited to mutual fund families, exchange-traded funds, fund of funds and hedge funds, in which any Underwriter Defendant has or may have a direct or indirect interest or as to which its affiliates may act as an investment advisor but in which the Underwriter Defendant or any of its respective affiliates is not a majority owner or does not hold a majority beneficial interest.  This definition ¶ 1(x) does not bring into the Commerz Settlement Class any of the Underwriter Defendants or any other person or entity who or which is excluded from the Commerz Settlement Class by definition.

       (y)    "Judgment" or "Commerz Judgment" means a final order of judgment and dismissal approving the Settlement, substantially in the form attached hereto as Exhibit B, to be entered by the Court pursuant to Federal Rule of Civil Procedure 54(b).

(z)     "Lead Plaintiffs" means the Virginia Retirement System and Her Majesty The Queen In Right Of Alberta.

(aa)    "Litigation Expenses" means the reasonable costs and expenses incurred in connection with commencing, prosecuting and settling the Action (which may include the costs and expenses of Settling Plaintiffs directly related to their representation of the Settlement Class), for which Co-Lead Counsel intend to apply to the Court for reimbursement from the Settlement Fund.

(bb)    "MF Global" means MF Global Holdings Limited and its estate in bankruptcy.

(cc)    "MF Global 6.25% Senior Notes" or "6.25% Senior Notes" means MF Global's 6.25% Senior Notes due August 8, 2016 issued on or about August 1, 2011.

(dd)    "MF Global Securities" means MF Global common stock; MF Global's 9% Convertible Senior Notes due June 20, 2038 issued on or about June 25, 2008; MF Global's 1.875% Convertible Senior Notes due February 1, 2016 issued on or about February 7, 2011; MF Global's 3.375% Convertible Senior Notes due August 1, 2018 issued on or about July 28, 2011; and MF Global 6.25% Senior Notes.

(ee)    "Net Settlement Fund" or "Commerz Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; and (iv) any attorneys' fees awarded by the Court.

(ff)    "Non-Settling Defendants" means the Individual Defendants, the Non-Settling Underwriter Defendants, and PwC.

(gg)    "Non-Settling Underwriter Defendants" means: Citigroup Global Markets Inc.; Deutsche Bank Securities Inc.; Goldman, Sachs & Co.; J.P. Morgan Securities LLC; Merrill

11

Lynch, Pierce, Fenner & Smith Incorporated; RBS Securities Inc.; Sandler O'Neill + Partners, L.P.; BMO Capital Markets Corp.; Jefferies LLC (formerly, Jefferies & Company, Inc.); Lebenthal & Co., LLC; Natixis Securities North America Inc.; and U.S. Bancorp Investments, Inc.

(hh)   "Notice" or "Commerz Notice" means the Notice of (I) Certification of Settlement Class; (II) Proposed Settlement with Commerz Markets LLC; and (III) Settlement Fairness Hearing; substantially in the form attached hereto as Exhibit 1 to Exhibit A, which is to be mailed to Settlement Class Members.

(ii)   "Notice and Administration Costs" means the costs, fees and expenses that are incurred by the Claims Administrator and/or Co-Lead Counsel in connection with (i) providing notices to the Settlement Class; and (ii) administering the Settlement, including but not limited to the Claims process, as well as the costs, fees and expenses incurred in connection with the Escrow Account.

(jj)   "Other Class(es)" means any other class(es) covered by any other settlement(s) presented to the Court for consideration of final approval concurrently with consideration of the Commerz Settlement for final approval.

(kk)   "Plaintiffs' Counsel" means Co-Lead Counsel and all other legal counsel who, at the direction and under the supervision of Co-Lead Counsel, performed services on behalf of the Settlement Class in the Action.

(ll)   "Plaintiffs' Releasees" means (i) Settling Plaintiffs, all other plaintiffs in the Action, and all Settlement Class Members; (ii) each of the respective past or present parents, subsidiaries, affiliates, successors and predecessors of the foregoing in (i); and (iii) the respective

officers, directors, agents, employees, attorneys, advisors, investment advisors, auditors, accountants, insurers, and assigns of the foregoing in (i) and (ii), in their capacities as such.

(mm)  "Plan of Allocation" means the plan that Lead Plaintiffs will submit to the Court at a later date and upon notice to the Settlement Class to be utilized for determining the allocation of the Net Settlement Fund.

(nn)  "Preliminary Approval Order" or "Commerz Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Settlement Class.

(oo)  "Released Claims" means all Released Plaintiffs' Claims and all Released Commerz Claims.

(pp)  "Released Commerz Claims" means all claims, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liabilities), whether known claims or Unknown Claims, whether arising under federal, state, local, statutory, common or foreign law, or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class or individual in nature, that Commerz could have asserted in any forum that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Commerz.  Released Commerz Claims do not include any Excluded Commerz Claims.

(qq)  "Released Plaintiffs' Claims" means all claims, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liabilities),

whether known claims or Unknown Claims, whether arising under federal, state, local, statutory, common or foreign law, or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class or individual in nature, that Settling Plaintiffs or any member of the Settlement Class (i) asserted in the Complaint, or (ii) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint and that relate to the purchase, sale, or holding of MF Global Securities during the Settlement Class Period.  Released Plaintiffs' Claims do not cover or include any Excluded Plaintiffs' Claims.

(rr)    "Releasee(s)" means each and any of the Commerz Releasees and each and any of the Plaintiffs' Releasees.

(ss)    "Releases" means the releases set forth in ¶¶ 5-6 of this Stipulation.

(tt)    "Settlement" or "Commerz Settlement" means the resolution of the Action as against Commerz in accordance with the terms and provisions of this Stipulation.

(uu)    "Settlement Amount" or "Commerz Settlement Amount" means $932,828 in cash.

(vv)    "Settlement Class" or "Commerz Settlement Class" means all persons and entities who or which purchased or otherwise acquired, during the Settlement Class Period, 6.25% Senior Notes and were damaged thereby.  Excluded from the Settlement Class are: (i) Defendants and MF Global; (ii) members of the Immediate Families of the Individual Defendants; (iii) the subsidiaries and affiliates of Defendants and MF Global; (iv) any person or entity who or which was, at any time during the period beginning on May 20, 2010 through and including November 21, 2011, and/or is a partner, executive officer, director, or controlling

person of MF Global, or any of its subsidiaries or affiliates, or of any Defendant; (v) any entity in which any Defendant or MF Global had, at any time during the period beginning on May 20, 2010 through and including November 21, 2011, and/or has a controlling interest; (vi) Defendants' liability insurance carriers, and any affiliates or subsidiaries thereof; and (vii) the legal representatives, heirs, successors and assigns of any such excluded person or entity; provided, however, that any Investment Vehicle (as defined herein) shall not be deemed an excluded person or entity by definition.  Also excluded from the Settlement Class are any persons and entities who or which exclude themselves from the Commerz Settlement Class or any Other Class(es) (to the extent such persons or entities are also Commerz Settlement Class Members) by submitting a request for exclusion that is accepted by the Court.

(ww)  "Settlement Class Member" or "Commerz Settlement Class Member" means each person and entity who or which is a member of the Settlement Class.

(xx)  "Settlement Class Period" or "Commerz Settlement Class Period" means the period beginning on August 1, 2011 through and including November 21, 2011.

(yy)  "Settlement Fund" or "Commerz Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

(zz)  "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(aaa)  "Settling Parties" means Commerz and Settling Plaintiffs, on behalf of themselves, the other named plaintiffs in the Action, and the other members of the Settlement Class.

(bbb)  "Summary Notice" or "Commerz Summary Notice" means the Summary Notice of (I) Certification of Settlement Class; (II) Proposed Settlement with Commerz Markets LLC; and (III) Settlement Fairness Hearing; substantially in the form attached hereto as Exhibit 2 to Exhibit A, to be published as set forth in the Preliminary Approval Order.

(ccc)  "Taxes" means: (i) all federal, state and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; (ii) the reasonable expenses and costs incurred by Co-Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, reasonable expenses of tax attorneys and accountants); and (iii) all taxes imposed on payments by the Settlement Fund, including withholding taxes.

(ddd)  "Underwriter Defendants" means Commerz and the Non-Settling Underwriter Defendants.

(eee)  "Unknown Claims" means any Released Plaintiffs' Claims which any Settling Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Commerz Claims which Commerz does not know or suspect to exist in its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement, or might have affected his, her, or its decision(s) not to object to this Settlement or not exclude himself, herself, or itself from the Settlement Class.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date of the Settlement, Settling Plaintiffs and Commerz shall be deemed to have expressly waived, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, to the fullest extent permitted by law,

16

any and all provisions, rights, and benefits conferred by California Civil Code § 1542 and any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Settling Plaintiffs, Settlement Class Members and Commerz may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims or the Released Commerz Claims as applicable, but each Settling Plaintiff and Commerz shall expressly have—and each Settlement Class Member by operation of the Judgment shall be deemed to have—upon the Effective Date, fully, finally and forever settled and released any and all Released Plaintiffs Claims or any and all Released Commerz Claims as applicable as set forth below, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Settling Plaintiffs and Commerz acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a material element of the Settlement.

## <u>CLASS CERTIFICATION</u>

2.       Solely for purposes of the Settlement and for no other purpose, Commerz stipulates and agrees to: (a) certification of the Action as a class action pursuant to Rules 23(a)

and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class; (b) certification of the Government of Guam Retirement Fund as class representative for the Settlement Class; and (c) appointment of Co-Lead Counsel as class counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

## PRELIMINARY APPROVAL OF SETTLEMENT

3. Promptly upon execution of this Stipulation, Settling Plaintiffs will move for preliminary approval of the Settlement, certification of the Settlement Class for settlement purposes only, and the scheduling of a hearing for consideration of final approval of the Settlement, which motion shall be unopposed by Commerz. Concurrently with the motion for preliminary Court approval, Settling Plaintiffs shall apply to the Court for, and Commerz shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A. If the Settlement is terminated for any reason or not approved by the Court, the conditional approval of the Action as a class action shall be vacated immediately without further application or motion by any person or entity, and the Action shall proceed as if the Settlement Class had never been certified, and the appointments in ¶ 2 had not been made.

## RELEASE OF CLAIMS

4. The obligations incurred pursuant to this Stipulation are in consideration of the full and final disposition of the Action as against Commerz and the Releases provided for herein.

5. Pursuant to the Judgment, without further action by anyone, upon the Effective Date of the Settlement, Settling Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, affiliates and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever compromised, settled,

18

released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim against Commerz and the other Commerz Releasees, and shall forever be enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Commerz Releasees. Settling Plaintiffs further covenant not to sue on behalf of themselves or the Settlement Class any Commerz Releasee on the basis of any Released Plaintiffs' Claim or to assist any third party in commencing or maintaining any suit related to any Released Plaintiffs' Claim, provided, however, that nothing in this paragraph shall prevent Settling Plaintiffs from responding to any subpoena or valid legal process subject to the terms of ¶ 59 below and the terms of the Stipulation and Protective Order Governing Confidentiality of Discovery Material entered in the Action.  This Release shall not apply to any Excluded Plaintiffs' Claim.

6.    Pursuant to the Judgment, without further action by anyone, upon the Effective Date of the Settlement, Commerz, on behalf of itself, and its administrators, predecessors, successors, affiliates and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Commerz Claim against Settling Plaintiffs and the other Plaintiffs' Releasees, and shall forever be enjoined from prosecuting any or all of the Released Commerz Claims against any of the Plaintiffs' Releasees.  This Release shall not apply to any Excluded Commerz Claim.

7.    Notwithstanding ¶¶ 5-6 above, nothing in the Judgment shall bar any action by any of the Settling Parties to enforce or effectuate the terms of this Stipulation or the Judgment.

## THE SETTLEMENT CONSIDERATION

8.    In consideration of the settlement of the Released Plaintiffs' Claims against Commerz and the other Commerz Releasees, Commerz shall cause the Settlement Amount to be

deposited into the Escrow Account on the later of, and no later than ten (10) business days after (a) entry of an order preliminarily approving the Settlement; or (b) the provision by Co-Lead Counsel to Commerz, through its undersigned counsel, of the information necessary to effectuate a transfer of funds, including wiring instructions to include the bank name and ABA routing number, account name and number, and a signed W-9 reflecting a valid taxpayer identification number for the qualified settlement fund in which the Settlement Amount is to be deposited.

9.      Other than the obligation of Commerz to pay or cause to be paid the Settlement Amount into the Escrow Account, Commerz shall have no obligation to make any other payment into the Escrow Account pursuant to this Stipulation.  The interest earned on the Settlement Fund shall be for the benefit of the Settlement Class upon the Effective Date of the Settlement.

<u>USE OF SETTLEMENT FUND</u>

10.      The Settlement Fund shall be used to pay: (a) any Taxes, (b) any Notice and Administration Costs pursuant to ¶ 15 below and as otherwise approved by the Court, (c) any Litigation Expenses awarded by the Court; and (d) any attorneys' fees awarded by the Court (collectively, "Settlement Costs").  The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants who are eligible to receive a distribution from the Net Settlement Fund as provided in ¶¶ 19-30 below.  The Settlement Fund shall be the sole source of Settlement Costs, and Settling Plaintiffs, Co-Lead Counsel and Settlement Class Members shall have no recourse against Commerz for Settlement Costs.

11.      Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date.  All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to

the terms of this Stipulation and/or further order of the Court.  The Escrow Agent shall invest any funds in the Escrow Account exclusively in United States Treasury Bills (or a mutual fund invested solely in such instruments) and shall collect and reinvest all interest accrued thereon, except that any residual cash balances up to the amount that is insured by the FDIC may be deposited in any account that is fully insured by the FDIC.  In the event that the yield on United States Treasury Bills is negative, in lieu of purchasing such Treasury Bills, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States.  All risks related to the investment of the Settlement Fund shall be borne by the Settlement Fund.

