**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

| | |
|---|---|
| IN RE MF GLOBAL HOLDINGS LTD. INVESTMENT LITIGATION : | 12 MD 2338 (VM) |
| ---------------------------------------------------------------x : | |
| NADER TAVAKOLI, AS LITIGATION TRUSTEE OF THE MF GLOBAL LITIGATION TRUST, : : : | 11 Civ. 7866 (VM) |
| Plaintiff, : | **ECF CASE** |
| - against - : | |
| JON S. CORZINE, BRADLEY I. ABELOW, AND HENRI J. STEENKAMP, : : | |
| Defendants. : | |
| ---------------------------------------------------------------x : | |
| THIS DOCUMENT RELATES TO: : : | **NOTICE OF NON-PARTY SUBPOENA** |
| *Nader Tavakoli, as Litigation Trustee of the MF Global Litigation Trust v. Corzine, et al. (formerly Freeh v. Corzine, et al.)* : : : : | |

---------------------------------------------------------------x

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, defendants Bradley Abelow and Henri Steenkamp are serving a Subpoena, a true and correct copy of which is attached to this notice, upon Interactive Brokers Group, Inc., which is a non-party to this action, for the production of documents on the date, time and location specified in the Subpoena.

Dated: New York, New York
       March 17, 2015

- 2 -

| | |
|---|---|
| KRAMER LEVIN NAFTALIS & FRANKEL LLP | BINDER & SCHMWARTZ LLP |
| By : /s/ Arthur H. Aufses<br>Arthur H. Aufses III, Esq.<br>Paul H. Schoeman, Esq.<br>1177 Avenue of the Americas<br>New York, New York 10036<br>Tel: (212) 715-9100 | By : /s/ Neil S. Binder<br>Neil S. Binder, Esq.<br>Danielle Levine, Esq.<br>28 West 44th St., 7th Floor<br>New York, New York 10036<br>(347) 334-5090 |
| *Attorneys for Defendant Bradley I. Abelow* | *Attorneys for Defendant Henri Steenkamp* |

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | | |
|---|---|---|
| Nader Tavakoli | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 11-Civ-7866 |
| Jon S. Corzine, et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Interactive Brokers Group, Inc.
One Pickwick Plaza, Greenwich, CT 06830
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A

| Place: Kramer Levin Naftalis & Frankel LLP attn: Arthur Aufses<br>1177 Avenue of the Americas<br>New York, NY 10036 | Date and Time:<br><br>03/31/2015 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  03/17/2015

*CLERK OF COURT*

OR  /s/ Arthur Aufses

*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Bradley I. Abelow and Henri J. Steenkamp                                , who issues or requests this subpoena, are:

Arthur Aufses, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036, aaufses@kramerlevin.com, (212) 715-9234

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 11-Civ-7866

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

### Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Schedule A

## DEFINITIONS

1.      This Subpoena incorporates by reference the Uniform Definitions in Discovery Requests set forth in Local Rule 26.3.

2.      The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise). *See* Local Civil Rule 26.3(c)(1).

3.      The term "document" is to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term. *See* Local Civil Rule 26.3(c)(2).

4.      The term "Transaction" means any potential or actual purchase, sale, or other exchange of securities or other financial instruments and/or assets, including but not limited to the customer accounts at MFGI.

5.      The term "MF Global" shall mean MFGH and any of its affiliates or subsidiaries, including without limitation MFGI.

6.      The term "MFGH" means MF Global Holdings, Ltd. and any of its predecessors, successors, divisions, departments and operating units, and each of their current and former officers, directors, shareholders, employees, partners, limited partners, agents, representatives, accountants, attorneys and all persons and entities acting or purporting to act on its behalf.

KL3 3002832.2

- 7 -

7. The term "MFGI" means MF Global Inc. and any of its predecessors, successors, subsidiaries, divisions, departments and operating units, and each of their current and former officers, directors, shareholders, employees, partners, limited partners, agents, representatives, accountants, attorneys and all persons and entities acting or purporting to act on its behalf.

8. The term "Interactive Brokers" means Interactive Brokers Group, Inc., and any of its predecessors, successors, subsidiaries, divisions, departments and operating units, and each of their current and former officers, directors, shareholders, employees, partners, limited partners, agents, representatives, accountants, attorneys and all persons and entities acting or purporting to act on its behalf.

9. The term "Evercore" means Evercore Partners, Inc., and any of its predecessors, successors, subsidiaries, divisions, departments and operating units, and each of their current and former officers, directors, shareholders, employees, partners, limited partners, agents, representatives, accountants, attorneys and all persons and entities acting or purporting to act on its behalf.

10. The term "Jefferies" means Jefferies LLC, and any of its predecessors, successors, subsidiaries, divisions, departments and operating units, and each of their current and former officers, directors, shareholders, employees, partners, limited partners, agents, representatives, accountants, attorneys and all persons and entities acting or purporting to act on its behalf.

KL3 3002832.2

11.     The term "Blackstone" means the Blackstone Group, LP., and any of its predecessors, successors, subsidiaries, divisions, departments and operating units, and each of their current and former officers, directors, shareholders, employees, partners, limited partners, agents, representatives, accountants, attorneys and all persons and entities acting or purporting to act on its behalf.

## INSTRUCTIONS

1.      The documents referred to herein are to include all portions, or pages of each document referred to, and all attachments, enclosures, appendices, and supporting documentation, including, without limitation, originals, copies, non-identical copies (that may contain handwritten notes, markings, stamps, interlineations or electronic information), drafts, working papers, routing slips, and similar materials.

