USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/20/15

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| IN RE MF GLOBAL HOLDINGS LIMITED SECURITIES LITIGATION | : <br> : <br> :    Civil Action No. 1:11-CV-07866-VM |
| THIS DOCUMENT RELATES TO: | : <br> : |
| All Securities Actions <br> (*DeAngelis v. Corzine*) | :    ECF CASE <br> : <br> : |

### ORDER PRELIMINARILY APPROVING
### PROPOSED SETTLEMENT WITH DEFENDANT
### PRICEWATERHOUSECOOPERS LLP AND PROVIDING FOR NOTICE

WHEREAS, a consolidated securities class action is pending in this Court styled *In re MF Global Holdings Limited Securities Litigation*, Civil Action No. 1:11-CV-07866-VM, that has been consolidated with other actions under the master case *DeAngelis v. Corzine*, 11-CV-07866-VM (the "Action");

WHEREAS, (a) Lead Plaintiffs the Virginia Retirement System and Her Majesty The Queen In Right Of Alberta, on behalf of themselves, the other named plaintiffs in the Action, and the other members of the PwC Settlement Class (defined below), and (b) defendant PricewaterhouseCoopers LLP ("PwC" and together with Lead Plaintiffs, on behalf of themselves, the other named plaintiffs in the Action, and the other members of the PwC Settlement Class, the "Settling Parties") have determined to settle all claims asserted against PwC in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement with Defendant PricewaterhouseCoopers LLP dated April 3, 2015 (the "PwC Stipulation") subject to approval of this Court (the "PwC Settlement");

WHEREAS, Lead Plaintiffs have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the PwC Settlement in accordance with the PwC Stipulation, certifying the PwC Settlement Class for purposes of the PwC Settlement only, and allowing notice to PwC Settlement Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) the Consolidated Second Amended Securities Class Action Complaint filed in this Action on October 3, 2014; (b) Lead Plaintiffs' motion for preliminary approval of the PwC Settlement, and the papers filed and arguments made in connection therewith; and (c) the PwC Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the PwC Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.    **Class Certification for Settlement Purposes** – Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the proposed PwC Settlement, a class consisting of all persons and entities who or which purchased or otherwise acquired any of the MF Global Securities[1] during the Settlement Class Period (i.e., the period beginning on May 20, 2010 through and including November 21, 2011), and were damaged thereby (the "PwC Settlement Class"). Excluded from the PwC Settlement Class are: (i) Defendants and MF Global; (ii) members of the Immediate Families of the Individual Defendants; (iii) the subsidiaries and affiliates of Defendants and MF Global; (iv) any

---

[1]    "MF Global Securities" means MF Global common stock (CUSIP 55277J108); MF Global's 9% Convertible Senior Notes due June 20, 2038 issued on or about June 25, 2008 (CUSIP 55276YAB2); MF Global's 1.875% Convertible Senior Notes due February 1, 2016 issued on or about February 7, 2011 (CUSIP 55277JAA6); MF Global's 3.375% Convertible Senior Notes due August 1, 2018 issued on or about July 28, 2011 (CUSIP 55277JAB4); and MF Global's 6.25% Senior Notes due August 8, 2016 issued on or about August 1, 2011 (CUSIP 55277JAC2).

person or entity who or which was at any time during the Settlement Class Period and/or is a

partner, executive officer, director, or controlling person of MF Global, or any of its subsidiaries

or affiliates, or of any Defendant; (v) any entity in which any Defendant or MF Global had at any

time during the Settlement Class Period and/or has a controlling interest; (vi) Defendants'

liability insurance carriers, and any affiliates or subsidiaries thereof; and (vii) the legal

representatives, heirs, successors and assigns of any such excluded person or entity; provided,

however, that any Investment Vehicle shall not be deemed an excluded person or entity by

definition.  Also excluded from the PwC Settlement Class are the PwC Entities and such entities

shall not be eligible to participate in any recoveries obtained in the Action.  Additionally, also

excluded from the PwC Settlement Class are any persons and entities who or which exclude

themselves from the PwC Settlement Class, or any Other Class(es) (to the extent such persons or

entities would be PwC Settlement Class Members absent such exclusion) by submitting a request

for exclusion that is accepted by the Court.

   2. **Class Findings** – Solely for purposes of the proposed PwC Settlement of this

Action, the Court finds that each element required for certification of the PwC Settlement Class

pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the

PwC Settlement Class are so numerous that their joinder in the Action would be impracticable;

(b) there are questions of law and fact common to the PwC Settlement Class which predominate

over any individual questions; (c) the claims of Lead Plaintiffs in the Action are typical of the

claims of the PwC Settlement Class; (d) Lead Plaintiffs and Co-Lead Counsel have and will

fairly and adequately represent and protect the interests of the PwC Settlement Class; and (e) a

class action is superior to other available methods for the fair and efficient adjudication of the

Action.

3.      The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the PwC Settlement only, Lead Plaintiffs are adequate class representatives and certifies them as class representatives for the PwC Settlement Class. The Court also appoints Co-Lead Counsel as class counsel for the PwC Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4.      **Preliminary Approval of the PwC Settlement** – The Court hereby preliminarily approves the PwC Settlement, as embodied in the PwC Stipulation, as being fair, reasonable and adequate to the PwC Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

5.      **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on *20 November*, 2015 at *9 :30 a*.m. in Courtroom 11B of the United States Courthouse, 500 Pearl Street, New York, NY 10007, for the following purposes: (a) to determine whether the proposed PwC Settlement on the terms and conditions provided for in the PwC Stipulation is fair, reasonable and adequate to the PwC Settlement Class, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the PwC Stipulation should be entered dismissing the Action with prejudice as against PwC; (c) to determine whether the motion by Co-Lead Counsel for an award of attorneys' fees and reimbursement of expenses should be approved; and (d) to consider any other matters that may properly be brought before the Court in connection with the PwC Settlement. Notice of the PwC Settlement, Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses, and the Settlement Hearing shall be given to PwC Settlement Class Members as set forth in paragraph 7 of this Order.

6.     The Court may adjourn the Settlement Hearing and approve the proposed PwC Settlement with such modifications as the Settling Parties may agree to, if appropriate, without further notice to the PwC Settlement Class.

7.     **Retention of Notice Administrator and Manner of Giving Notice** – Garden City Group, LLC (f/k/a The Garden City Group, Inc.) (the "Notice Administrator" or "GCG"), which the Court previously authorized Co-Lead Counsel to retain to supervise and administer the notice procedure in connection with any other settlements or recoveries that may be achieved in this Action as well as the processing of Claims at such time as a plan of allocation for the proceeds of the PwC Settlement and any additional recoveries achieved in the Action is approved by the Court, shall supervise and administer the notice procedure in connection with the proposed PwC Settlement as more fully set forth below.  Notice of the PwC Settlement, Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses, and the Settlement Hearing shall be given by Co-Lead Counsel as follows:

(a)     not later than seventy-five (75) business days after the date of entry of this Order (the "Notice Date"), the Notice Administrator shall cause a copy of the PwC Notice, substantially in the form attached hereto as Exhibit 1, to be mailed by first-class mail to potential PwC Settlement Class Members who or which may be identified through reasonable effort including, but not limited to, the nominee procedures set forth below;

(b)     contemporaneously with the mailing of the PwC Notice, the Notice Administrator shall cause a copy of the PwC Notice to be posted on the website developed by the Notice Administrator for the Action, from which copies of the PwC Notice can be downloaded;

(c)     not later than ten (10) business days after the Notice Date, the Notice Administrator shall cause the PwC Summary Notice, substantially in the form attached hereto as

Exhibit 2, to be published once each in *The Wall Street Journal* and *Investor's Business Daily* and to be transmitted once over the *PR Newswire*; and

        (d)    not later than seven (7) calendar days prior to the Settlement Hearing, Co-Lead Counsel shall serve on PwC's Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

        8.    **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the PwC Notice and the PwC Summary Notice, attached hereto as Exhibits 1 and 2, respectively, and (b) finds that the mailing and distribution of the PwC Notice and the publication of the PwC Summary Notice in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise PwC Settlement Class Members of the pendency of the Action, of the effect of the proposed PwC Settlement (including the Releases to be provided thereunder) and of their right to exclude themselves from the PwC Settlement Class, of Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses, of their right to object to the PwC Settlement and/or the motion for attorneys' fees and expenses, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed PwC Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1, 78u-4, as amended, and all other applicable laws and rules.  The date and time of the Settlement Hearing shall be included in the PwC Notice and PwC Summary Notice before they are mailed and published, respectively.

