

1095 Avenue of the Americas
New York, NY 10036-6797
+1 212 698 3500  Main
+1 212 698 3599  Fax
www.dechert.com

**MATTHEW L. MAZUR**

matthew.mazur@dechert.com
+1 212 649 8791  Direct
+1 212 314 0085  Fax

June 25, 2015

**VIA ECF**

Honorable James C. Francis IV
United States Magistrate Judge
Southern District of New York
500 Pearl Street, Room 18D
New York, New York 10007

Re:  *In re MF Global Holdings Ltd. Investment Litig., (Deangelis v. Corzine),*
      Case No. 11-cv-7866 (VM)(JCF)

Dear Judge Francis:

We represent Jon S. Corzine in the above-captioned consolidated actions and write in response to the letter filed yesterday by the U.S. Commodity Futures Trading Commission (the "CFTC") (Dkt. 961) seeking to prevent Mr. Corzine from obtaining certain discovery. We are also available for a conference if the Court wishes to hear further on this matter.

In paragraph 83 of its complaint, the CFTC alleges "at least" 100 violations of the Commodities Exchange Act ("CEA"). These violations are based upon "at least" 100 allegedly improper transfers from MF Global's customer segregated accounts. Despite more than a year of discovery and countless depositions, aside from seven specific transfers identified in the CFTC's complaint, no discovery produced by the CFTC or otherwise in this matter has identified which of the thousands of transfers in the final week prior to MF Global's bankruptcy are the ones the CFTC alleges are improper.[1]  The number of transfers for which Mr. Corzine could conceivably be held liable is a critical and disputed issue in the case. In its prayer for relief, the CFTC seeks, among other things, "a civil monetary penalty in the amount of the higher of (i) triple the monetary gain to [Mr. Corzine]

---

[1]  Count One of the CFTC's Complaint purports to allege "at least" 100 separate and distinct violations of the CEA and the CFTC Regulations, "at least" 93 of which are completely unidentified:

> For Corzine, the violations described in paragraph 81 as well as each illegal transfer of customer segregated funds out of MF Global's FCM customer segregated accounts on Thursday, October 27 and Friday, October 28, 2011, are each alleged as a separate and distinct violation of Section 4d(a)(2) of the [CEA] and CFTC Regulations 1.20, 1.22, and 1.23 []. These transfers include but are not limited to: (1) those transfers alleged above, – *i.e.*, on Thursday, October 27, the transfers in the amounts of $325 million and $200 million, and on Friday, October 28, the transfers in the amounts of $62.5 million, $2 million, $200 million, $135 million, and $50 million; (2) at least eight other transfers to MF Global broker-dealer or other Firm accounts; (3) at least five other transfers to customer secured accounts; and (4) at least 80 transfers to FCM customers for withdrawals of secured customer funds.

Compl. ¶ 83.



Honorable James C. Francis IV
June 25, 2015
Page 2

plus post-judgment interest or (ii) $140,000 *for each violation of the [CEA] and CFTC Regulations.*" Compl. Pt. VI(9), at p. 56 (emphasis added); *see also* 17 C.F.R. § 143.8.  Through his discovery requests, Mr. Corzine is simply attempting to identify which transfers the CFTC claims are improper and what evidence, if any, the CFTC has (now, at the close of discovery) to support its allegation that Mr. Corzine "did not act in good faith or knowingly induced, directly or indirectly," those specific transactions.  Compl. ¶ 81.  This is an entirely proper area of inquiry for discovery.

In opposing this discovery, the CFTC claims that Mr. Corzine is attempting to invade its work product.  This is wrong.  Asking the CFTC to identify which among thousands of transfers it claims are improper, or on what basis it alleges Mr. Corzine had knowledge of those transfers (much less their impropriety), is no more an invasion of work product than requiring a lawyer to allege in a complaint the factual basis for his or her allegations (which the federal rules require) or requiring a lawyer to explain in response to a summary judgment motion what evidence it has to support its claims.  In short, the CFTC is simply trying to hide behind the work product privilege in order to avoid admitting that, at the close of discovery, it has no facts establishing that Mr. Corzine knew about the specific transfers.

The CFTC further claims that the information has already been made available to Mr. Corzine.  This is also wrong.  While the CFTC has provided records underlying all of the transfers during MF Global's final week, it has never identified which among those transfers are the other 93 improper ones, or what the basis is for its allegations that Mr. Corzine knew about or acted in bad faith with respect to those transfers.  Moreover, it is absurd for the CFTC to claim Mr. Corzine is in a position to determine this information himself.  Mr. Corzine was the CEO of MF Global.  He was not generally involved in or aware of this level of detail at MF Global, and should not be required to guess which transfers form the basis for each of the CFTC's separate statutory claims.

