USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/26/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN RE MF GLOBAL HOLDINGS
LIMITED SECURITIES LITIGATION

THIS DOCUMENT RELATES TO:

All Securities Actions
(*DeAngelis v. Corzine*)

: Civil Action No. 1:11-CV-07866-VM
:
: ECF CASE

---

## JUDGMENT APPROVING CLASS ACTION SETTLEMENT WITH CERTAIN UNDERWRITER DEFENDANTS

WHEREAS, a consolidated securities class action is pending in this Court styled *In re MF Global Holdings Limited Securities Litigation*, Civil Action No. 1:11-CV-07866-VM, that has been consolidated with other actions under the master case *DeAngelis v. Corzine*, 11-CV-07866-VM (the "Action");

WHEREAS, (a) Lead Plaintiffs the Virginia Retirement System and Her Majesty The Queen In Right Of Alberta, on behalf of themselves, the other named plaintiffs in the Action, and the other members of the Underwriter Settlement Class (defined below), and (b) the following underwriter defendants: Citigroup Global Markets Inc., Deutsche Bank Securities Inc., Goldman, Sachs & Co., J.P. Morgan Securities LLC, Merrill Lynch, Pierce, Fenner & Smith Incorporated, RBS Securities Inc. and Sandler O'Neill & Partners, L.P. (the "Settling Underwriter Defendants" and together with Lead Plaintiffs, the "Settling Parties") have entered into a Stipulation and Agreement of Settlement With Certain Underwriter Defendants dated November 25, 2014 (the "Underwriter Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted against the Settling Underwriter Defendants in the Action on the terms and conditions set

forth in the Underwriter Stipulation, subject to the approval of this Court (the "Underwriter Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Underwriter Stipulation;

WHEREAS, by Order dated December 11, 2014 (the "Underwriter Preliminary Approval Order"), this Court: (a) preliminarily approved the Underwriter Settlement; (b) certified the Underwriter Settlement Class solely for purposes of effectuating the Underwriter Settlement; (c) ordered that notice of the proposed Underwriter Settlement be provided to potential Underwriter Settlement Class Members; (d) provided Underwriter Settlement Class Members with the opportunity either to exclude themselves from the Underwriter Settlement Class or to object to the proposed Underwriter Settlement; and (e) scheduled a hearing regarding final approval of the Underwriter Settlement;

WHEREAS, due and adequate notice has been given to the Underwriter Settlement Class;

WHEREAS, the Court conducted a hearing on June 26, 2015 (the "Settlement Hearing") to consider, among other things: (a) whether the terms and conditions of the Underwriter Settlement are fair, reasonable and adequate to the Underwriter Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Settling Underwriter Defendants; and

WHEREAS, the Court having reviewed and considered the Underwriter Stipulation, all papers filed and proceedings held herein in connection with the Underwriter Settlement, all oral and written comments received regarding the Underwriter Settlement, and the record in the Action, and good cause appearing therefor;

2

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Underwriter Settlement, as well as personal jurisdiction over all of the Settling Parties and each of the Underwriter Settlement Class Members.

2. **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Underwriter Stipulation filed with the Court on December 11, 2014; and (b) the Underwriter Notice and the Underwriter Summary Notice, both of which were filed with the Court on May 15, 2015.

3. **Class Certification for Settlement Purposes** – The Court hereby affirms its determinations in the Underwriter Preliminary Approval Order certifying, for the purposes of the Underwriter Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class consisting of all persons and entities who or which purchased or otherwise acquired, during the Settlement Class Period (i.e., the period beginning on May 20, 2010 through and including November 21, 2011), any of the MF Global Settling Underwriter Securities[1] and were damaged thereby (the "Underwriter Settlement Class"). Excluded from the Underwriter Settlement Class are: (i) Defendants and MF Global; (ii) members of the Immediate Families of the Individual Defendants; (iii) the subsidiaries and affiliates of Defendants and MF Global; (iv) any person or entity who or which was during the Settlement

---

[1] "MF Global Settling Underwriter Securities" means MF Global common stock purchased in or traceable to the secondary offering pursuant to a Post-Effective Amendment No. 1 to Registration Statement No. 333-162119, dated February 24, 2010, a Preliminary Prospectus Supplement dated June 1, 2010, and a Final Prospectus supplement dated June 3, 2010 (CUSIP 55277J108); MF Global's 1.875% Convertible Senior Notes due February 1, 2016 issued on or about February 7, 2011 (CUSIP 55277JAA6); MF Global's 3.375% Convertible Senior Notes due August 1, 2018 issued on or about July 28, 2011 (CUSIP 55277JAB4); and MF Global's 6.25% Senior Notes due August 8, 2016 issued on or about August 1, 2011 (CUSIP 55277JAC2).

3

Class Period and/or is a partner, executive officer, director, or controlling person of MF Global, or any of its subsidiaries or affiliates, or of any Defendant; (v) any entity in which any Defendant or MF Global had during the Settlement Class Period and/or has a controlling interest; (vi) Defendants' liability insurance carriers, and any affiliates or subsidiaries thereof; (vii) the *AG Oncon* Plaintiffs; and (viii) the legal representatives, heirs, successors and assigns of any such excluded person or entity; provided, however, that any Investment Vehicle shall not be deemed an excluded person or entity by definition.