12.     The Settling Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Co-Lead Counsel, as administrators of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund.  Such returns shall be consistent with this paragraph and in all events shall reflect that all taxes on the income earned on the Settlement Fund shall be paid out of the Settlement Fund as provided by ¶ 13.  Co-Lead Counsel shall also be solely responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund.  The Commerz Releasees shall not have any liability or responsibility for any such Taxes.  Upon written request, Commerz will provide to Co-Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e).  Co-Lead Counsel, as administrators of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or

advisable to carry out this paragraph, including, as necessary, making a "relation back election", as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

13.    All Taxes shall be paid out of the Settlement Fund, and shall be timely paid by the Escrow Agent pursuant to the disbursement instructions to be set forth in the Escrow Agreement, and without further order of the Court.  Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes (including any interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.  The Commerz Releasees shall have no responsibility or liability for the acts or omissions of Co-Lead Counsel or their agents with respect to the payment of Taxes, as described herein.  The Settlement Fund shall indemnify and hold all Releasees harmless for any Taxes (including without limitation, taxes payable by reason of any such indemnification).  Commerz shall notify Co-Lead Counsel if it receives any notice of any claim for Taxes.

14.    The Settlement is not a claims-made settlement.  Upon the occurrence of the Effective Date, none of Commerz, any Commerz Releasee or any other person or entity who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claim Forms submitted, the collective amount of Recognized Claims (as will be defined in a subsequent notice that includes the Plan of Allocation) of Authorized Claimants who or which are eligible to receive a distribution from the Commerz Net Settlement Fund, the

percentage of recovery of losses, or the amounts to be paid to persons and entities who or which are eligible to receive a distribution from the Commerz Net Settlement Fund.

15.     Following entry of the Preliminary Approval Order, Co-Lead Counsel may pay from the Settlement Fund, without further approval from Commerz or further order of the Court, all Notice and Administration Costs actually incurred.  Such costs and expenses shall include, without limitation, the actual costs of printing and mailing the Notice, publishing the Summary Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses actually incurred and fees reasonably charged by the Claims Administrator in connection with providing Notice, administering the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow Agent.  In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to Commerz, any of the other Commerz Releasees, or any other person or entity who or which paid any portion of the Settlement Amount.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

16.     Co-Lead Counsel will apply to the Court for a collective award of attorneys' fees to Plaintiffs' Counsel to be paid from (and out of) the Settlement Fund.  Co-Lead Counsel also will apply to the Court for reimbursement of Litigation Expenses, which may include a request for reimbursement of Settling Plaintiffs' costs and expenses directly related to their representation of the Settlement Class, to be paid from (and out of) the Settlement Fund.  Co-Lead Counsel's application for an award of attorneys' fees and/or Litigation Expenses is not the subject of any agreement between Commerz and Settling Plaintiffs other than what is set forth in this Stipulation.

17.     Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Co-Lead Counsel immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Co-Lead Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final.  Co-Lead Counsel shall make the appropriate refund or repayment in full no later than fifteen (15) days after (a) receiving from Commerz's Counsel notice of the termination of the Settlement; or (b) any order reducing or reversing the award of attorneys' fees and/or Litigation Expenses has become Final.  An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein.  Neither Settling Plaintiffs nor Co-Lead Counsel may cancel or terminate the Settlement based on the Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses.

18.     Co-Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which they, in good faith, believe reflects the contributions of such counsel to the institution, prosecution and settlement of the Action.  The Commerz Releasees shall have no responsibility for or liability whatsoever with respect to the allocation or award of attorneys' fees or Litigation Expenses.  The attorneys' fees and Litigation Expenses that are awarded to Plaintiffs' Counsel shall be payable solely from the Escrow Account.

24

## NOTICE AND SETTLEMENT ADMINISTRATION

19.     As part of the Preliminary Approval Order, Lead Plaintiffs shall seek appointment of a Claims Administrator.  The Claims Administrator shall administer the Settlement, including but not limited to disseminating the Notice to potential Settlement Class Members and the process of receiving, reviewing and approving or denying Claims, under Co-Lead Counsel's supervision and subject to the jurisdiction of the Court.   Neither Commerz, nor any other Commerz Releasees, shall have any interest or involvement in, or any responsibility, authority or liability whatsoever for: (a) the selection of the Claims Administrator; (b) the establishment or maintenance of the Escrow Account; (c) the development or application of any plan of allocation; (d) any issue pertaining to the administration of the Settlement, including but not limited to, processing or payment of Claims, or nonperformance of the Claims Administrator; (e) the maintenance, investment or distribution of the Settlement Fund or the Net Settlement Fund; (f) the payment or withholding of Taxes (including interest and penalties) owed by the Settlement Fund; or (g) any losses incurred in connection with the foregoing, and shall have no liability whatsoever to any person or entity, including, but not limited to, Settling Plaintiffs, any other Settlement Class Members or Co-Lead Counsel in connection with the foregoing.

20.     In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Co-Lead Counsel shall cause the Claims Administrator to mail the Notice to those members of the Settlement Class as may be identified through reasonable effort.  Co-Lead Counsel shall also cause the Claims Administrator to have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court.

21.     After a plan of allocation is approved by the Court, the Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and

second, each Authorized Claimant's share of the Commerz Net Settlement Fund and any other net settlement funds created by any other recoveries that may be achieved in the Action as calculated pursuant to the Plan of Allocation to be proposed by Lead Plaintiffs or such other plan of allocation as the Court approves.

22.     The Plan of Allocation to be proposed by Lead Plaintiffs is not a necessary term of the Settlement or of this Stipulation and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court.  Settling Plaintiffs and Co-Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on the Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action, and, as set forth in ¶ 35 below, it is not a condition to the Effective Date occurring that a plan of allocation shall have been approved by the Court. Commerz and the other Commerz Releasees shall not object in any way to the Plan of Allocation that will be proposed by Lead Plaintiffs or to any other plan of allocation in this Action.

23.     Any Commerz Settlement Class Member who or which does not submit a valid Claim Form will not be entitled to receive any distribution from the Commerz Net Settlement Fund but will otherwise be bound by all of the terms of this Stipulation and Settlement, including the terms of the Judgment, to be entered in the Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Commerz Releasees with respect to the Released Plaintiffs' Claims in the event that the Effective Date occurs with respect to the Settlement.

24.     Co-Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval.  Neither Commerz, nor any other Commerz Releasee, shall be permitted to review, contest or object to

any Claim Form, or any decision of the Claims Administrator or Co-Lead Counsel with respect to accepting or rejecting any claim for payment by a Settlement Class Member, except as provided in ¶ 26.  Co-Lead Counsel shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Claim Forms submitted in the interests of achieving substantial justice.

25.     For purposes of determining the extent, if any, to which a Commerz Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)     Each Commerz Settlement Class Member shall be required to submit a Claim Form supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Co-Lead Counsel, in their discretion, may deem acceptable;

(b)     All Claim Forms must be submitted by the date to be set by the Court. Any Commerz Settlement Class Member who fails to submit a Claim Form by such date shall be forever barred from receiving any distribution from the Commerz Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court such Commerz Settlement Class Member's Claim Form is accepted and approved for payment), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any and all Commerz Releasees with respect to any and all of the Released Plaintiffs' Claims. Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed

by first-class mail and addressed in accordance with the instructions thereon. In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

(c)     Each Claim Form submitted to the Claims Administrator by a Commerz Settlement Class Member shall be reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the plan of allocation approved by the Court the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

(d)     Claim Forms submitted by Commerz Settlement Class Members that do not meet the submission requirements may be rejected. Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate in writing with the Commerz Settlement Class Member who or which submitted the deficient Claim to give that person or entity the chance to remedy any curable deficiencies in the Claim Form submitted. The Claims Administrator shall notify, in a timely fashion and in writing, all Commerz Settlement Class Members whose Claims the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the person or entity whose Claim is to be rejected has the right to a review by the Court if he, she or it so desires and complies with the requirements of subparagraph (e) below; and

(e)     If any Commerz Settlement Class Member whose Claim has been rejected in whole or in part desires to contest such rejection, that person or entity must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating his, her or its grounds for contesting the rejection along with any supporting documentation, and requesting a review

28

thereof by the Court.  If a dispute concerning a Claim cannot be otherwise resolved, Co-Lead Counsel shall thereafter present the request for review to the Court.

26.     Each Claimant seeking to share in the distribution of the Commerz Net Settlement Fund shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim, including, but not limited to, the releases provided in the Judgment, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim.  No discovery shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claim Forms; provided, however, that Commerz may verify through Co-Lead Counsel whether specific persons or entities that opt out of the Settlement Class have submitted Claim Forms.

27.     Co-Lead Counsel will apply to the Court, on notice to Commerz's Counsel, for a Class Distribution Order that: (a) approves the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted by or on behalf of persons and entities seeking to share in the distribution of the Commerz Net Settlement Fund; (b) approves payment of any outstanding Notice and Administration Costs; and (c) if the Effective Date has occurred, directs payment of the Commerz Net Settlement Fund to Authorized Claimants who are eligible to receive a distribution from that fund from the Escrow Account.

28.     Payment pursuant to the Class Distribution Order shall be final and conclusive against all Commerz Settlement Class Members.  All Commerz Settlement Class Members whose Claims are not approved by the Court for payment out of the Commerz Net Settlement Fund shall be barred from participating in distributions from the Commerz Net Settlement Fund,

but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in this Action and the Releases provided for therein and herein, and will be permanently barred and enjoined from bringing any action against any and all Commerz Releasees with respect to any and all of the Released Plaintiffs' Claims.

29.     No person or entity shall have any claim against Settling Plaintiffs, Co-Lead Counsel, the Claims Administrator, or any other agent designated by Co-Lead Counsel, based on the administration of the Settlement, including, without limitation, arising from the processing of Claims, distributions made substantially in accordance with the Stipulation, the Settlement, the plan of allocation approved by the Court, or any order of the Court.  Settling Plaintiffs and their counsel, and Lead Plaintiffs' damages expert and all other Plaintiffs' Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

30.     All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims submitted by or on behalf of persons and entities seeking to share in the distribution of the Commerz Net Settlement Fund, shall be subject to the jurisdiction of the Court.  All Settlement Class Members, other Claimants, and parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

## TERMS OF THE JUDGMENT

31.     If the Settlement contemplated by this Stipulation is approved by the Court, Co-Lead Counsel and Commerz's Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B, including among other things, the Releases, bar order, and judgment reduction provisions provided for therein, and an express determination pursuant to Federal Rule of Civil Procedure 54(b) that there is no just reason for delay of its entry.

32.     The Judgment shall contain a Bar Order substantially in the form set forth in Exhibit B that: (a) permanently bars, enjoins and restrains any person or entity from commencing, prosecuting, or asserting any Barred Claims against any of the Commerz Releasees, whether as claims, cross-claims, counterclaims, third-party claims, or otherwise, and whether asserted in the Action or any other proceeding, in the Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere; and (b) permanently bars, enjoins, and restrains the Commerz Releasees from commencing, prosecuting, or asserting any Barred Claims against any person or entity, whether as claims, cross-claims, counterclaims, third-party claims or otherwise, and whether asserted in the Action or any other proceeding, in the Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere.

33.     The Judgment shall also contain a provision substantially in the form set forth in Exhibit B, providing that any final verdict or judgment obtained by or on behalf of the Settlement Class arising out of the 6.25% Senior Notes offering against any person or entity subject to the Bar Order shall be reduced by the greatest of: (i) an amount that corresponds to

the percentage of responsibility of Commerz as an underwriter of that offering for common damages arising out of that offering; (ii) the amount paid by or on behalf of Commerz to the Settlement Class for common damages arising out of the 6.25% Senior Notes offering; or (iii) the amount Commerz would have been required under the applicable agreements among the underwriters of the 6.25% Senior Notes to contribute to any judgment with respect to the 6.25% Senior Notes offering if not for the Bar Order, i.e., the percentage that corresponds to the percentage of the 6.25% Senior Notes offering that Commerz committed to take down in that offering (including any over allotment); provided, however, there shall be no reduction for any amounts Commerz would be responsible to contribute under those agreements with respect solely to any and all costs or fees (including but not limited to attorneys' fees) incurred by or for which the underwriters of the 6.25% Senior Notes may otherwise become responsible that are related in any way to such judgment.

## CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION

34.    The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

(a)    the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 3 above;

(b)    the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 8 above;

(c)    Commerz has not exercised its option to terminate the Settlement pursuant to the provisions of this Stipulation (including the Supplemental Agreement described in ¶ 39 below);

32

(d)     Settling Plaintiffs have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation; and

(e)     the Court has approved the Settlement as described herein, following notice to the Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment and the Judgment has become Final.

35.     The occurrence of the Effective Date is not conditioned on the Court having approved a plan of allocation for the Settlement proceeds or a claims process having begun.  It is expressly understood and agreed that the determination of when the Plan of Allocation for the proceeds of the Settlement should be presented to the Court for approval is to be made solely by Lead Plaintiffs.

36.     Upon the occurrence of all of the events referenced in ¶ 34 above, any and all remaining interest or right of Commerz in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

37.     If (i) Commerz exercises its right to terminate the Settlement as provided in this Stipulation; (ii) Settling Plaintiffs exercise their right to terminate this Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

(a)     The Settlement and the relevant portions of this Stipulation shall be canceled and terminated without prejudice and this Stipulation shall be null and void and shall have no further force or effect;

(b)     Settling Plaintiffs and Commerz shall revert to their respective positions in the Action as of May 8, 2014;

(c)     The terms and provisions of this Stipulation and the fact of this Settlement, with the exception of this ¶ 37 and ¶¶ 13, 15, 17, 40, 59, and 61 herein, shall have no further force and effect with respect to the Settling Parties and shall not be enforceable, or used in the Action or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*; and

(d)     Within five (5) business days after joint written notification to the Escrow Agent by Commerz's Counsel and Co-Lead Counsel, the Settlement Fund (including, but not limited to, any funds received by Co-Lead Counsel consistent with ¶ 17 above), less any expenses and any costs which have either been disbursed or incurred and chargeable to Notice and Administration Costs and less any Taxes paid or due or owing shall be refunded by the Escrow Agent to Commerz (or such other persons or entities as Commerz may direct) pursuant to written instructions from Commerz's Counsel.  Co-Lead Counsel or their designee shall apply for any tax refund owed to the Settlement Fund and pay the proceeds to Commerz, after deduction of any fees or expenses incurred in connection with such application(s) for refund(s), pursuant to written instructions from Commerz's Counsel.