2.      A document is deemed to be in your actual or constructive possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person, including any one or more of your respective agents, including without limitation lawyers and accountants, or anyone else acting on your behalves, and you or such agent (a) own such document in whole or in part; (b) have a right, by control, contract, statute, order, or otherwise, to use, inspect, examine, or copy such document on any terms; (c) have an understanding, express or implied, that you may use, inspect, examine, or copy such document upon any terms; or (d) have, as a practical matter, been able to use, inspect, examine, or copy such document when you sought to do so. For the avoidance of doubt, a document is deemed to be in your actual or constructive possession, custody, or control if it is accessible on a network or server that you maintain.

3.      These Document Requests are continuing in character so as to require prompt amendment or supplementation whenever you obtain, at any time during the period between your initial responses and the conclusion of this action, information that renders your responses in some material respect incorrect or incomplete.

4.      These Document Requests are submitted for the purpose of discovery and are not to be taken as waiving any objections to the introduction of evidence on subjects covered by these Document Requests, or as an admission of the relevance or materiality of any of the matters covered by these Document Requests.

5.      In producing responsive documents, you should furnish all documents in your possession, custody, or control, regardless of whether such documents are possessed directly by you or by your agents, employees, or representatives, including your attorneys or their agents, employees, or representatives.

6.      You are to produce any and all drafts and copies of each document that is responsive to any Document Request and all copies of each such document that are not identical in any respect, including but not limited to handwritten notes, markings, stamps, interlineations, and electronic information.

7.      With respect to Electronically Stored Information ("ESI"):

8.      All electronic mail and spreadsheets responsive to these Document Requests that are maintained in the usual course of business in electronic format are to be produced in their native format along with the software necessary to interpret such files if such software is not readily available.

KL3 3002832.2

9.  All other documents responsive to these Document Requests that are maintained in the usual course of business in electronic format are to be produced in properly utilized, multi-page TIFF Group IV format complete with full text extracts and all associated metadata.

10. All documents responsive to these Document Requests are to be produced with the metadata normally contained within such documents, and the necessary Concordance or Introspect load files. If such metadata is not available, each document is to be accompanied by a listing of all file properties relating to such document, including, but not limited to, all information relating to the date(s) the document was last accessed, created, modified or distributed, and the author(s) and recipient(s) of the document.

11. Under no circumstances should ESI be converted from the form in which it is ordinarily maintained to a different form that makes it more difficult or burdensome to use. ESI should not be produced in a form that removes or significantly degrades the ability to search the ESI by electronic means where the ESI is ordinarily maintained in a way that makes it searchable by electronic means. Databases or underlying data should not be produced without first discussing production format issues with counsel for the Individual Defendants. If you decline to search or produce ESI on the ground that such ESI is not reasonably accessible because of undue burden or cost, identify such information by category or source and provide detailed information regarding the burden of cost you claim is associated with the search or production of such ESI.

12. All documents that are physically attached to each other when located for production are to be left so attached when produced. Documents that are segregated or separated from other documents, whether by inclusion in binders, files, subfiles, or by use of dividers, tabs or any other method, are to be left so segregated or separated when produced.

13.     Each Document Request requires production in full, without abbreviation, redaction, or expurgation, of any responsive documents. If any responsive document is not or cannot be produced in full, produce it to the extent possible, indicating which document, or portion of that document is being withheld, and the reason(s) it is being withheld.

14.     Documents not otherwise responsive to these Document Requests are to be produced if such documents mention, discuss, refer to, or explain the documents which are responsive to these Document Requests, or if such documents are attached to documents responsive to these Document Requests and constitute routing slips, transmittal memoranda, or letters, comments, evaluations, or similar materials.

15.     If in responding to a Document Request, you encounter any ambiguity in construing it or any definitions and instructions relevant to it, set forth the matter or term deemed "ambiguous" and the construction used in responding to such Request.

16.     If a privilege is claimed as the basis for not producing any document, you are to furnish a privilege log setting forth, for each such document: (i) the nature of the privilege (including work product) which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; (ii) the type of document, e.g., letter, memorandum, etc.; (iii) the general subject matter of the document; (iv) the date of the document; and (v) the author of the document, the addressees and any other recipients of the document and, where not apparent, the relationship of the author, addressees, and recipients to each other. See Local Civil Rule 26.2(a).

17.     If a requested document already has been produced to the Defendants, that document need not be produced again, provided that you identify the document by its Bates production number.

18.     Except where otherwise noted, these Document Requests refer to the period from August 1, 2011, through the present.

## DOCUMENT REQUESTS

**REQUEST NO. 1:**

All documents concerning communications with MF Global or any one or more representatives of MF Global.

**REQUEST NO. 2:**

All documents concerning a possible Transaction with MF Global, MFGH and/or MFGI, including without limitation, all proposals, term sheets, bid and/or offer letters, and all other correspondence and communications concerning such a Transaction.

**REQUEST NO. 3:**

All documents concerning communications with Evercore, Blackstone, and/or Jefferies that concern MF Global.

**REQUEST NO. 4:**

All documents concerning the value of the assets of MF Global (and/or of MF Global's equity), MFGH and/or MFGI, including but not limited to Interactive Brokers' assessment of such value.

KL3 3002832.2

- 13 -

**REQUEST NO. 5:**

To the extent not produced in response to one of the above Requests, all documents concerning MF Global.

KL3 3002832.2