9.     **Nominee Procedures** – Brokers and other nominees who purchased or otherwise acquired any MF Global Securities during the Settlement Class Period for the benefit of another person or entity and who in connection with the mailing of the Underwriter and Commerz notices:

(a)     provided GCG with the names and addresses of beneficial owners in compliance with the search instructions sent by GCG in connection with the mailing of the Underwriter and Commerz Notices, need do nothing more;

(b)     elected to forward the notices of the Underwriter and Commerz Settlements to potential members of those Settlement Classes and who or which complied with the search instructions sent by GCG in connection with the mailing of the Underwriter and Commerz Notices, shall now augment the records they developed in connection with that mailing to add persons and entities for whom or which they purchased or acquired MF Global common stock during the period beginning on June 14, 2010 through and including November 21, 2011, and within seven (7) calendar days of receipt of the PwC Notice from GCG, request from GCG sufficient copies of the PwC Notice to forward to all beneficial owners to whom or which they previously forwarded the Underwriter and Commerz Notices as well as to all beneficial owners identified in the supplemental search, and within seven (7) calendar days of receipt of the notices forward them to all such beneficial owners;

(c)     neither previously provided names and address to GCG nor forwarded the Underwriter and Commerz Notices to beneficial owners, such brokers and nominees shall (a) within seven (7) calendar days of receipt of the PwC Notice, request from GCG sufficient copies of the PwC Notice to forward to all persons and entities on whose behalf they purchased or acquired any of the MF Global Securities during the period beginning on May 20, 2010

through and including November 21, 2011, and within seven (7) calendar days of receipt of those notices forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the PwC Notice, send a list of the names and addresses of all such beneficial owners to GCG in which event GCG shall promptly mail the PwC Notice to such beneficial owners. Nominees who elect to send the PwC Notice to their beneficial owners shall send a statement to GCG confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Action.  Upon full compliance with this Order, nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing GCG with proper documentation supporting the expenses for which reimbursement is sought.  Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the PwC Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

10.    **Participation in the Settlement** – PwC Settlement Class Members who or which wish to participate in the PwC Settlement and to be eligible to receive a distribution from the PwC Net Settlement Fund will be required to complete and submit a Proof of Claim Form in accordance with the instructions to be set forth therein and by the date to be set by the Court. therein.  At this time, a plan of allocation for the distribution of the net proceeds of the PwC Settlement has not been proposed by Lead Plaintiffs.  When such a plan is proposed, PwC Settlement Class Members will be given notice of the proposed plan and afforded the opportunity to object before the Court rules on approval of the plan.

11.    **Exclusion From the Settlement Class** – Any PwC Settlement Class Member who or which wishes to exclude himself, herself or itself from the the PwC Settlement Class must

8

request exclusion in writing within the time and in the manner set forth in the PwC Notice, which shall provide that: (a) any such request for exclusion from the PwC Settlement Class must be mailed or delivered such that it is received no later than twenty-eight (28) calendar days prior to the Settlement Hearing, to: *In re MF Global Holdings Limited Securities Litigation*, EXCLUSIONS, c/o the Notice Administrator at the address to be set forth in the PwC Notice, and (b) that each request for exclusion must: (i) state the name, address and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the PwC Settlement Class in *In re MF Global Holdings Limited Securities Litigation*, Civil Action No. 1:11-CV-7866"; (iii) state the amount of each MF Global Security (in terms of number of shares of common stock and face value of the respective notes) that the person or entity requesting exclusion purchased/acquired and/or sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative.  A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

12.     Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the PwC Settlement Class shall not be an PwC Settlement Class Member, shall not be bound by the terms of the PwC Settlement or any orders or judgments in the Action relating to the PwC Settlement, and shall not receive any payment out of the PwC Net Settlement Fund.  Additionally, any person or entity who or which requests exclusion from the PwC Settlement Class shall be deemed to have also requested exclusion from any class(es) covered by any other settlement(s) presented to the Court

for consideration of final approval concurrently with consideration of the PwC Settlement for final approval.  Similarly, any person or entity who or which requests exclusion from any Other Class(es) shall be deemed to have requested exclusion from the PwC Settlement Class.  All terms and conditions applicable to all persons and entities who or which requested exclusion from the PwC Settlement Class and who or which are excluded from the PwC Settlement Class as set forth in the preceding sentence shall also apply to persons and entities who or which request exclusion from any Other Class(es) to the extent such persons or entities would be PwC Settlement Class Members absent such exclusion.

13.     Any persons or entities who or which, pursuant to request, are excluded from the PwC Settlement Class shall be deemed to be excluded from any other settlement class(es) and litigation class that may yet be certified by the Court (as well as the other classes covered by any other settlement(s) presented to the Court for consideration of final approval concurrently with consideration of the PwC Settlement for final approval), shall not be bound by the terms of any orders or judgments in the Action relating to those settlements or the Action as applicable, and shall not be entitled to receive any payment from recoveries that might be obtained on behalf of those classes in the Action.

14.     Any PwC Settlement Class Member who or which does not timely and validly request exclusion from the PwC Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her or its right to be excluded from the PwC Settlement Class; (b) shall be forever barred from requesting exclusion from the PwC Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the PwC Stipulation, the PwC Settlement, and all proceedings, determinations, orders and judgments in the Action relating to the PwC Settlement, including, but not limited to, the PwC Judgment, and the Releases provided

for therein whether favorable or unfavorable to the PwC Settlement Class; and (d) shall be barred from commencing, maintaining or prosecuting any of the Released Plaintiffs' Claims against any of the PwC Releasees, as more fully described in the PwC Stipulation and PwC Notice.

15.     **Appearance and Objections at Settlement Hearing** – Any PwC Settlement Class Member who or which does not request exclusion from the PwC Settlement Class or from any Other Class(es) may enter an appearance in the Action at his, her or its own expense, individually or through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Co-Lead Counsel and PwC's Counsel, at the addresses set forth in paragraph 16 below, such that it is received no later twenty-eight (28) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct. Any PwC Settlement Class Member who does not enter an appearance will be represented by Co-Lead Counsel.

16.     Any PwC Settlement Class Member who does not request exclusion from the PwC Settlement Class or from any Other Class(es) may file a written objection to the proposed PwC Settlement and show cause, if he, she or it has any cause, why the proposed PwC Settlement should not be approved. Any member of the PwC Settlement Class, the Underwriter Settlement Class, the Commerz Settlement Class or any class(es) certified in connection with any Other Settlement(s) may file a written objection to Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses and show cause, if he, she or it has any cause, why Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses should not be approved. Notwithstanding the foregoing, no member of any of the aforementioned classes as applicable shall be heard or entitled to contest the approval of the terms and conditions of the proposed PwC Settlement and/or Co-Lead Counsel's motion for an

11

award of attorneys' fees and reimbursement of expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Co-Lead Counsel and, if it is to the PwC Settlement to which they are objecting, on PwC's Counsel as well at the addresses set forth below such that they are received no later than twenty-eight (28) calendar days prior to the Settlement Hearing.

| Co-Lead Counsel | | PwC's Counsel |
|---|---|---|
| Bernstein Litowitz Berger & Grossmann LLP Salvatore J. Graziano, Esq.     AND 1285 Avenue of the Americas New York, NY 10019 | Bleichmar Fonti Tountas & Auld LLP Javier Bleichmar, Esq. 7 Times Square, 27th Floor New York, NY 10036 | King & Spalding LLP David M. Fine, Esq. 1185 Avenue of the Americas New York, NY 10036 |

17.     Any objections, filings and other submissions by an objecting class member: (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the class member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the class member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove class membership including the amount of each MF Global Security (in terms of number of shares of common stock and face value of the respective notes) that the objecting class member purchased/acquired and/or sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and/or sale.

18.     Any member of the PwC Settlement Class, Underwriter Settlement Class, Commerz Settlement Class, or any other class on whose behalf a settlement is presented to the Court for consideration for final approval concurrently with consideration of the PwC Settlement for final approval who or which does not make his, her or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object, as applicable, to any aspect of the proposed PwC Settlement or Co-Lead Counsel's motion for an award of attorneys' fees

and reimbursement of expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the PwC Settlement or the requested attorneys' fees and expenses, or from otherwise being heard concerning the PwC Settlement or the requested attorneys' fees and expenses in this or any other proceeding.

19.     **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action between the Settling Parties other than proceedings necessary to carry out or enforce the terms and conditions of the PwC Stipulation and as otherwise necessary as to pending claims against other defendants in the Action.  Pending final determination of whether the PwC Settlement should be approved, the Court bars and enjoins Lead Plaintiffs, and all other members of the PwC Settlement Class, from commencing or prosecuting any and all of the Released Plaintiffs' Claims against each and all of the PwC Releasees.

20.     **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying PwC Settlement Class Members and notifying them of the PwC Settlement as well as in administering the PwC Settlement shall be paid as set forth in the PwC Stipulation without further order of the Court.

21.     **Settlement Fund** – The contents of the PwC Settlement Fund held by Citibank, N.A. (which the Court approves as the Escrow Agent) shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the PwC Stipulation and/or further order(s) of the Court.

22.     **Taxes** – Co-Lead Counsel are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect of the PwC Settlement Fund, to pay from the

PwC Settlement Fund any Taxes owed with respect to the PwC Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the PwC Stipulation.

23.     **Termination of Settlement** – If the PwC Settlement is terminated as provided in the PwC Stipulation, the PwC Settlement is not approved, or the Effective Date of the PwC Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the PwC Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiffs, the other PwC Settlement Class Members and PwC, and the Settling Parties shall revert to their respective positions in the Action as of February 25, 2015, as provided in the PwC Stipulation.