Over the past several months, dozens of witnesses have been deposed in the MF Global Actions.  Many of those witnesses have given testimony about the events of October 27 and 28, 2011, yet virtually all of the transfers of segregated customer funds on which the CFTC relies in Paragraph 83 of the Complaint remain a mystery.  Only a handful of transactions have been described with any specificity, and, with the possible exception of a single transfer on the morning of October 28 (about which Mr. Corzine has testified publicly), no witness has suggested that Mr. Corzine had knowledge of specific transfers, much less that they originated in a customer segregated account.  Mr. Corzine simply seeks discovery from the CFTC to confirm what Mr. Corzine already suspects – that the CFTC seeks to hold him liable for transfers of customer funds of which he had no knowledge whatsoever.

The CFTC seeks to prevent this discovery by elevating form over substance, and by citing the timing of Mr. Corzine's requests.  Neither the form nor the timing of Mr. Corzine's discovery requests is improper.  Rule 30(b)(6) permits a party to name as a deponent a "governmental agency" and "describe with reasonable particularity the matters for examination."  Mr. Corzine simply seeks a CFTC witness who can provide the information described above.

...



Regarding the timing of the Notice, Mr. Corzine had no way to know at the outset of fact discovery, or even until recently when most of the depositions have occurred, that none of the dozens of witnesses whose depositions were noticed would testify about any more than a handful of specific transactions. Mr. Corzine's Rule 30(b)(6) discovery request was served when it became clear to his counsel that the information sought would not be available from any other source. The CFTC had several years to conduct its investigation in this case. It interviewed countless witnesses and took on-the-record testimony from many of those witnesses, even before it filed its initial complaint. In its initial disclosures, the CFTC identified more than 120 potential witnesses, including individuals at the CFTC. Mr. Corzine has had only a few months to take discovery from witnesses with relevant knowledge. Nothing precludes Mr. Corzine from taking this discovery from the CFTC, even at the end of discovery.

The CFTC's suggestion that the Notice constitutes a "veiled attempt to serve untimely interrogatories" is unfair. In recent discussions with the CFTC concerning a proposed case management order, Mr. Corzine proposed that a date be specified for the service of interrogatories; the CFTC took the position that, based on the prior case management order, which was entered before the extension of fact discovery from April 1 to July 1, interrogatories should have been served no later than June 1. Having taken the position that no interrogatories should be served, the CFTC should not now be heard to argue that the Notice seeks information that is more properly sought by way of interrogatories.

In any event, even if the discovery at issue should more properly be taken through interrogatories, this Court should allow Mr. Corzine to serve such interrogatories at this time. *See* Local Rule 33.3(b), (c) (recognizing that court can allow a party to serve interrogatories at any time in lieu of seeking other discovery and that contention interrogatories may be appropriate at the end of discovery). Indeed, that is precisely what Mr. Corzine proposed when the parties met and conferred after the CFTC first objected to the Notice. Specifically, Mr. Corzine offered to withdraw the Notice if the CFTC would simply identify the transactions alleged in Paragraph 83 of the Complaint. *See* Dkt. 961 at n.1. By contrast, the CFTC has not made any proposal about how it would provide this information. While it accuses Mr. Corzine of gamesmanship, it is the CFTC that is attempting to play a game of gotcha in order to avoid providing clearly discoverable information (if it in fact exists).

For the foregoing reasons, this Court should deny the CFTC's request to quash the Notice. In the alternative, Mr. Corzine respectfully requests that this court allow him to serve contention interrogatories, which are appropriate at the close of discovery, seeking that same information, namely: 1) the specific transfers alluded to in Paragraph 83 of the Complaint (including the date and time of each transfer, the amount of each transfer, the account from which the funds were transferred, and the account to which the funds were transferred); and 2) the basis on which the CFTC claims Mr. Corzine "did not act in good faith or knowingly induced, directly or indirectly" any transfers alleged in the complaint. *See* Local Rule 33.3(b) and (c).



Honorable James C. Francis IV
June 25, 2015
Page 4

Respectfully submitted,

*/s/ Matthew L. Mazur*

Matthew L. Mazur

cc:   All Counsel of Record (by ECF)