4. **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Underwriter Settlement only, the Court hereby affirms its determinations in the Underwriter Preliminary Approval Order certifying Lead Plaintiff the Virginia Retirement System as class representative for the Underwriter Settlement Class and appointing Co-Lead Counsel as class counsel for the Underwriter Settlement Class. Lead Plaintiff the Virginia Retirement System and Co-Lead Counsel have fairly and adequately represented the Underwriter Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Underwriter Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5. **Notice** – The Court finds that the dissemination of the Underwriter Notice and the publication of the Underwriter Summary Notice: (a) were implemented in accordance with the Underwriter Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Underwriter Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Underwriter Settlement (including the Releases to be provided thereunder); (iii) their right to object to any aspect of the Underwriter Settlement; (iv) their right to exclude themselves

from the Underwriter Settlement Class; and (v) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Underwriter Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 77z-1, as amended, and all other applicable law and rules.

6. **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Underwriter Settlement set forth in the Underwriter Stipulation in all respects (including, without limitation: the amount of the Underwriter Settlement; the Releases provided for therein, including the release of the Released Plaintiffs' Claims as against the Settling Underwriter Defendants' Releasees; and the dismissal with prejudice of the claims asserted against the Settling Underwriter Defendants in the Action), and finds that the Underwriter Settlement is, in all respects, fair, reasonable and adequate to the Underwriter Settlement Class. The Settling Parties are directed to implement, perform and consummate the Underwriter Settlement in accordance with the terms and provisions contained in the Underwriter Stipulation.

7. All of the claims asserted against the Settling Underwriter Defendants in the Action by Lead Plaintiffs and the other Underwriter Settlement Class Members are hereby dismissed with prejudice. The Settling Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Underwriter Stipulation.

8. **Binding Effect** – The terms of the Underwriter Stipulation and of this Judgment shall be forever binding on Settling Underwriter Defendants, Lead Plaintiffs and all other Underwriter Settlement Class Members (regardless of whether or not any individual Underwriter

Settlement Class Member submits a Proof of Claim Form or seeks or obtains a distribution from the Underwriter Net Settlement Fund), as well as their respective successors and assigns.

9. **Releases** – The Releases set forth in paragraphs 5 and 6 of the Underwriter Stipulation, together with the definitions contained in paragraph 1 of the Underwriter Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a) Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Underwriter Settlement, Lead Plaintiffs and each of the other Underwriter Settlement Class Members, on behalf of themselves and their respective heirs, executors, administrators, predecessors, successors, affiliates and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim against the Settling Underwriter Defendants and the other Settling Underwriter Defendants' Releasees, and shall forever be enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Settling Underwriter Defendants' Releasees. This Release shall not apply to any of the Excluded Plaintiffs' Claims.

(b) Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Underwriter Settlement, the Settling Underwriter Defendants, on behalf of themselves and their respective heirs, executors, administrators, predecessors, successors, affiliates and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Settling Underwriter Defendants' Claim against Lead Plaintiffs and the other Plaintiffs' Releasees, and shall forever be enjoined

from prosecuting any or all of the Released Settling Underwriter Defendants' Claims against any of the Plaintiffs' Releasees. This Release shall not apply to any Excluded Settling Underwriter Defendants' Claim.

10. Notwithstanding paragraphs 9(a) – (b) above, nothing in this Judgment shall bar any action by any of the Settling Parties to enforce or effectuate the terms of the Underwriter Stipulation or this Judgment.

11. **Bar Order** – The Court hereby: (a) permanently bars, enjoins and restrains any person or entity from commencing, prosecuting, or asserting any Barred Claims against any of the Settling Underwriter Defendants' Releasees, whether as claims, cross-claims, counterclaims, third-party claims, or otherwise, and whether asserted in the Action or any other proceeding, in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere; and (b) permanently bars, enjoins, and restrains the Settling Underwriter Defendants' Releasees from commencing, prosecuting, or asserting any Barred Claims against any person or entity, whether as claims, cross-claims, counterclaims, third-party claims or otherwise, and whether asserted in the Action or any other proceeding, in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere.