38.     It is further stipulated and agreed that Settling Plaintiffs, provided they agree, and Commerz, shall have the right to terminate the Settlement and this Stipulation, by providing written notice of their or its election to do so to the other party or parties to this Stipulation within thirty (30) days of: (a) the Court's declining to enter the Preliminary Approval Order in any material respect; (b) the Court's refusal to approve the Settlement or any material part thereof; (c) the Court's declining to enter the Judgment in any material respect; or (d) the date upon which the Judgment is modified or reversed in any material respect by an Order that is a

Final decision on the matter, and the provisions of ¶ 37 above shall apply.  However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or reimbursement of Litigation Expenses or with respect to any plan of allocation shall not be considered material to the Settlement, shall not affect the finality of any Judgment and shall not be grounds for termination of the Settlement.

39.     In addition to the grounds set forth in ¶ 38 above, Commerz shall have the unilateral right to terminate the Settlement in the event that Commerz Settlement Class Members who or which pursuant to timely and valid requests for exclusion request exclusion from the Commerz Settlement Class or from any Other Class(es), meet the conditions set forth in Commerz's confidential supplemental agreement with Settling Plaintiffs (the "Supplemental Agreement"), in accordance with the terms of that agreement.  The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless and until the Court otherwise directs or a dispute arises between Settling Plaintiffs and Commerz concerning its interpretation or application.  If submission of the Supplemental Agreement is required for resolution of a dispute or is otherwise ordered by the Court, Settling Plaintiffs and Commerz will undertake to have the Supplemental Agreement submitted to the Court *in camera*.

## NO ADMISSION OF WRONGDOING

40.     Neither this Stipulation (whether or not consummated), including the exhibits hereto, the Plan of Allocation to be proposed by Lead Plaintiffs (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of this Stipulation,

nor any proceedings taken pursuant to or in connection with this Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

      (a)      shall be offered against any of the Commerz Releasees as evidence of, or construed as, or deemed to be evidence of (i) any presumption, concession, or admission by any of the Commerz Releasees with respect to the truth of any fact alleged by Settling Plaintiffs, the validity of any claim that was or could have been asserted by Settling Plaintiffs or any member of the Settlement Class, or the deficiency of any defense that has been or could have been asserted by Commerz in this Action or in any other litigation, or (ii) any liability, negligence, fault, or other wrongdoing of any kind of any of the Commerz Releasees or in any way referred to for any other reason as against any of the Commerz Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

      (b)      shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of (i) any presumption, concession or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Commerz Releasees had meritorious defenses, or that damages recoverable against Commerz under the Complaint would not have exceeded the Settlement Amount, or (ii) any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

(c)     shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered against Commerz after trial;

provided, however, that if this Stipulation is approved by the Court, the Settling Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## MISCELLANEOUS PROVISIONS

41.     All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

42.     Commerz warrants that, as to the payments made or to be made by or on behalf of it, at the time of entering into this Stipulation and at the time of such payment, it or to its knowledge any persons or entities contributing to the payment of the Settlement Amount, were not insolvent, nor will the payment required to be made by or on behalf of it render them insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof.  This representation is made by Commerz and not by its counsel.

43.     In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Commerz to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Settling Plaintiffs, the Settling Parties shall

37

jointly move the Court to vacate and set aside the Releases given and the Judgment entered pursuant to this Stipulation in which event the Releases and Judgment shall be null and void, and the Settling Parties shall be restored to their respective positions in the litigation as of May 8, 2014, and any cash amounts in the Settlement Fund shall be returned as provided in ¶ 37 above.

44.    The Settling Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Settling Plaintiffs and any other Settlement Class Members against the Commerz Releasees with respect to the Released Plaintiffs' Claims.  Accordingly, Settling Plaintiffs and their counsel and Commerz and its counsel agree not to assert in any forum or in any statement made to any media representative (whether or not for attribution) that this Action was brought by Settling Plaintiffs or defended by Commerz in bad faith or without a reasonable basis, nor will they deny that the Action was commenced, prosecuted and defended in good faith and is being settled voluntarily after consultation with competent legal counsel.  No Settling Party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution or prosecution of the Action by Settling Plaintiffs against Commerz, the defense of the Action by Commerz, or the settlement of the claims against Commerz by the Settling Parties.  The Settling Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Settling Parties, including through a mediation process supervised and conducted by Judge Weinstein, and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.  In all events, Settling Plaintiffs and their counsel and Commerz and its counsel shall not make any accusations of wrongful or actionable conduct by any Settling Party concerning the

prosecution, defense, and resolution of the Action as against Commerz, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

45.    The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of both Settling Plaintiffs and Commerz (or their successors-in-interest).

46.    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

47.    The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Plaintiffs' Counsel and enforcing the terms of this Stipulation, the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Commerz Net Settlement Fund to Authorized Claimants eligible to receive a distribution from the fund.

48.    Any condition in this Stipulation may be waived by the party entitled to enforce the condition in a writing signed by that party or its counsel.  The waiver by one Settling Party of any breach of this Stipulation by any other Settling Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation by that party or any other party.  Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation.

49.    This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement between Settling Plaintiffs and Commerz concerning the Settlement and this Stipulation and its exhibits.  All Settling Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Settling Party hereto

concerning this Stipulation, its exhibits or the Supplemental Agreement other than those contained and memorialized in such documents.

50.    This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

51.    This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Settling Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Settling Party hereto may merge, consolidate or reorganize.

52.    The construction, interpretation, operation, effect and validity of this Stipulation, the Supplemental Agreement and all documents necessary to effectuate it shall be governed by the internal laws of the State of New York without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

53.    Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced only in the Court.

54.    This Stipulation shall not be construed more strictly against one Settling Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties.

55.    All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

56. Co-Lead Counsel and Commerz's Counsel agree to cooperate reasonably with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use reasonable efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

57. If any Settling Party is required to give notice to another Settling Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or facsimile or email transmission, with confirmation of receipt.  Notice shall be provided as follows:

|  |  |
|---|---|
| If to Settling Plaintiffs or Co-Lead Counsel: | Bernstein Litowitz Berger & Grossmann LLP<br>Attn:  Salvatore J. Graziano<br>1285 Avenue of the Americas<br>New York, New York 10019<br>Telephone:  (212) 554-1400<br>Facsimile:  (212) 554-1444<br>Email: Salvatore@blbglaw.com |
|  | and |
|  | Bleichmar Fonti Tountas & Auld LLP<br>Attn:  Javier Bleichmar<br>7 Times Square, 27th Floor<br>New York, New York 10036<br>Telephone:  (212) 789-1341<br>Facsimile:  (212) 205-3961<br>Email: jbleichmar@bftalaw.com |
| If to Commerz: | Shearman & Sterling LLP<br>Attn:  Adam S. Hakki<br>599 Lexington Avenue<br>New York, New York 10022-6069<br>Telephone:  (212) 848-4000<br>Facsimile:  (212) 848-7179<br>Email: ahakki@shearman.com |

58. Except as otherwise provided herein, each Settling Party shall bear its own costs.

59.     Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Settling Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed and proceedings in connection with this Stipulation and the Settlement confidential, except to the extent required by law, provided that written notice to the other Settling Parties shall be given at least three (3) business days prior to any proposed disclosure. Notwithstanding anything in this paragraph, the Supplemental Agreement may not be disclosed without prior order of the Court.

60.     The Settling Parties agree that, prior to final approval by the appropriate court(s) of the Settlement, Judge Daniel Weinstein (Ret.) will continue to serve as a mediator for any disputes or issues that may arise between the Settling Parties relating to the Settlement.

61.     All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

62.     No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Settling Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation.  Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

63.     The Settling Parties stipulate and agree that all litigation activity affecting Commerz, except that contemplated herein and in the Preliminary Approval Order, the Notice, and the Judgment, shall be stayed and all hearings, deadlines, and other proceedings in this

Action, except a preliminary approval hearing (if any) and the Settlement Hearing, shall be taken off calendar.

**IN WITNESS WHEREOF,** the parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of March 17, 2015.

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

By: _____

Salvatore J. Graziano
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 554-1400
Facsimile: (212) 554-1444

*Co-Lead Counsel for Lead Plaintiffs, the Settlement Class, and Settling Plaintiff Government of Guam Retirement Fund*

**BLEICHMAR FONTI TOUNTAS & AULD LLP**

By: _____

Javier Bleichmar
7 Times Square, 27th Floor
New York, New York 10036
Telephone: (212) 789-1341
Facsimile: (212) 205-3961

*Co-Lead Counsel for Lead Plaintiffs and the Settlement Class*

SHEARMAN & STERLING LLP

By: _Adam S. Hakki / HMF_
      Adam S. Hakki
599 Lexington Avenue
New York, New York 10022-6069
Telephone:  (212) 848-4000
Facsimile:  (646) 848-4924

*Counsel for Defendant Commerz Markets LLC*

#852079

# Exhibit A

**Exhibit A**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE MF GLOBAL HOLDINGS LIMITED SECURITIES LITIGATION | : Civil Action No. 1:11-CV-07866-VM |
| THIS DOCUMENT RELATES TO: | |
| All Securities Actions (*DeAngelis v. Corzine*) | : ECF CASE |

## [PROPOSED] ORDER PRELIMINARILY APPROVING PROPOSED SETTLEMENT WITH COMMERZ MARKETS LLC <u>AND PROVIDING FOR NOTICE</u>

WHEREAS, a consolidated securities class action is pending in this Court styled *In re MF Global Holdings Limited Securities Litigation*, Civil Action No. 1:11-CV-07866-VM, that has been consolidated with other actions under the master case *DeAngelis v. Corzine*, 11-CV-07866-VM (the "Action");

WHEREAS, (a) Lead Plaintiffs the Virginia Retirement System and Her Majesty The Queen In Right Of Alberta (collectively "Lead Plaintiffs") and named plaintiff the Government of Guam Retirement Fund ("Guam," and, together with Lead Plaintiffs, the "Settling Plaintiffs"), on behalf of themselves, the other named plaintiffs in the Action, and the other members of the Commerz Settlement Class (defined below), and (b) defendant Commerz Markets LLC ("Commerz," and, together with Settling Plaintiffs, on behalf of themselves, the other named plaintiffs in the Action, and the other members of the Commerz Settlement Class, the "Settling Parties") have determined to settle all claims asserted against Commerz in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement

with Defendant Commerz Markets LLC dated March 17, 2015 (the "Commerz Stipulation"), subject to approval of this Court (the "Commerz Settlement");

WHEREAS, Settling Plaintiffs have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Commerz Settlement in accordance with the Commerz Stipulation, certifying the Commerz Settlement Class for purposes of the Commerz Settlement only, and allowing notice to Commerz Settlement Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) the Consolidated Second Amended Securities Class Action Complaint filed in this Action on October 3, 2014; (b) Settling Plaintiffs' motion for preliminary approval of the Commerz Settlement, and the papers filed and arguments made in connection therewith; and (c) the Commerz Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Commerz Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.      **Class Certification for Settlement Purposes**– Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the proposed Commerz Settlement, a class consisting of all persons and entities who or which purchased or otherwise acquired, during the Commerz Settlement Class Period (i.e., the period beginning on August 1, 2011 through and including November 21, 2011), MF Global 6.25% Senior Notes due August 8, 2016 issued on or about August 1, 2011 ("6.25% Senior Notes") and were damaged thereby (the "Commerz Settlement Class").  Excluded from the Commerz Settlement Class are: (i) Defendants and MF Global; (ii) members of the Immediate Families of

the Individual Defendants; (iii) the subsidiaries and affiliates of Defendants and MF Global; (iv) any person or entity who or which was, at any time during the period beginning on May 20, 2010 through and including November 21, 2011, and/or is a partner, executive officer, director, or controlling person of MF Global, or any of its subsidiaries or affiliates, or of any Defendant; (v) any entity in which any Defendant or MF Global had, at any time during the period beginning on May 20, 2010 through and including November 21, 2011, and/or has a controlling interest; (vi) Defendants' liability insurance carriers, and any affiliates or subsidiaries thereof; and (vii) the legal representatives, heirs, successors and assigns of any such excluded person or entity; provided, however, that any Investment Vehicle shall not be deemed an excluded person or entity by definition.   Also excluded from the Commerz Settlement Class are any persons or entities who or which exclude themselves from the Commerz Settlement Class, the Underwriter Settlement Class (as defined in paragraph 13 below), or from any Other Class(es) (to the extent such persons or entities are also Commerz Settlement Class Members) by submitting a request for exclusion that is accepted by the Court.

2.     **Class Findings** – Solely for purposes of the proposed Commerz Settlement, the Court finds that each element required for certification of the Commerz Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Commerz Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Commerz Settlement Class which predominate over any individual questions; (c) the claims of Guam in the Action are typical of the claims of the Commerz Settlement Class; (d) Guam and Co-Lead Counsel have and will fairly and adequately represent and protect the interests of the Commerz Settlement

Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3.      The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Commerz Settlement only, Guam is an adequate class representative and certifies it as class representative for the Commerz Settlement Class.  The Court also appoints Co-Lead Counsel as class counsel for the Commerz Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4.      **<u>Preliminary Approval of the Commerz Settlement</u>** – The Court hereby preliminarily approves the Commerz Settlement, as embodied in the Commerz Stipulation, as being fair, reasonable and adequate to the Commerz Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

5.      **<u>Settlement Hearing</u>** – The Court will hold a settlement hearing (the "Settlement Hearing") on _____, 2015 at __:__ _.m. in Courtroom 11B of the United States Courthouse, 500 Pearl Street, New York, NY 10007, for the following purposes: (a) to determine whether the proposed Commerz Settlement on the terms and conditions provided for in the Commerz Stipulation is fair, reasonable and adequate to the Commerz Settlement Class, and should be finally approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Commerz Stipulation should be entered dismissing the Action with prejudice as against Commerz; and (c) to consider any other matters that may properly be brought before the Court in connection with the Commerz Settlement.  Notice of the Commerz Settlement and the Settlement Hearing shall be given to Commerz Settlement Class Members as set forth in paragraph 8 of this Order.