24.     **Use of this Order** – Neither this Order, the PwC Stipulation (whether or not consummated), the exhibits thereto including the Plan of Allocation to be proposed by Lead Plaintiffs (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the PwC Stipulation, nor any proceedings taken pursuant to or in connection with the PwC Stipulation and/or approval of the PwC Settlement (including any arguments proffered in connection therewith):  (a) shall be offered against any of the PwC Releasees as evidence of, or construed as, or deemed to be evidence of (i) any presumption, concession, or admission by any of the PwC Releasees with respect to the truth of any fact alleged by Lead Plaintiffs, the validity of any claim that was or could have been asserted by Lead Plaintiffs or any member of the PwC Settlement Class, or the deficiency of any defense that has been or could have been asserted by PwC in this Action or in any other litigation, or (ii) any liability, negligence, fault, or other wrongdoing of any kind of any of the PwC Releasees or in

any way referred to for any other reason as against any of the PwC Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the PwC Stipulation; (b) shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of (i) any presumption, concession or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the PwC Releasees had meritorious defenses, or that damages recoverable against PwC under the Complaint would not have exceeded the PwC Settlement Amount, or (ii) any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the PwC Stipulation; or (c) shall be construed against any of Releasees as an admission, concession, or presumption that the consideration to be given under the PwC Settlement represents the amount which could be or would have been recovered against PwC after trial; *provided, however*, that if the PwC Stipulation is approved by the Court, the Settling Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the PwC Settlement.

25.     **Supporting Papers** – Co-Lead Counsel shall file and serve the opening papers in support of the proposed PwC Settlement and Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses no later than forty-two (42) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

26.    The Court retains jurisdiction to consider all further applications arising out of or

connected with the proposed PwC Settlement.

SO ORDERED this _20th_ day of _April_ , 2015.

The Honorable Victor Marrero
United States District Judge

# 884610

16

# Exhibit 1

**Exhibit 1**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE MF GLOBAL HOLDINGS LIMITED SECURITIES LITIGATION | : : : | Civil Action No. 1:11-CV-07866-VM |
| THIS DOCUMENT RELATES TO: | : : : | |
| All Securities Actions (*DeAngelis v. Corzine*) | : : : | ECF CASE |

### NOTICE OF (I) CERTIFICATION OF SETTLEMENT CLASS; (II) PROPOSED SETTLEMENT WITH PRICEWATERHOUSECOOPERS LLP; (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES; AND (IV) SETTLEMENT FAIRNESS HEARING

### *A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

**NOTICE OF SETTLEMENT:** Please be advised that the Court-appointed Lead Plaintiffs, the Virginia Retirement System and Her Majesty The Queen In Right Of Alberta ("Lead Plaintiffs"), on behalf of themselves, the other named plaintiffs, and the PwC Settlement Class (as defined in paragraph 25 below), have reached a proposed settlement with PricewaterhouseCoopers LLP ("PwC"), the outside auditor of MF Global Holdings Limited ("MF Global"), for $65,000,000 in cash (the "PwC Settlement").[1] The PwC Settlement, if approved, will resolve all claims in the above-captioned securities class action (the "Action") pending in the United States District Court for the Southern District of New York (the "Court") against PwC. The proposed PwC Settlement does not resolve any claims against the other Defendants in the Action.[2]

**NOTICE OF CERTIFICATION OF PwC SETTLEMENT CLASS:** Please also be advised that your rights may be affected by the Action if you purchased or otherwise acquired any MF Global

---

[1] Any capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement with Defendant PricewaterhouseCoopers LLP dated April 3, 2015 (the "PwC Stipulation"), which is available at www.MFGlobalSecuritiesClassAction.com.

[2] The PwC Settlement is in addition to the partial settlement achieved with certain Underwriter Defendants (the "Underwriter Settlement") in which $74,000,000 in cash was obtained for the benefit of the Underwriter Settlement Class and the partial settlement achieved with defendant Commerz Markets LLC (the "Commerz Settlement") in which $932,828 in cash was obtained for the benefit of the Commerz Settlement Class. [Insert sentence to set forth procedural posture of these settlements at the time this notice is disseminated.] Notices of those settlements were previously disseminated to potential members of the settlement classes for those settlements. Copies of those notices can be viewed and downloaded from www.MFGlobalSecuritiesClassAction.com.

Securities (defined in paragraph 1 below), during the period beginning on May 20, 2010 through and including November 21, 2011 (the "Settlement Class Period"), and were damaged thereby and you did not previously request exclusion in connection with the Underwriter Settlement and/or the Commerz Settlement.[3]

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of cash from the proposed PwC Settlement. If you are a member of the PwC Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed PwC Settlement, or your eligibility to participate in the proposed PwC Settlement, please DO NOT contact the Court, MF Global, PwC, or any other Defendants in the Action, or their counsel. All questions should be directed to Co-Lead Counsel or the Claims Administrator (see ¶ 60 below).**

**PLEASE NOTE:** In connection with their request for approval of the PwC Settlement, Lead Plaintiffs will also be asking the Court to approve a proposed plan of allocation (the "Plan of Allocation") for the proceeds of the recoveries obtained in this Action. **The Plan of Allocation is set forth in a separate document enclosed with this Notice as is a Proof of Claim and Release Form**.

    1.  **Description of the Action and the PwC Settlement Class:** This Notice relates to a proposed partial settlement in a pending securities class action brought by investors alleging that Defendants violated the federal securities laws by, among other things, making false and misleading statements regarding MF Global or were statutorily liable for false and misleading statements in MF Global's offering materials for certain MF Global securities. A more detailed description of the Action and the claims asserted against PwC is set forth in paragraphs 11-24 below. The PwC Settlement is on behalf of purchasers (as further defined in ¶ 25 below) during the Settlement Class Period of the following securities:

        MF Global common stock (CUSIP 55277J108);

        MF Global's 9% Convertible Senior Notes due June 20, 2038, issued on or about June 25, 2008 (CUSIP 55276YAB2) ("9% Convertible Senior Notes");

        MF Global's 1.875% Convertible Senior Notes due February 1, 2016, issued on or about February 7, 2011 (CUSIP 55277JAA6) ("1.875% Convertible Senior Notes");

        MF Global's 3.375% Convertible Senior Notes due August 1, 2018, issued on or about July 28, 2011 (CUSIP 55277JAB4) ("3.375% Convertible Senior Notes"); and

        MF Global's 6.25% Senior Notes due August 8, 2016, issued on or about August 1, 2011 (CUSIP 55277JAC2) ("6.25% Senior Notes").

These securities are collectively referred to as the "MF Global Securities". The PwC Settlement, if approved by the Court, will settle the claims of the PwC Settlement Class, as defined in paragraph 25 below, as against PwC only.

---

[3]  As set forth in the notices of those settlements, if you were a member of either or both classes covered by those settlements and you requested exclusion from one or both classes, you will also be excluded from any other classes that might be certified in the Action.

2

2. **Statement of the PwC Settlement Class's Recovery:**  Subject to Court approval, Lead Plaintiffs, on behalf of themselves, the other named plaintiffs in the Action, and the other members of the PwC Settlement Class, have agreed to settle with PwC in exchange for a payment of $65,000,000 in cash (the "PwC Settlement Amount") to be deposited into an escrow account for the benefit of the PwC Settlement Class.  The PwC Net Settlement Fund (*i.e.*, the PwC Settlement Amount plus any and all interest earned thereon (the "PwC Settlement Fund") less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, and (d) any attorneys' fees awarded by the Court) will be distributed in accordance with the plan of allocation that is approved by the Court.  As noted above, the proposed Plan of Allocation is set forth in a separate document enclosed with this Notice.

3. **Estimate of Average Amount of Recovery Per Share or Note:**  Lead Plaintiffs' damages expert estimates that approximately _____ shares of MF Global common stock and _____ notes purchased during the Settlement Class Period may have been affected by the conduct at issue in the Action.  If all eligible PwC Settlement Class Members elect to participate, the estimated average recovery from the PwC Settlement per share and per note would be approximately _____ per share of common stock and _____ per note, before the deduction of any Court-approved fees and expenses and the costs of providing notice and the costs of settlement administration.  PwC Settlement Class Members should note, however, that the foregoing average recovery per share or note is only an estimate.  Some PwC Settlement Class Members may recover more or less than these estimated amounts depending on, among other factors, when and at what prices they purchased/acquired or sold their MF Global Securities, and the total number of valid Claim Forms submitted.  Distributions to PwC Settlement Class Members will be made based on the plan of allocation that is approved by the Court.

4. **Statement of Potential Outcome of Case and Potential Damages:**  The Settling Parties do not agree on the average amount of damages per share or note that would be recoverable if Lead Plaintiffs were to prevail on the claims asserted against PwC in the Action.  Among other things, PwC does not agree with Lead Plaintiffs' assertions that: (i) PwC violated the federal securities laws; (ii) PwC made false or misleading statements; or (iii) damages were suffered by members of the PwC Settlement Class as a result of its alleged conduct; or Lead Plaintiffs' assertions concerning allegedly corrective disclosures and loss causation.