12. **Judgment Reduction** –

a. Any final verdict or judgment obtained by or on behalf of the Underwriter Settlement Class arising out of the 1.875% or 3.375% Convertible Notes offerings and/or the Common Stock Secondary Offering against any person or entity subject to the Bar Order shall be reduced by the greater of: (i) an amount that corresponds to the percentage of responsibility of the Settling Underwriter Defendants as underwriters of such offerings

7

for common damages arising out of those offerings; or (ii) the amount paid by or on behalf of the Settling Underwriter Defendants to the Underwriter Settlement Class for common damages arising out of those offerings.

   b. Any final verdict or judgment obtained by or on behalf of the Underwriter Settlement Class arising out of the 6.25% Senior Notes offering against any person or entity subject to the Bar Order shall be reduced by the greatest of: (i) an amount that corresponds to the percentage of responsibility of the Settling Underwriter Defendants as underwriters of that offering for common damages arising out of that offering; (ii) the amount paid by or on behalf of the Settling Underwriter Defendants to the Underwriter Settlement Class for common damages arising out of the 6.25% Senior Notes offering; or (iii) the aggregate amount the Settling Underwriter Defendants that were underwriters of the 6.25% Senior Notes would have been required under the applicable agreements among the underwriters of the 6.25% Senior Notes to contribute to any judgment with respect to the 6.25% Senior Notes offering if not for the Bar Order, i.e., the percentage that corresponds to the percentage of the 6.25% Senior Notes offering that such Settling Underwriter Defendants committed to take down in that offering (including any over allotment); provided, however, there shall be no reduction for any amounts such Settling Underwriter Defendants would be responsible to contribute under those agreements with respect solely to any and all costs or fees (including but not limited to attorneys' fees) incurred by or for which the underwriters of the 6.25% Senior Notes may otherwise become responsible that are related in any way to such judgment.

Without constituting any admission of liability or damages for any offering, and solely for purposes of identifying the amount referred to in subsection (ii) of the second judgment reduction

provision, "the amount paid by or on behalf of the Settling Underwriter Defendants" with respect to common damages in the 6.25% Senior Notes offering is $1,728,918.48. No other amounts are being paid by the Settling Underwriter Defendants to settle any claims arising from the 6.25% Senior Notes offering.

13. **Rule 11 Findings** – The Court finds and concludes that the Settling Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

14. **No Admissions** – Neither this Judgment, the Underwriter Stipulation (whether or not consummated), including the exhibits thereto, the Plan of Allocation to be proposed by Lead Plaintiffs (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Underwriter Stipulation, nor any proceedings taken pursuant to or in connection with the Underwriter Stipulation and/or approval of the Underwriter Settlement (including any arguments proffered in connection therewith):

(a) shall be offered against any of the Settling Underwriter Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of (i) any presumption, concession, or admission by any of the Settling Underwriter Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiffs, the validity of any claim that was or could have been asserted by Lead Plaintiffs or any member of the Underwriter Settlement Class, or the deficiency of any defense that has been or could have been asserted by the Settling Underwriter Defendants in this Action or in any other litigation, or (ii) any liability, negligence, fault, or other wrongdoing of any kind of any of the Settling Underwriter Defendants' Releasees or in any way referred to for any other reason as against

any of the Settling Underwriter Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Underwriter Stipulation;

    (b)    shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of (i) any presumption, concession or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Settling Underwriter Defendants' Releasees had meritorious defenses, or that damages recoverable against the Settling Underwriter Defendants under the Complaint would not have exceeded the Settlement Amount, or (ii) any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Underwriter Stipulation; or

    (c)    shall be construed against any of Releasees as an admission, concession, or presumption that the consideration to be given under the Underwriter Settlement represents the amount which could be or would have been recovered against the Settling Underwriter Defendants after trial;

provided, however, that the Settling Parties and the Releasees and their respective counsel may refer to this Judgment and the Underwriter Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Underwriter Settlement.

    15.    **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Settling Parties for purposes of the administration, interpretation, implementation and enforcement of the Underwriter

Settlement; (b) the disposition of the Underwriter Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Co-Lead Counsel in the Action that will be paid from the Underwriter Settlement Fund; (d) any motion to approve a plan of allocation for the proceeds of the Underwriter Settlement Fund; (e) any motion to approve the Class Distribution Order; and (f) the Underwriter Settlement Class Members for all matters relating to the Underwriter Settlement.

16. At this time, motions for approval of a plan of allocation or for an award of attorneys' fees and reimbursement of Litigation Expenses to Plaintiffs' Counsel have not been made. Following additional notice to Underwriter Settlement Class Members and an opportunity to be heard, separate orders shall be entered regarding approval of a plan of allocation and the motion of Co-Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Underwriter Settlement.

17. **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiffs and Settling Underwriter Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Underwriter Stipulation or any exhibits attached thereto to effectuate the Underwriter Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Underwriter Settlement Class Members in connection with the Underwriter Settlement. Without further order of the Court, Lead Plaintiffs and Settling Underwriter Defendants may agree to reasonable extensions of time to carry out any provisions of the Underwriter Settlement.

18. **Termination of Settlement** – If the Underwriter Settlement is terminated as provided in the Underwriter Stipulation or the Effective Date of the Underwriter Settlement

otherwise fails to occur, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Underwriter Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiffs, the other Underwriter Settlement Class Members and the Settling Underwriter Defendants, and the Settling Parties shall revert to their respective positions in the Action on April 24, 2014, as provided in the Underwriter Stipulation.

19. **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action as against the Settling Underwriter Defendants pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment as against the Settling Underwriter Defendants.

SO ORDERED this 26th day of June, 2015.

_____
The Honorable Victor Marrero
United States District Judge

#822606