6.      After the Settlement Hearing, and upon such further notice to the Commerz Settlement Class as ordered by the Court, the Court shall consider any plan of allocation proposed by Lead Plaintiffs and any application for attorneys' fees and expenses by Co-Lead Counsel.

7.      The Court may adjourn the Settlement Hearing and approve the proposed Commerz Settlement with such modifications as the Settling Parties may agree to, if appropriate, without further notice to the Commerz Settlement Class.

8.      **Retention of Notice Administrator and Manner of Giving Notice**– Co-Lead Counsel are hereby authorized to retain The Garden City Group, Inc. (the "Notice Administrator") to supervise and administer the notice procedure in connection with the proposed Commerz Settlement and any other settlements or recoveries that may be achieved in this Action as well as the processing of Claims at such time as a plan of allocation for the proceeds of the Commerz Settlement or any additional recoveries is approved by the Court, as more fully set forth below.  Notice of the Commerz Settlement and the Settlement Hearing shall be given by Co-Lead Counsel as follows:

(a)      not later than thirty (30) business days after the date of entry of this Order (the "Notice Date"), the Notice Administrator shall cause a copy of the Commerz Notice substantially in the form attached hereto as Exhibit 1, to be mailed by first-class mail to potential Commerz Settlement Class Members who or which may be identified through reasonable effort including, but not limited to, the nominee procedures set forth below;

(b)      contemporaneously with the mailing of the Commerz Notice, the Notice Administrator shall cause a copy of the notice to be posted on a website to be developed by the Notice Administrator for the Action, from which copies of the notice can be downloaded;

(c)      not later than ten (10) business days after the Notice Date, the Notice Administrator shall cause the Commerz Summary Notice, substantially in the form attached hereto as Exhibit 2, to be published once each in *The Wall Street Journal* and *Investor's Business Daily* and to be transmitted once over the *PR Newswire*; and

(d)      not later than seven (7) calendar days prior to the Settlement Hearing, Co-Lead Counsel shall serve on Commerz's Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

9.      **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Commerz Notice and the Commerz Summary Notice, attached hereto as Exhibits 1 and 2, respectively, and (b) finds that the mailing and distribution of the Commerz Notice and the publication of the Commerz Summary Notice in the manner and form set forth in paragraph 8 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Commerz Settlement Class Members of the pendency of the Action, of the effect of the proposed Commerz Settlement (including the Releases to be provided thereunder), of their right to object to the Commerz Settlement, of their right to exclude themselves from the Commerz Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Commerz Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 77z-1, as amended, and all other applicable laws and rules.  The date and time of the Settlement Hearing shall be included in the

Commerz Notice and Commerz Summary Notice before they are mailed and published, respectively.

10.    **Nominee Procedures** – Brokers and other nominees who purchased or otherwise acquired 6.25% Senior Notes during the Commerz Settlement Class Period for the benefit of another person or entity shall (a) within seven (7) calendar days of receipt of the Commerz Notice, request from the Notice Administrator sufficient copies of the notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those notices forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Commerz Notice, send a list of the names and addresses of all such beneficial owners to the Notice Administrator in which event the Notice Administrator shall promptly mail the notice to such beneficial owners.  Nominees who elect to send the Commerz Notice to their beneficial owners shall send a statement to the Notice Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Action.  Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Notice Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Commerz Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

11.    **Participation in the Settlement** – Commerz Settlement Class Members who wish to participate in the Commerz Settlement and to be eligible to receive a distribution from the Commerz Net Settlement Fund will be required to complete and submit a Proof of Claim

Form in accordance with the instructions to be set forth therein and by the date to be set by the Court.  At this time, a plan of allocation for the distribution of the net proceeds of the Commerz Settlement has not been proposed by Lead Plaintiffs.  When such a plan is proposed, Commerz Settlement Class Members will be given notice of the proposed plan and afforded the opportunity to object before the Court rules on approval of the plan.

12.     **<u>Exclusion From the Settlement Class</u>** – Any Commerz Settlement Class Member who wishes to exclude himself, herself or itself from the Commerz Settlement Class must request exclusion in writing within the time and in the manner set forth in the Commerz Notice, which shall provide that: (a) any such request for exclusion from the Commerz Settlement Class must be mailed or delivered such that it is received no later than twenty-eight (28) calendar days prior to the Settlement Hearing, to: *In re MF Global Holdings Limited Securities Litigation*, EXCLUSIONS, c/o the Notice Administrator at the address to be set forth in the Commerz Notice, and (b) that each request for exclusion must: (i) state the name, address and telephone number of the person or entity requesting exclusion, and, in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Commerz Settlement Class in *In re MF Global Holdings Limited Securities Litigation*, Civil Action No. 1:11-CV-7866"; (iii) state the face value of the 6.25% Senior Notes that the person or entity requesting exclusion purchased/acquired and/or sold during the Commerz Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative.  A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

13.     Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Commerz Settlement Class shall not be a Commerz Settlement Class Member, shall not be bound by the terms of the Commerz Settlement or any orders or judgments in the Action relating to the Commerz Settlement, and shall not receive any payment out of the Commerz Net Settlement Fund. Additionally, any person or entity who or which requests exclusion from the Commerz Settlement Class shall be deemed to have also requested exclusion from the class covered by the proposed settlement with certain Underwriter Defendants as defined in the Order Preliminarily Approving Proposed Settlement with Certain Underwriter Defendants and Providing for Notice entered December 12, 2014 (ECF No. 808) (the "Underwriter Settlement Class") as well as from any Other Class(es).  Similarly, any person or entity who or which requests exclusion from the Underwriter Settlement Class or any Other Classes shall be deemed to have requested exclusion from the Commerz Settlement Class.  All terms and conditions applicable to all persons and entities who or which requested exclusion from the Commerz Settlement Class and who or which are excluded from the Commerz Settlement Class as set forth in the preceding sentence shall also apply to persons and entities who or which request exclusion from the Underwriter Settlement Class or any Other Class(es) to the extent such persons or entities are also Commerz Settlement Class Members.

14.     Any persons or entities who or which, pursuant to request, are excluded from the Commerz Settlement Class shall be deemed to be excluded from any other settlement class(es) and litigation class that may be certified by the Court, shall not be bound by the terms of any orders or judgments in the Action relating to those settlements or the Action as applicable, and

shall not be entitled to receive any payment from any other recoveries that might be obtained in the Action.

15.     Any Commerz Settlement Class Member who or which does not timely and validly request exclusion from the Commerz Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her or its right to be excluded from the Commerz Settlement Class; (b) shall be forever barred from requesting exclusion from the Commerz Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Commerz Stipulation, the Commerz Settlement, and all proceedings, determinations, orders and judgments in the Action relating to the Commerz Settlement, including, but not limited to, the Commerz Judgment, and the Releases provided for therein whether favorable or unfavorable to the Commerz Settlement Class; and (d) shall be barred from commencing, maintaining or prosecuting any of the Released Plaintiffs' Claims against any of the Commerz Releasees, as more fully described in the Commerz Stipulation and Commerz Notice.

16.     **Appearance and Objections at Settlement Hearing**– Any Commerz Settlement Class Member who or which does not request exclusion from the Commerz Settlement Class or from any Other Class(es) may enter an appearance in the Action at his, her or its own expense, individually or through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Co-Lead Counsel and Commerz's Counsel, at the addresses set forth in paragraph 17 below, such that it is received no later than twenty-eight (28) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct.  Any Commerz Settlement Class Member who does not enter an appearance will be represented by Co-Lead Counsel.

17.     Any Commerz Settlement Class Member who does not request exclusion from the Commerz Settlement Class or from any Other Class(es) may file a written objection to the proposed Commerz Settlement and show cause, if he, she or it has any cause, why the proposed Commerz Settlement should not be approved; *provided, however*, that no Commerz Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Commerz Settlement unless that person or entity has filed a written objection with the Court and served copies of such objection on Co-Lead Counsel and Commerz's Counsel at the addresses set forth below such that they are received no later than twenty-eight (28) calendar days prior to the Settlement Hearing.

| **Co-Lead Counsel** | | **Commerz's Counsel** |
|---|---|---|
| Bernstein Litowitz Berger & Grossmann LLP<br>Salvatore J. Graziano, Esq.   AND<br>1285 Avenue of the Americas<br>New York, NY 10019 | Bleichmar Fonti Tountas & Auld LLP<br>Javier Bleichmar, Esq.<br>7 Times Square, 27th Floor<br>New York, NY 10036 | Shearman & Sterling LLP<br>Adam S. Hakki, Esq.<br>599 Lexington Avenue<br>New York, NY 10022-6069 |

18.     Any objections, filings and other submissions by the objecting Commerz Settlement Class Member: (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Commerz Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Commerz Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Commerz Settlement Class, including the face value of the 6.25% Senior Notes that the objecting Commerz Settlement Class Member purchased/acquired and/or sold during the Commerz Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and/or sale.

11

19.     Any Commerz Settlement Class Member who or which does not make his, her or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object to any aspect of the proposed Commerz Settlement and shall be forever barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Commerz Settlement, or from otherwise being heard concerning the Commerz Settlement in this or any other proceeding.

20.     **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action between the Settling Parties other than proceedings necessary to carry out or enforce the terms and conditions of the Commerz Stipulation.  Pending final determination of whether the Commerz Settlement should be approved, the Court bars and enjoins Settling Plaintiffs, and all other members of the Commerz Settlement Class, from commencing or prosecuting any and all of the Released Plaintiffs' Claims against each and all of the Commerz Releasees.

21.     **Settlement Administration Fees and Expenses**– All reasonable costs incurred in identifying Commerz Settlement Class Members and notifying them of the Commerz Settlement as well as in administering the Commerz Settlement shall be paid as set forth in the Commerz Stipulation without further order of the Court.

22.     **Settlement Fund** – The contents of the Commerz Settlement Fund held by Citibank, N.A. (which the Court approves as the Escrow Agent) shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Commerz Stipulation and/or further order(s) of the Court.

23.     **Taxes** – Co-Lead Counsel are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect of the Commerz Settlement Fund, to pay from the Commerz Settlement Fund any Taxes owed with respect to the Commerz Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Commerz Stipulation.

24.     **Termination of Settlement** – If the Commerz Settlement is terminated as provided in the Commerz Stipulation, the Commerz Settlement is not approved, or the Effective Date of the Commerz Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Commerz Stipulation, and this Order shall be without prejudice to the rights of Settling Plaintiffs, the other Commerz Settlement Class Members and Commerz, and the Settling Parties shall revert to their respective positions in the Action as of May 8, 2014, as provided in the Commerz Stipulation.

25.     **Use of this Order** – Neither this Order, the Commerz Stipulation (whether or not consummated), including the exhibits thereto, the plan of allocation to be proposed by Lead Plaintiffs (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Commerz Stipulation, nor any proceedings taken pursuant to or in connection with the Commerz Stipulation and/or approval of the Commerz Settlement (including any arguments proffered in connection therewith):   (a) shall be offered against any of the Commerz Releasees as evidence of, or construed as, or deemed to be evidence of (i) any presumption, concession, or admission by any of the Commerz Releasees with respect to the truth of any fact alleged by Settling Plaintiffs, the validity of any claim that was or could have

been asserted by Settling Plaintiffs or any member of the Commerz Settlement Class, or the deficiency of any defense that has been or could have been asserted by Commerz in this Action or in any other litigation, or (ii) any liability, negligence, fault, or other wrongdoing of any kind of any of the Commerz Releasees or in any way referred to for any other reason as against any of the Commerz Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Commerz Stipulation; (b) shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of (i) any presumption, concession or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Commerz Releasees had meritorious defenses, or that damages recoverable against Commerz under the Complaint would not have exceeded the Commerz Settlement Amount, or (ii) any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Commerz Stipulation; or (c) shall be construed against any of Releasees as an admission, concession, or presumption that the consideration to be given under the Commerz Settlement represents the amount which could be or would have been recovered against Commerz after trial; *provided, however*, that if the Commerz Stipulation is approved by the Court, the Settling Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Commerz Settlement.

26.   **Supporting Papers** – Co-Lead Counsel shall file and serve the opening papers in support of the proposed Commerz Settlement no later than forty-two (42) calendar days prior to

the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

      27.    The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Commerz Settlement.

SO ORDERED this _____ day of _____, 2015.


                    _____
                        The Honorable Victor Marrero
                        United States District Judge

#852082

# Exhibit 1

**Exhibit A-1**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE MF GLOBAL HOLDINGS LIMITED SECURITIES LITIGATION | : : : Civil Action No. 1:11-CV-07866-VM : |
| THIS DOCUMENT RELATES TO: | : : |
| All Securities Actions (*DeAngelis v. Corzine*) | : ECF CASE : : |

## NOTICE OF (I) CERTIFICATION OF SETTLEMENT CLASS; (II) PROPOSED SETTLEMENT WITH COMMERZ MARKETS LLC; AND (III) SETTLEMENT FAIRNESS HEARING

### *A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

**NOTICE OF SETTLEMENT:** Please be advised that the Court-appointed Lead Plaintiffs, the Virginia Retirement System and Her Majesty The Queen In Right Of Alberta (collectively "Lead Plaintiffs") and named plaintiff the Government of Guam Retirement Fund ("Guam" and together with Lead Plaintiffs the "Settling Plaintiffs"), on behalf of themselves, the other named plaintiffs, and the Commerz Settlement Class (as defined in paragraph 24 below), have reached a proposed settlement with defendant Commerz Markets LLC ("Commerz") for $932,828 in cash (the "Commerz Settlement"). The Commerz Settlement, if approved, will resolve all claims in above-captioned securities class action (the "Action") pending in the United States District Court for the Southern District of New York (the "Court") against Commerz. The proposed Commerz Settlement does not resolve any claims against the other Defendants in the Action.