5. **Attorneys' Fees and Expenses:**  Plaintiffs' Counsel, who have been prosecuting the Action on a fully contingent basis, have not received any payment of attorneys' fees for their services in pursuing claims against Defendants in this Action nor have they been reimbursed for the expenses necessarily incurred to prosecute this Action.  Before final approval of the PwC Settlement, Co-Lead Counsel, Bernstein Litowitz Berger & Grossmann LLP and Bleichmar Fonti Tountas & Auld LLP, will apply to the Court for an award of attorneys' fees on behalf of all Plaintiffs' Counsel in an amount not to exceed \_\_\_% of each of the Court-approved settlements, plus interest thereon at the same rate as earned by the settlement funds.[4]

---

[4] In addition to the PwC Settlement, Lead Counsel will be applying for attorneys' fees on the following settlements, [the Underwriter Settlement the Commerz Settlement and [insert any other settlement(s) presented to the Court for consideration of final approval concurrently with consideration of the PwC Settlement for final approval ("Other Settlement(s)")].

In addition, Co-Lead Counsel will apply for reimbursement of expenses in an amount not exceed $_____ (which may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the settlement classes) to be paid from the total amount recovered in all settlements [previously approved by the Court and the settlements that are now before the Court for final approval, if approved]).

The Court will determine the amount of any award of attorneys' fees or reimbursement of expenses. Class members are not personally liable for any such fees or expenses. If the Court approves Co-Lead Counsel's fee and expense application and all of the settlements noted in footnote 4, the average cost per share or note for attorneys' fees and Litigation Expenses for the PwC Settlement will be $____ per share of common stock and $____ per note.[5]

6. **Identification of Attorneys' Representatives:** Lead Plaintiffs and the PwC Settlement Class are represented by Salvatore J. Graziano, Esq. of Bernstein Litowitz Berger & Grossmann LLP, 1285 Avenue of the Americas, New York, NY 10019, (800) 380-8496, blbg@blbglaw.com and Javier Bleichmar, Esq. of Bleichmar Fonti Tountas & Auld LLP, 7 Times Square, 27th Floor, New York, NY 10036, (212) 789-1341, bfta@bftalaw.com.

7. **Reasons for the PwC Settlement:** Lead Plaintiffs' principal reason for entering into the PwC Settlement is the substantial immediate cash benefit for the PwC Settlement Class without the risk or the delays inherent in further litigation. Moreover, the substantial cash benefit provided under the proposed PwC Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after contested motions, a trial of the Action and likely appeals that would follow a trial, a process that could be expected to last several years. PwC denies all allegations of wrongdoing or liability whatsoever and is entering into the PwC Settlement solely to eliminate the uncertainty, burden and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN _____, 2015** | This is the only way to be eligible to receive a payment from the proceeds of the PwC Settlement, [the Underwriter Settlement, the Commerz Settlement, or (insert names of Other Settlement(s))]. |
| | If you are a PwC Settlement Class Member and you remain in the PwC Settlement Class, you will be bound by the PwC Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 32 below) that you have against PwC and the other PwC Releasees (defined in ¶ 33 below) [and you will also be bound by the orders and judgments relating to the other approved settlements to the extent you are a member of the classes covered by those settlements,] so it is in your interest to submit a Claim Form. |

---

[5]   Should the Court approve less than all the settlements, attorneys' fees will be paid only on the settlement fund(s) created by the approved settlement(s). Expenses approved will be paid from the settlement fund(s) created by the approved settlement(s).

| EXCLUDE YOURSELF FROM THE PwC SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2015. | If you exclude yourself from the PwC Settlement Class, you will not be eligible to receive any payment from the PwC Settlement Fund.  This is the only option that allows you ever to be part of any other lawsuit against PwC or any of the other PwC Releasees concerning the Released Plaintiffs' Claims.<br><br>If you exclude yourself from the PwC Settlement Class, you will also be excluded from any [class(es) covered by insert names of Other Settlement(s) or any] other classes that may subsequently be certified in the Action; you will not be eligible to participate in [insert names of Other Settlement(s)] or any other settlements or recoveries that may yet be obtained in the Action.[6] |
|---|---|
| OBJECT TO THE PWC SETTLEMENT, THE PLAN OF ALLOCATION, OR THE REQUEST FOR FEES AND EXPENSES BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2015. | If you do not like the proposed PwC Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of expenses, you may write to the Court and explain why you do not like them.  You cannot object to the PwC Settlement unless you are a PwC Settlement Class Member and do not exclude yourself from the PwC Settlement Class.  You cannot object to the Plan of Allocation and/or the request for fees and expenses unless you are a member of the PwC Settlement Class, [Other Settlement Class – if applicable, the Underwriter Settlement Class or the Commerz Settlement Class]. |
| GO TO A HEARING ON _____, 2015 AT __:__ _.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2015. | Filing a written objection and notice of intention to appear by _____, 2015 allows you to speak in Court, at the discretion of the Court, about the fairness of the PwC Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of expenses.  If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| DO NOTHING. | If you are a member of one or more of the [certified settlement classes covered by an approved settlement] and do not submit a valid Claim Form, you will not be eligible to share in the distribution of the net proceeds of the settlement(s) obtained on behalf of the class(es) in which you are a member.  You will, however, remain a member of the |

---

[6]  [If you exclude yourself from the PwC Settlement Class, but you did not exclude yourself from the Underwriter Settlement and Commerz Settlement Classes (*i.e.*, you did not request exclusion from one or both of those classes) and you are a member of one or both of those classes, then you are still eligible to participate in those settlements.  However, if you exclude yourself from the PwC Settlement Class, you will not be eligible to participate in the PwC Settlement, [insert names of Other Settlement(s)] or any other subsequent recoveries that may be achieved.]

|  | class(es) that apply to you, which means that you give up your right to sue about the claims that are resolved by the applicable approved settlement(s) and you will be bound by any judgments or orders entered by the Court with respect to those settlement(s). |
| --- | --- |

## WHAT THIS NOTICE CONTAINS

Why Did I Get This Notice? ............................................................ Page ___

What Is This Case About? .............................................................. Page ___

How Do I Know If I Am Affected By The PwC Settlement?

    Who Is Included In The PwC Settlement Class? ......................... Page ___

What Are Lead Plaintiffs' Reasons For The PwC Settlement? ........ Page ___

What Might Happen If There Were No Settlement? ....................... Page ___

How Are PwC Settlement Class Members Affected By The Action

    And The PwC Settlement? ....................................................... Page ___

How Much Will My Payment From The Settlements Be?

    How Do I Participate In the Settlements?  What Do I Need To Do? ... Page ___

What Payment Are The Attorneys Seeking?

    How Will The Lawyers Be Paid? .............................................. Page ___

What If I Do Not Want To Be A Member Of The PwC

    Settlement Class?  How Do I Exclude Myself? .......................... Page ___

When And Where Will The Court Decide Whether To Approve The

    PwC Settlement? Do I Have To Come To The Hearing?  How Do

    I Object? May I Speak At The Hearing If I Don't Like The Settlement? ... Page ___

What If I Bought MF Global Securities On Someone Else's Behalf? .... Page ___

Can I See The Court File?  Whom Should I Contact If I Have Questions? ... Page ___

## WHY DID I GET THIS NOTICE?

8.   The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired one or more of the MF Global Securities during the Settlement Class Period. The Court has directed us to send you this Notice because, as a potential PwC Settlement Class Member, you have a right to know about your options before the Court rules on the PwC Settlement and to understand how this class action lawsuit may generally affect your legal rights.

9.   The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the PwC Settlement Class if you wish to so do.  It is also being sent to inform you of the terms of the PwC Settlement and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the PwC Settlement and the motion by Co-Lead Counsel for an award of attorneys' fees and reimbursement of expenses (the "Settlement Hearing").  *See* paragraph 51 below for details about the Settlement Hearing, including the date and location of the hearing.

10. The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the PwC Settlement. If the Court approves [adjust to reflect the procedural status of the various settlements achieved] and a plan of allocation, then payments will be made to Authorized Claimants after any appeals are resolved and after the completion of all claims processing. Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

11. This action arises out of the collapse of MF Global in October 2011.[7]

12. Beginning on November 3, 2011, multiple putative securities class action complaints were filed in the Court. By Order dated January 20, 2012, the Court consolidated the related actions in the Action and approved the appointment of Lead Plaintiffs and Co-Lead Counsel.[8]

13. On August 20, 2012, Lead Plaintiffs filed and served their Consolidated Amended Securities Class Action Complaint (the "Amended Complaint"), which included the Government of Guam Retirement Fund, the West Virginia Laborers' Pension Trust Fund, LRI Invest S.A., Monica Rodriguez,[9] and Jerome Vrabel as additional named plaintiffs. The Amended Complaint asserts claims under §§ 11 and 12 of the Securities Act of 1933 (the "Securities Act") against the Underwriter Defendants and the Individual Defendants alleging that these Defendants were statutorily liable for false and misleading statements in the offering materials for MF Global's secondary offering of common stock and for the other MF Global Securities; as well as claims under § 15 of the Securities Act and §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder against some or all of the Individual Defendants.