**NOTICE OF CERTIFICATION OF COMMERZ SETTLEMENT CLASS:** Please also be advised that your rights may be affected by the Action if, during the period beginning on August 1, 2011 through and including November 21, 2011 (the "Commerz Settlement Class Period"), you purchased or otherwise acquired MF Global Holdings Limited 6.25% Senior Notes due August 8, 2016 issued on or about August 1, 2011 (CUSIP 55277JAC2) and were damaged thereby[1].

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of cash from the proposed Commerz Settlement. If you are a member of the Commerz Settlement Class, your legal rights will be affected whether or not you act.**

---

[1]  Any capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement with Defendant Commerz Markets LLC dated March 17, 2015 (the "Commerz Stipulation"), which is available at www._____.com

**If you have any questions about this Notice, the proposed Commerz Settlement, or your eligibility to participate in the proposed Commerz Settlement, please DO NOT contact the Court, MF Global Holdings Limited, Commerz, or any other Defendant in the Action, or their counsel. All questions should be directed to Co-Lead Counsel or the Notice Administrator (*see* ¶ 59 below).**

**PLEASE NOTE: CLAIM FORMS ARE NOT BEING DISTRIBUTED NOW.** A Plan of Allocation that will govern how the proceeds of the Commerz Settlement will be divided among eligible class members is not being proposed at this time. Therefore, you are not receiving a Claim Form with this Notice. A Plan of Allocation will be proposed at a later date, at which time notice of the proposed plan and the opportunity to object will be given before the Court decides whether to approve the proposed plan. A Claim Form will become available at that time.

    1.   **Description of the Action and the Commerz Settlement Class:** This Notice relates to a proposed partial settlement in a pending securities class action brought by investors alleging that Defendants violated the federal securities laws by, among other things, making false and misleading statements regarding MF Global Holdings Limited ("MF Global") or were statutorily liable for false and misleading statements in MF Global's offering materials for certain MF Global securities. A more detailed description of the Action and the claims asserted against Commerz is set forth in paragraphs 11-23 below. The Commerz Settlement is on behalf of purchasers (as further defined in ¶ 24 below) of the 6.25% Senior Notes (CUSIP 55277JAC2) during the Commerz Settlement Class Period. The Commerz Settlement, if approved by the Court, will settle the claims of the Commerz Settlement Class, as defined in paragraph 24 below, as against Commerz only.[2]

    2.   **Statement of the Commerz Settlement Class's Recovery:** Subject to Court approval, Settling Plaintiffs, on behalf of themselves, the other named plaintiffs in the Action, and the other members of the Commerz Settlement Class, have agreed to settle with Commerz in exchange for a payment of $932,828 in cash (the "Commerz Settlement Amount") to be deposited into an escrow account for the benefit of the Commerz Settlement Class. The Commerz Net Settlement Fund (*i.e.*, the Commerz Settlement Amount plus any and all interest earned thereon (the "Commerz Settlement Fund") less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, and (d) any attorneys' fees awarded by the Court) will be distributed to Commerz Settlement Class Members at a future date, following Court approval of a plan of allocation and the dissemination of a Proof of Claim Form to class members.

---

[2] The Commerz Settlement does not resolve any claims asserted against the Individual Defendants; the other Underwriter Defendants in the Action which are seven of the eight underwriters of the 6.25% Senior Notes as well as the underwriters of MF Global common stock issued in the secondary offering of MF Global common stock pursuant to a Post-Effective Amendment No. 1 to Registration Statement No. 333-162119 dated February 24, 2010, a Preliminary Prospectus Supplement dated June 1, 2010, and a Final Prospectus supplement dated June 3, 2010 ("Common Stock Secondary Offering"), MF Global 1.875% Convertible Senior Notes due February 1, 2016 issued on or about February 7, 2011 ("1.875% Convertible Senior Notes"), and, MF Global 3.375% Convertible Senior Notes due August 1, 2018 issued on or about July 28, 2011 ("3.375% Convertible Senior Notes"); or MF Global's auditor, PricewaterhouseCoopers LLP ("PwC").

3.   **Estimate of Average Amount of Recovery Per Note:** The amount to be distributed to Commerz Settlement Class Members on a per note basis will depend on future Court proceedings and factual and legal analysis.  It is, therefore, not possible to estimate the amount of any such distribution at the present time.  Moreover, providing an estimate of the recovery per note could be prejudicial to Lead Plaintiffs' ongoing litigation against the Non-Settling Defendants.

4.   **Statement of Potential Outcome of Case and Potential Damages:** The Settling Parties do not agree on the average amount of damages per note that would be recoverable if Lead Plaintiffs were to prevail on the claims asserted against Commerz in the Action.  Among other things, Commerz does not agree with Lead Plaintiffs' assertions that: (i) it violated the federal securities laws; (ii) false or misleading statements were made in the offering materials for the 6.25% Senior Notes; (iii) damages were suffered by members of the Commerz Settlement Class as a result of its alleged conduct; or Lead Plaintiffs' assertions concerning allegedly corrective disclosures and loss causation.

5.   **Attorneys' Fees and Expenses:**  At this time**,** Plaintiffs' Counsel, who have been prosecuting the Action on a fully contingent basis and have not been paid any fees or expenses, are not seeking an award of attorneys' fees or reimbursement of any expenses that they have incurred.  At a future date, on further notice to members of the Commerz Settlement Class and with an opportunity to object, Co-Lead Counsel Bernstein Litowitz Berger & Grossmann LLP and Bleichmar Fonti Tountas & Auld LLP will apply to the Court for an award of attorneys' fees and for reimbursement of Litigation Expenses on behalf of all Plaintiffs' Counsel to be paid from the Commerz Settlement Fund.  Commerz Settlement Class Members are not personally liable for any such fees or expenses.

6.   **Identification of Attorney Representatives:**  Lead Plaintiffs and the Commerz Settlement Class are represented by Salvatore J. Graziano, Esq. of Bernstein Litowitz Berger & Grossmann LLP, 1285 Avenue of the Americas, New York, NY 10019, (800) 380-8496, blbg@blbglaw.com and Javier Bleichmar, Esq. of Bleichmar Fonti Tountas & Auld LLP, 7 Times Square, 27th Floor, New York, NY 10036, (212) 789-1341, bfta@bftalaw.com.

7.   **Reasons for the Commerz Settlement:** Settling Plaintiffs' principal reason for entering into the Commerz Settlement is the substantial immediate cash benefit for the Commerz Settlement Class without the risk or the delays inherent in further litigation.  Moreover, the cash benefit provided under the proposed Commerz Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after contested motions, a trial of the Action and likely appeals that would follow a trial, a process that could be expected to last several years.  Commerz denies all allegations of wrongdoing or liability whatsoever and is entering into the Commerz Settlement solely to eliminate the uncertainty, burden and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
| --- | --- |
| **REMAIN A MEMBER OF THE COMMERZ SETTLEMENT CLASS** <br><br> **(NO ACTION REQUIRED)** | This is the only way to be eligible to receive a payment from the proceeds of the Commerz Settlement or the proceeds of any other recoveries that may be obtained in the Action.  If you are a member of the Commerz Settlement Class and wish to remain in the class, you do not need to take any action in |

| | response to this Notice. |
|---|---|
| | If you are a Commerz Settlement Class Member and you remain in the Commerz Settlement Class, you will be bound by the Commerz Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 31 below) that you have against Commerz and the other Commerz Releasees (defined in ¶ 32 below). |
| **EXCLUDE YOURSELF FROM THE COMMERZ SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2015.** | If you exclude yourself from the Commerz Settlement Class, you will not be eligible to receive any payment from the Commerz Settlement Fund.  This is the only option that allows you ever to be part of any other lawsuit against Commerz or the other Commerz Releasees concerning the Released Plaintiffs' Claims. |
| | If you exclude yourself from the Commerz Settlement Class, you also will not be eligible to participate in any other recoveries that may be obtained in the Action. |
| **OBJECT TO THE COMMERZ SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2015.** | If you do not like the Commerz Settlement, you may write to the Court and explain why you do not like it.  You cannot object to the proposed Commerz Settlement unless you are a Commerz Settlement Class Member and do not exclude yourself from the Commerz Settlement Class. |
| **GO TO A HEARING ON _____, 2015 AT \_\_:\_\_ \_.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2015.** | Filing a written objection and notice of intention to appear by _____, 2015 allows you to speak in Court, at the discretion of the Court, about the fairness of the Commerz Settlement.  If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |

| WHAT THIS NOTICE CONTAINS |
|---|

Why Did I Get This Notice?                                                         Page \_\_
What Is This Case About?                                                           Page \_\_
How Do I Know If I Am Affected By The Commerz Settlement?
    Who Is Included In The Commerz Settlement Class?          Page \_\_
What Are Settling Plaintiffs' Reasons For The Commerz Settlement?     Page \_\_
What Might Happen If There Were No Settlement?                         Page \_\_
How Are Commerz Settlement Class Members Affected By The Action
    And The Commerz Settlement?                                Page \_\_
What Will I Need To Do To Participate In the Commerz Settlement?
    How Will I Know When A Claim Form Becomes Available?       Page \_\_

How Much Will My Payment From The Commerz Settlement Be?      Page __

What Payment Are The Attorneys For The Commerz
    Settlement Class Seeking?  How Will The Lawyers Be Paid?      Page __

What If I Do Not Want To Be A Member Of The Commerz
    Settlement Class?  How Do I Exclude Myself?      Page __

When And Where Will The Court Decide Whether To Approve The
    Commerz Settlement? Do I Have To Come To The Hearing?  How Do
    I Object? May I Speak At The Hearing If I Don't Like The Settlement?      Page __

What If I Bought 6.25% Senior Notes On Someone Else's Behalf?      Page __

Can I See The Court File?  Whom Should I Contact If I Have Questions?      Page __

## WHY DID I GET THIS NOTICE?

8.     The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired 6.25% Senior Notes during the Commerz Settlement Class Period.   The Court has directed us to send you this Notice because, as a potential Commerz Settlement Class Member, you have a right to know about your options before the Court rules on the Commerz Settlement.  Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights.

9.     The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Commerz Class if you wish to so do.  It is also being sent to inform you of the terms of the Commerz Settlement and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Commerz Settlement (the "Settlement Hearing").  See paragraph 50 below for details about the Settlement Hearing, including the date and location of the hearing.

10.     The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Commerz Settlement.

## WHAT IS THIS CASE ABOUT?

11.     This action arises out of the collapse of MF Global in October 2011[3]

12.     Beginning on November 3, 2011, multiple putative securities class action complaints were filed in the Court.  By Order dated January 20, 2012, the Court consolidated the related actions in the Action and approved the appointment of Lead Plaintiffs and Co-Lead Counsel[4]

13.     On August 20, 2012, Lead Plaintiffs filed and served their Consolidated Amended Securities Class Action Complaint (the "Amended Complaint"), which included the Government

---

[3]  On October 31, 2011, MF Global filed for Chapter 11 bankruptcy.  Because of this filing, pursuant to the provisions of Bankruptcy Code, 11 U.S.C. § 362(a), prosecution of the Action against MF Global could not go forward.

[4]  By Order dated August 13, 2014, the Court approved the substitution of Bleichmar Fonti Tountas & Auld LLP for previously appointed co-lead counsel Labaton Sucharow LLP.

of Guam Retirement Fund, the West Virginia Laborers' Pension Trust Fund, LRI Invest S.A., Monica Rodriguez,[5] and Jerome Vrabel as additional named plaintiffs.  The Amended Complaint asserts claims under §§ 11 and 12 of the Securities Act of 1933 (the "Securities Act") against the Underwriter Defendants and/or the Individual Defendants alleging that these Defendants were statutorily liable for false and misleading statements in the offering materials for certain MF Global securities[6]; as well as claims under § 15 of the Securities Act and §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder against some or all of the Individual Defendants.   The claims asserted against Commerz are claims for violations of the Securities Act with respect to the offering of the 6.25% Senior Notes.

14.  On October 19, 2012, Commerz (and other Defendants) filed and served motions to dismiss the Amended Complaint.  On December 18, 2012, Lead Plaintiffs filed and served their papers in opposition to the motions and, on February 1, 2013, Commerz (and other Defendants) filed and served their reply papers.

15.  On February 6, 2013, the Court stayed all proceedings in the Action to permit the parties to pursue a global mediation of plaintiffs' claims (as well as claims in other actions against defendants other than the Underwriter Defendants).  The initial mediation with respect to the Action included three in-person sessions before Judge Daniel Weinstein (Ret.) and multiple telephonic conferences.  The mediation was unsuccessful in resolving the Action, and the stay of the Action expired on August 2, 2013.

16.  On November 12, 2013, the Court entered its Memorandum and Order denying the Individual Defendants' and the Underwriter Defendants' motions to dismiss.

17.  On December 27, 2013, the Individual Defendants and the Underwriter Defendants filed their answers and affirmative defenses to the Amended Complaint.

18.  Discovery in the Action commenced in December 2013.  Defendants and third parties – including James W. Giddens, as Trustee for the liquidation of MF Global Inc. pursuant to the Securities Investor Protection Act of 1970 and Nader Tavakoli, the Litigation Trustee presiding over the entity formerly known as MF Global Holdings Limited – have produced millions of documents.

19.  On May 8, 2014, following additional arm's-length settlement negotiations, Settling Plaintiffs and Commerz reached an agreement in principle to settle the Action as against Commerz for $932,828 in cash to be paid by or on behalf of Commerz.

20.  On October 3, 2014, Lead Plaintiffs filed the Consolidated Second Amended Securities Class Action Complaint (the "Complaint"), which added MF Global's auditor, PwC, as a named defendant, asserting claims against it for violation of § 10(b) of the Exchange Act and § 11 of the Securities Act.

---

[5]  On February 3, 2015, the Court entered a stipulated order dismissing with prejudice Plaintiff Monica Rodriguez's claims asserted in the Complaint.

[6]  The MF Global securities as to which claims were asserted under the Securities Act are: the shares issued in the Common Stock Secondary Offering, the 1.875% Convertible Senior Notes; the 3.375% Convertible Senior Notes; and the 6.25% Senior Notes.