14. On October 19, 2012, the Individual Defendants and Underwriter Defendants filed and served their motions to dismiss the Amended Complaint. On December 18, 2012, Lead Plaintiffs filed and served their papers in opposition to the motions and, on February 1, 2013, the Individual Defendants and Underwriter Defendants filed and served their reply papers.

15. On February 6, 2013, the Court stayed all proceedings in the Action to permit the parties to pursue a global mediation of plaintiffs' claims (as well as claims asserted by MF Global's commodities futures customers). The initial mediation with respect to the Action included three in-person sessions before Judge Daniel Weinstein (Ret.) and multiple telephonic conferences. The mediation was unsuccessful in resolving the Action, and the stay of the Action expired on August 2, 2013.

---

[7] On October 31, 2011, MF Global filed for Chapter 11 bankruptcy. Because of this filing, pursuant to the provisions of Bankruptcy Code, 11 U.S.C. § 362(a), prosecution of the Action against MF Global could not go forward.

[8] By Order dated August 13, 2014, the Court approved the substitution of Bleichmar Fonti Tountas & Auld LLP for previously appointed co-lead counsel Labaton Sucharow LLP.

[9] On February 3, 2015, the Court entered a stipulated order dismissing with prejudice Plaintiff Monica Rodriguez's claims asserted in the Complaint.

16. On November 12, 2013, the Court entered its Memorandum and Order denying the Individual Defendants' and the Underwriter Defendants' motions to dismiss.

17. On December 27, 2013, the Individual Defendants and the Underwriter Defendants filed their answers and affirmative defenses to the Amended Complaint.

18. Discovery in the Action commenced in December 2013. The Individual Defendants, Underwriter Defendants and third parties – including James W. Giddens, as Trustee for the liquidation of MF Global Inc. pursuant to the Securities Investor Protection Act of 1970 and Nader Tavakoli, the Litigation Trustee presiding over the entity formerly known as MF Global Holdings Limited – have produced millions of documents. Additionally, before it was named as a defendant in the Action, PwC produced over 213,000 documents pursuant to subpoena.

19. On October 3, 2014, Lead Plaintiffs filed the Consolidated Second Amended Securities Class Action Complaint (the "Complaint"), which added PwC as a named defendant asserting claims against it for violation of § 10(b) of the Exchange Act and § 11 of the Securities Act.

20. On December 19, 2014, PwC filed and served its motion to dismiss Count Three of the Complaint, which alleges that PwC violated § 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder. On February 6, 2015, Lead Plaintiffs filed and served their opposition to PwC's motion to dismiss.

21. On February 25, 2015, Co-Lead Counsel and PwC's Counsel participated in a full-day mediation session before the Honorable Layn R. Phillips, a former federal district court judge in the United States District Court for the Western District of Oklahoma. The mediation addressed the issues of liability and damages in detail. At the conclusion of the session on February 25, 2015, the Settling Parties reached an agreement to settle the Action as against PwC for $65,000,000 in cash to be paid by or on behalf of PwC.

22. Based upon their investigation, prosecution and mediation of the case, Lead Plaintiffs and Co-Lead Counsel have concluded that the terms and conditions of the PwC Stipulation are fair, reasonable and adequate to Lead Plaintiffs and the other members of the PwC Settlement Class, and in their best interests.

23. PwC is entering into the Settlement solely to eliminate the uncertainty, burden and expense of further protracted litigation. PwC denies any wrongdoing.

24. On _____, 2015, the Court preliminarily approved the PwC Settlement, authorized this Notice to be disseminated to potential PwC Settlement Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the PwC Settlement.

---

**HOW DO I KNOW IF I AM AFFECTED BY THE PWC SETTLEMENT? WHO IS INCLUDED IN THE PWC SETTLEMENT CLASS?**

---

25. If you are a member of the PwC Settlement Class, you are subject to the terms of the PwC Settlement, unless you timely request to be excluded. The PwC Settlement Class consists of:

all persons and entities who or which purchased or otherwise acquired any of the MF Global Securities during the period beginning on May 20, 2010 through and including November 21, 2011 (the "Settlement Class Period"), and were damaged thereby.

Excluded from the PwC Settlement Class are (i) Defendants[10] and MF Global; (ii) members of the Immediate Families[11] of the Individual Defendants; (iii) the subsidiaries and affiliates of Defendants and MF Global; (iv) any person or entity who or which was at any time during the Settlement Class Period and/or is a partner, executive officer, director, or controlling person of MF Global, or any of its subsidiaries or affiliates, or of any Defendant; (v) any entity in which any Defendant or MF Global had at any time during the Settlement Class Period and/or has a controlling interest; (vi) Defendants' liability insurance carriers, and any affiliates or subsidiaries thereof; and (vii) the legal representatives, heirs, successors and assigns of any such excluded person or entity; provided, however, that any Investment Vehicle[12] shall not be deemed an excluded person or entity by definition.  Also excluded from the PwC Settlement Class are the PwC Entities,[13] and any such PwC Entities shall not be eligible to participate in any recoveries obtained in the Action.

Additionally, also excluded from the PwC Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion from the PwC Settlement Class in accordance with the requirements set forth in this Notice, [or who submit a request for exclusion from the class(es) covered by insert name(s) of any settlement(s) covering Other Class(es)], or who previously excluded themselves from the classes certified for the Underwriter

---

[10]  In addition to PwC, the following persons and entities are Defendants in the Action: Jon S. Corzine, J. Randy MacDonald, Henri J. Steenkamp, David P. Bolger, Eileen S. Fusco, David Gelber, Martin J. Glynn, Edward L. Goldberg, David I. Schamis, and Robert S. Sloan (collectively the "Individual Defendants"); BMO Capital Markets Corp.; Citigroup Global Markets Inc.; Commerz Markets LLC; Deutsche Bank Securities Inc.; Goldman, Sachs & Co.; Jefferies LLC (formerly, Jefferies & Company, Inc.); J.P. Morgan Securities LLC; Lebenthal & Co., LLC; Merrill Lynch, Pierce, Fenner & Smith Incorporated; Natixis Securities North America Inc.; RBS Securities Inc.; Sandler O'Neill + Partners, L.P.; and U.S. Bancorp Investments, Inc. (collectively the "Underwriter Defendants").

[11]  "Immediate Family" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law.  As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

[12]  "Investment Vehicle" means any investment company or pooled investment fund, including but not limited to mutual fund families, exchange-traded funds, fund of funds and hedge funds, in which any Underwriter Defendant has or may have a direct or indirect interest or as to which its affiliates may act as an investment advisor but in which the Underwriter Defendant or any of its respective affiliates is not a majority owner or does not hold a majority beneficial interest.  This definition does not bring into the PwC Settlement Class any of the Underwriter Defendants or any other person or entity who or which is excluded from the PwC Settlement Class by definition.

[13]  "PwC Entities" means any entity or partnership (whether or not incorporated) which carries on business under a name which includes all or part of the PricewaterhouseCoopers name or is otherwise (directly or indirectly) within the worldwide network of PricewaterhouseCoopers firms.  The PwC Entities include PricewaterhouseCoopers International Limited and any member firm, network firm, specified subsidiary or connected firm of PricewaterhouseCoopers International Limited.

Settlement and Commerz Settlement (to the extent such persons and entities would be PwC Settlement Class Members absent such exclusion).  *See* "What if I Do Not Want To Be A Member Of The PwC Settlement Class? How Do I Exclude Myself," on page [__] below.

**RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A PWC SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE PWC SETTLEMENT OR ANY OTHER SETTLEMENT.**

**IF YOU ARE A MEMBER OF [ANY OF THE SETTLEMENT CLASSES] AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE [SETTLEMENT(S) PERTAINING TO THE SETTLEMENT CLASS(ES) IN WHICH YOU ARE A MEMBER], YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN POSTMARKED NO LATER THAN _____, 2015.**

---

### WHAT ARE LEAD PLAINTIFFS' REASONS FOR THE PWC SETTLEMENT?

26. Lead Plaintiffs and Co-Lead Counsel believe that the claims asserted against PwC have merit.  They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against PwC through dispositive motions, a trial and appeal, as well as the very substantial risks they would face in establishing liability and damages.  Such risks include the challenges associated with proving that MF Global's financial statements and PwC's audit opinions were materially false and misleading and that PwC failed to conduct adequate audits, and – with respect to claims under § 10(b) of the Exchange Act – that the alleged PwC false statements were intentionally or recklessly made.  Lead Plaintiffs also faced challenges with respect to establishing loss causation and class-wide damages.  The risks presented by the litigation against PwC were heightened because the case against PwC was still in the early stages and the Court had not yet ruled on PwC's motion to dismiss.  Lead Plaintiffs would have to prevail on the motion to dismiss, as well as on an expected motion for summary judgment and at trial, and if they prevailed on those, on the appeal that would likely follow, to have any recovery from PwC.  Thus, there were very significant risks attendant to the continued prosecution of the claims against PwC.

27. In light of these risks, the amount of the PwC Settlement and the certainty of recovery to the PwC Settlement Class, Lead Plaintiffs and Co-Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the PwC Settlement Class.  Lead Plaintiffs and Co-Lead Counsel believe that the PwC Settlement provides a substantial benefit to the Settlement Class, namely $65,000,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action against PwC might produce a smaller, or no recovery after the motion to dismiss, summary judgment, trial and appeals.