21.  Based upon their investigation, prosecution and mediation of the case, Settling Plaintiffs and Co-Lead Counsel have concluded that the terms and conditions of the Commerz Stipulation are fair, reasonable and adequate to the members of the Commerz Settlement Class, and in their best interests.

22.  Commerz is entering into the Settlement solely to eliminate the uncertainty, burden and expense of further protracted litigation.  Commerz denies any wrongdoing.

23.  On _____, 2015, the Court preliminarily approved the Commerz Settlement, authorized this Notice to be disseminated to potential Commerz Settlement Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Commerz Settlement.

| HOW DO I KNOW IF I AM AFFECTED BY THE COMMERZ SETTLEMENT? WHO IS INCLUDED IN THE COMMERZ SETTLEMENT CLASS? |
| --- |

24.  If you are a member of the Commerz Settlement Class, you are subject to the terms of the Commerz Settlement, unless you timely request to be excluded.  The Commerz Settlement Class consists of:

> all persons and entities who or which purchased or otherwise acquired, during the period beginning on August 1, 2011 through and including November 21, 2011 (the "Commerz Settlement Class Period"), 6.25% Senior Notes and were damaged thereby.

Excluded from the Commerz Settlement Class are (i) Defendants[7] and MF Global; (ii) members of the Immediate Families[8] of the Individual Defendants; (iii) the subsidiaries and affiliates of Defendants and MF Global; (iv) any person or entity who or which was, at any time during the period beginning on May 20, 2010 through and including November 21, 2011, and/or is a partner, executive officer, director, or controlling person of MF Global, or any of its subsidiaries or affiliates, or of any Defendant; (v) any entity in which any Defendant or MF Global had, at any time during the period beginning on May 20, 2010 through and including November 21, 2011, and/or has a controlling interest; (vi) Defendants' liability insurance carriers, and any affiliates or subsidiaries thereof; and (vii) the legal representatives, heirs, successors and assigns

---

[7]  In addition to Commerz, the following persons and entities are Defendants in the Action: Jon S. Corzine, J. Randy MacDonald, Henri J. Steenkamp, David P. Bolger, Eileen S. Fusco, David Gelber, Martin J. Glynn, Edward L. Goldberg, David I. Schamis, and Robert S. Sloan (collectively, the "Individual Defendants"); Citigroup Global Markets Inc.; Deutsche Bank Securities Inc.; Goldman, Sachs & Co.; J.P. Morgan Securities LLC; Merrill Lynch, Pierce, Fenner & Smith Incorporated; RBS Securities Inc.; Sandler O'Neill + Partners, L.P.; BMO Capital Markets Corp.; Jefferies LLC (formerly, Jefferies & Company, Inc.); Lebenthal & Co., LLC; Natixis Securities North America Inc.; and U.S. Bancorp Investments, Inc. (collectively, the "Non-Settling Underwriter Defendants") and PwC.

[8]  Immediate Family means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law.  As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

of any such excluded person or entity; provided, however, that any Investment Vehicle[9] shall not be deemed an excluded person or entity by definition.

Also excluded from the Commerz Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion from the Commerz Settlement Class in accordance with the requirements set forth in this Notice or who submit a request for exclusion from the Underwriter Settlement Class[10] [insert name(s) of any other settlement(s) covering Other Class(es)] to the extent such persons and entities are also Commerz Settlement Class Members. *See* "What if I Do Not Want To Be A Member Of The Commerz Settlement Class? How Do I Exclude Myself," on page [___] below.

**RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A COMMERZ SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE COMMERZ SETTLEMENT.  FURTHER, AS NOTED ABOVE, PROOF OF CLAIM FORMS ARE NOT BEING DISSEMINATED AT THIS TIME.  SEE PARAGRAPH 41 BELOW FOR HOW YOU WILL BE ABLE TO DETERMINE WHEN CLAIM FORMS BECOME AVAILABLE.**

| WHAT ARE SETTLING PLAINTIFFS' REASONS FOR THE COMMERZ SETTLEMENT? |
| --- |

25.  Settling Plaintiffs and Co-Lead Counsel believe that the claims asserted against Commerz have merit.  They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Commerz through trial and appeals, as well as the very substantial risks they would face in establishing liability and damages.  Such risks include the potential challenges associated with proving that there were material misstatements and omissions in the public securities offering documents at issue, that Commerz failed to conduct adequate due diligence, and class-wide damages.  Lead Plaintiffs would have to prevail at several stages – motions for summary judgment, and trial, and if they prevailed on those, on the appeal that was likely to follow.  Thus, there were very significant risks attendant to the continued prosecution of the claims against Commerz.

26.  In light of these risks, the amount of the Commerz Settlement and the certainty of recovery to the Commerz Settlement Class, Settling Plaintiffs and Co-Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Commerz Settlement Class.  Settling Plaintiffs and Co-Lead Counsel believe that the Commerz Settlement provides a substantial benefit to the Settlement Class, namely $932,828 in cash (less

---

[9] "Investment Vehicle" means any investment company or pooled investment fund, including but not limited to mutual fund families, exchange-traded funds, fund of funds and hedge funds, in which any Underwriter Defendant has or may have a direct or indirect interest or as to which its affiliates may act as an investment advisor but in which the Underwriter Defendant or any of its respective affiliates is not a majority owner or does not hold a majority beneficial interest.  This definition does not bring into the Commerz Settlement Class any of the Underwriter Defendants or any other person or entity who or which is excluded from the Commerz Settlement Class by definition.

[10] The "Underwriter Settlement Class" is the class certified by Court in connection with another proposed settlement in this Action.  That settlement is with certain other Underwriter Defendants as set forth in the Stipulation and Agreement of Settlement with Certain Underwriter Defendants dated November 25, 2014 which is posted on the website maintained by the Notice Administrator for this Action www. _____.com.  A copy of the printed notice of that proposed settlement accompanies this Notice.

the various deductions described in this Notice), as compared to the risk that the claims in the Action against Commerz might produce a smaller, or no recovery after summary judgment, trial and appeals.

27.  Commerz denies the claims asserted against it in the Action and denies having engaged in any wrongdoing or violation of law of any kind whatsoever.  Commerz has agreed to the Commerz Settlement solely to eliminate the burden and expense of continued litigation. Accordingly, the Commerz Settlement may not be construed as an admission of any wrongdoing by Commerz.

| WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT? |
| --- |

28.  If there were no settlement and Lead Plaintiffs failed to establish any essential legal or factual element of their claims against Commerz, no member of the Commerz Settlement Class would recover anything from Commerz.  Also, if Commerz were successful in proving any of its defenses, either at summary judgment, at trial or on appeal, the Commerz Settlement Class could recover substantially less from Commerz than the amount provided in the Commerz Settlement, or nothing at all.

| HOW ARE COMMERZ SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE COMMERZ SETTLEMENT? |
| --- |

29.  If you are a Commerz Settlement Class Member, you are represented by Settling Plaintiffs and Co-Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Commerz Settlement?," below.

30.  If you are a Commerz Settlement Class Member and you do not exclude yourself from the Commerz Settlement Class,[11] you will be bound by any orders issued by the Court relating to the Commerz Settlement.  If the Commerz Settlement is approved, the Court will enter a judgment (the "Commerz Judgment").  The Commerz Judgment will dismiss with prejudice the claims against Commerz and will provide that, upon the Effective Date of the Commerz Settlement, Settling Plaintiffs and each of the other Commerz Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, affiliates and assigns, in their capacities as such, will have fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim (as defined in ¶ 31 below) against Commerz and the other Commerz Releasees (as defined in ¶ 32 below), and shall forever be enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Commerz Releasees.

---

[11]  If you are a Commerz Settlement Class Member and do not wish to remain a class member, you may exclude yourself from the Commerz Settlement Class (which will also exclude you from the Underwriter Settlement Class and any other classes that may be certified in the Action as to which you otherwise would have been a class member) by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Commerz Settlement Class?  How Do I Exclude Myself?," below.

31.  "Released Plaintiffs' Claims" means all claims, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liabilities), whether known claims or Unknown Claims, whether arising under federal, state, local, statutory, common or foreign law, or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class or individual in nature, that Settling Plaintiffs or any member of the Commerz Settlement Class (i) asserted in the Complaint, or (ii) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint and that relate to the purchase, sale, or holding of MF Global Securities[12] during the Commerz Settlement Class Period.  Released Plaintiffs' Claims do not cover or include (i) any claims asserted, or which may be asserted, in the Action against any of the Non-Settling Defendants, or any person or entity with whom or which Lead Plaintiffs have a tolling agreement; (ii) any claims of any person or entity who or which submits a request for exclusion from the Commerz Settlement Class, the Underwriter Settlement Class, [or [insert name(s) of settlement(s) covering Other Class(es)] to the extent such persons or entities are also Commerz Settlement Class Members] that is accepted by the Court; and (iii) any claims relating to the enforcement of the Commerz Settlement.

32.  "Commerz Releasees" means (i) Commerz; (ii) each of the past or present parents, subsidiaries, affiliates, successors and predecessors of Commerz; and (iii) the respective past or present officers, directors, agents, employees, attorneys, advisors, investment advisors, auditors, accountants, insurers and assigns, of the foregoing in (i) and (ii), in their capacities as such. Notwithstanding the foregoing, Commerz Releasees does not include any Non-Settling Defendants.

33.  "Unknown Claims" means any Released Plaintiffs' Claims (as defined in ¶ 31 above) which any Settling Plaintiff or any other Commerz Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Commerz Claims (as defined in ¶ 35 below) which Commerz does not know or suspect to exist in its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to the Commerz Settlement, or might have affected his, her, or its decision(s) not to object to the Commerz Settlement or not to exclude himself, herself, or itself from the Commerz Settlement Class.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date of the Commerz Settlement, Settling Plaintiffs and Commerz shall be deemed to have expressly waived, and each of the other Commerz Settlement Class Members shall be deemed to have waived, and by operation of the Commerz Judgment shall have expressly waived, to the fullest extent permitted by law, any and all provisions, rights, and benefits conferred by California Civil Code § 1542 and any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

---

[12]  "MF Global Securities" means MF Global common stock; MF Global's 9% Convertible Senior Notes due June 20, 2038 issued on or about June 25, 2008; MF Global's 1.875% Convertible Senior Notes; MF Global's 3.375% Convertible Senior Notes; and MF Global's 6.25% Senior Notes.

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Settling Plaintiffs, Commerz Settlement Class Members and Commerz may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims or the Released Commerz Claims as applicable, but each Settling Plaintiff and Commerz shall expressly have – and each Commerz Settlement Class Member by operation of the Commerz Judgment shall be deemed to have – upon the Effective Date, fully, finally and forever settled and released any and all Released Plaintiffs Claims or any and all Released Commerz Claims as applicable, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Settling Plaintiffs and Commerz acknowledge, and each of the other Commerz Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a material element of the Commerz Settlement.

34.   The Commerz Judgment will also provide that, upon the Effective Date of the Commerz Settlement, Commerz, on behalf of itself, and its respective administrators, predecessors, successors, affiliates and assigns, in their capacities as such, will have fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Commerz Claim (as defined in ¶ 35 below) against Settling Plaintiffs and the other Plaintiffs' Releasees (as defined in ¶ 36 below), and shall forever be enjoined from prosecuting any or all of the Released Commerz Claims against any of the Plaintiffs' Releasees.

35.   "Released Commerz Claims" means all claims, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liabilities), whether known claims or Unknown Claims, whether arising under federal, state, local, statutory, common or foreign law, or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class or individual in nature, that Commerz could have asserted in any forum that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Commerz.  Released Commerz Claims do not include any claims asserted, or which may be asserted by the Commerz Releasees against (i) MF Global or any of its past or present parents, subsidiaries, affiliates, successors, predecessors, and/or estate(s) thereof; (ii) any person or entity who or which submits a request for exclusion from the Commerz Settlement Class, the Underwriter Settlement Class, [or [insert name(s) of settlement(s) covering Other Class(es)] to the extent such persons or entities are also Commerz Settlement Class Members] that is accepted by the Court; and (iii) any person or entity relating to the enforcement of the Commerz Settlement.

36.   "Plaintiffs' Releasees" means (i) Settling Plaintiffs, all other plaintiffs in the Action, and all Commerz Settlement Class Members; (ii) each of the respective past or present parents, subsidiaries, affiliates, successors and predecessors of the foregoing in (i); and (iii) the respective

officers, directors, agents, employees, attorneys, advisors, investment advisors, auditors, accountants, insurers, and assigns of the foregoing in (i) and (ii), in their capacities as such.

| WHAT WILL I NEED TO DO TO PARTICIPATE IN THE COMMERZ SETTLEMENT? HOW WILL I KNOW WHEN A CLAIM FORM BECOMES AVAILABLE? |
| --- |

37.  If you are a member of the Commerz Settlement Class, you will have to submit a Proof of Claim Form and supporting documentation in order to establish your eligibility to share in the proceeds of the Commerz Settlement.  Those who exclude themselves from the Commerz Settlement Class, and those who fail to submit timely and valid proof of claim forms with adequate supporting documentation, will not be eligible to share in the Settlement.

38.  As noted above, Proof of Claim Forms are not being disseminated at this time, and **you should not submit any documentation in support of your claim at this time**  However, please retain all documentation regarding your ownership of and transactions in 6.25% Senior Notes as you will need it to support your claim with respect to the Commerz Settlement when Claim Forms are disseminated.

39.  If you received this Notice in the mail, you are requested to mail notice of any change in your address to:

*In re MF Global Holdings Limited Securities Litigation,*
c/o _____
P.O. Box _____

_____

40.  If this Notice was forwarded to you by the postal service, or if it was otherwise sent to you at an address that is not current, you should contact the Notice Administrator at the address above or by calling (___) ___-____ and provide them with your correct address.