28. PwC has denied the claims asserted against it in the Action and denies having engaged in any wrongdoing or violation of law of any kind whatsoever.  PwC has agreed to the PwC Settlement solely to eliminate the uncertainty, burden and expense of continued litigation.

Accordingly, the PwC Settlement may not be construed as an admission of any wrongdoing by PwC.

| **WHAT MIGHT HAPPEN IF THERE WERE NO PWC SETTLEMENT?** |
| --- |

29. If there were no settlement and Lead Plaintiffs failed to establish any essential legal or factual element of their claims against PwC, neither Lead Plaintiffs nor the other members of the PwC Settlement Class would recover anything from PwC. Also, if PwC was successful in proving any of its defenses, either on its motion to dismiss, at summary judgment, at trial or on appeal, the PwC Settlement Class could recover substantially less from PwC than the amount provided in the PwC Settlement, or nothing at all.

| **HOW ARE PWC SETTLEMENT CLASS MEMBERS**<br>**AFFECTED BY THE ACTION AND THE PWC SETTLEMENT?** |
| --- |

30. If you are a PwC Settlement Class Member, you are represented by Lead Plaintiffs and Co-Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The PwC Settlement?," below.

31. If you are a PwC Settlement Class Member and you do not exclude yourself from the PwC Settlement Class,[14] you will be bound by any orders issued by the Court relating to the PwC Settlement. If the PwC Settlement is approved, the Court will enter a judgment (the "PwC Judgment"). The PwC Judgment will dismiss with prejudice the claims against PwC and will provide that, upon the Effective Date of the PwC Settlement, Lead Plaintiffs and each of the other PwC Settlement Class Members, on behalf of themselves and their respective heirs, executors, administrators, predecessors, successors, affiliates and assigns, in their capacities as such, will have fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim (as defined in ¶ 32 below) against PwC and the other PwC Releasees (as defined in ¶ 33 below), and shall forever be enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the PwC Releasees.

32. "Released Plaintiffs' Claims" means all claims, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liabilities), whether known claims or Unknown Claims, whether arising under federal, state, local, statutory, common or foreign law, or any other law, rule or regulation, whether fixed or contingent, accrued or un-

---

[14]   If you are a PwC Settlement Class Member and do not wish to remain a class member, you may exclude yourself from the PwC Settlement Class (which will also exclude you from [any class(es) covered by any Other Settlement(s) and] any other classes that may yet be certified in the Action as to which you otherwise would have been a class member) by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The PwC Settlement Class?  How Do I Exclude Myself?," below.

accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class or individual in nature, that Lead Plaintiffs or any other member of the PwC Settlement Class (i) asserted in the Complaint, or (ii) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint and that relate to the purchase of MF Global Securities during the Settlement Class Period. Released Plaintiffs' Claims do not cover or include (i) any claims asserted, or which may be asserted, in the Action against any of the Non-Settling Defendants; (ii) any claims of any person or entity who or which submits a request for exclusion from the PwC Settlement Class or from the Underwriter Settlement Class, Commerz Settlement Class or [insert name(s) of any Other Class(es)] (to the extent such persons or entities would be PwC Settlement Class Members absent such exclusion) that is accepted by the Court; and (iii) any claims relating to the enforcement of the PwC Settlement.

33. "PwC Releasees" means (i) PwC; (ii) the past or present parents, subsidiaries, affiliates, successors and predecessors of PwC; and (iii) the respective past or present officers, directors, partners, principals, agents, employees, attorneys, advisors, investment advisors, insurers and assigns, of the foregoing in (i) and (ii), in their capacities as such. PwC Releasees shall also include any PwC Entities (defined in ¶ 25 above). Notwithstanding the foregoing, PwC Releasees does not include any Non-Settling Defendants.

34. "Unknown Claims" means any Released Plaintiffs' Claims (as defined in ¶ 32 above) which any Lead Plaintiff or any other PwC Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released PwC Claims (as defined in ¶ 37 below) which PwC does not know or suspect to exist in its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to the PwC Settlement, or might have affected his, her, or its decision(s) not to object to the PwC Settlement or not to exclude himself, herself, or itself from the PwC Settlement Class.

35. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date of the PwC Settlement, Lead Plaintiffs and PwC shall be deemed to have expressly waived, and each of the other PwC Settlement Class Members shall be deemed to have waived, and by operation of the PwC Judgment shall have expressly waived, to the fullest extent permitted by law, any and all provisions, rights, and benefits conferred by California Civil Code § 1542 and any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Lead Plaintiffs, PwC Settlement Class Members and PwC may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims or the Released PwC Claims as applicable, but each Lead Plaintiff and PwC shall expressly have – and each PwC Settlement Class Member by operation of the PwC Judgment shall be deemed to have – upon the Effective Date, fully, finally and forever settled and released any and all Released Plaintiffs' Claims or any

and all Released PwC Claims as applicable, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiffs and PwC acknowledge, and each of the other PwC Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a material element of the PwC Settlement.

36. The PwC Judgment will also provide that, upon the Effective Date of the PwC Settlement, PwC, on behalf of itself, and its predecessors, successors and assigns, in their capacities as such, will have fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released PwC Claim (as defined in ¶ 37 below) against Lead Plaintiffs and the other Plaintiffs' Releasees (as defined in ¶ 38 below), and shall forever be enjoined from prosecuting any or all of the Released PwC Claims against any of the Plaintiffs' Releasees.

37. "Released PwC Claims" means all claims, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liabilities), whether known claims or Unknown Claims, whether arising under federal, state, local, statutory, common or foreign law, or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class or individual in nature, that PwC could have asserted in any forum that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against PwC. Released PwC Claims do not include any claims asserted, or which may be asserted by the PwC Releasees against (i) MF Global or any of its past or present parents, subsidiaries, affiliates, successors, predecessors, and/or estate(s) thereof; (ii) any person or entity who or which submits a request for exclusion from the PwC Settlement Class or [the Underwriter Settlement Class, the Commerz Settlement Class [or insert name(s) of settlement(s) covering Other Class(es)] (to the extent such persons or entities would be PwC Settlement Class Members absent such exclusion) that is accepted by the Court; and (iii) any person or entity relating to the enforcement of the PwC Settlement.

38. "Plaintiffs' Releasees" means (i) Lead Plaintiffs, all other plaintiffs in the Action, and all other PwC Settlement Class Members; (ii) each of the respective past or present parents, subsidiaries, affiliates, successors and predecessors of the foregoing in (i); and (iii) the respective officers, directors, agents, employees, attorneys, advisors, investment advisors, auditors, accountants, insurers, and assigns of the foregoing in (i) and (ii), in their capacities as such.

---

**HOW MUCH WILL MY PAYMENT FROM THE SETTLEMENTS BE?**
**HOW DO I PARTICIPATE IN THE SETTLEMENTS?  WHAT DO I NEED TO DO?**

---

39. At this time, it is not possible to make any determination as to how much any individual class member may receive from the proceeds of [the applicable settlement(s)]. The proposed plan for the distribution of the settlement proceeds and what class members must do to be

eligible to participate in the recoveries is set forth in the enclosed proposed Plan of Allocation ("Plan of Allocation").

40. To be eligible for a payment from the proceeds of [the settlements achieved], you must be a member of the applicable settlement class and you must timely complete and return the Claim Form with adequate supporting documentation **postmarked no later than _____, 2015**. Details of the requirements and process for submitting a Claim Form are set forth in the Plan of Allocation and in the Claim Form which accompany this Notice.

## WHAT PAYMENT ARE THE ATTORNEYS SEEKING?  HOW WILL THE LAWYERS BE PAID?

41. Plaintiffs' Counsel have not received any payment for their services in pursuing claims against Defendants in this Action.  [When the Underwriter and Commerz Settlements were presented to the Court for approval, Co-Lead Counsel did not apply for fees and expenses.] Before final approval of the PwC Settlement, Co-Lead Counsel, Bernstein Litowitz Berger & Grossmann LLP and Bleichmar Fonti Tountas & Auld LLP, will apply to the Court for an award of attorneys' fees on behalf of all Plaintiffs' Counsel in an amount not to exceed ___% of each of the Court- approved settlements, plus interest thereon at the same rate as earned by the settlement funds.

42. Plaintiffs' Counsel also have not been reimbursed for any of their out-of-pocket expenses incurred in connection with the prosecution of the Action.  In connection with their application for an award of attorneys' fees, Co-Lead Counsel also intend to apply for reimbursement of litigation expenses (which may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the settlement classes) in an amount not exceed $_____.   The Court will determine the amount of any award of attorneys' fees or reimbursement of expenses.  [PLEASE NOTE: While Co-Lead Counsel have stated their intent to apply for reimbursement of litigation expense in both this notice and the notice enclosed herewith concerning the proposed settlement with _____, they are seeking only one reimbursement of their expenses.]  Expenses approved by the Court will be paid proportionately from the settlement fund(s) created by the approved settlement(s).