41.  Copies of this Notice are forwarded to many potential class members by brokers or other nominees (*see* ¶ 58 below).  In such case, the Notice Administrator will not have any mailing address for those persons and entities.  Pursuant to the Court's Order, the brokers and nominees who elect to forward the Notice to their customers are directed to save the names and addresses for use in connection with further notice in the Action.  We suggest, however, that all persons and entities who or which have received a copy of this Notice periodically check the website maintained by the Notice Administrator www._____.com. The website will be updated to inform class members of developments in the Action, including advising them of the date the Proof of Claim becomes available.  If you do not receive a copy of the Claim Form in the mail, you will be able to download it from the website.

| HOW MUCH WILL MY PAYMENT FROM THE COMMERZ SETTLEMENT BE? |
| --- |

42.  The proceeds of the Commerz Settlement will be distributed in accordance with the plan of allocation that is approved by the Court.  The amounts to be distributed to individual Commerz Settlement Class Members will depend on a variety of factors, including: the number of other Commerz Settlement Class Members who submit valid Proof of Claim Forms; the number of 6.25% Senior Notes that you purchased; the prices and dates of those purchases; and the prices and dates of any sales of such notes.  Some Commerz Settlement Class Members may

recover more or less than others depending on, among other factors, when their 6.25% Senior Notes were purchased or sold.  As noted above, at a future date, Lead Plaintiffs will provide notice of the proposed Plan of Allocation and class members will have an opportunity to object to it before the Court determines whether the proposed plan should be approved.

**WHAT PAYMENT ARE THE ATTORNEYS FOR THE COMMERZ SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?**

43.  At this time, Plaintiffs' Counsel are not seeking an award of attorneys' fees or reimbursement of any expenses that they have incurred.  At a future date, on further notice to members of the Commerz Settlement Class and with an opportunity to object, Co-Lead Counsel Bernstein Litowitz Berger & Grossmann LLP and Bleichmar Fonti Tountas & Auld LLP will apply to the Court for an award of attorneys' fees and for reimbursement of Litigation Expenses on behalf of all Plaintiffs' Counsel to be paid from the Commerz Settlement Fund.  Commerz Settlement Class Members are not personally liable for any such fees or expenses.

**WHAT IF I DO NOT WANT TO BE A MEMBER OF THE COMMERZ SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?**

44.  Each Commerz Settlement Class Member will be bound by the determinations, orders and judgments in this Action relating to the Commerz Settlement, whether favorable or unfavorable, unless such person or entity mails or delivers a written request for exclusion from the Commerz Settlement Class, addressed to *In re MF Global Holdings Limited Securities Litigation*, EXCLUSIONS, c/o _____, P.O. Box ___, _____, __ _____-____. The exclusion request must be ***received*** no later than _____, 2015.  You will not be able to exclude yourself from the Commerz Settlement Class after that date.  Each request for exclusion must: (a) state the name, address and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Commerz Settlement Class in *In re MF Global Holdings Limited Securities Litigation*, Civil Action No. 1:11-CV-07866"; (c) state the face value of 6.25% Senior Notes that the person or entity requesting exclusion purchased/acquired and/or sold during the Commerz Settlement Class Period (*i.e.*, beginning on August 1, 2011 through and including November 21, 2011), as well as the dates and prices of each such purchase/acquisition and sale; and (d) be signed by the person or entity requesting exclusion or an authorized representative.  A request for exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

45.  If you do not want to be part of the Commerz Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Commerz Releasees.  Excluding yourself from the Commerz Settlement Class is the only option that allows you to be part of any other lawsuit against Commerz or the other Commerz Releasees concerning the Released Plaintiffs' Claims.  Please note, however, if you decide to exclude yourself from the Commerz Settlement Class, you may be time-barred from asserting the claims covered by the Action by a statute of repose.

46. **If you exclude yourself from the Commerz Settlement Class you will also be excluding yourself from the Underwriter Settlement Class and any other class(es) that may be certified in the Action in which you would otherwise be a member** If you request exclusion from the Underwriter Settlement Class [or insert name(s) of settlement(s) covering Other Classes] you will be deemed to have also requested exclusion from the Commerz Settlement Class and you will be required to provide the information called for in ¶ 44 above for the 6.25% Senior Notes in conjunction with that request for exclusion.

47. If you are excluded from the Commerz Settlement Class, you will not be eligible to receive any payment from the proceeds of the Commerz Settlement or any other recoveries that may be obtained in the Action.

48. Commerz has the right to terminate the Commerz Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Commerz Settlement Class in an amount that exceeds an amount agreed to by Settling Plaintiffs and Commerz.

---

WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE COMMERZ SETTLEMENT?  DO I HAVE TO COME TO THE HEARING? HOW DO I OBJECT? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?

---

49. **Commerz Settlement Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if a class member does not attend the hearing.  Commerz Settlement Class Members can participate in the Commerz Settlement without attending the Settlement Hearing**

50. The Settlement Hearing will be held on _____, 2015 at __:__ _.m, before the Honorable Victor Marrero at the United States District Court for the Southern District of New York, Courtroom 11B of the United States Courthouse, 500 Pearl Street, New York, NY 10007. The Court reserves the right to approve the Commerz Settlement and/or any other matter related to the Commerz Settlement at or after the Settlement Hearing without further notice to the members of the Commerz Settlement Class.

51. Any Commerz Settlement Class Member who or which does not request exclusion may object to the Commerz Settlement.  Objections must be in writing.  You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Southern District of New York at the address set forth below on or before _____, 2015.  You must also mail the papers to Co-Lead Counsel and Commerz's Counsel at the addresses set forth below so that the papers are *received* on or before _____, 2015.

| **Clerk's Office** | **Co-Lead Counsel** | **Commerz's Counsel** |
|---|---|---|
| United States District Court Southern District of New York Clerk of the Court Daniel Patrick Moynihan    United States Courthouse 500 Pearl Street New York, NY 10007 | **Bernstein Litowitz Berger & Grossmann LLP** Salvatore J. Graziano, Esq. 1285 Avenue of the Americas New York, NY 10019 | **Shearman & Sterling LLP** Adam S. Hakki, Esq. 599 Lexington Avenue New York, NY 10022-6069 |
| | **Bleichmar Fonti Tountas & Auld LLP** Javier Bleichmar, Esq. 7 Times Square, 27th Floor New York, NY 10036 | |

52.  Any objection: (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Commerz Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Commerz Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Commerz Settlement Class, including the face value of the 6.25% Senior Notes that the objecting Commerz Settlement Class Member purchased/acquired and/or sold during the Commerz Settlement Class Period (*i.e.*, beginning on August 1, 2011 through and including November 21, 2011), as well as the dates and prices of each such purchase/acquisition and/or sale.  You may not object to the Commerz Settlement if you exclude yourself from the Commerz Settlement Class or if you are not a member of the Commerz Settlement Class.

53.  You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first filed and served a written objection in accordance with the procedures described above, unless the Court orders otherwise.

54.  If you wish to be heard orally at the hearing, you must also file a notice of appearance with the Clerk's Office and serve it on Co-Lead Counsel and Commerz's Counsel at the addresses set forth above so that it is *received* on or before _____, **2015**.  Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.  Such persons may be heard orally at the discretion of the Court.

55.  You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Co-Lead Counsel and Commerz's Counsel at the addresses set forth in ¶ 51 above so that the notice is *received* on or before _____, **2015**.

56.  The Settlement Hearing may be adjourned by the Court without further written notice to the Commerz Class.  If you intend to attend the Settlement Hearing, you should confirm the date and time with Co-Lead Counsel.

57.  **Unless the Court orders otherwise, any Commerz Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Commerz Settlement.  Commerz Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

| WHAT IF I BOUGHT 6.25% SENIOR NOTES ON SOMEONE ELSE'S BEHALF? |
|---|

58.  If you purchased or otherwise acquired 6.25% Senior Notes beginning on August 1, 2011 through and including November 21, 2011 for the beneficial interest of persons or organizations other than yourself, you must either (a) within seven (7) calendar days of receipt of this Notice, request from the Notice Administrator sufficient copies of the Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notices forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of this Notice, provide a list of the names and addresses of all such beneficial owners to *In re MF Global Holdings Limited Securities Litigation*, c/o _____, P.O. Box _____, _____.  If you choose the first option, you must send a statement to the Notice Administrator confirming that the mailing was made and **you must retain your mailing records for use in connection with any further notices that may be provided in the Action**  If you choose the second option, the Notice Administrator will send a copy of the Notice to the beneficial owners.  Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Notice Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Copies of this Notice may also be obtained from the website maintained by the Notice Administrator, www._____.com, or by calling the Notice Administrator toll-free at 1-___-___-____.

| CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS? |
|---|

59.  This Notice contains only a summary of the terms of the proposed Commerz Settlement.  For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Commerz Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007.  Additionally, copies of the Commerz Stipulation and any related orders entered by the Court will be posted on the website maintained by the Notice Administrator, www._____.com.

| Requests for the Notice or to be added to the mailing list for future notices in the Action should be made to: | Inquiries, other than requests for the Notice, should be made to Co-Lead Counsel: | | |
|---|---|---|---|
| *In re MF Global Holdings Limited Securities Litigation,* c/o _____ P.O. Box _____ _____ 800-___-_____ www._____.com | BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP Salvatore J. Graziano, Esq. 1285 Avenue of the Americas New York, NY 10019 (800) 380-8496 blbg@blbglaw.com | or | BLEICHMAR FONTI TOUNTAS & AULD LLP Javier Bleichmar, Esq. 7 Times Square, 27th Floor New York, NY 10036 (212) 789-1341 bfta@bftalaw.com |

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: _____, 2015

By Order of the Court
United States District Court
Southern District of New York

#852084

17

# Exhibit 2

Exhibit A-2

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| | : | |
| IN RE MF GLOBAL HOLDINGS | : | |
| LIMITED SECURITIES LITIGATION | : | Civil Action No. 1:11-CV-07866-VM |
| | : | |
| THIS DOCUMENT RELATES TO: | : | |
| | : | |
| All Securities Actions | : | ECF CASE |
| (*DeAngelis v. Corzine*) | : | |
| | : | |

## SUMMARY NOTICE OF (I) CERTIFICATION OF SETTLEMENT CLASS; (II) PROPOSED SETTLEMENT WITH COMMERZ MARKETS LLC; AND (III) SETTLEMENT FAIRNESS HEARING

**TO:   All persons and entities who or which, during the period beginning on August 1, 2011 through and including November 21, 2011, purchased or otherwise acquired MF Global 6.25% Senior Notes due August 8, 2016 issued on or about August 1, 2011 (CUSIP 55277JAC2) ("6.25% Senior Notes") and were damaged thereby (the "Commerz Settlement Class"):**

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York, that the above-captioned litigation (the "Action") has been certified as a class action for the purposes of settlement only on behalf of the Commerz Settlement Class, except for certain persons and entities who are excluded from the Commerz Settlement Class by definition as set forth in the full printed Notice of (I) Certification of Settlement Class; (II) Proposed Settlement with Commerz Markets LLC; and (III) Settlement Fairness Hearing (the "Commerz Notice").

YOU ARE ALSO NOTIFIED that Settling Plaintiffs in the Action have reached a proposed partial settlement of the Action for $932,828 in cash (the "Commerz Settlement"), that, if approved, will resolve all claims asserted against Commerz in the Action. The proposed Commerz Settlement does not resolve any claims against the other Defendants in the Action, which is continuing to be litigated.

A hearing will be held on _____, 2015 at __:__ _.m., before the Honorable Victor Marrero at the United States District Court for the Southern District of New York, Courtroom 11B of the United States Courthouse, 500 Pearl Street, New York, NY 10007 to determine: (i) whether the proposed Commerz Settlement should be approved as fair, reasonable, and adequate; and (ii) whether the Action should be dismissed with prejudice as against Commerz, and the Releases specified and described in the Stipulation and Agreement of Settlement with Defendant Commerz Markets LLC dated March 17, 2015 (and in the Commerz Notice) should be granted.

**If you are a member of the Commerz Settlement Class, your rights will be affected by the proposed Commerz Settlement and any orders or judgments related to the Commerz Settlement, and you may be entitled to share in the Commerz Settlement Fund.** If you have not yet received the Commerz Notice, you may obtain a copy by contacting the Notice Administrator at *In re MF Global Holdings Limited Securities Litigation*, c/o _____, P.O. Box _____, _____, __ _____-____, 1-___-___-____. Copies of the Commerz Notice can also be downloaded from the website maintained by the Notice Administrator, www._____com.

A Proof of Claim Form is ***not*** being disseminated at this time.  To participate in the Commerz Settlement, you will be required to submit a Proof of Claim Form that will be disseminated at a future date.  Many copies of the full notice are being forwarded to potential settlement class members through brokers and other nominees.  If you have not yet received the full Commerz Notice by mail, or if you do not receive a copy in the mail in the next few weeks, please contact the Notice Administrator at the address above to request that you be added to its mailing list for the *In re MF Global Holdings Limited Securities Litigation.*  PLEASE NOTE: The Proof of Claim, when it becomes available, and other notices in the Action will be posted on the website referred to in the preceding paragraph.  Please check it periodically.

If you are a member of the Commerz Settlement Class and wish to exclude yourself from the class, you must submit a written request for exclusion such that it is ***received*** no later than _____, **2015**, in accordance with the instructions set forth in the Commerz Notice.  If you properly exclude yourself from the Commerz Settlement Class, you will also be excluded from any other classes that have been or may be certified in the Action in which you would otherwise be a member, you will not be bound by any judgments or orders entered by the Court in the Action, and you will not be eligible to share in the proceeds of the Commerz Settlement or any other recoveries that might be obtained in the Action.

Any objections to the proposed Commerz Settlement must be filed with the Court and delivered to Co-Lead Counsel and Commerz's Counsel such that they are ***received*** no later than _____, **2015**, in accordance with the instructions set forth in the Commerz Notice.