43. Class members are not personally liable for Plaintiffs' Counsel's attorneys' fees or the litigation expenses.  Any award of attorneys' fees and expenses will be paid from the funds created by the settlements approved by the Court.

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE PWC SETTLEMENT CLASS?  HOW DO I EXCLUDE MYSELF?

44. Each PwC Settlement Class Member will be bound by the determinations, orders and judgments in this Action relating to the PwC Settlement, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the PwC Settlement Class, addressed to *In re MF Global Holdings Limited Securities Litigation*, EXCLUSIONS, c/o Garden City Group, LLC, P.O. Box 10164, Dublin, OH 43017-3164.  The exclusion request must be *received* no later than _____, **2015**.  You will not be able to exclude yourself from the PwC Settlement Class after that date.  Each Request for Exclusion must: (a) state the name, address and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact

person; (b) state that such person or entity "requests exclusion from the PwC Settlement Class in *In re MF Global Holdings Limited Securities Litigation*, Civil Action No. 1:11-CV-07866"; (c) state the amount of each MF Global Security (in terms of number of shares of common stock and/or face value of the respective notes) that the person or entity requesting exclusion purchased/acquired and/or sold during the Settlement Class Period (*i.e.*, beginning on May 20, 2010 through and including November 21, 2011), as well as the dates and prices of each such purchase/acquisition and sale; and (d) be signed by the person or entity requesting exclusion or an authorized representative. A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

45. If you do not want to be part of the PwC Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the PwC Releasees. Excluding yourself from the PwC Settlement Class is the only option that allows you to be part of any other lawsuit against PwC or any of the other PwC Releasees concerning the Released Plaintiffs' Claims. Please note, however, if you decide to exclude yourself from the PwC Settlement Class, you may be time-barred from asserting certain of the claims covered by the Action by a statute of repose.

46. If you submitted a request for exclusion from the Underwriter Settlement Class or the Commerz Settlement Class, you are also excluded from the PwC Settlement Class.

47. **If you exclude yourself from the PwC Settlement Class you will also be excluding** yourself **from [any class(es) covered by any Other Settlement(s) and] any other class(es) that may yet be certified in the Action in which you would otherwise be a member**. [If you request exclusion from [any Other Settlement(s)] you will be deemed to have also requested exclusion from the PwC Settlement Class and you will be required to provide the share/note information called for in ¶ 44 above for all MF Global Securities in conjunction with that request for exclusion.]

48. If you are excluded from the PwC Settlement Class, you will not be eligible to receive any payment from the proceeds of the PwC Settlement, [any Other Settlement(s)] or any other recoveries that may subsequently be obtained in the Action.

49. PwC has the right to terminate the PwC Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the PwC Settlement Class in an amount that exceeds an amount agreed to by Lead Plaintiffs and PwC.

---

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE PWC SETTLEMENT? DO I HAVE TO COME TO THE HEARING? HOW DO I OBJECT? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

---

50. **Settlement Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if a class member does not attend the hearing. Settlement Class Members can participate in the settlements without attending the Settlement Hearing.**

51. The Settlement Hearing will be held on _____, **2015 at __:__ _.m.**, before the Honorable Victor Marrero at the United States District Court for the Southern District of New York, Courtroom 11B of the United States Courthouse, 500 Pearl Street, New York, NY 10007. The Court reserves the right to approve the PwC Settlement, the proposed Plan of Allocation, Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses and/or any other related matter at or after the Settlement Hearing without further notice to class members.

52. Only members of the PwC Settlement Class (*i.e.,* any person or entity that comes with the definition of the class and does not request exclusion) may object to the PwC Settlement. However, any member of the PwC, [the Underwriter, the Commerz and [Other] Settlement Classes may object to the proposed Plan of Allocation and/or Co-Lead Counsel's motion for an award of attorneys' fees or reimbursement of expenses. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Southern District of New York at the address set forth below on or before _____, **2015**. You must also mail the papers to Co-Lead Counsel and, if it is the PwC Settlement to which you are objecting, to PwC's Counsel as well at the addresses set forth below so that the papers are *received* on or before _____, **2015**.

| **Clerk's Office** | **Co-Lead Counsel** | **PwC's Counsel** |
|---|---|---|
| United States District Court | **Bernstein Litowitz Berger &** | **King & Spalding LLP** |
| Southern District of New York | **Grossmann LLP** | David M. Fine, Esq. |
| Clerk of the Court | Salvatore J. Graziano, Esq. | 1185 Avenue of the |
| Daniel Patrick Moynihan | 1285 Avenue of the Americas | Americas |
| United States Courthouse | New York, NY 10019 | New York, NY 10036 |
| 500 Pearl Street | | |
| New York, NY 10007 | **Bleichmar Fonti** | |
| | **Tountas & Auld LLP** | |
| | Javier Bleichmar, Esq. | |
| | 7 Times Square, 27th Floor | |
| | New York, NY 10036 | |

53. Any objection: (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the class member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the class member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove class membership including the amount of each MF Global Security (in terms of number of shares of common stock and face value of the respective notes) that the objecting class member purchased/acquired and/or sold during the Settlement Class Period (*i.e.*, beginning on May 20, 2010 through and including November 21, 2011), as well as the dates and prices of each such purchase/acquisition and/or sale. You may not object to the PwC Settlement if you exclude yourself from the PwC Settlement Class or if you are not a member of the PwC Settlement Class; and you may not object to the Plan of Allocation and/or

the motion for attorneys' fees and expenses unless you are [a member of at least one of the settlement classes].

54. You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first filed and served a written objection in accordance with the procedures described above, unless the Court orders otherwise.

55. If you wish to be heard orally at the hearing, you must also file a notice of appearance with the Clerk's Office and serve it on Co-Lead Counsel and, if it is the PwC Settlement about which you wish to be heard, on PwC's Counsel as well at the addresses set forth above so that it is *received* on or before _____, 2015. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

56. You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Co-Lead Counsel and, if it is the PwC Settlement to which you are objecting, on PwC's Counsel as well at the addresses set forth in ¶ 52 above so that the notice is *received* on or before _____, 2015.

57. The Settlement Hearing may be adjourned by the Court without further written notice to the class members. If you intend to attend the Settlement Hearing, you should confirm the date and time with Co-Lead Counsel.

58. **Unless the Court orders otherwise, any PwC Settlement Class Member who does not object to the PwC Settlement in the manner described above will be deemed to have waived any objection to the PwC Settlement and shall be forever foreclosed from making any objection to the proposed PwC Settlement, [and any member of any of the settlement classes] who does not object to the proposed Plan of Allocation or requested attorneys' fees and expenses in the manner described above will be deemed to have waived any objection to the proposed Plan of Allocation or the requested fees and expenses and shall be forever foreclosed from making any such objection. Settlement class members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

---

### WHAT IF I BOUGHT MF GLOBAL SECURITIES ON SOMEONE ELSE'S BEHALF?

---

59. If you purchased or otherwise acquired any MF Global Security beginning on May 20, 2010 through and including November 21, 2011 for the beneficial interest of persons or organizations other than yourself, and in connection with the Underwriter and Commerz Settlements:

(a)     **You elected to forward the notices of those settlements to potential members of those settlement classes** and you complied with the search instructions enclosed with the initial copies of the Underwriter and Commerz Notices that you received from the Claims Administrator, Garden City Group, LLC ("GCG"), you must now augment the records you

17

developed in connection with that mailing to add persons and entities for whom or which you purchased or acquired MF Global common stock during the period beginning on June 14, 2010 through and including November 21, 2011, and within seven (7) calendar days of receipt of this Notice, request from GCG sufficient copies of the PwC Notice, [the Plan of Allocation and the Claim Form (the "Notice Packet")] to forward to all beneficial owners to whom or which you previously forwarded the Underwriter and Commerz Notices as well as to all beneficial owners identified in this supplemental search, and within seven (7) calendar days of receipt of those [Notice Packets] forward them to all such beneficial owners, Your request for [Notice Packets] should be made to *In re MF Global Holdings Limited Securities Litigation*, c/o Garden City Group, LLC, P.O. Box 10164, Dublin, OH 43017-3164. You must send a statement to GCG confirming that the mailing was made and **you must retain your mailing records for use in connection with any further notices that may be provided in the Action**. Upon full compliance with these directions, you may seek reimbursement of your reasonable expenses actually incurred, by providing GCG with proper documentation supporting the expenses for which reimbursement is sought.

(b) **You provided GCG with the names and addresses of beneficial owners** in compliance with the search instructions enclosed with the initial copies of the Underwriter and Commerz Notices that you received, you need do nothing more in connection with this Notice. GCG has the names and addresses you forwarded and will send a copy of the [Notice Packet] to each such identified person and entity.