**Please do not contact the Court, the Clerk's office, Commerz or its counsel regarding this notice.  All questions about this notice or the proposed Commerz Settlement should be directed to Co-Lead Counsel or the Notice Administrator.**

| Inquiries, other than requests for the Commerz Notice, should be made to Co-Lead Counsel: | | | Requests for the Commerz Notice or to be added to the mailing list for future notices in the Action should be made to: |
|---|---|---|---|
| BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP<br>Salvatore J. Graziano, Esq.<br>1285 Avenue of the Americas<br>New York, NY 10019<br>(800) 380-8496<br>blbg@blbglaw.com | or | BLEICHMAR FONTI TOUNTAS & AULD LLP<br>Javier Bleichmar, Esq.<br>7 Times Square, 27th Floor<br>New York, NY 10036<br>(212) 789-1341<br>bfta@bftalaw.com | *In re MF Global Holdings Limited Securities Litigation*, c/o _____<br>P.O. Box _____<br>_____<br>800-___-_____<br>www._____.com |

By Order of the Court

# Exhibit B

Exhibit B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE MF GLOBAL HOLDINGS LIMITED SECURITIES LITIGATION | : : Civil Action No. 1:11-CV-07866-VM |
| THIS DOCUMENT RELATES TO: | : : |
| All Securities Actions (*DeAngelis v. Corzine*) | : ECF CASE : : |

**JUDGMENT APPROVING CLASS ACTION SETTLEMENT**
**WITH DEFENDANT COMMERZ MARKETS LLC**

WHEREAS, a consolidated securities class action is pending in this Court styled *In re MF Global Holdings Limited Securities Litigation*, Civil Action No. 1:11-CV-07866-VM, that has been consolidated with other actions under the master case *DeAngelis v. Corzine*, 11-CV-07866-VM (the "Action");

WHEREAS, (a) Lead Plaintiffs the Virginia Retirement System and Her Majesty The Queen In Right Of Alberta (collectively "Lead Plaintiffs") and named plaintiff the Government of Guam Retirement Fund ("Guam," and, together with Settling Plaintiffs, the "Settling Plaintiffs"), on behalf of themselves, the other named plaintiffs in the Action, and the other members of the Commerz Settlement Class (defined below), and (b) defendant Commerz Markets LLC ("Commerz," and, together with Lead Plaintiffs, the "Settling Parties") have entered into a Stipulation and Agreement of Settlement with Defendant Commerz Markets LLC dated March 17, 2015 (the "Commerz Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted against Commerz in the Action on the terms and conditions set

forth in the Commerz Stipulation, subject to the approval of this Court (the "Commerz Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Commerz Stipulation;

WHEREAS, by Order dated _____ __, 2015 (the "Commerz Preliminary Approval Order"), this Court: (a) preliminarily approved the Commerz Settlement; (b) certified the Commerz Settlement Class solely for purposes of effectuating the Commerz Settlement; (c) ordered that notice of the proposed Commerz Settlement be provided to potential Commerz Settlement Class Members; (d) provided Commerz Settlement Class Members with the opportunity either to exclude themselves from the Commerz Settlement Class or to object to the proposed Commerz Settlement; and (e) scheduled a hearing regarding final approval of the Commerz Settlement;

WHEREAS, due and adequate notice has been given to the Commerz Settlement Class;

WHEREAS, the Court conducted a hearing on _____ __, 2015 (the "Settlement Hearing") to consider, among other things: (a) whether the terms and conditions of the Commerz Settlement are fair, reasonable and adequate to the Commerz Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against Commerz; and

WHEREAS, the Court having reviewed and considered the Commerz Stipulation, all papers filed and proceedings held herein in connection with the Commerz Settlement, all oral and written comments received regarding the Commerz Settlement, and the record in the Action, and good cause appearing therefor;

2

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.      **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Commerz Settlement, as well as personal jurisdiction over all of the Settling Parties and each of the Commerz Settlement Class Members.

2.      **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof:  (a) the Commerz Stipulation filed with the Court on March __, 2015; and (b) the Commerz Notice and the Commerz Summary Notice, both of which were filed with the Court on _____, 2015.

3.      **Class Certification for Settlement Purposes** – The Court hereby affirms its determinations in the Commerz Preliminary Approval Order certifying, for the purposes of the Commerz Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class consisting of all persons and entities who or which purchased or otherwise acquired, during the Commerz Settlement Class Period (i.e., the period beginning on August 1, 2011 through and including November 21, 2011), MF Global 6.25% Senior Notes due August 8, 2016 issued on or about August 1, 2011 ("6.25% Senior Notes") and were damaged thereby (the "Commerz Settlement Class").  Excluded from the Commerz Settlement Class are: (i) Defendants and MF Global; (ii) members of the Immediate Families of the Individual Defendants; (iii) the subsidiaries and affiliates of Defendants and MF Global; (iv) any person or entity who or which was, at any time during the period beginning on May 20, 2010 through and including November 21, 2011, and/or is a partner, executive officer, director, or controlling person of MF Global, or any of its subsidiaries or affiliates, or of any Defendant; (v) any entity in which any Defendant or MF Global had, at any time during the period beginning on May 20, 2010 through and including November 21, 2011, and/or has a

3

controlling interest; (vi) Defendants' liability insurance carriers, and any affiliates or subsidiaries thereof; and (vii) the legal representatives, heirs, successors and assigns of any such excluded person or entity; provided, however, that any Investment Vehicle shall not be deemed an excluded person or entity by definition.  [Also excluded from the Commerz Settlement Class as well as any other settlement class(es) and litigation class that may be certified in the Action are the persons and entities listed on Exhibit 1 hereto who or which are excluded pursuant to request.]

4.    **<u>Adequacy of Representation</u>** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Commerz Settlement only, the Court hereby affirms its determinations in the Commerz Preliminary Approval Order certifying Guam as class representative for the Commerz Settlement Class and appointing Co-Lead Counsel as class counsel for the Commerz Settlement Class.   Guam and Co-Lead Counsel have fairly and adequately represented the Commerz Settlement Class both in terms of litigating the Action as against Commerz and for purposes of entering into and implementing the Commerz Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5.    **<u>Notice</u>** – The Court finds that the dissemination of the Commerz Notice and the publication of the Commerz Summary Notice:  (a) were implemented in accordance with the Commerz Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Commerz Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Commerz Settlement (including the Releases to be provided thereunder); (iii) their right to object to any aspect of the Commerz Settlement; (iv) their right to exclude themselves

from the Commerz Settlement Class; and (v) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Commerz Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 77z-1, as amended, and all other applicable law and rules.

6.    **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Commerz Settlement set forth in the Commerz Stipulation in all respects (including, without limitation: the amount of the Commerz Settlement; the Releases provided for therein, including the release of the Released Plaintiffs' Claims as against the Commerz Releasees; and the dismissal with prejudice of the claims asserted against Commerz in the Action), and finds that the Commerz Settlement is, in all respects, fair, reasonable and adequate to the Commerz Settlement Class.  The Settling Parties are directed to implement, perform and consummate the Commerz Settlement in accordance with the terms and provisions contained in the Commerz Stipulation.

7.    All of the claims asserted against Commerz in the Action by Settling Plaintiffs and the Commerz Settlement Class Members are hereby dismissed with prejudice.  The Settling Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Commerz Stipulation.

8.    **Binding Effect** – The terms of the Commerz Stipulation and of this Judgment shall be forever binding on Commerz, Settling Plaintiffs and all other Commerz Settlement Class Members (regardless of whether or not any individual Commerz Settlement Class Member

submits a Proof of Claim Form or seeks or obtains a distribution from the Commerz Net Settlement Fund), as well as their respective successors and assigns.  [The persons and entities listed on Exhibit 1 hereto are excluded from the Commerz Settlement Class pursuant to request and are not bound by the terms of the Commerz Stipulation or this Judgment.]

9.     **Releases** – The Releases set forth in paragraphs 5 and 6 of the Commerz Stipulation, together with the definitions contained in paragraph 1 of the Commerz Stipulation relating thereto, are expressly incorporated herein in all respects.  The Releases are effective as of the Effective Date.  Accordingly, this Court orders that:

(a)     Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Commerz Settlement, Settling Plaintiffs and each of the other Commerz Settlement Class Members, on behalf of themselves and their respective heirs, executors, administrators, predecessors, successors, affiliates and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim against Commerz and the other Commerz Releasees, and shall forever be enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Commerz Releasees.  This Release shall not apply to any of the Excluded Plaintiffs' Claims.

(b)     Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Commerz Settlement, Commerz, on behalf of itself and its administrators, predecessors, successors, affiliates and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and

every Released Commerz Claim against Settling Plaintiffs and the other Plaintiffs' Releasees, and shall forever be enjoined from prosecuting any or all of the Released Commerz Claims against any of the Plaintiffs' Releasees.  This Release shall not apply to any Excluded Commerz Claim [or to any person or entity listed on Exhibit 1 hereto.]

10.     Notwithstanding paragraphs 9(a) – (b) above, nothing in this Judgment shall bar any action by any of the Settling Parties to enforce or effectuate the terms of the Commerz Stipulation or this Judgment.

11.     **Bar Order** – The Court hereby: (a) permanently bars, enjoins and restrains any person or entity from commencing, prosecuting, or asserting any Barred Claims against any of the Commerz Releasees, whether as claims, cross-claims, counterclaims, third-party claims, or otherwise, and whether asserted in the Action or any other proceeding, in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere; and (b) permanently bars, enjoins, and restrains the Commerz Releasees from commencing, prosecuting, or asserting any Barred Claims against any person or entity, whether as claims, cross-claims, counterclaims, third-party claims or otherwise, and whether asserted in the Action or any other proceeding, in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere.

12.     **Judgment Reduction** – Any final verdict or judgment obtained by or on behalf of the Commerz Settlement Class arising out of the 6.25% Senior Notes offering against any person or entity subject to the Bar Order shall be reduced by the greatest of:  (i) an amount that corresponds to the percentage of responsibility of Commerz as an underwriter of that offering for common damages arising out of that offering; (ii) the amount paid by or on behalf of Commerz

to the Commerz Settlement Class for common damages arising out of the 6.25% Senior Notes offering; or (iii) the amount Commerz would have been required under the applicable agreements among the underwriters of the 6.25% Senior Notes to contribute to any judgment with respect to the 6.25% Senior Notes offering if not for the Bar Order, i.e., the percentage that corresponds to the percentage of the 6.25% Senior Notes offering that Commerz committed to take down in that offering (including any over allotment); provided, however, there shall be no reduction for any amounts Commerz would be responsible to contribute under those agreements with respect solely to any and all costs or fees (including but not limited to attorneys' fees) incurred by or for which the underwriters of the 6.25% Senior Notes may otherwise become responsible that are related in any way to such judgment.

13.     **Rule 11 Findings** – The Court finds and concludes that the Settling Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

14.     **No Admissions** – Neither this Judgment, the Commerz Stipulation (whether or not consummated), including the exhibits thereto, the Plan of Allocation to be proposed by Lead Plaintiffs (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Commerz Stipulation, nor any proceedings taken pursuant to or in connection with the Commerz Stipulation and/or approval of the Commerz Settlement (including any arguments proffered in connection therewith):

(a)     shall be offered against any of the Commerz Releasees as evidence of, or construed as, or deemed to be evidence of (i) any presumption, concession, or admission by any of the Commerz Releasees with respect to the truth of any fact alleged by Settling

Plaintiffs, the validity of any claim that was or could have been asserted by Settling Plaintiffs or any member of the Commerz Settlement Class, or the deficiency of any defense that has been or could have been asserted by Commerz in this Action or in any other litigation, or (ii) any liability, negligence, fault, or other wrongdoing of any kind of any of the Commerz Releasees or in any way referred to for any other reason as against any of the Commerz Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Commerz Stipulation;

(b)      shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of (i) any presumption, concession or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Commerz Releasees had meritorious defenses, or that damages recoverable against Commerz under the Complaint would not have exceeded the Commerz Settlement Amount, or (ii) any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Commerz Stipulation; or

(c)      shall be construed against any of Releasees as an admission, concession, or presumption that the consideration to be given under the Commerz Settlement represents the amount which could be or would have been recovered against Commerz after trial;

provided, however, that the Settling Parties and the Releasees and their respective counsel may refer to this Judgment and the Commerz Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Commerz Settlement.

15.    **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over:  (a) the Settling Parties for purposes of the administration, interpretation, implementation and enforcement of the Commerz Settlement; (b) the disposition of the Commerz Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Co-Lead Counsel in the Action that will be paid from the Commerz Settlement Fund; (d) any motion to approve a plan of allocation for the proceeds of the Commerz Settlement Fund; (e) any motion to approve the Class Distribution Order; and (f) the Commerz Settlement Class Members for all matters relating to the Commerz Settlement.

16.    At this time, motions for approval of a plan of allocation or for an award of attorneys' fees and reimbursement of Litigation Expenses to Plaintiffs' Counsel have not been made.  Following additional notice to Commerz Settlement Class Members and an opportunity to be heard, separate orders shall be entered regarding approval of a plan of allocation and the motion of Co-Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses.  Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Commerz Settlement.

17.    **Modification of the Agreement of Settlement** – Without further approval from the Court, Settling Plaintiffs and Commerz are hereby authorized to agree to and adopt such amendments or modifications of the Commerz Stipulation or any exhibits attached thereto to effectuate the Commerz Settlement that: (a) are not materially inconsistent with this Judgment;

10

and (b) do not materially limit the rights of Commerz Settlement Class Members in connection with the Commerz Settlement.  Without further order of the Court, Settling Plaintiffs and Commerz may agree to reasonable extensions of time to carry out any provisions of the Commerz Settlement.

18.   **Termination of Settlement** – If the Commerz Settlement is terminated as provided in the Commerz Stipulation or the Effective Date of the Commerz Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Commerz Stipulation, and this Judgment shall be without prejudice to the rights of Settling Plaintiffs, the other Commerz Settlement Class Members and Commerz, and the Settling Parties shall revert to their respective positions in the Action as of May 8, 2014, as provided in the Commerz Stipulation.

19.   **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action as against Commerz pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.  Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment as against Commerz.

SO ORDERED this _____ day of _____, 2015.


_____
The Honorable Victor Marrero
United States District Judge


# 852093

11

**Exhibit 1**

**[List of Persons and Entities Excluded from the
Commerz Settlement Class Pursuant to Request]**