(c) **You neither mailed the Underwriter and Commerz Notices directly to beneficial owners, nor did you supply names and addresses of the relevant beneficial owners to GCG**, you must now, either (i) within seven (7) calendar days of receipt of [this Notice Packet] request from GCG sufficient copies of the Notice Packet to forward to all persons and entities on whose behalf you purchased or acquired any of the MF Global Securities during the period beginning on May 20, 2010 through and including November 21, 2011, and within seven (7) calendar days of receipt of those notices forward them to all such beneficial owners; or (ii) within seven (7) calendar days of receipt of [this Notice Packet], send a list of the names and addresses of all such beneficial owners to *In re MF Global Holdings Limited Securities Litigation*, c/o Garden City Group, LLC, P.O. Box 10164, Dublin, OH 43017-3164. If you choose the first option, you must send a statement to GCG confirming that the mailing was made and **you must retain your mailing records for use in connection with any further notices that may be provided in the Action**. If you choose the second option, GCG will send a copy of the [Notice Packet] to the beneficial owners.

Upon full compliance with these directions, nominees may seek reimbursement of their reasonable expenses actually incurred, by providing GCG with proper documentation supporting the expenses for which reimbursement is sought. Copies of this Notice, [the Plan of Allocation and the Claim Form] may also be obtained from the website maintained by GCG, www.MFGlobalSecuritiesClassAction.com, or by calling GCG toll-free at 1-877-940-5045.

---

| CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS? |
|---|

60. This Notice contains only a summary of the terms of the proposed PwC Settlement.  For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the PwC Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007.  Additionally, copies of the PwC Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.MFGlobalSecuritiesClassAction.com.

| Requests for the Notice or to be added to the mailing list for future notices in the Action should be made to: | Inquiries, other than requests for the Notice, should be made to Co-Lead Counsel: | | |
|---|---|---|---|
| *In re MF Global Holdings Limited Securities Litigation*<br>c/o Garden City Group, LLC<br>P.O. Box 10164<br>Dublin, OH 43017-3164<br>(877) 940-5045<br>www.MFGlobalSecuritiesClassAction.com | BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP<br>Salvatore J. Graziano, Esq.<br>1285 Avenue of the Americas<br>New York, NY 10019<br>(800) 380-8496<br>blbg@blbglaw.com | or | BLEICHMAR FONTI TOUNTAS & AULD LLP<br>Javier Bleichmar, Esq.<br>7 Times Square, 27th Floor<br>New York, NY 10036<br>(212) 789-1341<br>bfta@bftalaw.com |

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: _____, 2015

By Order of the Court
United States District Court
Southern District of New York

#887115

19

# Exhibit 2

Exhibit 2

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| IN RE MF GLOBAL HOLDINGS LIMITED SECURITIES LITIGATION | : : : | Civil Action No. 1:11-CV-07866-VM |
| THIS DOCUMENT RELATES TO: | : : | |
| All Securities Actions (*DeAngelis v. Corzine*) | : : : | ECF CASE |

### SUMMARY NOTICE OF (I) CERTIFICATION OF SETTLEMENT CLASS; (II) PROPOSED SETTLEMENT WITH PRICEWATERHOUSECOOPERS LLP; (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES AND (IV) SETTLEMENT FAIRNESS HEARING

**TO:  All persons and entities who or which, during the period beginning on May 20, 2010 through and including November 21, 2011, purchased or otherwise acquired any MF Global Securities[1] and were damaged thereby (the "PwC Settlement Class")**

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York, that the above-captioned litigation (the "Action") has been certified as a class action for the purposes of settlement only on behalf of the PwC Settlement Class, except for certain persons and entities who are excluded from the PwC Settlement Class by definition as set forth in the full printed Notice of (I) Certification of Settlement Class; (II) Proposed Settlement with PricewaterhouseCoopers LLP; (III) Motion for an Award of Attorneys' Fees and Reimbursement of Expenses; and (IV) Settlement Fairness Hearing (the "PwC Notice").

YOU ARE ALSO NOTIFIED that Lead Plaintiffs in the Action have reached a proposed partial settlement of the Action with defendant PricewaterhouseCoopers LLP ("PwC") for $65,000,000 in cash (the "PwC Settlement"), that, if approved, will resolve all claims asserted in the Action against PwC, MF Global's outside auditor.  The proposed PwC Settlement does not resolve any claims against the other Defendants in the Action.

---

[1] The MF Global Securities are: the common stock of MF Global Holdings Limited ("MF Global") (CUSIP 55277J108); MF Global's 9% Convertible Senior Notes due June 20, 2038 issued on or about June 25, 2008 (CUSIP 55276YAB2); MF Global's 1.875% Convertible Senior Notes due February 1, 2016 issued on or about February 7, 2011 (CUSIP 55277JAA6); MF Global's 3.375% Convertible Senior Notes due August 1, 2018 issued on or about July 28, 2011 (CUSIP 55277JAB4); and MF Global's 6.25% Senior Notes due August 8, 2016 issued on or about August 1, 2011 (CUSIP 55277JAC2).

A hearing will be held on _____, 2015 at __:__ __.m., before the Honorable Victor Marrero at the United States District Court for the Southern District of New York, Courtroom 11B of the United States Courthouse, 500 Pearl Street, New York, NY 10007 to determine: (i) whether the proposed PwC Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice as against PwC, and the Releases specified and described in the Stipulation and Agreement of Settlement with Defendant PricewaterhouseCoopers LLP dated April 3, 2015 (and in the PwC Notice) should be granted; and (iii) whether Co-Lead Counsel's application for an award of attorneys' fees and reimbursement of litigation expenses should be approved.

**If you are a member of the PwC Settlement Class, your rights will be affected by the proposed PwC Settlement and any orders or judgments related to the PwC Settlement, and you may be entitled to share in the PwC Settlement Fund**.  If you have not yet received the PwC Notice, you may obtain a copy by contacting the Claims Administrator at *In re MF Global Holdings Limited Securities Litigation*, c/o Garden City Group, LLC, P.O. Box 10164, Dublin, OH 43017-3164, 1-877-940-5045.  Copies of the PwC Notice can also be downloaded from the website maintained by the Notice Administrator, www.MFGlobalSecuritiesClassAction.com.

[Please note, if you are a member of the PwC Settlement Class, you are also a member of the classes certified in connection with the settlement with certain Underwriter Defendants (the "Underwriter Settlement") and the settlement with defendant Commerz Markets LLC (the "Commerz Settlement").[2]  In order to be eligible to receive a payment from those settlements or the proposed PwC Settlement, if it is approved, you must submit a Proof of Claim Form ***postmarked*** no later than _____, 2015.  If you are a member of one or more of these settlement classes and do not submit a proper Proof of Claim Form, you will not be eligible to share in the distribution of the net proceeds of the settlement(s) obtained on behalf of those class(es) in which you are a member but you will nevertheless be bound by any judgments or orders entered by the Court related to the applicable settlement(s).]

If you are a member of the PwC Settlement Class and wish to exclude yourself from the class, you must submit a written request for exclusion such that it is ***received*** no later than _____, **2015**, in accordance with the instructions set forth in the PwC Notice (the deadline for requesting exclusion from the Underwriter and Commerz Settlement Classes has passed, as set forth in the notices of those settlements which were previously disseminated and which can be viewed on the website noted above).  If you properly exclude yourself from the PwC Settlement Class, you will also be excluded from any other classes that may yet be certified in the Action in which you would otherwise be a member, you will not be bound by any judgments or orders entered by the Court in the Action with respect to the PwC Settlement or any classes yet to be certified, and you will not be eligible to share in the proceeds of the PwC Settlement or any other recoveries that might subsequently be obtained in the Action.

---

[2]  If you asked to be excluded from the Underwriter Settlement Class and/or the Commerz Settlement Class you are also excluded from the PwC Settlement Class.  If you did not request to be excluded from the Underwriter and/or Commerz Settlement Classes, but you do ask to be excluded from the PwC Settlement Class, you will still be eligible to participate in the recoveries obtained in connection with the Underwriter and Commerz Settlements, [if those settlements are approved by the Court,] but you will not be eligible to participate in the recovery obtained from PwC if the PwC Settlement is approved or any subsequent recoveries achieved.

Any objections to the proposed PwC Settlement, the proposed Plan of Allocation, or Co-Lead Counsel's motion for attorneys' fees and reimbursement of litigation expenses must be filed with the Court and delivered to Co-Lead Counsel and, if the objection is to the PwC Settlement, PwC's Counsel such that they are *received* no later than _____, **2015**, in accordance with the instructions set forth in the PwC Notice.

**Please do not contact the Court, the Clerk's office, Defendants or their counsel regarding this notice. All questions about this notice or the proposed PwC Settlement should be directed to Co-Lead Counsel or the Claims Administrator.**

| Inquiries, other than requests for the PwC Notice, should be made to Co-Lead Counsel: | | Requests for the PwC Notice or to be added to the mailing list for future notices in the Action should be made to: |
|---|---|---|
| BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP Salvatore J. Graziano, Esq. 1285 Avenue of the Americas New York, NY 10019 (800) 380-8496 blbg@blbglaw.com | or | BLEICHMAR FONTI TOUNTAS & AULD LLP Javier Bleichmar, Esq. 7 Times Square, 27th Floor New York, NY 10036 (212) 789-1341 bfta@bftalaw.com | *In re MF Global Holdings Limited Securities Litigation,* c/o Garden City Group, LLC P.O. Box 10164 Dublin, OH 43017-3164 (877) 940-5045 www.MFGlobalSecuritiesClassAction.com |

By Order of the Court

# 884613

3