# Exhibit 2

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE MF GLOBAL HOLDINGS LIMITED SECURITIES LITIGATION | : : : Civil Action No. 1:11-CV-07866-VM |
| THIS DOCUMENT RELATES TO: | : : |
| All Securities Actions (*DeAngelis v. Corzine*) | : ECF CASE : : |

## [PROPOSED] ORDER PRELIMINARILY APPROVING PROPOSED SETTLEMENT WITH INDIVIDUAL DEFENDANTS AND PROVIDING FOR NOTICE

WHEREAS, a consolidated securities class action is pending in this Court styled *In re MF Global Holdings Limited Securities Litigation*, Civil Action No. 1:11-CV-07866-VM, that has been consolidated with other actions under the master case *DeAngelis v. Corzine*, 11-CV-07866-VM (the "Action");

WHEREAS, (a) Lead Plaintiffs the Virginia Retirement System and Her Majesty The Queen In Right Of Alberta, on behalf of themselves, the other named plaintiffs in the Action, and the other members of the Individual Defendant Settlement Class (defined below), and (b) defendants Jon S. Corzine, J. Randy MacDonald, and Henri J. Steenkamp (collectively, the "Officer Defendants"), and (c) David P. Bolger, Eileen S. Fusco, David Gelber, Martin J.G. Glynn, Edward L. Goldberg, David I. Schamis, and Robert S. Sloan (collectively, the "Director Defendants," together with the Officer Defendants, the "Individual Defendants;" the Individual Defendants together with Lead Plaintiffs, on behalf of themselves, the other named plaintiffs in the Action, and the other members of the Individual Defendant Settlement Class, the "Settling Parties") have determined to settle all claims asserted against the Individual Defendants in this

Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement with the Individual Defendants dated July 2, 2015 (the "Individual Defendant Stipulation") subject to approval of this Court (the "Individual Defendant Settlement");

WHEREAS, Lead Plaintiffs have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Individual Defendant Settlement in accordance with the Individual Defendant Stipulation, certifying the Individual Defendant Settlement Class for purposes of the Individual Defendant Settlement only, and allowing notice to Individual Defendant Settlement Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) the Consolidated Second Amended Securities Class Action Complaint filed in this Action on October 3, 2014; (b) Lead Plaintiffs' motion for preliminary approval of the Individual Defendant Settlement, and the papers filed and arguments made in connection therewith; and (c) the Individual Defendant Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Individual Defendant Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **Class Certification for Settlement Purposes** – Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the proposed Individual Defendant Settlement, a class consisting of all persons and entities who or which purchased or otherwise acquired any of the MF Global Securities[1] during the Settlement

---

[1] "MF Global Securities" means common stock of MF Global Holdings Limited (including shares acquired through the MF Global Ltd. Amended and Restated 2007 Long Term Incentive Plan ("LTIP") or the MF Global Ltd. Employee Stock Purchase Plan) (CUSIP 55277J108); MF Global's 9% Convertible Senior Notes due June 20, 2038 issued on or about June 25, 2008 (CUSIP 55276YAB2); MF Global's 1.875% Convertible Senior Notes due February 1, 2016 issued on or about February 7, 2011 (CUSIP 55277JAA6);

Class Period (*i.e.*, the period beginning on May 20, 2010 through and including November 21, 2011), and were damaged thereby (the "Individual Defendant Settlement Class"). Excluded from the Individual Defendant Settlement Class are: (i) Defendants and MF Global; (ii) members of the Immediate Families of the Individual Defendants; (iii) the subsidiaries and affiliates of Defendants and MF Global; (iv) any person or entity who or which was at any time during the Settlement Class Period and/or is a partner, executive officer, director, or controlling person of MF Global, or any of its subsidiaries or affiliates, or of any Defendant; (v) any entity in which any Defendant or MF Global had at any time during the Settlement Class Period and/or has a controlling interest (including but not limited to any trust established by an Individual Defendant for the benefit of (a) himself/herself or any member of his/her family, or (b) any entity in which he/she has had or has a beneficial interest; or any trust over which an Individual Defendant has had and/or currently has any form of direct or indirect control); (vi) Defendants' Insurance Carriers, and any affiliates or subsidiaries thereof; (vii) the *AG Oncon* Plaintiffs; (viii) Cadian and its principals, members, officers, directors and controlling persons and (ix) the legal representatives, heirs, successors and assigns of any such excluded person or entity; provided, however, that any Investment Vehicle shall not be deemed an excluded person or entity by definition. Also excluded from the Individual Defendant Settlement Class are any persons and entities who or which exclude themselves from the Individual Defendant Settlement Class or any Other Class(es) (to the extent such persons or entities are also Individual Defendant Settlement Class Members) by submitting a request for exclusion that is accepted by the Court.

---

MF Global's 3.375% Convertible Senior Notes due August 1, 2018 issued on or about July 28, 2011 (CUSIP 55277JAB4); and MF Global's 6.25% Senior Notes due August 8, 2016 issued on or about August 1, 2011 (CUSIP 55277JAC2).

2. **Class Findings** – Solely for purposes of the proposed Individual Defendant Settlement in this Action, the Court finds that each element required for certification of the Individual Defendant Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Individual Defendant Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Individual Defendant Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiffs in the Action are typical of the claims of the Individual Defendant Settlement Class; (d) Lead Plaintiffs and Co-Lead Counsel have and will fairly and adequately represent and protect the interests of the Individual Defendant Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3. The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Individual Defendant Settlement only, Lead Plaintiffs are adequate class representatives and certifies them as class representatives for the Individual Defendant Settlement Class. The Court also appoints Co-Lead Counsel as class counsel for the Individual Defendant Settlement Class, for the purposes of the Individual Defendant Settlement only, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4. **Preliminary Approval of the Individual Defendant Settlement** – The Court hereby preliminarily approves the Individual Defendant Settlement, as embodied in the Individual Defendant Stipulation, as being fair, reasonable and adequate to the Individual Defendant Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

5. **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on _____, 2015 at __:__ .m. in Courtroom 11B of the United States

Courthouse, 500 Pearl Street, New York, NY 10007, for the following purposes: (a) to determine whether the proposed Individual Defendant Settlement on the terms and conditions provided for in the Individual Defendant Stipulation is fair, reasonable and adequate to the Individual Defendant Settlement Class, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Individual Defendant Stipulation should be entered dismissing the Action with prejudice as against the Individual Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the settlements achieved in the Action is fair and reasonable and should be approved; (d) to determine whether the motion by Co-Lead Counsel for an award of attorneys' fees and reimbursement of expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Individual Defendant Settlement. Notice of the Individual Defendant Settlement, the proposed Plan of Allocation, Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses, and the Settlement Hearing shall be given to Individual Defendant Settlement Class Members as set forth in paragraph 7 of this Order.

6.     The Court may adjourn the Settlement Hearing and approve the proposed Individual Defendant Settlement with such modifications as the Settling Parties may agree to, if appropriate, without further notice to the Individual Defendant Settlement Class.

7.     **Retention of Claims Administrator and Manner of Giving Notice** – Garden City Group, LLC (f/k/a The Garden City Group, Inc.) (the "Claims Administrator" or "GCG"), which the Court previously authorized Co-Lead Counsel to retain to supervise and administer the notice procedure in connection with any other settlements or recoveries that may be achieved in this Action as well as the processing of Claims at such time as a plan of allocation for the proceeds of the settlements achieved in the Action is approved by the Court, shall supervise and administer the

notice procedure in connection with the proposed Individual Defendant Settlement as well as the processing of Claims, as more fully set forth below. Notice of the Individual Defendant Settlement, the proposed Plan of Allocation, Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses, and the Settlement Hearing shall be given by Co-Lead Counsel as follows:

(a)  not later than forty-five (45) business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause copies of the PwC/Individual Defendant Notice, substantially in the form attached hereto as Exhibit 1, the proposed Plan of Allocation, substantially in the form attached hereto at Exhibit 2, and the Proof of Claim Form, substantially in the form attached hereto as Exhibit 3 (collectively the "Notice Packet"), to be mailed by first-class mail to potential Individual Defendant Settlement Class Members who or which may be identified through reasonable effort including, but not limited to, the nominee procedures set forth below; [2]

(b)  contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause copies of the PwC/Individual Defendant Notice, the Plan of Allocation, and the Proof of Claim Form to be posted on the website developed by the Claims Administrator for the Action, from which copies of those documents can be downloaded;

(c)  not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the PwC/Individual Defendant Summary Notice, substantially in the

---

[2] As the Individual Defendant Settlement Class includes the members of the Underwriter Settlement Class, the Commerz Settlement Class and the PwC Settlement Class (together with the Individual Defendant Settlement Class, the "Current Settlement Classes"), this provision for providing notice of the proposed Plan of Allocation and Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses appropriately provides for the requisite notice to members of all of the settlement classes.

form attached hereto as Exhibit 4, to be published once each in *The Wall Street Journal* and *Investor's Business Daily* and to be transmitted once over the *PR Newswire*; and

(d) not later than seven (7) calendar days prior to the Settlement Hearing, Co-Lead Counsel shall serve on the Individual Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

8. **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the PwC/Individual Defendant Notice, the Plan of Allocation, the Proof of Claim Form, and the PwC/Individual Defendant Summary Notice, attached hereto as Exhibits 1, 2, 3 and 4 respectively, and (b) finds that the mailing and distribution of the Notice Packet and the publication of the PwC/Individual Defendant Summary Notice in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, (A) to apprise Individual Defendant Settlement Class Members of the pendency of the Action, of the effect of the proposed Individual Defendant Settlement (including the Releases to be provided thereunder), of their right to exclude themselves from the Individual Defendant Settlement Class, and of their right to object to the Individual Defendant Settlement; and (B) to apprise the members of the Current Settlement Classes of the Proposed Plan of Allocation and of Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses, of their right to object to the proposed Plan of Allocation and/or the motion for attorneys' fees and expenses, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Individual Defendant Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States

Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1, 78u-4, as amended, and all other applicable laws and rules. The date and time of the Settlement Hearing shall be included in the PwC/Individual Defendant Notice and PwC/Individual Defendant Summary Notice before they are mailed and published, respectively.

9. **Nominee Procedures** – Brokers and other nominees who purchased or otherwise acquired any MF Global Securities during the Settlement Class Period for the benefit of another person or entity and who in connection with the mailing of the Underwriter and Commerz notices:

(a) provided GCG with the names and addresses of beneficial owners in compliance with the search instructions sent by GCG in connection with the mailing of the Underwriter and Commerz Notices, need do nothing more;

(b) elected to forward the notices of the Underwriter and Commerz Settlements to potential members of those Settlement Classes and who or which complied with the search instructions sent by GCG in connection with the mailing of the Underwriter and Commerz Notices, shall now augment the records they developed in connection with that mailing to add persons and entities for whom or which they purchased or acquired MF Global common stock during the period beginning on June 14, 2010 through and including November 21, 2011, and within seven (7) calendar days of receipt of the Notice Packet from GCG, request from GCG sufficient copies of the Notice Packet to forward to all beneficial owners to whom or which they previously forwarded the Underwriter and Commerz Notices as well as to all beneficial owners identified in the supplemental search, and within seven (7) calendar days of receipt of the packets forward them to all such beneficial owners;

(c) neither previously provided names and address to GCG nor forwarded the Underwriter and Commerz Notices to beneficial owners, such brokers and nominees shall

(a) within seven (7) calendar days of receipt of the Notice Packet, request from GCG sufficient copies of the Notice Packet to forward to all persons and entities on whose behalf they purchased or acquired any of the MF Global Securities during the period beginning on May 20, 2010 through and including November 21, 2011, and within seven (7) calendar days of receipt of those packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice Packet, send a list of the names and addresses of all such beneficial owners to GCG in which event GCG shall promptly mail the Notice Packet to such beneficial owners. Nominees who elect to send the Notice Packet to their beneficial owners shall send a statement to GCG confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Action. Upon full compliance with this Order, nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing GCG with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Individual Defendant Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

10. **Participation in the Settlements** – Current Settlement Class Members who or which wish to participate in settlements achieved and to be eligible to receive a distribution from the Net Settlement Funds must complete and submit a Proof of Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proof of Claim Forms must be postmarked no later than one hundred twenty (120) calendar days after the Notice Date. Notwithstanding the foregoing, Co-Lead Counsel may, at their discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Funds

to the Current Settlement Classes.  By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim and the subject matter of the applicable Current Settlement(s).

11.     Each Proof of Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Co-Lead Counsel or the Claims Administrator; (c) if the person executing the Proof of Claim Form is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Current Settlement Class Member must be included in the Proof of Claim Form to the satisfaction of Co-Lead Counsel or the Claims Administrator; and (d) the Proof of Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

12.     Any Current Settlement Class Member who or which does not timely and validly submit a Proof of Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her or its right to share in the Net Settlement Fund(s) applicable to him, her or it; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the applicable stipulation(s) of settlement and settlement(s) and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the applicable Judgment(s), and the Releases provided for therein, whether

favorable or unfavorable to the relevant Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the applicable Released Plaintiffs' Claims against each and all of the applicable Defendants' Releasees, as more fully described in the respective stipulations and notices of settlement. Notwithstanding the foregoing, late Proof of Claim Forms may be accepted for processing as set forth in paragraph 10 above

13. **Exclusion From the Individual Defendant Settlement Class** – Any Individual Defendant Settlement Class Member who or which wishes to exclude himself, herself or itself from the Individual Defendant Settlement Class must request exclusion in writing within the time and in the manner set forth in the PwC/Individual Defendant Notice, which shall provide that: (a) any such request for exclusion from the Individual Defendant Settlement Class must be mailed or delivered such that it is received no later than twenty-eight (28) calendar days prior to the Settlement Hearing, to: *In re MF Global Holdings Limited Securities Litigation*, EXCLUSIONS, c/o the Claims Administrator at the address to be set forth in the PwC/Individual Defendant Notice, and (b) that each request for exclusion must: (i) state the name, address and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Individual Defendant Settlement Class in *In re MF Global Holdings Limited Securities Litigation*, Civil Action No. 1:11-CV-7866"; (iii) state the amount of each MF Global Security (in terms of number of shares of common stock and face value of the respective notes) that the person or entity requesting exclusion purchased/acquired and/or sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not

be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

14.     Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Individual Defendant Settlement Class shall not be an Individual Defendant Settlement Class Member, shall not be bound by the terms of the Individual Defendant Settlement or any orders or judgments in the Action relating to the Individual Defendant Settlement, and shall not receive any payment out of the Individual Defendant Net Settlement Fund.  Additionally, any person or entity who or which requests exclusion from the Individual Defendant Settlement Class shall be deemed to have also requested exclusion from the PwC Settlement Class and any class(es) covered by any other settlement(s) presented to the Court for consideration of final approval concurrently with consideration of the Individual Defendant Settlement for final approval ("Other Settlement(s)").  Similarly, any person or entity who or which requests exclusion from any Other Class(es) shall be deemed to have requested exclusion from the Individual Defendant Settlement Class.  All terms and conditions applicable to all persons and entities who or which requested exclusion from the Individual Defendant Settlement Class and who or which are excluded from the Individual Defendant Settlement Class as set forth in the preceding sentence shall also apply to persons and entities who or which request exclusion from any Other Class(es) to the extent such persons or entities would be Individual Defendant Settlement Class Members absent such exclusion.

15.     Any persons or entities who or which, pursuant to request, are excluded from the Individual Defendant Settlement Class shall be deemed to be excluded from any other settlement class(es) and litigation class that may yet be certified by the Court (as well as the other classes covered by any Other Settlement(s)), shall not be bound by the terms of any orders or judgments

in the Action relating to those settlements or the Action as applicable, and shall not be entitled to receive any payment from recoveries that might be obtained on behalf of those classes in the Action.

16.     Any Individual Defendant Settlement Class Member who or which does not timely and validly request exclusion from the Individual Defendant Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her or its right to be excluded from the Individual Defendant Settlement Class; (b) shall be forever barred from requesting exclusion from the Individual Defendant Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Individual Defendant Stipulation, the Individual Defendant Settlement, and all proceedings, determinations, orders and judgments in the Action relating to the Individual Defendant Settlement, including, but not limited to, the Individual Defendant Judgment, and the Releases provided for therein whether favorable or unfavorable to the Individual Defendant Settlement Class; and (d) shall be barred from commencing, maintaining or prosecuting any of the Released Plaintiffs' Claims against any of the Individual Defendants' Releasees, as more fully described in the Individual Defendant Stipulation and PwC/Individual Defendant Notice.

17.     **<u>Appearance and Objections at Settlement Hearing</u>** – Any Current Settlement Class Member who or which does not request exclusion from the Individual Defendant Settlement Class or from any Other Class(es) may enter an appearance in the Action at his, her or its own expense, individually or through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering a notice of appearance (a) to both Co-Lead Counsel and the representative Individual Defendants' Counsel if the purpose of the appearance is to object to the proposed Individual Defendant Settlement; and, (b) to Co-Lead Counsel if the purpose of the appearance is to object to the proposed Plan of Allocation and/or Co-Lead Counsel's motion for an award of

attorneys' fees and reimbursement of expenses, at the addresses set forth in paragraph 18 below, such that it is received no later twenty-eight (28) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct.  Any Current Settlement Class Member who does not enter an appearance will be represented by Co-Lead Counsel.

18.     Any Individual Defendant Settlement Class Member who does not request exclusion from the Individual Defendant Settlement Class or from any Other Class(es) may file a written objection to the proposed Individual Defendant Settlement and show cause, if he, she or it has any cause, why the proposed Individual Defendant Settlement should not be approved.  Any member of the Current Settlement Classes may file a written objection to the proposed Plan of Allocation and/or Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses and show cause, if he, she or it has any cause, why the proposed Plan of Allocation and/or Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses should not be approved.  Notwithstanding the foregoing, no member of any of the aforementioned classes as applicable shall be heard or entitled to contest the approval of the terms and conditions of the proposed Individual Defendant Settlement, the proposed Plan of Allocation and/or Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Co-Lead Counsel and, if the objection is to the Individual Defendant Settlement, on representative Individual Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-eight (28) calendar days prior to the Settlement Hearing.

|                        | **Co-Lead Counsel**          | **Representative Individual Defendants' Counsel** |
|---|---|---|

|                        |                              |

**Co-Lead Counsel**

**Representative Individual Defendants' Counsel**

Bernstein Litowitz Berger
   & Grossmann LLP
Salvatore J. Graziano, Esq.
1285 Avenue of the Americas
New York, NY 10019

Dechert, LLP
Andrew J. Levander, Esq.
1095 Avenue of the Americas
New York, NY 10036

Bleichmar Fonti
   Tountas & Auld LLP
Javier Bleichmar, Esq.
7 Times Square, 27th Floor
New York, NY 10036

Davis Polk & Wardwell LLP
Edmund Polubinski III, Esq.
450 Lexington Avenue
New York, NY 10017

19.    Any objections, filings and other submissions by an objecting class member: (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the class member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the class member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove class membership including the amount of each MF Global Security (in terms of number of shares of common stock and face value of the respective notes) that the objecting class member purchased/acquired and/or sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and/or sale.

20.    Any member of the Current Settlement Classes who or which does not make his, her or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object, as applicable, to any aspect of the proposed Individual Defendant Settlement, the proposed Plan of Allocation, or Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Individual Defendant Settlement, the proposed Plan of Allocation, or the requested attorneys' fees and expenses, or from otherwise being heard

concerning the Individual Defendant Settlement or the requested attorneys' fees and expenses in this or any other proceeding.

21. **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action between the Settling Parties other than proceedings necessary to carry out or enforce the terms and conditions of the Individual Defendant Stipulation and as otherwise necessary as to pending claims against other defendants in the Action. Pending final determination of whether the Individual Defendant Settlement should be approved, the Court bars and enjoins Lead Plaintiffs, and all other members of the Individual Defendant Settlement Class, from commencing or prosecuting any and all of the Released Plaintiffs' Claims against each and all of the Individual Defendants' Releasees.

22. **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Individual Defendant Settlement Class Members and notifying them of the Individual Defendant Settlement as well as in administering the Individual Defendant Settlement shall be paid as set forth in the Individual Defendant Stipulation without further order of the Court.

23. **Settlement Fund** – The contents of the Individual Defendant Settlement Fund held by Citibank, N.A. (which the Court approves as the Escrow Agent) shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Individual Defendant Stipulation and/or further order(s) of the Court.

24. **Taxes** – Co-Lead Counsel are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect of the Individual Defendant Settlement Fund, to pay from the Individual Defendant Settlement Fund any Taxes owed with respect to the Individual Defendant Settlement Fund, and to otherwise perform all obligations with respect to Taxes and

any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Individual Defendant Stipulation.

25.     **Termination of Settlement** – If the Individual Defendant Settlement is terminated as provided in the Individual Defendant Stipulation, the Individual Defendant Settlement is not approved, or the Effective Date of the Individual Defendant Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect as to the Individual Defendants, except as otherwise provided by the Individual Defendant Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiffs, the other Individual Defendant Settlement Class Members and the Individual Defendants, and the Settling Parties shall revert to their respective positions in the Action as of May 8, 2015, as provided in the Individual Defendant Stipulation.

26.     **Use of this Order** – Neither this Order, the Individual Defendant Stipulation (whether or not consummated), the exhibits thereto including the Plan of Allocation (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Individual Defendant Stipulation, nor any proceedings taken pursuant to or in connection with the Individual Defendant Stipulation and/or approval of the Individual Defendant Settlement (including any arguments proffered in connection therewith):  (a) shall be offered against any of the Individual Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of (i) any presumption, concession, or admission by any of the Individual Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiffs, the validity of any claim that was or could have been asserted by Lead Plaintiffs or any member of the Individual Defendant Settlement Class, the deficiency of any defense that has been or could have been asserted by the Individual Defendants in this Action or in any other litigation, or coverage under the Individual Defendants'

Insurance Carriers' respective policies, or (ii) any liability, negligence, fault, or other wrongdoing of any kind of any of the Individual Defendants' Releasees or in any way referred to for any other reason as against any of the Individual Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Individual Defendant Stipulation; (b) shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of (i) any presumption, concession or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Individual Defendants' Releasees had meritorious defenses, or that damages recoverable against the Individual Defendants under the Complaint would not have exceeded the Individual Defendant Settlement Amount, or (ii) any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Individual Defendant Stipulation; or (c) shall be construed against any of Releasees as an admission, concession, or presumption that the consideration to be given under the Individual Defendant Settlement represents the amount which could be or would have been recovered against the Individual Defendants after trial; *provided, however*, that if the Individual Defendant Stipulation is approved by the Court, the Settling Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Individual Defendant Settlement.

27. **<u>Supporting Papers</u>** – Co-Lead Counsel shall file and serve the opening papers in support of the proposed Individual Defendant Settlement, the Plan of Allocation, and Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses no later

than forty-two (42) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

28.     The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Individual Defendant Settlement.


SO ORDERED this _____ day of _____, 2015.


_____
The Honorable Victor Marrero
United States District Judge

# 907446

# Exhibit 1

Exhibit 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| | : |
| IN RE MF GLOBAL HOLDINGS | : |
| LIMITED SECURITIES LITIGATION | :   Civil Action No. 1:11-CV-07866-VM |
| | : |
| THIS DOCUMENT RELATES TO: | : |
| | : |
| All Securities Actions | :   ECF CASE |
| (*DeAngelis v. Corzine*) | : |
| | : |

**NOTICE OF (I) CERTIFICATION OF SETTLEMENT CLASSES;**
**(II) PROPOSED SETTLEMENTS WITH PRICEWATERHOUSECOOPERS LLP**
**AND THE INDIVIDUAL DEFENDANTS; (III) MOTION FOR**
**AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT**
**OF EXPENSES; AND (IV) SETTLEMENT FAIRNESS HEARING**

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

**NOTICE OF SETTLEMENTS:** Please be advised that the Court-appointed Lead Plaintiffs, the Virginia Retirement System and Her Majesty The Queen In Right Of Alberta ("Lead Plaintiffs"), on behalf of themselves, the other named plaintiffs, and the PwC Settlement Class and the Individual Defendant Settlement Class (as defined in paragraph 26 below), have reached proposed settlements (i) with PricewaterhouseCoopers LLP ("PwC"), the outside auditor of MF Global Holdings Limited ("MF Global"), for $65,000,000 in cash (the "PwC Settlement"), and (ii) with the Individual Defendants (as defined in paragraph 26 n. 10 below) for $64,500,000 in cash (the "Individual Defendant Settlement").[1] The respective settlements, if approved, will resolve all claims in the above-captioned securities class action (the "Action") pending in the United States District Court for the Southern District of New York (the "Court") against PwC and the Individual Defendants. The proposed settlements will be considered independently by the Court and will only resolve claims against the Defendants covered by the respective settlements.[2]

---

[1] Any capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement with Defendant PricewaterhouseCoopers LLP dated April 3, 2015 (the "PwC Stipulation") and the Stipulation and Agreement of Settlement with Individual Defendants dated July 2, 2015 (the "Individual Defendant Stipulation"), which are available at www.MFGlobalSecuritiesClassAction.com.

[2] These proposed settlements are in addition to the partial settlement achieved with certain Underwriter Defendants (the "Underwriter Settlement") in which $74,000,000 in cash was obtained for the benefit of the Underwriter Settlement Class and the partial settlement achieved with defendant Commerz Markets

**NOTICE OF CERTIFICATION OF PWC AND INDIVIDUAL DEFENDANT SETTLEMENT CLASSES:** Please also be advised that your rights may be affected by the Action if you purchased or otherwise acquired any MF Global Securities (defined in paragraph 1 below), during the period beginning on May 20, 2010 through and including November 21, 2011 (the "Settlement Class Period"), and were damaged thereby.

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of cash from the proposed PwC and Individual Defendant Settlements as well as from the approved Underwriter and Commerz Settlements. If you are a member of any of these Settlement Classes, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed PwC and/or Individual Defendant Settlements, or your eligibility to participate in these proposed settlements or the Underwriter and/or Commerz Settlements, please DO NOT contact the Court, MF Global, PwC, the Individual Defendants, any other Defendants in the Action, or any Defendant's counsel. All questions should be directed to Co-Lead Counsel or the Claims Administrator (*see* ¶ 59 below).**

**PLEASE NOTE:** In connection with their request for approval of the PwC and Individual Defendant Settlements, Lead Plaintiffs will also be asking the Court to approve a proposed plan of allocation (the "Plan of Allocation") for the proceeds of the recoveries obtained in this Action. **The Plan of Allocation is set forth in a separate document enclosed with this Notice as is a Proof of Claim and Release Form**.

1. **Description of the Action and the PwC and Individual Defendant Settlement Classes:** This Notice relates to proposed partial settlements in a pending securities class action brought by investors alleging that Defendants violated the federal securities laws by, among other things, making false and misleading statements regarding MF Global or were statutorily liable for false and misleading statements in MF Global's offering materials for certain MF Global securities. A more detailed description of the Action and the claims asserted against PwC and the Individual Defendants is set forth in paragraphs 11-25 below. The PwC and Individual Defendant Settlements are on behalf of purchasers (as further defined in ¶ 26 below) during the Settlement Class Period of the following securities:

> **MF Global common stock** (including shares acquired through the MF Global Ltd. Amended and Restated 2007 Long Term Incentive Plan or the MF Global Ltd. Employee Stock Purchase Plan) (CUSIP 55277J108);

> **MF Global's 9% Convertible Senior Notes** due June 20, 2038, issued on or about June 25, 2008 (CUSIP 55276YAB2) ("9% Convertible Senior Notes");

---

LLC (the "Commerz Settlement") in which $932,828 in cash was obtained for the benefit of the Commerz Settlement Class. On June 26, 2015, the Court granted final approval to those settlements. Notices of those settlements were previously disseminated to potential members of the settlement classes for those settlements. Copies of those notices can be viewed and downloaded from www.MFGlobalSecuritiesClassAction.com. The PwC, Individual Defendant, Underwriter and Commerz Settlements are collectively referred to as the "Current Settlements."

**MF Global's 1.875% Convertible Senior Notes** due February 1, 2016, issued on or about February 7, 2011 (CUSIP 55277JAA6) ("1.875% Convertible Senior Notes");

**MF Global's 3.375% Convertible Senior Notes** due August 1, 2018, issued on or about July 28, 2011 (CUSIP 55277JAB4) ("3.375% Convertible Senior Notes"); and

**MF Global's 6.25% Senior Notes** due August 8, 2016, issued on or about August 1, 2011 (CUSIP 55277JAC2) ("6.25% Senior Notes").

These securities are collectively referred to as the "MF Global Securities." The PwC Settlement, if approved by the Court, will settle the claims of the PwC Settlement Class, as defined in paragraph 26 below, as against PwC only. The Individual Defendant Settlement, if approved by the Court, will settle the claims of the Individual Defendant Settlement Class, as defined in paragraph 26 below, as against the Individual Defendants only.

2. <u>**Statement of the PwC and the Individual Defendant Settlement Classes' Recoveries**</u>: Subject to Court approval, Lead Plaintiffs, on behalf of themselves, the other named plaintiffs in the Action, and the other members of the respective relevant Settlement Classes, have agreed to settle with PwC in exchange for a payment of $65,000,000 in cash (the "PwC Settlement Amount") and to settle with the Individual Defendants in exchange for a payment of $64,500,000 in cash (the "Individual Defendant Settlement Amount"), such amounts to be deposited into separate escrow accounts for the benefit of the PwC Settlement Class and the Individual Defendant Settlement Class, respectively. The Net Settlement Funds (*i.e.*, the Settlement Amounts plus any and all interest earned thereon (the "Settlement Funds") less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, and (d) any attorneys' fees awarded by the Court) will be distributed in accordance with the plan of allocation that is approved by the Court. As noted above, the proposed Plan of Allocation is set forth in a separate document enclosed with this Notice.

3. <u>**Estimate of Average Amount of Recovery Per Share or Note**</u>: Lead Plaintiffs' damages expert estimates that approximately 1.03 million MF Global notes and approximately 109.83 million shares of MF Global common stock were affected by the conduct at issue in the Action. If all affected notes and shares participate in the PwC and Individual Defendant Settlements, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs) from the PwC Settlement and the Individual Defendant Settlement, respectively, would be: (i) per 9% Convertible Senior Note, approximately $17.58 and $17.44; (ii) per 1.875% Convertible Senior Note, approximately $38.68 and $38.39; (iii) per 3.375% Convertible Senior Note , approximately $37.72 and $37.43, (iv) per 6.25% Senior Note, approximately $37.58 and $37.29; and (v) per share of common stock, approximately $0.25 and $0.25.[3] Settlement Class Members should note, however, that the foregoing average recovery per share or note is only an estimate. Some Settlement Class Members may recover more or less than these estimated amounts depending on, among other factors, when and at what prices they purchased/acquired or sold their MF Global Securities, and the total number of valid Claim Forms submitted. Distributions to Settlement Class Members will be made based on the plan of allocation that is approved by the Court.

---

[3] An allegedly affected share or note might have been traded more than once during the Settlement Class Period, and this average recovery would be the total for all purchasers of that share or note.

4. **Statement of Potential Outcome of Case and Potential Damages:** The Settling Parties for each of the proposed settlements do not agree on the average amount of damages per share or note that would be recoverable if Lead Plaintiffs were to prevail on the claims asserted in the Action against PwC or the Individual Defendants, as applicable. Among other things, neither PwC nor the Individual Defendants agree with Lead Plaintiffs' assertions that: (i) they violated the federal securities laws; (ii) they made false or misleading statements; or (iii) damages were suffered by members of the respective Settlement Classes as a result of their alleged conduct; or Lead Plaintiffs' assertions concerning allegedly corrective disclosures and loss causation.

5. **Attorneys' Fees and Expenses:** Plaintiffs' Counsel, who have been prosecuting the Action on a fully contingent basis, have not received any payment of attorneys' fees for their services in pursuing claims against Defendants in this Action nor have they been reimbursed for the expenses necessarily incurred to prosecute this Action. Before final approval of the PwC and Individual Defendant Settlements, Co-Lead Counsel, Bernstein Litowitz Berger & Grossmann LLP and Bleichmar Fonti Tountas & Auld LLP, will apply to the Court for an award of attorneys' fees on behalf of all Plaintiffs' Counsel in an amount not to exceed ___% of each of the Court-approved settlements, plus interest thereon at the same rate as earned by the settlement funds.[4]

In addition, Co-Lead Counsel will apply for reimbursement of expenses in an amount not exceed $_____ (which may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the settlement classes) to be paid from the total amount recovered in all settlements previously approved by the Court and the settlements that are now before the Court for final approval, if approved.

The Court will determine the amount of any award of attorneys' fees and reimbursement of expenses. Class members are not personally liable for any such fees or expenses. If the Court approves Co-Lead Counsel's fee and expense application and both the PwC and the Individual Defendant Settlements, the average cost per share or note for attorneys' fees and Litigation Expenses from the PwC Settlement and the Individual Defendant Settlement, respectively approximately $____ per note and approximately $____ per share of common stock.[5]

6. **Identification of Attorneys' Representatives:** Lead Plaintiffs and the PwC and Individual Defendant Settlement Classes are represented by Salvatore J. Graziano, Esq. of Bernstein Litowitz Berger & Grossmann LLP, 1285 Avenue of the Americas, New York, NY 10019, (800) 380-8496, blbg@blbglaw.com and Javier Bleichmar, Esq. of Bleichmar Fonti Tountas & Auld LLP, 7 Times Square, 27th Floor, New York, NY 10036, (212) 789-1340, bfta@bftalaw.com.

7. **Reasons for the PwC and Individual Defendant Settlements:** Lead Plaintiffs' principal reason for entering into the PwC and Individual Defendant Settlements is the

---

[4] In addition to the PwC and Individual Defendant Settlements, Lead Counsel will be applying for attorneys' fees on the Underwriter Settlement and the Commerz Settlement which, as noted above, received final approval on June 26, 2015.

[5] Should the Court not approve the PwC and/or the Individual Defendant Settlement, attorneys' fees will be paid only on the settlement funds created by the approved settlements. Approved expenses will be paid from the settlement funds created by the approved settlements.

substantial immediate cash benefit for the respective Settlement Classes without the risk or the delays inherent in further litigation. Moreover, the substantial cash benefit provided under the proposed settlements must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – against PwC and/or the Individual Defendants might be achieved after contested motions, a trial of the Action and likely appeals that would follow a trial, a process that could be expected to last several years. PwC and the Individual Defendants deny all allegations of wrongdoing or liability whatsoever and they are entering into their respective settlements solely to eliminate the uncertainty, burden and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENTS: | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN _____, 2015** | This is the only way to be eligible to receive a payment from the proceeds of the PwC Settlement, the Individual Defendant Settlement, the Underwriter Settlement, or the Commerz Settlement. |
| | If you are a PwC and/or the Individual Defendant Settlement Class Member and you remain in those Settlement Classes, you will be bound by the PwC Settlement and the Individual Defendant Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims that you have against PwC and the other PwC Releasees (as discussed in ¶ 33 below) as well as the Released Plaintiffs' Claims that you have against the Individual Defendants and the other Individual Defendants' Releasees (as discussed in ¶ 34 below) and you will also be bound by the orders and judgments relating to the other approved Current Settlements to the extent you are a member of a class covered by those settlements, so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE PWC AND INDIVIDUAL DEFENDANT SETTLEMENT CLASSES BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS _RECEIVED_ NO LATER THAN _____, 2015.** | If you request to be excluded from either the PwC or the Individual Defendant Settlement Class, you will be excluded from both classes and you will not be eligible to receive any payment from the PwC Settlement Fund or the Individual Defendant Settlement Fund. Excluding yourself from either class means that you give up eligibility to recover from both settlements. Requesting exclusion is the only option that allows you ever to be part of any other lawsuit against PwC or any of the other PwC Releasees or the Individual Defendants or any of the other Individual Defendants Releasees concerning the respective Released Plaintiffs' Claims. |
| | If you exclude yourself from the PwC Settlement Class or the Individual Defendant Settlement Class, you will also be excluded from any other classes that may subsequently be certified in the Action; you will not be eligible to participate in any other settlements or recoveries that may yet be |

| | obtained in the Action.[6] |
|---|---|
| **OBJECT TO THE PWC SETTLEMENT, THE INDIVIDUAL DEFENDANT SETTLEMENT, THE PLAN OF ALLOCATION, OR THE REQUEST FOR FEES AND EXPENSES BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2015.** | If you do not like the proposed PwC Settlement, the proposed Individual Defendant Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of expenses, you may write to the Court and explain why you do not like them. You cannot object to the PwC Settlement or the Individual Defendant Settlement unless you are a member of those classes and do not exclude yourself (requesting exclusion from one class, excludes you from both classes). If you exclude yourself from the PwC and Individual Defendant Settlement Classes, but you are a member of the Underwriter Settlement Class and/or the Commerz Settlement Class, you may object to the Plan of Allocation and/or the request for fees and expenses. |
| **GO TO A HEARING ON _____, 2015 AT __:__ __.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2015.** | Filing a written objection and notice of intention to appear by _____, 2015 allows you to speak in Court, at the discretion of the Court, about the fairness of the PwC Settlement if you are a member of the PwC Settlement Class, the Individual Defendant Settlement if you are a member of the Individual Defendant Settlement Class, or the Plan of Allocation and/or the request for attorneys' fees and reimbursement of expenses if you are a member of any class covered by any of the Current Settlements. If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of one or more of the certified settlement classes covered by an approved settlement and do not submit a valid Claim Form, you will not be eligible to share in the distribution of the net proceeds of the settlement(s) obtained on behalf of the class(es) in which you are a member. You will, however, remain a member of the class(es) that apply to you, which means that you give up your right to sue about the claims that are resolved by the applicable approved settlements and you will be bound by any judgments or orders entered by the Court with respect to those settlements. |

---

[6] If you exclude yourself from the PwC Settlement Class or the Individual Defendant Settlement Class, but you are a member of the Underwriter and/or Commerz Settlement Class(es), you are still eligible to participate in those settlements.

| | |
|---|---|
| **WHAT THIS NOTICE CONTAINS** | |

Why Did I Get This Notice?     Page \_\_

What Is This Case About?     Page \_\_

How Do I Know If I Am Affected By The PwC And Individual Defendant
     Settlements?   Who Is Included In The PwC And Individual Defendant
     Settlement Classes?     Page \_\_

What Are Lead Plaintiffs' Reasons For The PwC
     And Individual Defendant Settlements?     Page \_\_

What Might Happen If There Were No Settlements?     Page \_\_

How Are PwC And Individual Defendant Settlement Class Members
     Affected By The Action And The Respective Settlements?     Page \_\_

How Much Will My Payment From The Settlements Be?
     How Do I Participate In the Settlements?   What Do I Need To Do?     Page \_\_

What Payment Are The Attorneys Seeking?
     How Will The Lawyers Be Paid?     Page \_\_

What If I Do Not Want To Be A Member Of The PwC
     And Individual Defendant Settlement Classes?   How Do I Exclude Myself?     Page \_\_

When And Where Will The Court Decide Whether To Approve The PwC
     And The Individual Defendant Settlements?
     Do I Have To Come To The Hearing?   How Do I Object?
     May I Speak At The Hearing If I Don't Like The Settlements?     Page \_\_

What If I Bought MF Global Securities On Someone Else's Behalf?     Page \_\_

Can I See The Court File?   Whom Should I Contact If I Have Questions?     Page \_\_

| | |
|---|---|
| **WHY DID I GET THIS NOTICE?** | |

8. The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired one or more of the MF Global Securities during the Settlement Class Period. The Court has directed us to send you this Notice because, as a potential PwC and/or Individual Defendant Settlement Class Member, you have a right to know about your options before the Court rules on the PwC and Individual Defendant Settlements and to understand how this class action lawsuit may generally affect your legal rights.

9. The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the PwC and Individual Defendant Settlement Classes if you wish to so do. It is also being sent to inform you of the terms of the PwC and Individual Defendant Settlements and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the PwC and Individual Defendant Settlements the proposed Plan of Allocation, and the motion by Co-Lead Counsel for an award of attorneys' fees and reimbursement of expenses (the "Settlement Hearing"). *See* paragraph 50 below for details about the Settlement Hearing, including the date and location of the hearing.

10. The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the PwC and/or the Individual Defendant Settlement. If the Court approves a plan of allocation, then

payments with respect to those Current Settlements that are approved by the Court will be made to Authorized Claimants after any appeals are resolved and after the completion of all claims processing. Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

11. This action arises out of the collapse of MF Global in October 2011.[7]

12. Beginning on November 3, 2011, multiple putative securities class action complaints were filed in the Court. By Order dated January 20, 2012, the Court consolidated the related actions in the Action and approved the appointment of Lead Plaintiffs and Co-Lead Counsel.[8]

13. On August 20, 2012, Lead Plaintiffs filed and served their Consolidated Amended Securities Class Action Complaint (the "Amended Complaint"), which included the Government of Guam Retirement Fund, the West Virginia Laborers' Pension Trust Fund, LRI Invest S.A., Monica Rodriguez,[9] and Jerome Vrabel as additional named plaintiffs. The Amended Complaint asserts claims under §§ 11 and 12 of the Securities Act of 1933 (the "Securities Act") against the Underwriter Defendants and the Individual Defendants alleging that these Defendants were statutorily liable for false and misleading statements in the offering materials for MF Global's secondary offering of common stock and for the other MF Global Securities; as well as claims under § 15 of the Securities Act and §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder against some or all of the Individual Defendants.

14. On October 19, 2012, the Individual Defendants and Underwriter Defendants filed and served their motions to dismiss the Amended Complaint. On December 18, 2012, Lead Plaintiffs filed and served their papers in opposition to the motions and, on February 1, 2013, the Individual Defendants and Underwriter Defendants filed and served their reply papers.

15. On February 6, 2013, the Court stayed all proceedings in the Action to permit the parties to pursue a global mediation of plaintiffs' claims (as well as claims asserted by MF Global's commodities futures customers). The initial mediation with respect to the Action included three in-person sessions before Judge Daniel Weinstein (Ret.) and multiple telephonic conferences. The mediation was unsuccessful in resolving the Action, and the stay of the Action expired on August 2, 2013.

16. On November 12, 2013, the Court entered its Memorandum and Order denying the Individual Defendants' and the Underwriter Defendants' motions to dismiss.

---

[7] On October 31, 2011, MF Global filed for Chapter 11 bankruptcy. Because of this filing, pursuant to the provisions of Bankruptcy Code, 11 U.S.C. § 362(a), prosecution of the Action against MF Global could not go forward.

[8] By Order dated August 13, 2014, the Court approved the substitution of Bleichmar Fonti Tountas & Auld LLP for previously appointed co-lead counsel Labaton Sucharow LLP.

[9] On February 3, 2015, the Court entered a stipulated order dismissing with prejudice Plaintiff Monica Rodriguez's claims asserted in the Complaint.

17. On December 27, 2013, the Individual Defendants and the Underwriter Defendants filed their answers and affirmative defenses to the Amended Complaint.

18. Discovery in the Action commenced in December 2013. The Individual Defendants, Underwriter Defendants and third parties – including James W. Giddens, as Trustee for the liquidation of MF Global Inc. pursuant to the Securities Investor Protection Act of 1970 and Nader Tavakoli, the Litigation Trustee presiding over the entity formerly known as MF Global Holdings Limited – have produced millions of documents. Additionally, before it was named as a defendant in the Action, PwC produced over 213,000 documents pursuant to subpoena. The taking of depositions in the Action began in January 2015. As of May 8, 2015, Lead Plaintiffs had taken, defended or participated in approximately 30 depositions, including taking depositions of key former employees of MF Global, including three days of testimony by MF Global's former CEO Jon Corzine.

19. On October 3, 2014, Lead Plaintiffs filed the Consolidated Second Amended Securities Class Action Complaint (the "Complaint"), which added PwC as a named defendant asserting claims against it for violation of § 10(b) of the Exchange Act and § 11 of the Securities Act.

20. On December 19, 2014, PwC filed and served its motion to dismiss Count Three of the Complaint, which alleges that PwC violated § 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder. On February 6, 2015, Lead Plaintiffs filed and served their opposition to PwC's motion to dismiss.

21. On February 25, 2015, Co-Lead Counsel and PwC's Counsel participated in a full-day mediation session before the Honorable Layn R. Phillips, a former federal district court judge in the United States District Court for the Western District of Oklahoma. The mediation addressed the issues of liability and damages in detail. At the conclusion of the session on February 25, 2015, the Lead Plaintiffs and PwC reached an agreement to settle the Action as against PwC for $65,000,000 in cash to be paid by or on behalf of PwC.

22. Efforts to reach an agreement to settle with the Individual Defendants continued. Following additional extensive arm's-length negotiations, including significant mediation efforts conducted by Magistrate Judge James C. Francis, on May 8, 2015, Lead Plaintiffs and the Individual Defendants reached an agreement to settle the Action as against the Individual Defendants for $64,500,000 in cash to be paid on behalf of the Individual Defendants.

23. Based upon their investigation, prosecution and mediation of the case, Lead Plaintiffs and Co-Lead Counsel have concluded that the terms and conditions of the PwC Stipulation are fair, reasonable and adequate to Lead Plaintiffs and the other members of the PwC Settlement Class, and in their best interests and the terms and conditions of the Individual Defendant Settlement are fair, reasonable and adequate to Lead Plaintiffs and the other members of the Individual Defendant Settlement Class and in their best interests.

24. PwC and the Individual Defendants are entering into their respective settlements solely to eliminate the uncertainty, burden and expense of further protracted litigation. PwC and the Individual Defendants deny any wrongdoing.

25. On April 20, 2015, the Court preliminarily approved the PwC Settlement and on _____, 2015, the Court preliminarily approved the Individual Defendant Settlement and

authorized that this Notice be disseminated to potential PwC and Individual Defendant Settlement Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the PwC and/or the Individual Defendant Settlement.

<div style="border:1px solid black; padding:10px; text-align:center;">

**HOW DO I KNOW IF I AM AFFECTED BY THE PWC
AND INDIVIDUAL DEFENDANT SETTLEMENTS?**

**WHO IS INCLUDED IN THE PWC AND
INDIVIDUAL DEFENDANT SETTLEMENT CLASSES?**

</div>

26. If you are a member of the PwC or Individual Defendant Settlement Class, you are subject to the terms of the applicable settlements, unless you timely request to be excluded. The PwC and Individual Defendant Settlement Classes consist of:

> all persons and entities who or which purchased or otherwise acquired any of the MF Global Securities during the period beginning on May 20, 2010 through and including November 21, 2011 (the "Settlement Class Period"), and were damaged thereby.

Excluded from both the PwC and Individual Defendant Settlement Classes by definition are:

> (i) Defendants[10] and MF Global; (ii) members of the Immediate Families[11] of the Individual Defendants; (iii) the subsidiaries and affiliates of Defendants and MF Global; (iv) any person or entity who or which was at any time during the Settlement Class Period and/or is a partner, executive officer, director, or controlling person of MF Global, or any of its subsidiaries or affiliates, or of any Defendant; (v) any entity in which any Defendant or MF Global had at any time during the Settlement Class Period and/or has a controlling interest (including but not limited to any trust established by an Individual Defendant for the benefit of (a) himself/herself or any member of his/her family, or (b) any entity in which he/she has had or has a beneficial interest; or any trust over which an Individual Defendant has had and/or currently has any form of direct or indirect control); (vi) Defendants' liability insurance carriers, and any affiliates or subsidiaries thereof;

---

[10] The following persons and entities are Defendants in the Action: Jon S. Corzine, J. Randy MacDonald, and Henri J. Steenkamp (collectively, the "Officer Defendants"), David P. Bolger, Eileen S. Fusco, David Gelber, Martin J.G. Glynn, Edward L. Goldberg, David I. Schamis, and Robert S. Sloan (collectively, the "Director Defendants," together with the Officer Defendants, the "Individual Defendants"); BMO Capital Markets Corp.; Citigroup Global Markets Inc.; Commerz Markets LLC; Deutsche Bank Securities Inc.; Goldman, Sachs & Co.; Jefferies LLC (formerly, Jefferies & Company, Inc.); J.P. Morgan Securities LLC; Lebenthal & Co., LLC; Merrill Lynch, Pierce, Fenner & Smith Incorporated; Natixis Securities Americas LLC (formerly Natixis Securities North America Inc.); RBS Securities Inc.; Sandler O'Neill + Partners, L.P.; and U.S. Bancorp Investments, Inc. (collectively, the "Underwriter Defendants"); and PwC.

[11] "Immediate Family" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law. As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

and (vii) the legal representatives, heirs, successors and assigns of any such excluded person or entity; provided, however, that any Investment Vehicle[12] shall not be deemed an excluded person or entity by definition.

Also excluded from the PwC Settlement Class are the PwC Entities,[13] and any such PwC Entities shall not be eligible to participate in any recoveries obtained in the Action. Also excluded from the Individual Defendant Settlement Class are the *AG Oncon* Plaintiffs; Cadian Capital Management LP (f/k/a Cadian Capital Management, LLC) ("Cadian") and its principals, members, officers, directors and controlling persons; and any of their legal representatives, heirs, successors and assigns.

Additionally, also excluded from both the PwC and the Individual Defendant Settlement Classes are any persons or entities who or which exclude themselves by submitting a request for exclusion from the PwC Settlement Class or the Individual Defendant Settlement Class in accordance with the requirements set forth in this Notice. *See* "What if I Do Not Want To Be A Member Of The PwC and Individual Defendant Settlement Classes? How Do I Exclude Myself," on page [__] below.

**RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A PWC OR INDIVIDUAL DEFENDANT SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE PWC SETTLEMENT, THE INDIVIDUAL DEFENDANT SETTLEMENT, OR ANY OTHER SETTLEMENT.**

**IF YOU ARE A MEMBER OF ANY OF THE SETTLEMENT CLASSES AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT(S) PERTAINING TO THE SETTLEMENT CLASS(ES) IN WHICH YOU ARE A MEMBER, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN POSTMARKED NO LATER THAN _____, 2015.**

---

[12] "Investment Vehicle" means any investment company or pooled investment fund, including but not limited to mutual fund families, exchange-traded funds, fund of funds and hedge funds, in which any Underwriter Defendant has or may have a direct or indirect interest or as to which its affiliates may act as an investment advisor but in which the Underwriter Defendant or any of its respective affiliates is not a majority owner or does not hold a majority beneficial interest. This definition does not bring into the PwC or Individual Defendant Settlement Classes any of the Underwriter Defendants or any other person or entity who or which is excluded from the PwC or Individual Defendant Settlement Classes by definition.

[13] "PwC Entities" means any entity or partnership (whether or not incorporated) which carries on business under a name which includes all or part of the PricewaterhouseCoopers name or is otherwise (directly or indirectly) within the worldwide network of PricewaterhouseCoopers firms. The PwC Entities include PricewaterhouseCoopers International Limited and any member firm, network firm, specified subsidiary or connected firm of PricewaterhouseCoopers International Limited.

27. Lead Plaintiffs and Co-Lead Counsel believe that the claims asserted against PwC and the Individual Defendants have merit. They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against PwC and the Individual Defendants through dispositive motions, a trial and appeal, as well as the very substantial risks they would face in establishing liability and damages. Such risks include the challenges associated with proving that MF Global's financial statements and PwC's audit opinions were materially false and misleading and that PwC failed to conduct adequate audits, and – with respect to claims under § 10(b) of the Exchange Act – that the alleged PwC and Individual Defendant false statements were intentionally or recklessly made. Lead Plaintiffs also faced challenges with respect to establishing loss causation and class-wide damages. The risks presented by the litigation against PwC were heightened because the case against PwC was still in the early stages and the Court had not yet ruled on PwC's motion to dismiss. Lead Plaintiffs would have to prevail on the motion to dismiss, as well as, with respect to both PwC and the Individual Defendants, on the expected motions for summary judgment and at trial, and if they prevailed on those, on the appeals that would likely follow, to have any recovery from PwC or the Individual Defendants. Thus, there were very significant risks attendant to the continued prosecution of the claims against PwC and the Individual Defendants.

28. In light of these risks, the amounts of the PwC and Individual Defendant Settlements and the certainty of recovery to the PwC and the Individual Defendant Settlement Classes, Lead Plaintiffs and Co-Lead Counsel believe that the proposed settlements are fair, reasonable and adequate, and in the best interests of the PwC and the Individual Defendant Settlement Classes. Lead Plaintiffs and Co-Lead Counsel believe that the settlements provide a substantial benefit to the respective Settlement Classes, namely $65,000,000 in cash to the PwC Settlement Class and $64,500,000 in cash to the Individual Defendant Settlement Class (less the various deductions described in this Notice), as compared to the risk that the claims in the Action against PwC and/or the Individual Defendants might produce a smaller, or no recovery after the motion to dismiss, summary judgment, trial and appeals.

29. PwC and the Individual Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever. PwC and the Individual Defendants have agreed to their respective settlements solely to eliminate the uncertainty, burden and expense of continued litigation. Accordingly, the PwC Settlement and the Individual Defendant Settlement may not be construed as an admission of any wrongdoing by PwC or the Individual Defendants.

30. If there were no settlements and Lead Plaintiffs failed to establish any essential legal or factual element of their claims against PwC and the Individual Defendants, neither Lead Plaintiffs nor the other members of the respective Settlement Classes would recover anything from PwC or the Individual Defendants. Also, if PwC or the Individual Defendants were successful in proving any of their defenses, either on PwC's pending motion to dismiss, or with respect to both PwC and the Individual Defendants on motions for summary judgment, at trial or

on appeal, the PwC and Individual Defendant Settlement Classes could recover substantially less than the amounts provided in the respective settlements, or nothing at all.

<div style="border:1px solid black; text-align:center; font-weight:bold">
HOW ARE PWC AND INDIVIDUAL DEFENDANT SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE RESPECTIVE SETTLEMENTS?
</div>

31. If you are a PwC or Individual Defendant Settlement Class Member, you are represented by Lead Plaintiffs and Co-Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The PwC And Individual Defendant Settlements?," below.

32. If you are a PwC or Individual Defendant Settlement Class Member and you do not exclude yourself from the Settlement Classes,[14] you will be bound by any orders issued by the Court relating to the PwC and the Individual Defendant Settlements.

33. If the PwC Settlement is approved, the Court will enter a judgment (the "PwC Judgment"). The PwC Judgment will dismiss with prejudice the claims against PwC and will provide that, upon the Effective Date of the PwC Settlement, Lead Plaintiffs and each of the other PwC Settlement Class Members, on behalf of themselves and their respective heirs, executors, administrators, predecessors, successors, affiliates and assigns, in their capacities as such, shall be deemed to have, and by operation of law and the PwC Judgment shall have fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every PwC Released Plaintiffs' Claim[15] against PwC and the other PwC

---

[14]  If you are a PwC or Individual Defendant Settlement Class Member and do not wish to remain a class member, you may exclude yourself from the Settlement Classes which will also exclude you from any other classes that may yet be certified in the Action as to which you otherwise would have been a class member by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The PwC And Individual Defendant Settlement Classes?  How Do I Exclude Myself?," below.

[15]  "PwC Released Plaintiffs' Claims" means all claims, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liabilities), whether known claims or Unknown Claims, whether arising under federal, state, local, statutory, common or foreign law, or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class or individual in nature, that Lead Plaintiffs or any other member of the PwC Settlement Class (i) asserted in the Complaint, or (ii) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint and that relate to the purchase of MF Global Securities during the Settlement Class Period.  PwC Released Plaintiffs' Claims do not cover or include (i) any claims asserted, or which may be asserted, in the Action against any of the Non-Settling Defendants (as defined in the PwC Stipulation); (ii) any claims of any person or entity who or which submits a request for exclusion from the PwC Settlement Class or any Other Class(es) (to the extent such persons or entities would be PwC Settlement Class Members absent such exclusion) that is accepted by the Court; and (iii) any claims relating to the enforcement of the PwC Settlement.

Releasees[16], and shall forever be enjoined from prosecuting any or all of the PwC Released Plaintiffs' Claims against any of the PwC Releasees.

34. If the Individual Defendant Settlement is approved, the Court will enter a judgment (the "Individual Defendant Judgment"). The Individual Defendant Judgment will dismiss with prejudice the claims against the Individual Defendants and will provide that, upon the Effective Date of the Individual Defendant Settlement, Lead Plaintiffs and each of the other Settlement Class Members, on behalf of themselves and all of their respective past, present or future parents, subsidiaries, divisions, affiliates, shareholders, general or limited partners, attorneys, spouses, insurers, beneficiaries, employees, officers, directors, legal and equitable owners, members, predecessors in interest, successors in interest, legal representatives, trustees, associates, heirs, executors, administrators, and/or assigns, in their capacities as such, release and forever discharge, to the fullest extent permitted by law, and shall be deemed to have, and by operation of law and of the Individual Defendant Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged, each and every Individual Defendant Released Plaintiffs' Claim[17] against the Individual Defendants and the

---

[16] "PwC Releasees" means (i) PwC; (ii) the past or present parents, subsidiaries, affiliates, successors and predecessors of PwC; and (iii) the respective past or present officers, directors, partners, principals, agents, employees, attorneys, advisors, investment advisors, insurers and assigns, of the foregoing in (i) and (ii), in their capacities as such. PwC Releasees shall also include any PwC Entities (defined in ¶ 26 n. 13 above). Notwithstanding the foregoing, PwC Releasees does not include any Non-Settling Defendants as that term is defined in the PwC Stipulation.

[17] "Individual Defendant Released Plaintiffs' Claims" means any and all past, present, or future claims and causes of action, rights, actions, suits, obligations, debts, demands, judgments, agreements, promises, liabilities, damages, losses, controversies, costs, penalties, expenses or attorney fees, of every nature and description whatsoever, whether direct or indirect, whether known claims or Unknown Claims, suspected or unsuspected, accrued or unaccrued, in law or in equity, whether based on contract, tort, or other legal or equitable theory of recovery, and whether having arisen or arising in the future, including, without limitation, any claims of violations of federal or state securities laws, any federal, state, or foreign law, statute, rule or regulation, or other legal or equitable claims of fraud, intentional misrepresentation, negligent misrepresentation, negligence, gross negligence, breach of duty of care and/or breach of duty of loyalty, breach of fiduciary duty or breach of contract, that Lead Plaintiffs or any other member of the Settlement Class (i) asserted in the Complaint, or (ii) could have asserted in the Complaint or in any other court action or before any administrative body, tribunal, arbitration panel, or other adjudicatory body, arising out of, relating to or based upon, in whole or in part, the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint and that relate to the purchase, sale or trading of MF Global Securities during the Settlement Class Period. Individual Defendant Released Plaintiffs' Claims do not cover or include (i) any claims asserted, or which may be asserted, in the Action against any of the Non-Settling Defendants (as defined in the Individual Defendant Stipulation); (ii) any claims asserted, or which may be asserted, in the *AG Oncon* Action; (iii) any claims which could have been or may be asserted, by Cadian; (iv) any claims of any person or entity who or which submits a request for exclusion from the Individual Defendant Settlement Class or any Other Class(es) (to the extent such persons or entities are also Individual Defendant Settlement Class Members) that is accepted by the Court; and (v) any claims relating to the enforcement of the Individual Defendant Settlement.

other Individual Defendants' Releasees,[18] and shall forever be enjoined from prosecuting any or all of the Individual Defendant Released Plaintiffs' Claims against any of the Individual Defendants' Releasees.

35. "Unknown Claims" means any Released Plaintiffs' Claims in either settlement (as defined in footnotes 15 and 17 above) which any Lead Plaintiff or any other PwC or Individual Defendant Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, any Released PwC Claims (as defined in footnote 19 below) which PwC does not know or suspect to exist in its favor at the time of the release of such claims, and any Released Individual Defendants' Claims (as defined in footnote 21 below) which any Individual Defendant does not know or suspect to exist in his or her favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to the PwC or Individual Defendant Settlement, or might have affected his, her, or its decision(s) not to object to the PwC or Individual Defendant Settlement or not to exclude himself, herself, or itself from the PwC and Individual Defendant Settlement Classes.

36. With respect to any and all Released Claims, the respective Settling Parties stipulate and agree that, upon the Effective Date of the PwC Settlement, and upon the Effective Date of the Individual Defendant Settlement, Lead Plaintiffs, PwC and the Individual Defendants shall be deemed to have expressly waived, and each of the other respective Settlement Class Members shall be deemed to have waived, and by operation of the respective Judgments shall have expressly waived, to the fullest extent permitted by law, any and all provisions, rights, and benefits conferred by California Civil Code § 1542 and any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Lead Plaintiffs, PwC, the Individual Defendants and the respective Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims as defined in the respective Stipulations or the Released PwC Claims or Released Individual Defendants' Claims, as applicable, but each Lead Plaintiff, PwC and Individual Defendant shall expressly have – and each other Settlement Class Member by operation of the applicable Judgment shall be deemed to have – upon the Effective Date of the applicable Settlement, fully, finally and forever settled and released any and all applicable Released Plaintiffs' Claims or any

---

[18]    "Individual Defendants' Releasees" means (i) the Individual Defendants; (ii) members of the Immediate Families of the Individual Defendants; (iii) the respective past, present, or future heirs, executors, administrators, agents, employees, attorneys, advisors, investment advisors, auditors, accountants and assigns, of the foregoing in (i) and (ii), in their capacities as such; (iv) any entity controlled by any of the Individual Defendants; and (v) the Individual Defendants' Insurance Carriers and their respective insurance policies to the extent of payments made toward the defense of the Action and/or the Settlement Amount.  Notwithstanding the foregoing, Individual Defendants' Releasees does not include any Non-Settling Defendants as that term is defined in the Individual Defendant Stipulation.

and all Released PwC Claims or Released Individual Defendant Claims as applicable, whether known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiffs, PwC and the Individual Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a material element of the respective Settlements.

37. The PwC Judgment will also provide that, upon the Effective Date of the PwC Settlement, PwC, on behalf of itself, and its predecessors, successors and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the PwC Judgment shall have fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released PwC Claim[19] against Lead Plaintiffs and the other PwC Plaintiffs' Releasees,[20] and shall forever be enjoined from prosecuting any or all of the Released PwC Claims against any of the PwC Plaintiffs' Releasees.

38. The Individual Defendant Judgment will also provide that, upon the Effective Date of the Individual Defendant Settlement, the Individual Defendants, on behalf of themselves and all of their respective past, present or future attorneys, spouses, insurers, beneficiaries, employees, predecessors in interest, successors in interest, legal representatives, trustees, associates, heirs, executors, administrators, affiliates and/or assigns, in their capacities as such, release and forever discharge to the fullest extent permitted by law, and shall be deemed to have, and by operation of law and of the Individual Defendant Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every

---

[19] "Released PwC Claims" means all claims, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liabilities), whether known claims or Unknown Claims, whether arising under federal, state, local, statutory, common or foreign law, or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class or individual in nature, that PwC could have asserted in any forum that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against PwC. Released PwC Claims do not include any claims asserted, or which may be asserted by the PwC Releasees against (i) MF Global or any of its past or present parents, subsidiaries, affiliates, successors, predecessors, and/or estate(s) thereof; (ii) any person or entity who or which submits a request for exclusion from the PwC Settlement Class or any Other Class(es) (to the extent such persons or entities would be PwC Settlement Class Members absent such exclusion) that is accepted by the Court; and (iii) any person or entity relating to the enforcement of the PwC Settlement.

[20] "PwC Plaintiffs' Releasees" means (i) Lead Plaintiffs, all other plaintiffs in the Action, and all other PwC Settlement Class Members; (ii) each of the respective past or present parents, subsidiaries, affiliates, successors and predecessors of the foregoing in (i); and (iii) the respective officers, directors, agents, employees, attorneys, advisors, investment advisors, auditors, accountants, insurers, and assigns of the foregoing in (i) and (ii), in their capacities as such.

Released Individual Defendants' Claim[21] against Lead Plaintiffs and the other Individual Defendant Plaintiffs' Releasees[22] as well as the Individual Defendants' Insurance Carriers but only to the extent of their payments made towards the defense of the Action and/or the Individual Defendant Settlement Amount under their respective insurance policies, and shall forever be enjoined from prosecuting any or all of the Released Individual Defendants' Claims against any of those Releasees.

---

### HOW MUCH WILL MY PAYMENT FROM THE SETTLEMENTS BE? HOW DO I PARTICIPATE IN THE SETTLEMENTS? WHAT DO I NEED TO DO?

39. At this time, it is not possible to make any determination as to how much any individual class member may receive from the proceeds of the settlement(s) in which he, she or it is eligible to participate. The proposed plan for the distribution of the settlement proceeds and what class members must do to be eligible to participate in the recoveries is set forth in the enclosed proposed Plan of Allocation ("Plan of Allocation").

40. To be eligible for a payment from the proceeds of the settlements achieved, you must be a member of the applicable settlement class and you must timely complete and return the Claim Form with adequate supporting documentation **postmarked no later than _____, 2015**.

---

[21] "Released Individual Defendants' Claims" means any and all claims and causes of action, rights, actions, suits, obligations, debts, demands, judgments, agreements, promises, liabilities, damages, losses, controversies, costs, expenses or attorney fees, of every nature and description, whether direct or indirect, whether known claims or Unknown Claims, suspected or unsuspected, accrued or unaccrued, in law or in equity, whether based on contract, tort, or other legal or equitable theory of recovery, and whether having arisen or yet to arise, including without limitation, any claims arising under any federal, state, local, statutory, common or foreign law, or any other law, rule or regulation, that the Individual Defendants could have asserted in any forum that arise out of, relate to or are in any way based upon the institution, prosecution, or settlement of the claims against the Individual Defendants. Released Individual Defendants' Claims do not include any claims asserted, or which may be asserted by the Individual Defendants' Releasees against: (i) MF Global or any of its past or present parents, subsidiaries, affiliates, successors, predecessors, and/or estate(s) thereof; (ii) any person or entity who or which is a named plaintiff in the action styled *AG Oncon, LLC, et al. v. Jon S. Corzine, et al.*, Civil Action No. 14 Civ. 0396 (S.D.N.Y.) ("*AG Oncon* Action") or on whose behalf the *AG Oncon* Action was brought (the "*AG Oncon* Plaintiffs"); (iii) Cadian; (iv) any person or entity who or which submits a request for exclusion from the Individual Defendant Settlement Class or any Other Class(es) (to the extent such persons or entities are also Individual Defendant Settlement Class Members) that is accepted by the Court; (v) any of the Individual Defendants' Insurance Carriers, and any affiliates or subsidiaries thereof, and their respective insurance policies, to the extent that the full coverage limits of any applicable insurance policies have not been contributed towards the defense of the Action and/or the Settlement Amount and (vi) any person or entity relating to the enforcement of the Individual Defendant Settlement.

[22] "Individual Defendant Plaintiffs' Releasees" means (i) Lead Plaintiffs, all other plaintiffs in the Action, and all other Settlement Class Members; (ii) each of the respective past, present and future parents, subsidiaries, affiliates, successors and predecessors of the foregoing in (i); and (iii) the respective heirs, executors, administrators, officers, directors, agents, employees, attorneys, advisors, investment advisors, auditors, accountants, insurers, and assigns of the foregoing in (i) and (ii), in their capacities as such.

Details of the requirements and process for submitting a Claim Form are set forth in the Plan of Allocation and in the Claim Form which accompany this Notice.

<table>
<tr><td><strong>WHAT PAYMENT ARE THE ATTORNEYS SEEKING?<br/>HOW WILL THE LAWYERS BE PAID?</strong></td></tr>
</table>

41. Plaintiffs' Counsel have not received any payment for their services in pursuing claims against Defendants in this Action. When the Underwriter and Commerz Settlements were presented to the Court for approval, Co-Lead Counsel did not apply for fees and expenses. Before final approval of the PwC and Individual Defendant Settlements, Co-Lead Counsel, Bernstein Litowitz Berger & Grossmann LLP and Bleichmar Fonti Tountas & Auld LLP, will apply to the Court for an award of attorneys' fees on behalf of all Plaintiffs' Counsel in an amount not to exceed ___% of each Current Settlement that is approved by the Court, plus interest thereon at the same rate as earned by the settlement funds.

42. Plaintiffs' Counsel also have not been reimbursed for any of their out-of-pocket expenses incurred in connection with the prosecution of the Action. In connection with their application for an award of attorneys' fees, Co-Lead Counsel also intend to apply for reimbursement of litigation expenses (which may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the settlement classes) in an amount not to exceed $_____. The Court will determine the amount of any award of attorneys' fees or reimbursement of expenses. Expenses approved by the Court will be paid proportionately from the settlement funds created by the approved Current Settlements.

43. Class members are not personally liable for Plaintiffs' Counsel's attorneys' fees or the litigation expenses. Any award of attorneys' fees and expenses will be paid from the funds created by the settlements approved by the Court.

<table>
<tr><td><strong>WHAT IF I DO NOT WANT TO BE A MEMBER OF THE PWC AND<br/>INDIVIDUAL DEFENDANT SETTLEMENT CLASSES? HOW DO I EXCLUDE MYSELF?</strong></td></tr>
</table>

44. Each PwC and Individual Defendant Settlement Class Member will be bound by the determinations, orders and judgments in this Action relating to the respective applicable Settlement(s), whether favorable or unfavorable, unless such person or entity mails or delivers a written request for exclusion from the Settlement Class, addressed to *In re MF Global Holdings Limited Securities Litigation*, EXCLUSIONS, c/o Garden City Group, LLC, P.O. Box 10164, Dublin, OH 43017-3164. The exclusion request must be *received* no later than **_____, 2015**. You will not be able to exclude yourself from the Settlement Classes after that date. Each request for exclusion must: (a) state the name, address and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the PwC and Individual Defendant Settlement Classes in *In re MF Global Holdings Limited Securities Litigation*, Civil Action No. 1:11-CV-07866"; (c) state the amount of each MF Global Security (in terms of number of shares of common stock and/or face value of the respective notes) that the person or entity requesting exclusion purchased/acquired and/or sold during the Settlement Class Period (*i.e.*, beginning on May 20, 2010 through and including November 21, 2011), as well as the dates and prices of each such purchase/acquisition and sale; and (d) be signed by the person

or entity requesting exclusion or an authorized representative. A request for exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

45. If you do not want to be part of the PwC and the Individual Defendant Settlement Classes, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any PwC or Individual Defendant Released Plaintiffs' Claim against any of the PwC or Individual Defendants' Releasees. Excluding yourself from the PwC and Individual Defendant Settlement Classes is the only option that allows you to be part of any other lawsuit against PwC or any of the other PwC Releasees concerning the PwC Released Plaintiffs' Claims or against any of the Individual Defendants or any of the other Individual Defendants' Releasees concerning the Individual Defendant Released Plaintiffs' Claims. Please note, however, if you decide to exclude yourself from the PwC and Individual Defendant Settlement Classes, you may be time-barred from asserting certain of the claims covered by the Action by a statute of repose.

46. **PLEASE NOTE:  You cannot exclude yourself from only one of the classes on whose behalf a settlement is now being submitted for final approval.  If you request exclusion from either the PwC Settlement Class or the Individual Defendant Settlement Class, you will also be excluding yourself from the other Settlement Class.  Additionally, if you exclude yourself from the PwC and Individual Defendant Settlement Classes you will also be excluding yourself from any other class(es) that may yet be certified in the Action in which you would otherwise be a member**.

47. If you are excluded from the PwC and Individual Defendant Settlement Classes, you will not be eligible to receive any payment from the proceeds of either the PwC or the Individual Defendant Settlement, or any other recoveries that may subsequently be obtained in the Action.

48. PwC has the right to terminate the PwC Settlement, and the Individual Defendants have the right to terminate the Individual Defendant Settlement, if valid requests for exclusion are received from persons and entities entitled to be members of those Settlement Classes in an amount that exceeds the amounts agreed to by Lead Plaintiffs and PwC and Lead Plaintiffs and the Individual Defendants, respectively.

| WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE PWC AND THE INDIVIDUAL DEFENDANT SETTLEMENTS? DO I HAVE TO COME TO THE HEARING? HOW DO I OBJECT? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENTS? |
| --- |

49. **Settlement Class Members do not need to attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if a class member does not attend the hearing.  Settlement Class Members can participate in the settlements without attending the Settlement Hearing**.

50. The Settlement Hearing will be held on _____, 2015 at __:__ _.m_., before the Honorable Victor Marrero at the United States District Court for the Southern District of New York, Courtroom 11B of the United States Courthouse, 500 Pearl Street, New York, NY 10007. The Court reserves the right to approve the PwC Settlement, the Individual Defendant Settlement, the proposed Plan of Allocation, Co-Lead Counsel's motion for an award of

attorneys' fees and reimbursement of expenses and/or any other related matter at or after the Settlement Hearing without further notice to class members.

51. Only members of the respective PwC and Individual Defendant Settlement Classes (*i.e.,* any person or entity that comes with the definition of the class and does not request exclusion) may object to the applicable Settlements. However, any member of the PwC, Individual Defendant, Underwriter, and Commerz Settlement Classes may object to the proposed Plan of Allocation and/or Co-Lead Counsel's motion for an award of attorneys' fees or reimbursement of expenses. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Southern District of New York at the address set forth below on or before _____, 2015. You must also mail the papers to Co-Lead Counsel and, if it is to one or both of the Settlements to which you are objecting, to the applicable designated defendants' counsel as well at the addresses set forth below so that the papers are *received* on or before _____, 2015.

| **Clerk's Office** | **Co-Lead Counsel** | |
|---|---|---|
| United States District Court | **Bernstein Litowitz Berger** | **Bleichmar Fonti** |
| Southern District of New York | **& Grossmann LLP** | **Tountas & Auld LLP** |
| Clerk of the Court | Salvatore J. Graziano, Esq.  and | Javier Bleichmar, Esq. |
| Daniel Patrick Moynihan | 1285 Avenue of the Americas | 7 Times Square, 27th Floor |
| United States Courthouse | New York, NY 10019 | New York, NY 10036 |
| 500 Pearl Street | | |
| New York, NY 10007 | | |

| **PwC's Counsel** | **Representative Individual Defendants' Counsel** | |
|---|---|---|
| **King & Spalding LLP** | **Dechert, LLP** | **Davis Polk** |
| David M. Fine, Esq. | Andrew J. Levander, Esq. | **& Wardwell LLP** |
| 1185 Avenue of the Americas | 1095 Avenue of the Americas  and | Edmund Polubinski III, Esq. |
| New York, NY 10036 | New York, NY 10036 | 450 Lexington Avenue |
| | | New York, NY 10017 |

52. Any objection: (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the class member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the class member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove class membership including the amount of each MF Global Security (in terms of number of shares of common stock and face value of the respective notes) that the objecting class member purchased/acquired and/or sold during the Settlement Class Period (*i.e.,* beginning on May 20, 2010 through and including November 21, 2011), as well as the dates and prices of each such purchase/acquisition and/or sale. You may not object to the PwC or the Individual Defendant Settlement if you exclude yourself from the PwC and the Individual Defendant Settlement Classes or if you are not a member of those Settlement Classes; and you may not object to the Plan of Allocation and/or the motion for attorneys' fees and

expenses unless you are a member of at least one of the following Settlement Classes: (i) the Underwriter Settlement Class, (ii) the Commerz Settlement Class; (iii) the PwC Settlement Class; or (iv) the Individual Defendant Settlement Class.

53. You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first filed and served a written objection in accordance with the procedures described above, unless the Court orders otherwise.

54. If you wish to be heard orally at the hearing, you must also file a notice of appearance with the Clerk's Office and serve it on Co-Lead Counsel and, if it is the PwC and/or Individual Defendant Settlement about which you wish to be heard, on PwC's and/or the Representative Individual Defendants' Counsel, as applicable, at the addresses set forth above so that it is *received* on or before _____, **2015**. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

55. You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Co-Lead Counsel and, if it is the PwC and/or Individual Defendant Settlement to which you are objecting, on PwC's and/or the Representative Individual Defendants' Counsel, as applicable, at the addresses set forth in ¶ 51 above so that the notice is *received* on or before _____, **2015**.

56. The Settlement Hearing may be adjourned by the Court without further written notice to the class members. If you plan to attend the Settlement Hearing, you should confirm the date and time with Co-Lead Counsel.

57. **Unless the Court orders otherwise, any PwC Settlement Class Member who does not object to the PwC Settlement and any Individual Defendant Settlement Class Member who does not object to the Individual Defendant Settlement in the manner described above will be deemed to have waived any objection to the PwC and/or Individual Defendant Settlement, as applicable, and shall be forever foreclosed from making any objection to the proposed PwC and/or Individual Defendant Settlement, and any member of any of the settlement classes noted in ¶ 52 above who does not object to the proposed Plan of Allocation or requested attorneys' fees and expenses in the manner described above will be deemed to have waived any objection to the proposed Plan of Allocation or the requested fees and expenses and shall be forever foreclosed from making any such objection. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT MF GLOBAL SECURITIES ON SOMEONE ELSE'S BEHALF?

58. If you purchased or otherwise acquired any MF Global Security beginning on May 20, 2010 through and including November 21, 2011 for the beneficial interest of persons or

organizations other than yourself, and in connection with the Underwriter and Commerz Settlements:

(a) **You elected to forward the notices of those settlements to potential members of those settlement classes** and you complied with the search instructions enclosed with the initial copies of the Underwriter and Commerz Notices that you received from the Claims Administrator, Garden City Group, LLC ("GCG"), you must now augment the records you developed in connection with that mailing to add persons and entities for whom or which you purchased or acquired MF Global common stock during the period beginning on June 14, 2010 through and including November 21, 2011, and within seven (7) calendar days of receipt of this Notice, request from GCG sufficient copies of this Notice, the Plan of Allocation and the Claim Form (the "Notice Packet") to forward to all beneficial owners to whom or which you previously forwarded the Underwriter and Commerz Notices as well as to all beneficial owners identified in this supplemental search, and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners. Your request for Notice Packets should be made to *In re MF Global Holdings Limited Securities Litigation*, c/o Garden City Group, LLC, P.O. Box 10164, Dublin, OH 43017-3164. You must send a statement to GCG confirming that the mailing was made and **you must retain your mailing records for use in connection with any further notices that may be provided in the Action**. Upon full compliance with these directions, you may seek reimbursement of your reasonable expenses actually incurred, by providing GCG with proper documentation supporting the expenses for which reimbursement is sought.

(b) **You provided GCG with the names and addresses of beneficial owners** in compliance with the search instructions enclosed with the initial copies of the Underwriter and Commerz Notices that you received, you need do nothing more in connection with this Notice. GCG has the names and addresses you forwarded and will send a copy of the Notice Packet to each such identified person and entity.

(c) **You neither mailed the Underwriter and Commerz Notices directly to beneficial owners, nor did you supply names and addresses of the relevant beneficial owners to GCG**, you must now, either (i) within seven (7) calendar days of receipt of this Notice Packet request from GCG sufficient copies of the Notice Packet to forward to all persons and entities on whose behalf you purchased or acquired any of the MF Global Securities during the period beginning on May 20, 2010 through and including November 21, 2011, and within seven (7) calendar days of receipt of those notices forward them to all such beneficial owners; or (ii) within seven (7) calendar days of receipt of this Notice Packet, send a list of the names and addresses of all such beneficial owners to *In re MF Global Holdings Limited Securities Litigation*, c/o Garden City Group, LLC, P.O. Box 10164, Dublin, OH 43017-3164. If you choose the first option, you must send a statement to GCG confirming that the mailing was made and **you must retain your mailing records for use in connection with any further notices that may be provided in the Action**. If you choose the second option, GCG will send a copy of the Notice Packet to the beneficial owners.

Upon full compliance with these directions, nominees may seek reimbursement of their reasonable expenses actually incurred, by providing GCG with proper documentation supporting the expenses for which reimbursement is sought. Copies of this Notice, the Plan of Allocation

and the Claim Form may also be obtained from the website maintained by GCG, www.MFGlobalSecuritiesClassAction.com, or by calling GCG toll-free at 1-877-940-5045.

| **CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?** |
|---|

59. This Notice contains only a summary of the terms of the proposed PwC and Individual Defendant Settlements.  For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the PwC and Individual Defendant Stipulations, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007.  Additionally, copies of the PwC and Individual Defendant Stipulations, and any related orders entered by the Court as well as the proposed Plan of Allocation and Claim Form will be posted on the website maintained by the Claims Administrator, www.MFGlobalSecuritiesClassAction.com.

| **Requests for the Notice Packet or to be added to the mailing list for future notices in the Action should be made to:** | **Inquiries, other than requests for the Notice Packet should be made to Co-Lead Counsel**: | | |
|---|---|---|---|
| *In re MF Global Holdings Limited Securities Litigation*<br>c/o Garden City Group, LLC<br>P.O. Box 10164<br>Dublin, OH 43017-3164<br>(877) 940-5045<br>www.MFGlobalSecuritiesClassAction.com | BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP<br>Salvatore J. Graziano, Esq.<br>1285 Avenue of the Americas<br>New York, NY 10019<br>(800) 380-8496<br>blbg@blbglaw.com | or | BLEICHMAR FONTI TOUNTAS & AULD LLP<br>Javier Bleichmar, Esq.<br>7 Times Square, 27th Floor<br>New York, NY 10036<br>(212) 789-1340<br>bfta@bftalaw.com |

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: _____, 2015

By Order of the Court
United States District Court
Southern District of New York

#907463

# Exhibit 2

Exhibit 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE MF GLOBAL HOLDINGS | : |
| LIMITED SECURITIES LITIGATION | : Civil Action No. 1:11-CV-07866-VM |
| | : |
| THIS DOCUMENT RELATES TO: | : |
| | : |
| All Securities Actions | : ECF CASE |
| (*DeAngelis v. Corzine*) | : |
| | : |

## PLAN OF ALLOCATION

     If approved by the Court, the plan of allocation set forth below (the "Plan of Allocation") will determine how the net proceeds of the Settlements achieved to date (the "Current Settlements") and any subsequent recoveries in this Action will be distributed to Settlement Class Members who submit timely and valid Claim Forms.

     As used herein, the "Current Settlements" are (i) the Underwriter Settlement; (ii) the Commerz Settlement; (iii) the PwC Settlement (if approved by the Court); and (iv) the Individual Defendant Settlement (if approved by the Court). "Settlement Class Member" refers to any member of one or more of the settlement classes as defined in the respective stipulations of settlement ("Stipulations") for the Current Settlements; and the "Settling Defendants" mean each defendant or group of defendants that is settling pursuant to the respective Current Settlements.

**PLEASE READ THE PREVIOUSLY DISSEMINATED NOTICES CONCERNING THE UNDERWRITER AND THE COMMERZ SETTLEMENTS AS WELL AS THE ACCOMPANYING NOTICE CONCERNING THE PWC AND THE INDIVIDUAL DEFENDANT SETTLEMENTS AS THEY DESCRIBE HOW YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENTS AND PROVIDE DEFINITIONS OF TERMS USED HEREIN.**

## GENERAL PROVISIONS

     1.    At this time, it is not possible to make any determination as to how much a Settlement Class Member may receive from the Current Settlements.

     2.    To the extent the Current Settlements are approved by the Court, and upon satisfaction of the other conditions to the Current Settlements, the Net Settlement Funds created by the approved settlements (*i.e.,* the respective Settlement Funds less (i) all federal, state, and local taxes on any income earned by the Settlement Funds and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Funds

(including reasonable expenses of tax attorneys and accountants); (ii) the costs and expenses incurred in connection with providing notice to Settlement Class Members and administering the Current Settlements and the Settlement Funds on behalf of Settlement Class Members; (iii) Litigation Expenses awarded by the Court; and (iv) attorneys' fees awarded by the Court to Co-Lead Counsel on behalf of all Plaintiffs' Counsel) will be distributed to Settlement Class Members who submit valid claims that are accepted by the Court ("Authorized Claimants") in accordance with the provisions of this proposed Plan of Allocation, or such other plan of allocation as the Court may approve.[1]

3.      Settling Defendants are not entitled to get back any portion of their respective Settlement Funds once the Court's Order approving their respective settlements becomes Final. Settling Defendants shall not have any liability, obligation, or responsibility for the administration of their respective settlements or disbursement of the respective Net Settlement Funds or the Plan of Allocation or such other plan of allocation as may be approved by the Court.

4.      Approval of the Current Settlements is independent from approval of a plan of allocation. Any determination as to a plan of allocation will not affect the Current Settlements, if approved.

5.      Only Settlement Class Members. *i.e.*, persons and entities who or which purchased or acquired (i) common stock of MF Global Holdings Limited (including shares acquired through the MF Global Ltd Amended and Restated 2007 Long Term Incentive Plan ("LTIP") or the MF Global Ltd. Employee Stock Purchase Plan) ("MF Global common stock") (CUSIP 55277J108); (ii) MF Global 9% Convertible Senior Notes due June 20, 2038 issued on or about June 25, 2008 (CUSIP 55276YAB2); (iii) MF Global 1.875% Convertible Senior Notes due February 1, 2016 issued on or about February 7, 2011 (CUSIP 55277JAA6); (iv) MF Global 3.375% Convertible Senior Notes due August 1, 2018 issued on or about July 28, 2011 (CUSIP 55277JAB4); and/or (v) MF Global 6.25% Senior Notes due August 8, 2016 issued on or about August 1, 2011 (CUSIP 55277JAC2) during the period beginning on May 20, 2010 through and including November 21, 2011 (the "Settlement Class Period") **AND WERE DAMAGED AS A RESULT OF SUCH PURCHASES OR ACQUISITIONS**, will be eligible to share in the distribution of the Net Settlement Funds as further described in paragraphs __ - ___ below.

6.      Each person and entity wishing to participate in the distribution must timely submit a valid Proof of Claim and Release form ("Claim Form") establishing membership in one or more of the Settlement Classes, and including all required documentation, postmarked no later than _____, 2015, to the address set forth in the Claim Form. Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form postmarked no later than

---

[1]  As set forth in the accompanying Settlement Notice, Co-Lead Counsel will apply for a percentage of each of the Court-approved settlements plus interest thereon at the same rate as earned by the settlement funds as an award of attorneys' fees and for reimbursement of expenses incurred (which may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the settlement classes). *See* accompanying PwC/Individual Defendant Notice at paragraph 5.

_____, 2015 shall be forever barred from receiving payments pursuant to the Current Settlements but will in all other respects remain a member of the Settlement Class(es) in which he, she or it is a member and be subject to the provisions of the applicable Stipulations, including the terms of any Judgments entered and releases given.

7.      The Court has reserved continuing jurisdiction to allow, disallow, or adjust the Claim of any Settlement Class Member on equitable grounds.

8.      The Plan of Allocation set forth herein is the plan that is being proposed by Lead Plaintiffs and Co-Lead Counsel to the Court for approval.  The Court may approve this plan as proposed or it may modify the plan or approve a different plan of allocation without further notice to the Settlement Class.  Any Orders regarding a modification of the Plan of Allocation will be posted on the settlement website, www.MFGlobalSecuritiesClassAction.com.

9.      Payment pursuant to the plan of allocation approved by the Court shall be conclusive against all Authorized Claimants.  No person or entity shall have any claim against Lead Plaintiffs, Co-Lead Counsel, the Claims Administrator or other agent designated by Co-Lead Counsel arising from distributions made substantially in accordance with the Stipulations, the plan of allocation that is approved by the Court, or further orders of the Court.  Lead Plaintiffs, the Settling Defendants, their respective counsel, and all other Released Defendant Persons shall have no responsibility or liability whatsoever for the investment or distribution of their respective Settlement Funds or Net Settlement Funds, the Plan of Allocation or such other plan of allocation as may be approved by the Court, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of taxes owed by the respective Settlement Funds, or any losses incurred in connection therewith.

10.     Each Claimant shall be deemed to have submitted to the jurisdiction of the United States District Court for the Southern District of New York with respect to his, her or its Claim Form.

11.     The Underwriter and Commerz Settlements have received final Court approval. There were no requests for exclusion from the Settlement Classes certified with respect to those settlements.  Thus, all persons and entities who or which are members of the Underwriter and/or the Commerz Settlement Classes are eligible to participate in the distribution of the proceeds of those settlements, if they submit valid Claim Forms.[2]   Any persons or entities that exclude themselves from the PwC Settlement Class or Individual Defendant Settlement Class are not eligible to participate in those recoveries or in any subsequent recoveries that may be achieved in the Action, however, if they are members of the Underwriter and/or Commerz Settlement

---

[2]  Copies of the Settlement Notices for those settlements, which contain the complete definitions of the relevant settlement classes, can be viewed and downloaded from the settlement website, www.MFGlobalSecuritiesClassAction.com.

Classes they are still eligible to participate in the distribution of the proceeds of those settlements.[3]

12.     Each Claim Form **must** provide all of the information requested therein and provide sufficient supporting documentation as set forth therein.

13.     Participants in and beneficiaries of a plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in MF Global Securities held through the ERISA Plan in any Claim Form that they may submit in this Action.  They should include ONLY those securities that they purchased or acquired outside of the ERISA Plan. Claims based on any ERISA Plan's purchases or acquisitions of MF Global Securities during the Settlement Class Period may be made by the plan's trustees.  To the extent any of the Defendants or any of the other persons or entities excluded from one or more of the Settlement Classes are participants in the ERISA Plan, such persons or entities shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlements by the ERISA Plan.

14.     The objective of the Plan of Allocation is to equitably distribute the proceeds of the recoveries achieved in this Action to those Settlement Class Members who suffered economic losses as a result of the alleged violations of the federal securities laws.  The Plan of Allocation reflects Lead Plaintiffs' damages expert's analysis undertaken to that end, including a review of publicly available information regarding MF Global and statistical analyses of the price movements of MF Global Securities and the price performance of relevant market and industry indices during the Settlement Class Period as well as the statutory provisions for recovery under a claim for violation of Section 11 of the Securities Act.

15.     The Plan of Allocation generally measures the amount of loss that a Settlement Class Member can claim for purposes of making *pro rata* allocations of the cash in the respective Net Settlement Funds to Authorized Claimants.  The Plan of Allocation is not a formal damage analysis.

16.     The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Current Settlements.  The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making allocations of the Net Settlement Funds.

17.     A "Recognized Loss Amount" will be calculated for each purchase or acquisition of an MF Global Security that is listed in the Claim Form and for which adequate documentation

---

[3]   As set forth in the accompanying Notice (*see* ¶¶ 46-47), any person or entity who or which excludes themselves from a settlement will not be able to participate in any other settlement contemporaneously presented to the Court for final approval or in any subsequent settlements.  However, exclusion from a later settlement does not preclude a person or entity from participating in earlier achieved settlements.

is provided. The calculation of the Recognized Loss Amount will depend upon several factors, including (i) when the MF Global Security was purchased or acquired (ii) whether it was held until the conclusion of the Settlement Class Period or (iii) whether it was sold, and if so, when it was sold.

18. As discussed in the Settlement Notices, claims were asserted in the Action under both the Securities Act and the Exchange Act. However, not all Defendants were alleged to have violated both acts, *e.g.*, there are no allegations that any of the Underwriter Defendants violated the Exchange Act, and not all Defendants are alleged to have committed violations of law with respect to all of the MF Global Securities, *e.g.*, claims with respect to the 9% Convertible Senior Notes were stated only against the Officer Defendants and PwC and only for violation of the Exchange Act. The Plan of Allocation properly recognizes these facts and the requirements imposed by law as to who is eligible to recover from each Defendant as well as the securities for which that person can state a claim. Accordingly, the proceeds of the respective settlements will be distributed to Settlement Class Members based on the claims they have and, to that end, the proceeds will be divided into three separate funds as follows:

a. **"Fund #1: The PWC/Individual Defendant Fund"** – Fund #1, which totals $129.5 million (the $65 million PwC Settlement Amount and the $64.5 million Individual Defendant Settlement Amount) applies to claims asserted under both the Securities Act and the Exchange Act with respect to all the MF Global Securities.[4] As a result, all Settlement Class Members, to the extent they have Recognized Loss Amounts under the formulas set forth below in ¶ 23 with respect to the Securities Act Claims and in ¶ 27 with respect to the Exchange Act claims, will be eligible to receive a *pro rata* distribution from Settlement Fund #1 subject to their satisfying the other conditions for receiving a distribution.

b. **"Fund #2: The 1.875% and 3.375% Notes and Secondary Stock Offering Fund"** – Under the terms of the Underwriter Settlement (which applies to claims asserted under the Securities Act with respect to certain of the MF Global Securities), $72.27 million of the $74 million Underwriter Settlement Amount applies to purchases during the Settlement Class Period of two MF Global Bond offerings (the 1.875% Convertible Senior Notes and the 3.375% Convertible Senior Notes) and to those shares of common stock purchased in or traceable to the secondary offering of common stock that occurred on or about June 1, 2010 ("Secondary Offering Stock"). Settlement Class Members who purchased these securities during the Settlement Class Period, to the extent they have a Securities Act Recognized Loss Amount under the formula set forth in ¶ 23 below, will be eligible to receive a *pro rata* distribution from Settlement Fund #2 subject to their satisfying the other conditions for receiving a distribution.

---

[4] Please note, all "Fund" amounts are the gross Settlement Amounts obtained before the deduction of any costs and expenses (*see* ¶ 2 for a description of amounts that will be deducted from the Settlement Amounts).

c. **"Fund #3: The 6.25% Note Fund"** – $1.73 million of the Underwriter Settlement applies to purchases during the Settlement Class Period of the 6.25% Senior Notes as does the $932,828 Commerz Settlement Amount. Settlement Class Members who purchased 6.25% Senior Notes during the Settlement Class Period, to the extent they have a Securities Act Recognized Loss Amount under the formula set forth in ¶ 23 below, will be eligible to receive a *pro rata* distribution from Settlement Fund #3 subject to their satisfying the other conditions for receiving a distribution.

The following chart summarizes which MF Global Securities are covered by each of the Funds:

| | FUND 1 Securities and Exchange Act Claims | FUND 2 Securities Act Claims Only | FUND 3 Securities Act Claims Only |
|---|---|---|---|
| Common Stock (all shares purchased during the Settlement Class Period) | Yes | No | No |
| Secondary Offering Stock (shares purchased in or traceable to the Secondary Stock Offering) | Yes | Yes | No |
| 1.875% Convertible Senior Notes | Yes | Yes | No |
| 3.375% Convertible Senior Notes | Yes | Yes | No |
| 6.25% Senior Notes | Yes | No | Yes |
| 9.00% Convertible Senior Notes | Yes | No | No |

As indicated, an MF Global Security purchase may result in Recognized Loss Amounts under multiple Funds. Eligibility for and participation in one Fund does not preclude in any way participation in another Fund for which a purchase is eligible. However, because different claims may apply to any given purchase, the amount of the Recognized Loss Amount with respect to any given purchase attributable to the various Funds may differ.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS AND RECOGNIZED CLAIMS

19. For each Settlement Class Period purchase of an MF Global Security that is properly documented, a "Recognized Loss Amount" will be calculated for that security according to the formulas described below. Such "Recognized Loss Amounts" will be aggregated across all purchases relevant for each Fund to determine the "Fund Recognized Claim" that each Settlement Class Member has against each Fund.

20. As set forth above, Funds 2 and 3 are only available for Securities Act Claims. Fund 1, however, is available for both Securities Act and Exchange Act Claims. To the extent a Claimant has a Recognized Loss Amount under both the Securities Act Claims Calculations and the Exchange Act Claims Calculations set forth below with respect to a given purchase, the larger Recognized Loss Amount will be used for purposes of determining that Claimants' Fund Recognized Claim for Fund #1.

## SECURITIES ACT CLAIMS CALCULATIONS

21.     The Section 11 Securities Act claims asserted in the Action serve as the basis for the calculation of Securities Act Recognized Loss Amounts.  Section 11 provides a statutory formula for the calculation of damages under that provision.  The formula set forth below, developed by Lead Plaintiffs' damages expert generally tracks the statutory formula.  For purposes of the calculations, November 18, 2011 is the date of suit, and June 30, 2015 is the proxy for the date of judgment.

22.     As noted above, Securities Act claims were asserted with respect to Secondary Offering Stock (*i.e.*, MF Global common stock purchased in or traceable to the Secondary Offering) as well as 1.875% Convertible Senior Notes, 3.375% Convertible Senior Notes and 6.25% Senior Notes purchased during the Settlement Class Period (collectively the "Securities Act Securities").  Recognized Loss Amounts will be calculated pursuant to the following formula for each such share or note that is listed in the Claim Form and for which adequate documentation is provided.  To the extent that the calculation of any Recognized Loss Amount results in a negative number, that number shall be set to zero.

23.     For each share of Secondary Offering Stock purchased in or traceable to that offering, or other Securities Act Securities purchased or otherwise acquired from their respective issue dates through November 21, 2011 and:

A.     **Sold before the close of trading on November 17, 2011, the Recognized Loss Amount shall be with respect to each:**

   i.   **Secondary Offering Stock share**, the purchase/acquisition price (not to exceed the issue price at the offering of $7.10) ***minus*** the sale price;

   ii.  **1.875% Convertible Senior Note**, the purchase/acquisition price (not to exceed the issue price of $1000) ***minus*** the sale price;

   iii. **3.375% Convertible Senior Note**, the purchase/acquisition price (not to exceed the issue price of $1000) ***minus*** the sale price;

   iv.  **6.25% Senior Note**, the purchase/acquisition price (not to exceed the issue price of $1000) ***minus*** the sale price.

B.     **Sold after the opening of trading on November 18, 2011 through June 30, 2015, the Recognized Loss Amount shall be with respect to each:**

   i.   **Secondary Offering Stock share**, the purchase/acquisition price (not to exceed the issue price at the offering of $7.10) ***minus*** the sale price (not to be less than $0.13, the closing share price on November 18, 2011);

   ii.  **1.875% Convertible Senior Note**, the purchase/acquisition price (not to exceed the issue price of $1000) ***minus*** the sale price (not to be less than $366.55, the closing note price on November 18, 2011);

iii. **3.375% Convertible Senior Note**, the purchase/acquisition price (not to exceed the issue price of $1000) *minus* the sale price (not to be less than $364.43, the closing note price on November 18, 2011);

iv. **6.25% Senior Note**, the purchase/acquisition price (not to exceed the issue price of $1000) *minus* the sale price (not to be less than $372.55, the closing note price on November 18, 2011).

C.  **Retained through June 30, 2015, the Recognized Loss Amount shall be with respect to each:**

i. **Secondary Offering Stock share**, the purchase/acquisition price (not to exceed the issue price at the offering of $7.10) *minus* $0.13, the closing share price on November 18, 2011;

ii. **1.875% Convertible Senior Note**, the purchase/acquisition price (not to exceed the issue price of $1000) *minus* $366.55, the closing note price on November 18, 2011;

iii. **3.375% Convertible Senior Note**, the purchase/acquisition price (not to exceed the issue price of $1000) *minus* $364.43, the closing note price on November 18, 2011;

iv. **6.25% Senior Note**, the purchase/acquisition price (not to exceed the issue price of $1000) *minus* $372.55, the closing note price on November 18, 2011.

## EXCHANGE ACT CLAIMS CALCULATIONS

24.  Exchange Act claims were asserted under Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder. The calculations for Exchange Act Recognized Loss Amounts reflect Lead Plaintiffs' allegations that the prices of MF Global Securities were artificially inflated during the Settlement Class Period due to Defendants' alleged misrepresentations and/or omissions. Lead Plaintiffs' damages expert has estimated the artificial inflation in the MF Global Securities during the Settlement Class Period as reflected in Table 1.

25.  In order to have recoverable Rule 10b-5 damages, disclosure of the alleged misrepresentations or omissions must be the cause of the decline in the price of the MF Global Security. In this case, Lead Plaintiffs alleged that Defendants made false statements and omitted material facts from May 20, 2010 through and including November 18, 2011. Alleged corrective disclosures that removed artificial inflation from the prices of the MF Global Securities occurred on October 24, 2011, October 25, 2011, October 26, 2011, October 27, 2011, October 28, 2011, October 31, 2011, November 1, 2011, November 2, 2011, November 4, 2011, and November 21, 2011. In order to have an Exchange Act Recognized Loss Amount with respect to any given purchase, the MF Global Security must have been purchased/acquired during the Settlement Class Period and held through at least one of the alleged corrective disclosures.

26.  As noted above, Exchange Act claims were asserted with respect to each of the MF Global Securities, *i.e.*, all common stock, 1.875% Convertible Senior Notes, 3.375%

Convertible Senior Notes, 6.25% Senior Notes and 9.00% Convertible Senior Notes purchased during the Settlement Class Period (collectively the "Exchange Act Securities"). Recognized Loss Amounts will be calculated pursuant to the following formula for each such share or note, that is listed in the Claim Form and for which adequate documentation is provided. To the extent that the calculation of any Recognized Loss Amount results in a negative number, that number shall be set to zero.

27. For each MF Global Security purchased or otherwise acquired from May 20, 2010 through and including November 21, 2011, and

**A.** **Sold before the opening of trading on October 24, 2011, the Recognized Loss Amount with respect to each such security shall be zero.**

**B.** **Sold after the opening of trading on October 24, 2011 and before the close of trading on November 18, 2011, the Recognized Loss Amount with respect to each:**

i. **share of Common Stock**, shall be *the lesser of*:

(a) the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in Column 2 of Table 1 below the dollar artificial inflation applicable to each such share on the date of sale as set forth in Column 2 of Table 1 below; or

(b) the actual purchase/acquisition price *minus* the actual sale price.

ii. **1.875% Convertible Senior Note**, shall be *the lesser of:*

(a) the dollar artificial inflation applicable to each such Note on the date of purchase/acquisition as set forth in Column 3 of Table 1 below *minus* the dollar artificial inflation applicable to each such Note on the date of sale as set forth in Column 3 of Table 1 below; or

(b) the actual purchase/acquisition price *minus* the actual sale price

iii. **3.375% Convertible Senior Note**, shall be *the lesser of*:

(a) the dollar artificial inflation applicable to each such Note on the date of purchase/acquisition as set forth in Column 4 of Table 1 below *minus* the dollar artificial inflation applicable to each such Note on the date of sale as set forth in Column 4 of Table 1 below; or

(b) the actual purchase/acquisition price *minus* the actual sale price

iv. **6.25% Senior Note**, shall be *the lesser of*:

(a) the dollar artificial inflation applicable to each such Note on the date of purchase/acquisition as set forth in Column 5 of Table 1 below *minus* the

dollar artificial inflation applicable to each such Note on the date of sale as set forth in Column 5 of Table 1 below; or

    (b) the actual purchase/acquisition price ***minus*** the actual sale price.

    v.    **9.00% Convertible Senior Note**, shall be ***the lesser of***:

    (a) the dollar artificial inflation applicable to each such Note on the date of purchase/acquisition as set forth in Column 6 of Table 1 below ***minus*** the dollar artificial inflation applicable to each such Note on the date of sale as set forth in Column 6 of Table 1 below; or

    (b) the actual purchase/acquisition price ***minus*** the actual sale price.

**C.**    **Sold after the close of trading on November 18, 2011 and before the close of trading on February 17, 2012, the Recognized Loss Amount with respect to each:**

    i.    **share of Common Stock**, shall be ***the least of***:

    (a) the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in Column 2 of Table 1 below;

    (b) the actual purchase/acquisition price of each such share ***minus*** the average closing price of the Common Stock from November 21, 2011, up to the date of sale as set forth in Column 2 of Table 2 below; [5] or

    (c) the actual purchase/acquisition price ***minus*** the actual sale price.

    ii.    **1.875% Convertible Senior Note**, shall be ***the least of***:

    (a) the dollar artificial inflation applicable to each such Note on the date of purchase/acquisition as set forth in Column 3 of Table 1 below;

---

[5] Pursuant to Section 21(D)(e)(1) of the PSLRA, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day look-back period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the PSLRA, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of MF Global Securities during the 90-day look-back period, November 21, 2011 through February 17, 2012. The mean (average) closing price for each MF Global Security during this 90-day look-back period is set forth in the last line of Table 2.

(b) the actual purchase/acquisition price of each such Note *minus* the average closing price of the Note from November 21, 2011, up to the date of sale as set forth in Column 3 of Table 2 below; or

(c) the actual purchase/acquisition price *minus* the actual sale price.

iii. **3.375% Convertible Senior Note**, shall be ***the least of***:

(a) the dollar artificial inflation applicable to each such Note on the date of purchase/acquisition as set forth in Column 4 of Table 1 below;

(b) the actual purchase/acquisition price of each such Note *minus* the average closing price of the Note from November 21, 2011, up to the date of sale as set forth in Column 4 of Table 2 below; or

(c) the actual purchase/acquisition price *minus* the actual sale price.

iv. **6.25% Senior Note**, shall be ***the least of***:

(a) the dollar artificial inflation applicable to each such Note on the date of purchase/acquisition as set forth in Column 5 of Table 1 below;

(b) the actual purchase/acquisition price of each such Note *minus* the average closing price of the Note from November 21, 2011, up to the date of sale as set forth in Column 5 of Table 2 below; or

(c) the actual purchase/acquisition price *minus* the actual sale price.

v. **9.00% Convertible Senior Note**, shall be ***the least of***:

(a) the dollar artificial inflation applicable to each such Note on the date of purchase/acquisition as set forth in Column 6 of Table 1 below;

(b) the actual purchase/acquisition price of each such Note *minus* the average closing price of the Note from November 21, 2011, up to the date of sale as set forth in Column 6 of Table 2 below; or

(c) the actual purchase/acquisition price *minus* the actual sale price.

**D.** **Held as of the close of trading on February 17, 2012, the Recognized Loss Amount for each:**

i. **share of Common Stock** shall be ***the lesser of***:

(a) the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in Column 2 of Table 1 below; or

(b) the actual purchase/acquisition price of each such share *minus* $0.09, the price set forth in the last line of Column 2 on Table 2 below.

ii. **1.875% Convertible Senior Note**, shall be ***the lesser of***:

    (a) the dollar artificial inflation applicable to each such Note on the date of purchase/acquisition as set forth in Column 3 of Table 1 below; or

    (b) the actual purchase/acquisition price of each such Note ***minus*** $319.97, the price set forth in the last line of Column 3 on Table 2 below.

iii. **3.375% Convertible Senior Note**, shall be ***the lesser of***:

    (a) the dollar artificial inflation applicable to each such Note on the date of purchase/acquisition as set forth in Column 4 of Table 1 below; or

    (b) the actual purchase/acquisition price of each such Note ***minus*** $324.42, the price set forth in the last line of Column 4 on Table 2 below

iv. **6.25% Senior Note**, shall be ***the lesser of***:

    (a) the dollar artificial inflation applicable to each such Note on the date of purchase/acquisition as set forth in Column 5 of Table 1 below; or

    (b) the actual purchase/acquisition price of each such Note ***minus*** $342.78, the price set forth in the last line of Column 5 on Table 2 below.

v. **9.00% Convertible Senior Note**, shall be ***the lesser of***:

    (a) the dollar artificial inflation applicable to each such Note on the date of purchase/acquisition as set forth in Column 6 of Table 1 below; or

    (b) the actual purchase/acquisition price of each such Note ***minus*** $330.93, the price set forth in the last line of Column 6 on Table 2 below.

## ADDITIONAL PROVISIONS

28. The Net Settlement Funds will be allocated among all eligible Settlement Class Members who are Authorized Claimants.

29. If the net amount in a given Fund is less than the sum of the Fund Recognized Claims of all Authorized Claimants who are entitled to receive payment out of such Fund, then the Fund Recognized Claims shall be prorated. Specifically, with respect to each Fund for which an Authorized Claimant has a Fund Recognized Claim, each Authorized Claimant shall receive a distribution equal to a *pro rata* share of the Fund based on the amount of the Authorized Claimant's Fund Recognized Claim in comparison to the total Fund Recognized Claims of all Authorized Claimants with respect to such Fund.

30. If the net amount in a given Fund exceeds the sum total of the Fund Recognized Claims of all Authorized Claimants entitled to receive payment out of that Fund, the excess amount in that Fund shall be allocated on a *pro rata* basis to all Authorized Claimants with

respect to their Fund Recognized Claims in Funds in which the net amount in the Fund was less than the total Fund Recognized Claims.

31.     An Authorized Claimant's "Distribution Amount" shall be the sum of his, her or its *pro rata* share of each Fund.  If the Authorized Claimant's Distribution Amount calculates to less than $20.00, it will not be included in the calculation and it will not be distributed.

32.     If a Settlement Class Member has more than one purchase/acquisition or sale of an MF Global Security during the Settlement Class Period, all purchases/acquisitions and sales of like securities shall be matched on a First-In-First-Out ("FIFO") basis.  Settlement Class Period sales will be matched first against any holdings of the like security at the beginning of the Settlement Class Period and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Settlement Class Period.

33.     Purchases or acquisitions and sales of MF Global Securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance or operation of law of MF Global Securities during the Settlement Class Period shall not be deemed a purchase, acquisition or sale of these securities for the calculation of an Authorized Claimant's Recognized Loss Amounts, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such MF Global Securities unless (i) the donor or decedent purchased or otherwise acquired such MF Global Securities during the Settlement Class Period; (ii) no Claim Form was submitted by or on behalf of the donor or decedent, or by anyone else with respect to such MF Global Securities; and (iii) it is specifically so provided in the instrument of gift or assignment.

34.     The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the MF Global Security.  The date of a "short sale" is deemed to be the date of sale of the MF Global Security. However, the Recognized Loss Amount on "short sales" shall be zero.  In the event that a Claimant has an opening short position in an MF Global Security, the earliest Settlement Class Period purchases or acquisitions of the like security shall be matched against such an opening short position and not be entitled to a recovery until that short position is fully covered.

35.     The MF Global Securities listed in this Plan of Allocation are the only securities eligible for recovery in this Action.  Option contracts are not securities eligible to participate in the Settlements.  With respect to MF Global Securities purchased or sold through the exercise of an option, the purchase/sale date of the MF Global Security is the exercise date of the option and the purchase/sale price of the MF Global Security is the exercise price of the option.

36.     If any funds remain in any of the Funds after the initial distribution because of uncashed distributions or other reasons, then, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants cash their distribution checks, any balance remaining in the Funds one (1) year after the initial distribution shall be redistributed to Settlement Class Members who have cashed their initial distributions and who would receive at least $20.00 from such redistribution, after payment of any unpaid costs or fees incurred in administering the Settlements.  If any funds remain in any of the Funds after such re-distribution, additional re-distributions shall occur thereafter in six-month intervals until Co-Lead Counsel, in

consultation with the Claims Administrator, determine that a re-distribution is not cost effective, at which time the balance in the Funds will be donated to non-sectarian, not-for-profit 501(c)(3) organization(s) designated by Co-Lead Counsel subject to approval by the Court.

#910357

**TABLE 1**

**Estimated Artificial Inflation for Each MF Global Security
For Purposes of Calculating Purchase and Sale Inflation**

| Purchase or Sale Date [1] | Common Stock [2] | 1.875% Notes [3] | 3.375% Notes [4] | 6.25% Notes [5] | 9% Notes [6] |
|---|---|---|---|---|---|
| May 20, 2010 to October 23, 2011 | $3.57 | $383.22 | $254.42 | $458.75 | $556.41 |
| October 24, 2011 | $3.37 | $329.44 | $269.06 | $466.99 | $556.41 |
| October 25, 2011 | $1.83 | $155.19 | $85.06 | $336.06 | $384.59 |
| October 26, 2011 | $1.64 | $97.07 | $59.52 | $123.14 | $139.94 |
| October 27, 2011 | $1.22 | $230.14 | $192.10 | $269.38 | $346.83 |
| October 28, 2011 | $1.00 | $108.75 | $57.71 | $42.15 | $12.85 |
| October 31, 2011 | $1.00 | $64.25 | $41.31 | $32.06 | ($16.96)* |
| November 1, 2011 | $1.00 | $88.37 | $5.51 | $3.39 | ($37.11)* |
| November 2, 2011 to November 3, 2011 | $0.02 | $129.14 | $72.90 | $96.65 | $36.90 |
| November 4, 2011 to November 20, 2011 | $0.00 | $90.91 | $52.59 | $66.58 | $10.45 |
| November 21, 2011 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

\* This is a negative number.

**TABLE 2**

**Average Closing Prices for Each MF Global Security
For 90-Day Look-Back Period
(November 21, 2011 through February 17, 2012[6]**

| Purchase or Sale Date [1] | Common Stock [2] | 1.875% Notes [3] | 3.375% Notes [4] | 6.25%Notes [5] | 9% Notes [6] |
|---|---|---|---|---|---|
| 11/21/2011 | $0.13 | $270.97 | $306.00 | $307.03 | $300.00 |
| 11/22/2011 | $0.13 | $282.99 | $313.00 | $312.07 | $299.50 |
| 11/23/2011 | $0.13 | $282.99 | $322.00 | $321.92 | $299.50 |
| 11/25/2011 | $0.13 | $282.99 | $322.00 | $321.80 | $299.50 |
| 11/28/2011 | $0.13 | $282.99 | $322.00 | $326.89 | $299.50 |
| 11/29/2011 | $0.13 | $291.23 | $321.50 | $331.49 | $299.50 |
| 11/30/2011 | $0.13 | $293.42 | $321.50 | $333.82 | $299.50 |
| 12/1/2011 | $0.13 | $303.12 | $326.21 | $333.19 | $299.50 |
| 12/2/2011 | $0.13 | $309.14 | $329.25 | $335.15 | $299.50 |
| 12/5/2011 | $0.13 | $309.98 | $329.25 | $338.05 | $299.50 |
| 12/6/2011 | $0.13 | $313.73 | $329.38 | $338.05 | $299.50 |
| 12/7/2011 | $0.13 | $313.73 | $328.07 | $337.85 | $299.50 |
| 12/8/2011 | $0.13 | $313.69 | $328.25 | $337.72 | $299.50 |
| 12/9/2011 | $0.13 | $312.51 | $325.66 | $337.91 | $299.50 |
| 12/12/2011 | $0.12 | $314.01 | $325.07 | $336.91 | $299.50 |

[6] On dates where the market was open but the security did not trade, the average closing prices from days with trading during the 90-Day Look-back Period are reported.

| Purchase or Sale Date [1] | Common Stock [2] | 1.875% Notes [3] | 3.375% Notes [4] | 6.25%Notes [5] | 9% Notes [6] |
|---|---|---|---|---|---|
| 12/13/2011 | $0.12 | $314.01 | $324.11 | $335.61 | $299.50 |
| 12/14/2011 | $0.12 | $312.53 | $321.05 | $333.85 | $299.50 |
| 12/15/2011 | $0.12 | $311.74 | $320.37 | $332.69 | $302.45 |
| 12/16/2011 | $0.12 | $311.72 | $319.25 | $331.63 | $304.96 |
| 12/19/2011 | $0.11 | $312.92 | $319.81 | $331.86 | $304.96 |
| 12/20/2011 | $0.11 | $312.92 | $320.49 | $331.61 | $304.96 |
| 12/21/2011 | $0.11 | $313.90 | $321.09 | $331.61 | $304.96 |
| 12/22/2011 | $0.11 | $315.21 | $321.71 | $332.18 | $311.97 |
| 12/23/2011 | $0.11 | $315.21 | $321.20 | $332.18 | $311.97 |
| 12/27/2011 | $0.10 | $314.91 | $320.41 | $331.92 | $311.97 |
| 12/28/2011 | $0.10 | $314.13 | $320.39 | $331.38 | $311.97 |
| 12/29/2011 | $0.10 | $313.37 | $320.39 | $332.32 | $311.97 |
| 12/30/2011 | $0.10 | $313.66 | $320.40 | $332.32 | $311.97 |
| 1/3/2012 | $0.10 | $314.36 | $320.94 | $332.29 | $311.97 |
| 1/4/2012 | $0.10 | $314.36 | $320.94 | $332.11 | $311.97 |
| 1/5/2012 | $0.10 | $314.82 | $321.21 | $332.73 | $311.97 |
| 1/6/2012 | $0.10 | $315.78 | $322.01 | $333.49 | $311.97 |
| 1/9/2012 | $0.10 | $316.54 | $322.01 | $333.49 | $311.97 |
| 1/10/2012 | $0.10 | $317.94 | $323.15 | $334.77 | $311.97 |
| 1/11/2012 | $0.10 | $317.94 | $323.15 | $335.51 | $311.97 |
| 1/12/2012 | $0.10 | $317.94 | $323.15 | $336.79 | $311.97 |
| 1/13/2012 | $0.10 | $317.94 | $323.15 | $337.92 | $311.97 |

| Purchase or Sale Date [1] | Common Stock [2] | 1.875% Notes [3] | 3.375% Notes [4] | 6.25%Notes [5] | 9% Notes [6] |
|---|---|---|---|---|---|
| 1/17/2012 | $0.10 | $317.94 | $323.15 | $338.95 | $311.97 |
| 1/18/2012 | $0.10 | $319.50 | $323.15 | $340.08 | $320.60 |
| 1/19/2012 | $0.10 | $319.50 | $324.46 | $341.21 | $320.60 |
| 1/20/2012 | $0.10 | $319.50 | $324.46 | $341.21 | $320.60 |
| 1/23/2012 | $0.09 | $319.50 | $324.46 | $342.24 | $320.60 |
| 1/24/2012 | $0.09 | $320.64 | $324.46 | $343.29 | $328.66 |
| 1/25/2012 | $0.09 | $320.64 | $324.46 | $344.25 | $333.44 |
| 1/26/2012 | $0.09 | $321.54 | $325.82 | $345.23 | $333.44 |
| 1/27/2012 | $0.09 | $321.49 | $326.28 | $345.55 | $333.44 |
| 1/30/2012 | $0.09 | $321.76 | $326.28 | $345.14 | $333.44 |
| 1/31/2012 | $0.09 | $321.76 | $325.27 | $345.14 | $333.44 |
| 2/1/2012 | $0.09 | $321.13 | $325.27 | $344.84 | $329.92 |
| 2/2/2012 | $0.09 | $321.12 | $325.27 | $344.61 | $329.92 |
| 2/3/2012 | $0.09 | $320.72 | $325.27 | $344.13 | $329.92 |
| 2/6/2012 | $0.09 | $320.72 | $325.27 | $344.38 | $329.92 |
| 2/7/2012 | $0.09 | $320.54 | $325.57 | $343.96 | $329.92 |
| 2/8/2012 | $0.09 | $320.25 | $326.08 | $343.66 | $329.92 |
| 2/9/2012 | $0.09 | $320.24 | $326.20 | $343.58 | $329.92 |
| 2/10/2012 | $0.09 | $319.97 | $325.95 | $343.25 | $329.92 |
| 2/13/2012 | $0.09 | $319.97 | $325.54 | $343.09 | $329.92 |
| 2/14/2012 | $0.09 | $319.97 | $325.39 | $343.33 | $329.92 |
| 2/15/2012 | $0.09 | $319.97 | $325.39 | $342.84 | $329.92 |

| Purchase or Sale Date [1] | Common Stock [2] | 1.875% Notes [3] | 3.375% Notes [4] | 6.25%Notes [5] | 9% Notes [6] |
|---|---|---|---|---|---|
| 2/16/2012 | $0.09 | $319.97 | $325.06 | $342.74 | $329.92 |
| 2/17/2012 | $0.09 | $319.97 | $324.42 | $342.78 | $330.93 |

# Exhibit 3

**Exhibit 3**

*In re MF Global Holdings Limited Securities Litigation*
c/o Garden City Group, LLC
P.O. Box 10164
Dublin, OH 43017-3164
1-877-940-5045
www.MFGlobalSecuritiesClassAction.com

# PROOF OF CLAIM AND RELEASE FORM

TO BE ELIGIBLE TO RECEIVE A SHARE OF ANY OF THE NET SETTLEMENT FUNDS IN CONNECTION WITH THE CURRENT SETTLEMENTS (*i.e.*, the Underwriter Settlement, the Commerz Settlement, the PwC Settlement and the Individual Defendant Settlement), YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND RELEASE FORM ("CLAIM FORM") AND MAIL IT BY PREPAID, FIRST-CLASS MAIL TO THE ABOVE ADDRESS, **POSTMARKED NO LATER THAN _____, 2015**.

FAILURE TO SUBMIT YOUR CLAIM FORM BY THE DATE SPECIFIED WILL SUBJECT YOUR CLAIM TO REJECTION AND MAY PRECLUDE YOU FROM BEING ELIGIBLE TO RECOVER ANY MONEY IN CONNECTION WITH THE CURRENT SETTLEMENTS.

**DO NOT MAIL OR DELIVER YOUR CLAIM FORM TO THE COURT, THE PARTIES TO THIS ACTION, OR THEIR COUNSEL.  SUBMIT YOUR CLAIM FORM ONLY TO THE CLAIMS ADMINISTRATOR AT THE ADDRESS SET FORTH ABOVE.**

TABLE OF CONTENTS     PAGE #

**PART I – CLAIMANT INFORMATION**    __

**PART II – GENERAL INSTRUCTIONS**    __

**PART III – SCHEDULES OF TRANSACTIONS IN MF GLOBAL SECURITIES**    __

     **A.  MF GLOBAL COMMON STOCK (CUSIP 55277J108)**    __
     **B.  MF GLOBAL 9% CONVERTIBLE SENIOR NOTES (CUSIP 55276YAB2)**    __
     **C.  MF GLOBAL 1.875% CONVERTIBLE SENIOR NOTES (CUSIP 55277JAA6)**    __
     **D.  MF GLOBAL 3.375% CONVERTIBLE SENIOR NOTES (CUSIP 55277JAB4)**    __
     **E.  MF GLOBAL 6.75% SENIOR NOTES (CUSIP 55277JAC2)**    __

**PART IV – RELEASE OF CLAIMS AND SIGNATURE**    __

# PART I – CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above.

Claimant Names(s) (as the name(s) should appear on check, if eligible for payment; if the securities are jointly owned, the names of all beneficial owners must be provided):

Name of Person the Claims Administrator Should Contact Regarding this Claim Form (Must Be Provided):

Mailing Address – Line 1: Street Address/P.O. Box:

Mailing Address – Line 2 (If Applicable): Apartment/Suite/Floor Number:

City:

State/Province:          Zip Code:          Country (if other than U.S.):

Last 4 digits of Claimant Social Security/Taxpayer Identification Number:[1]

Daytime Telephone Number:          Evening Telephone Number:

Email address (E-mail address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.):

---

[1] The last four digits of the taxpayer identification number (TIN), consisting of a valid Social Security Number (SSN) for individuals or Employer Identification Number (EIN) for business entities, trusts, estates, etc., and telephone number of the beneficial owner(s) may be used in verifying this claim.

# PART II – GENERAL INSTRUCTIONS

1.      It is important that you completely read and understand the accompanying notice of the proposed PwC Settlement and the Individual Defendant Settlement (the "PwC/Individual Defendant Notice") as well as the notices previously disseminated in connection with the Underwriter Settlement and the Commerz Settlement (collectively the "Earlier Notices", which remain posted on www.MFGlobalSecuritiesClassAction.com, and together with the PwC/Individual Defendant Notice, the "Settlement Notices") and the Plan of Allocation that accompanies this Claim Form. The Settlement Notices, and the Plan of Allocation contain the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. The Settlement Notices contain descriptions of the partial settlements reached to date in the Action and how they affect members of each of the respective settlement classes. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Settlement Notices applicable to you, including the terms of the releases described therein and provided for herein.

2.      By submitting this Claim Form, you will be making a request to share in the proceeds of the settlements described in the Settlement Notices that are applicable to you. This Claim Form will also be used for purposes of determining the amount that you may be eligible to receive in any future recoveries that may be obtained in the Action. If you exclude yourself from the PwC Settlement Class or the Individual Defendant Settlement Class, you are not eligible to participate in the recoveries achieved in those settlements or in any subsequently achieved recoveries in the Action, but, if you are a member of the Underwriter Settlement Class and/or the Commerz Settlement Class, then you are still eligible to participate in those settlements as may be applicable to you.

3.      TO BE ELIGIBLE TO RECEIVE A DISTRIBUTION FROM THE CURRENT SETTLEMENT(S) PERTAINING TO THE SETTLEMENT CLASS(ES) IN WHICH YOU ARE A MEMBER, YOU MUST MAIL YOUR COMPLETED AND SIGNED CLAIM FORM TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, POSTAGE PRE-PAID, **POSTMARKED BY _____, 2015**, ADDRESSED AS FOLLOWS:

*In re MF Global Holdings Limited Securities Litigation*
c/o Garden City Group, LLC
P.O. Box 10164
Dublin, OH 43017-3164

4.      In order to be eligible to participate in one or more of the settlements achieved, you must have, during the period from May 20, 2010 through and including November 21, 2011, purchased or acquired one of the MF Global Securities and been damaged thereby. The MF Global Securities are: (i) MF Global common stock (CUSIP 55277J108); (ii) MF Global's 9% Convertible Senior Notes due June 20, 2038 (CUSIP 55276YAB2); (iii) MF Global's 1.875% Convertible Senior Notes due February 1, 2016 (CUSIP 55277JAA6); (iv) MF Global's 3.375% Convertible Senior Notes due August 1, 2018 (CUSIP 55277JAB4); and (v) MF Global's 6.25% Senior Notes due August 8, 2016 (CUSIP 55277JAC2). The respective Settlement Notices and the Plan of Allocation set forth which settlement(s) are applicable to the various securities.

5.     IF YOU ARE NOT A MEMBER OF ONE OF THE SETTLEMENT CLASSES, DO NOT SUBMIT A CLAIM FORM.  YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENTS IF YOU ARE NOT A MEMBER OF THE SETTLEMENT CLASSES; AND, YOU ARE ONLY ELIGIBLE TO PARTICPATE IN SETTLEMENTS APPLICABLE TO THE CLASS(ES) IN WHICH YOU ARE A MEMBER.

6.     **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlements.  The distribution of the Net Settlement Funds will be governed by the Plan of Allocation that accompanies this Claim Form, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

7.     Use Part III of this Claim Form, entitled "Schedules of Transactions in MF Global Securities" to supply all required details of your transaction(s) in and holdings of the respective MF Global Securities.  On the schedules, please provide all of the requested information with respect to all purchases and acquisitions (including free receipts) and all sales (including free deliveries) of the MF Global Securities during the specified date ranges, whether or not such transactions resulted in a profit or a loss, and the holdings of the applicable MF Global Securities on the specified dates.  **Failure to report all transaction and holding information as requested may result in the rejection of your claim.  If you did not have any purchases/acquisitions of a security during the period specified, please check the box indicating "none" in that portion of the schedule.**

8.     **Please note:**  Only MF Global Securities purchased or acquired during the period from May 20, 2010 through and including November 21, 2011 (the "Settlement Class Period") are eligible under the Plan of Allocation.  However, as explained in the Plan of Allocation, sales of MF Global Common Stock and 9% Convertible Senior Notes during the period from November 22, 2011 through and including February 17, 2012 and sales of 1.875% Convertible Senior Notes, 3.375% Convertible Senior Notes, and 6.25% Senior Notes during the period from November 22, 2011 through and including June 30, 2015 will be used for purposes of calculating your Recognized Loss Amounts under the Plan of Allocation.  In order for the Claims Administrator to be able to balance your claim, the requested information regarding purchases or acquisitions during these post-November 21, 2011 periods must also be provided.  However, purchases and acquisitions during these periods are not eligible for recovery under the Settlements or the Plan of Allocation.

9.     You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of MF Global Securities set forth in the Schedules of Transactions in Part III of this Claim Form.  Documentation may consist of copies of brokerage confirmations or monthly statements.  Please note that monthly statements may not be sufficient to provide the required support to demonstrate that your shares of MF Global Common Stock were purchased in or are traceable to the secondary offering of Common Stock that occurred on or about June 1, 2010. In order to establish that shares of MF Global Common Stock were purchased in or are traceable to the secondary offering, you will have to provide the confirmation slips for such purchases.  The Parties and the Claims Administrator do not independently have information about your investments in MF Global Securities.   IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT DOCUMENTS FROM YOUR BROKER.   FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS.  **Please keep a copy of all documents that you send to the Claims Administrator.  Also, please do not**

**highlight any portion of the Claim Form or any supporting documents.**

10.      Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions through an account that is in the name of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made through an account in the individual's name).  Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

11.      All joint beneficial owners must sign this Claim Form and their names must appear as "Claimants" in Part I of this Claim Form.  If you purchased or otherwise acquired MF Global Securities during the Settlement Class Period and held the securities in your name, you are the beneficial owner as well as the record owner and you must sign this Claim Form to be eligible to participate.  If, however, you held, purchased or otherwise acquired MF Global Securities during the Settlement Class Period and the securities were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these securities, but the third party is the record owner.  The beneficial owner, not the record owner, must sign this Claim Form to be eligible to participate.

12.      Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

    (a)      expressly state the capacity in which they are acting;

    (b)      identify the name, account number, Social Security Number (or taxpayer identification number), address and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the MF Global Securities; and

    (c)      furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting.  (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade stock in another person's accounts.)

13.      By submitting a signed Claim Form, you will be swearing that you:

    (a)      own(ed) the MF Global Securities you have listed in the Claim Form; or

    (b)      are expressly authorized to act on behalf of the owner thereof.

14.      By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America.  The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

15.      Payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after the Court approves a plan of allocation, the resolution of any appeals that may be taken from the approval of any of the

Current Settlements, and the completion of all claims processing. This could take substantial time. Please be patient.

16. **PLEASE NOTE:** As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her or its *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant, however, calculates to less than $20.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

17. If you have questions concerning the Claim Form, or need additional copies of the Claim Form or of any of the Settlement Notices, you may contact the Claims Administrator, GCG, at the above address or by toll-free phone at 1-877-940-5045, or you may download the documents from www.MFGlobalSecuritiesClassAction.com.

18. NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the mandatory electronic filing requirements and file layout, you may visit the Settlement website at www.MFGlobalSecuritiesClassAction.com or you may email the Claims Administrator's electronic filing department at eclaim@gardencitygroup.com. Any file not in accordance with the required electronic filing format will be subject to rejection. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email after processing your file with your claim numbers and respective account information. Do not assume that your file has been received or processed until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at eclaim@gardencitygroup.com to inquire about your file and confirm it was received and acceptable.

.

## PART III – SCHEDULES OF TRANSACTIONS IN MF GLOBAL SECURITIES

## A. MF GLOBAL COMMON STOCK (CUSIP 55277J108)

Complete this Part III.A if and only if you purchased or acquired MF Global Common Stock during the period from May 20, 2010 through and including November 21, 2011. Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 9, above. Do not include information in this section regarding securities other than MF Global Common Stock in this section.

| | IF NONE, CHECK HERE |
|---|---|
| **1. BEGINNING HOLDINGS** – State the total number of shares of MF Global Common Stock held as of the opening of trading on May 20, 2010. (Must be documented.)<br>_____ | ○ |

| | IF NONE, CHECK HERE |
|---|---|
| **2. PURCHASES/ACQUISITIONS FROM MAY 20, 2010 THROUGH NOVEMBER 21, 2011** – Separately list each and every purchase or acquisition (including free receipts) of MF Global Common Stock from after the opening of trading on May 20, 2010 through and including the close of trading on November 21, 2011. (Must be documented.) | ○ |

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/Acquired | Purchase/Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| /    / | | $ | $ |
| /    / | | $ | $ |
| /    / | | $ | $ |
| /    / | | $ | $ |

| | IF NONE, CHECK HERE |
|---|---|
| **3. PURCHASES/ACQUISITIONS FROM NOVEMBER 22, 2011 THROUGH FEBRUARY 17, 2012** – State the total number of shares of MF Global Common Stock purchased or acquired (including free receipts) from after the opening of trading on November 22, 2011 through and including the close of trading on February 17, 2012. (Must be documented.)[2]<br>_____ | ○ |

| | IF NONE, CHECK HERE |
|---|---|
| **4. SALES FROM MAY 20, 2010 THROUGH FEBRUARY 17, 2012** – Separately list each and every sale or disposition (including free deliveries) of MF Global Common Stock from after the opening of trading on May 20, 2010 through and including the close of trading on February 17, 2012. (Must be documented.) | ○ |

---

[2] **Please note**: Information requested with respect to your purchases/acquisitions of MF Global Common Stock from after the opening of trading on November 22, 2011 through and including the close of trading on February 17, 2012 is needed in order to balance your claim; purchases/acquisitions during this period, however, are not eligible under the Settlements and will not be used for purposes of calculating your Recognized Loss Amounts pursuant to the Plan of Allocation.

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| /    / | | $ | $ |
| /    / | | $ | $ |
| /    / | | $ | $ |
| /    / | | $ | $ |

| | |
|---|---|
| **5. ENDING HOLDINGS –** State the total number of shares of MF Global Common Stock held as of the close of trading on February 17, 2012. (Must be documented.) _____ | **IF NONE, CHECK HERE** ○ |

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐
**PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF THE SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE.**

## B. MF GLOBAL 9% CONVERTIBLE SENIOR NOTES (CUSIP 55276YAB2)

Complete this Part III.B if and only if you purchased or acquired MF Global's 9% Convertible Senior Notes due June 20, 2038 (CUSIP 55276YAB2) during the period from May 20, 2010 through and including November 21, 2011.  Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 9, above.  Do not include information in this section regarding securities other than the 9% Convertible Senior Notes in this section.

| | | | | |
|---|---|---|---|---|
| **1. BEGINNING HOLDINGS** – State the total face value of MF Global 9% Convertible Senior Notes held as of the opening of trading on May 20, 2010.  (Must be documented.)   $ _____ | | | | **IF NONE, CHECK HERE** ⭘ |
| **2. PURCHASES/ACQUISITIONS FROM MAY 20, 2010 THROUGH NOVEMBER 21, 2011** – Separately list each and every purchase or acquisition (including free receipts) of 9% Convertible Senior Notes from after the opening of trading on May 20, 2010 through and including the close of trading on November 21, 2011.  (Must be documented.) | | | | **IF NONE, CHECK HERE** ⭘ |
| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Face Value of Notes Purchased/Acquired | Purchase/Acquisition Price Per $1,000 Face Value | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | |
| /    / | $ | $ | $ | |
| /    / | $ | $ | $ | |
| /    / | $ | $ | $ | |
| /    / | $ | $ | $ | |
| **3. PURCHASES/ACQUISITIONS FROM NOVEMBER 22, 2011 THROUGH FEBRUARY 17, 2012** – State the total face value of 9% Convertible Senior Notes purchased or acquired (including free receipts) from after the opening of trading on November 22, 2011 through and including the close of trading on February 17, 2012.  (Must be documented.)[3]   $ _____ | | | | **IF NONE, CHECK HERE** ⭘ |
| **4. SALES FROM MAY 20, 2010 THROUGH FEBRUARY 17, 2012** – Separately list each and every sale or disposition (including free deliveries) of 9% Convertible Senior Notes from after the opening of trading on May 20, 2010 through and including the close of trading on February 17, 2012. (Must be documented.) | | | | **IF NONE, CHECK HERE** ⭘ |

---

[3] **Please note**:  Information requested with respect to your purchases/acquisitions of 9% Convertible Senior Notes from after the opening of trading on November 22, 2011 through and including the close of trading on February 17, 2012 is needed in order to balance your claim; purchases/acquisitions during this period, however, are not eligible under the Settlements and will not be used for purposes of calculating your Recognized Loss Amounts pursuant to the Plan of Allocation.

| Date of Sale (List Chronologically) (Month/Day/Year) | Face Value of Notes Sold | Sale Price Per $1,000 Face Value | Total Sale Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| / / | $ | $ | $ |
| / / | $ | $ | $ |
| / / | $ | $ | $ |
| / / | $ | $ | $ |

**5. ENDING HOLDINGS –** State the total face value of 9% Convertible Senior Notes held as of the close of trading on February 17, 2012. (Must be documented.) _____

**IF NONE, CHECK HERE**

○

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐
**PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF THE SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE.**

## C. MF GLOBAL 1.875% CONVERTIBLE SENIOR NOTES (CUSIP 55277JAA6)

Complete this Part III.C if and only if you purchased or acquired MF Global 1.875% Convertible Senior Notes due February 1, 2016 (CUSIP 55277JAA6) during the period from the initial public offering of the 1.875% Convertible Senior Notes which occurred on or about February 7, 2011 through and including November 21, 2011.  Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 9, above.  Do not include information in this section regarding securities other than 1.875% Convertible Senior Notes.

| **1.  PURCHASES/ACQUISITIONS FROM INITIAL PUBLIC OFFERING TO NOVEMBER 21, 2011** – Separately list each and every purchase or acquisition (including free receipts) of 1.875% Convertible Senior Notes from the initial public offering of the 1.875% Convertible Senior Notes which occurred on or about February 7, 2011 through and including the close of trading on November 21, 2011. (Must be documented.) | | | **IF NONE, CHECK HERE** ◯ |
|---|---|---|---|
| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Face Value of Notes Purchased/Acquired | Purchase/Acquisition Price Per $1,000 Face Value | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) |
| /    / | $ | $ | $ |
| /    / | $ | $ | $ |
| /    / | $ | $ | $ |
| /    / | $ | $ | $ |
| **2.  PURCHASES/ACQUISITIONS FROM NOVEMBER 22, 2011 THROUGH JUNE 30, 2015** – State the total face value of 1.875% Convertible Senior Notes purchased or acquired (including free receipts) from the opening of trading on November 22, 2011 through and including the close of trading on June 30, 2015. (Must be documented.)[4] $_____ | | | **IF NONE, CHECK HERE** ◯ |
| **3.  SALES FROM INITIAL PUBLIC OFFERING THROUGH JUNE 30, 2015** – Separately list each and every sale or disposition (including free deliveries) of 1.875% Convertible Senior Notes from the initial public offering of the 1.875% Convertible Senior Notes which occurred on or about February 7, 2011 through and including the close of trading on June 30, 2015. (Must be documented.) | | | **IF NONE, CHECK HERE** ◯ |

---

[4] **Please note**:  Information requested with respect to your purchases/acquisitions of 1.875% Convertible Senior Notes from the opening of trading on November 22, 2011 through and including the close of trading on June 30, 2015 is needed in order to balance your claim; purchases/acquisitions during this period, however, are not eligible under the Settlements and will not be used for purposes of calculating your Recognized Loss Amounts pursuant to the Plan of Allocation.

| Date of Sale (List Chronologically) (Month/Day/Year) | Face Value of Notes Sold | Sale Price Per $1,000 Face Value | Total Sale Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| /          / | $ | $ | $ |
| /          / | $ | $ | $ |
| /          / | $ | $ | $ |
| /          / | $ | $ | $ |

| **4.  ENDING HOLDINGS** – State the total face value of 1.875% Convertible Senior Notes held as of the close of trading on June 30, 2015.  (Must be documented.)  $ _____ | **IF NONE, CHECK HERE** ◯ |
|---|---|

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐
**PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF THE SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE.**

## D. MF GLOBAL 3.375% CONVERTIBLE SENIOR NOTES (CUSIP 55277JAB4)

Complete this Part III.D if and only if you purchased or acquired MF Global 3.375% Convertible Senior Notes due August 1, 2018 (CUSIP 55277JAB4) during the period from the initial public offering of the 3.375% Convertible Senior Notes which occurred on or about July 28, 2011 through and including November 21, 2011.  Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 9, above.  Do not include information in this section regarding securities other than 3.375% Convertible Senior Notes.

| 1. **PURCHASES/ACQUISITIONS FROM INITIAL PUBLIC OFFERING TO NOVEMBER 21, 2011** – Separately list each and every purchase or acquisition (including free receipts) of 3.375% Convertible Senior Notes from the initial public offering of the 3.375% Convertible Senior Notes which occurred on or about July 28, 2011 through and including the close of trading on November 21, 2011.  (Must be documented.) | | | **IF NONE, CHECK HERE** ⭕ |
|---|---|---|---|
| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Face Value of Notes Purchased/Acquired | Purchase/Acquisition Price Per $1,000 Face Value | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) |
| /    / | $ | $ | $ |
| /    / | $ | $ | $ |
| /    / | $ | $ | $ |
| /    / | $ | $ | $ |
| 2. **PURCHASES/ACQUISITIONS FROM NOVEMBER 22, 2011 THROUGH JUNE 30, 2015** – State the total face value of 3.375% Convertible Senior Notes purchased or acquired (including free receipts) from the opening of trading on November 22, 2011 through and including the close of trading on June 30, 2015. (Must be documented.)[5]  $_____ | | | **IF NONE, CHECK HERE** ⭕ |
| 3. **SALES FROM INITIAL PUBLIC OFFERING THROUGH JUNE 30, 2015** – Separately list each and every sale or disposition (including free deliveries) of 3.375% Convertible Senior Notes from the initial public offering of the 3.375% Convertible Senior Notes which occurred on or about July 28, 2011 through and including the close of trading on June 30, 2015.  (Must be documented.) | | | **IF NONE, CHECK HERE** ⭕ |

---

[5] **Please note**:  Information requested with respect to your purchases/acquisitions of 3.375% Convertible Senior Notes from the opening of trading on November 22, 2011 through and including the close of trading on June 30, 2015 is needed in order to balance your claim; purchases/acquisitions during this period, however, are not eligible under the Settlements and will not be used for purposes of calculating your Recognized Loss Amounts pursuant to the Plan of Allocation.

| Date of Sale (List Chronologically) (Month/Day/Year) | Face Value of Notes Sold | Sale Price Per $1,000 Face Value | Total Sale Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| /          / | $ | $ | $ |
| /          / | $ | $ | $ |
| /          / | $ | $ | $ |
| /          / | $ | $ | $ |

| | |
|---|---|
| **4.  ENDING HOLDINGS** – State the total face value of 3.375% Convertible Senior Notes held as of the close of trading on June 30, 2015.   (Must be documented.)  $_____ | **IF NONE, CHECK HERE** ◯ |

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐
**PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF THE SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE.**

## E. MF GLOBAL 6.25% SENIOR NOTES (CUSIP 55277JAC2)

Complete this Part III.E if and only if you purchased or acquired MF Global 6.25% Senior Notes due August 8, 2016 (CUSIP 5527JAC2) during the period from the initial public offering of the 6.25% Senior Notes which occurred on or about August 1, 2011 through and including November 21, 2011. Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 9, above. Do not include information in this section regarding securities other than 6.25% Senior Notes.

| 1. PURCHASES/ACQUISITIONS FROM INITIAL PUBLIC OFFERING TO NOVEMBER 21, 2011 – Separately list each and every purchase or acquisition (including free receipts) of 6.25% Senior Notes from the initial public offering of the 6.25% Convertible Senior Notes which occurred on or about August 1, 2011 through and including the close of trading on November 21, 2011. (Must be documented.) | | | IF NONE, CHECK HERE ⭕ |
|---|---|---|---|
| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Face Value of Notes Purchased/Acquired | Purchase/Acquisition Price Per $1,000 Face Value | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) |
| /    / | $ | $ | $ |
| /    / | $ | $ | $ |
| /    / | $ | $ | $ |
| /    / | $ | $ | $ |
| 2. PURCHASES/ACQUISITIONS FROM NOVEMBER 22, 2011 THROUGH JUNE 30, 2015 – State the total face value of 6.25% Senior Notes purchased or acquired (including free receipts) from the opening of trading on November 22, 2011 through and including the close of trading on June 30, 2015. (Must be documented.)[6]  $_____ | | | IF NONE, CHECK HERE ⭕ |
| 3. SALES FROM INITIAL PUBLIC OFFERING THROUGH JUNE 30, 2015 – Separately list each and every sale or disposition (including free deliveries) of 6.25% Senior Notes from the initial public offering of the 6.25% Senior Notes which occurred on or about August 1, 2011 through and including the close of trading on June 30, 2015. (Must be documented.) | | | IF NONE, CHECK HERE ⭕ |

---

[6] **Please note**: Information requested with respect to your purchases/acquisitions of 6.25% Senior Notes from the opening of trading on November 22, 2011 through and including the close of trading on June 30, 2015 is needed in order to balance your claim; purchases/acquisitions during this period, however, are not eligible under the Settlements and will not be used for purposes of calculating your Recognized Loss Amounts pursuant to the Plan of Allocation.

| Date of Sale (List Chronologically) (Month/Day/Year) | Face Value of Notes Sold | Sale Price Per $1,000 Face Value | Total Sale Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| /        / | $ | $ | $ |
| /        / | $ | $ | $ |
| /        / | $ | $ | $ |
| /        / | $ | $ | $ |

**4. ENDING HOLDINGS** – State the total face value of 6.25% Senior Notes held as of the close of trading on June 30, 2015. (Must be documented.)

$_____

**IF NONE, CHECK HERE** ◯

---

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐
**PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF THE SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE.**

# PART IV – RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE __ OF THIS CLAIM FORM.**

I (we) hereby acknowledge that as of the Effective Date of each of the applicable Settlement(s) as to which I, we and/or the claimant(s) on whose behalf this Claim Form is submitted are a settlement class member, and pursuant to the terms set forth in the applicable Stipulation(s), I (we), on behalf of myself (ourselves) and my (our) heirs, executors, administrators, predecessors, successors, affiliates and assigns, shall be deemed to have, and by operation of law and of the applicable Judgment(s) shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, discharged and dismissed each and every Released Plaintiffs' Claim (as defined in each of the applicable respective Stipulations and Settlement Notices) against the applicable Settling Defendant(s) and the other Settling Defendants' Releasees and shall forever be barred and enjoined from prosecuting any or all of the applicable Released Plaintiffs' Claims against the respective Settling Defendants or their respective other Settling Defendants' Releasees.

## CERTIFICATION

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) certifies (certify), as follows:

1. that I (we) have read and understand the contents of the Settlement Notices, the Plan of Allocation and this Claim Form, including the releases provided for in the respective Settlements and the terms of the Plan of Allocation;

2. that the claimant(s) is (are) a member(s) of one or more of the settlement classes, as defined in the respective Settlement Notices and is (are) not excluded by definition from such settlement class(es) as set forth in the respective Settlement Notices;

3. that I (we) own(ed) the MF Global Securities identified in the Claim Form and have not assigned the claims with respect to these securities to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

4. that the claimant(s) has (have) not submitted any other claim covering the same purchases/acquisitions of MF Global Securities, and knows (know) of no other person having done so on the claimant's (claimants') behalf;

5. that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the releases set forth herein and in the applicable Judgments;

6. that I (we) agree to furnish such additional information with respect to this Claim Form as Co-Lead Counsel, the Claims Administrator or the Court may require;

7. that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the Court's summary disposition of the determination of the validity or amount of the claim made by this Claim Form;

8. that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any applicable judgment(s) that may be entered in the Action; and

9.     that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the claimant(s) is (are) exempt from backup withholding or (b) the claimant(s) has (have) not been notified by the IRS that he/she/it is subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the claimant(s) that he/she/it is no longer subject to backup withholding.  **If the IRS has notified the claimant(s) that he, she or he/she/it is subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

**UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.**

_____

Signature of claimant                                                                    Date

_____

Print your name here

_____

Signature of joint claimant, if any                                                Date

_____

Print your name here

*If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

_____

Signature of person signing on behalf of claimant                      Date

_____

Print your name here

_____

Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc.  (Must provide evidence of authority to act on behalf of claimant – see paragraph 12 on page ___ of this Claim Form.)

## REMINDER CHECKLIST

1. Please sign the above release and certification.  If this Claim Form is being made on behalf of joint claimants, then both must sign.

2. Remember to attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.

3. Please do not highlight any portion of the Claim Form or any supporting documents.

4. Keep copies of the completed Claim Form and documentation for your own records.

5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days.  **Your claim is not deemed filed until you receive an acknowledgement postcard**.  If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll free at 1-877-940-5045.

7. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, please send the Claims Administrator written notification of your new address.  If you change your name, please inform the Claims Administrator.

8. If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the above address by email at info@MFGlobalSecuritiesClassAction.com, or toll-free at 1-877-940-5045, or visit  www.MFGlobalSecuritiesClassAction.com.  Please DO NOT call MF Global or any of the Defendants or their counsel with questions regarding your claim.

TO BE ELIGIBLE TO PARTICIPATE IN THE CURRENT SETTLEMENTS, THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY PREPAID, FIRST-CLASS MAIL, **POSTMARKED NO LATER THAN** _____, **2015**, ADDRESSED AS FOLLOWS:

*In re MF Global Holdings Limited Securities Litigation*
c/o Garden City Group, LLC
P.O. Box 10164
Dublin, OH  43017-3164


A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before _____, 2015 is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions.  In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms.  Please be patient and notify the Claims Administrator of any change of address.

#909971

# Exhibit 4

Exhibit 4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE MF GLOBAL HOLDINGS LIMITED SECURITIES LITIGATION | : : : Civil Action No. 1:11-CV-07866-VM |
| | : |
| THIS DOCUMENT RELATES TO: | : |
| | : |
| All Securities Actions (*DeAngelis v. Corzine*) | : ECF CASE : : |

**SUMMARY NOTICE OF (I) CERTIFICATION OF SETTLEMENT CLASSES;**
**(II) PROPOSED SETTLEMENTS WITH PRICEWATERHOUSECOOPERS LLP**
**AND THE INDIVIDUAL DEFENDANTS; (III) MOTION FOR**
**AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT**
**OF EXPENSES; AND (IV) SETTLEMENT FAIRNESS HEARING**

**TO: All persons and entities who or which, during the period beginning on May 20, 2010 through and including November 21, 2011, purchased or otherwise acquired any MF Global Securities[1] and were damaged thereby (the PwC and the Individual Defendant Settlement Classes).**

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and Orders of the United States District Court for the Southern District of New York, that the above-captioned litigation (the "Action") has been certified as a class action for the purposes of settlement only on behalf of the PwC Settlement Class and the Individual Defendant Settlement Class, except for certain persons and entities who are excluded from those Settlement Classes by definition as set forth in the full printed Notice of (I) Certification of Settlement Classes; (II) Proposed Settlements with PricewaterhouseCoopers LLP and the Individual Defendants; (III) Motion for an Award of Attorneys' Fees and Reimbursement of Expenses; and (IV) Settlement Fairness Hearing (the "Notice").

---

[1] The MF Global Securities are: the common stock of MF Global Holdings Limited ("MF Global") (including shares acquired through the MF Global Ltd. Amended and Restated 2007 Long Term Incentive Plan or the MF Global Ltd. Employee Stock Purchase Plan) (CUSIP 55277J108); MF Global's 9% Convertible Senior Notes due June 20, 2038 issued on or about June 25, 2008 (CUSIP 55276YAB2); MF Global's 1.875% Convertible Senior Notes due February 1, 2016 issued on or about February 7, 2011 (CUSIP 55277JAA6); MF Global's 3.375% Convertible Senior Notes due August 1, 2018 issued on or about July 28, 2011 (CUSIP 55277JAB4); and MF Global's 6.25% Senior Notes due August 8, 2016 issued on or about August 1, 2011 (CUSIP 55277JAC2).

YOU ARE ALSO NOTIFIED that Lead Plaintiffs in the Action have reached proposed partial settlements of the Action (i) with defendant PricewaterhouseCoopers LLP ("PwC") for $65,000,000 in cash (the "PwC Settlement") and (ii) with Jon S. Corzine, J. Randy MacDonald, and Henri J. Steenkamp (collectively, the "Officer Defendants"), David P. Bolger, Eileen S. Fusco, David Gelber, Martin J.G. Glynn, Edward L. Goldberg, David I. Schamis, and Robert S. Sloan (collectively, the "Director Defendants," together with the Officer Defendants, the "Individual Defendants") for $64,500,000 in cash, that, if approved, will resolve all claims asserted in the Action against PwC, MF Global's outside auditor, and against the Individual Defendants, respectively. These proposed settlements will be considered independently by the Court and they do not resolve any claims against the other Defendants in the Action.

A hearing will be held on _____, 2015 at __:__ _.m., before the Honorable Victor Marrero at the United States District Court for the Southern District of New York, Courtroom 11B of the United States Courthouse, 500 Pearl Street, New York, NY 10007 to determine: (i) whether the proposed PwC Settlement should be approved as fair, reasonable, and adequate; (ii) whether the proposed Individual Defendant Settlement should be approved as fair, reasonable and adequate; (iii) whether the Action should be dismissed with prejudice as against PwC, and the Releases specified and described in the Stipulation and Agreement of Settlement with Defendant PricewaterhouseCoopers LLP dated April 3, 2015 should be granted; (iv) whether the Action should be dismissed with prejudice as against the Individual Defendants and the Releases specified and described in the Stipulation and Agreement of Settlement with the Individual Defendants dated July 2, 2015 should be granted; (v) whether the proposed Plan of Allocation for the proceeds of the settlements achieved in the Action is fair and reasonable and should be approved; and (vi) whether Co-Lead Counsel's application for an award of attorneys' fees and reimbursement of litigation expenses should be approved.

**If you are a member of the PwC or the Individual Defendant Settlement Class, your rights will be affected by the proposed settlements and any orders or judgments related to those settlements, and you may be entitled to share in the PwC and/or Individual Defendant Settlement Funds**. If you have not yet received the Notice, the proposed Plan of Allocation and the Proof of Claim Form (the "Notice Packet") you may obtain copies of those documents by contacting the Claims Administrator at *In re MF Global Holdings Limited Securities Litigation*, c/o Garden City Group, LLC, P.O. Box 10164, Dublin, OH 43017-3164, 1-877-940-5045. Copies of those documents can also be downloaded from the website maintained by the Claims Administrator, www.MFGlobalSecuritiesClassAction.com.

Please note, if you are a member of the PwC or the Individual Defendant Settlement Class, you may also be a member of the classes certified in connection with the settlement with certain Underwriter Defendants (the "Underwriter Settlement") and the settlement with defendant Commerz Markets LLC (the "Commerz Settlement"). In order to be eligible to receive a payment from those settlements, which were approved by the Court on June 26, 2015, or from the proposed PwC and Individual Defendant Settlements, if they are approved, you must submit a Proof of Claim Form ***postmarked*** no later than _____, 2015. [2] If you are a

---

[2] If you ask to be excluded from the PwC and the Individual Defendant Settlement Classes, but you are a member of the Underwriter and/or Commerz Settlement Class(es) you will still be eligible to participate in the recoveries obtained in connection with those settlements, but you will not be eligible to participate in the recoveries obtained from PwC and the Individual Defendants if those settlements are approved or any subsequent recoveries achieved.

member of one or more of these settlement classes and do not submit a proper Proof of Claim Form, you will not be eligible to share in the distribution of the net proceeds of the settlement(s) obtained on behalf of those class(es) in which you are a member but you will nevertheless be bound by any judgments or orders entered by the Court related to the applicable settlement(s).

If you are a member of the PwC or the Individual Defendant Settlement Class and wish to exclude yourself from the classes, you must submit a written request for exclusion such that it is **received** no later than _____, **2015**, in accordance with the instructions set forth in the Notice. (The deadline for requesting exclusion from the Underwriter and Commerz Settlement Classes has passed, as set forth in the notices of those settlements which were previously disseminated and which can be viewed on the website noted above.) If you properly exclude yourself from either the PwC or the Individual Defendant Settlement Class, you will be excluded from both of those classes and you will also be excluded from any other classes that may yet be certified in the Action in which you would otherwise be a member, you will not be bound by any judgments or orders entered by the Court in the Action with respect to the PwC or Individual Defendant Settlements or any classes yet to be certified, and you will not be eligible to share in the proceeds of the PwC or the Individual Defendant Settlements or any other recoveries that may subsequently be obtained in the Action.

Any objections to the proposed PwC Settlement, the proposed Individual Defendant Settlement, the proposed Plan of Allocation, or Co-Lead Counsel's motion for attorneys' fees and reimbursement of litigation expenses must be filed with the Court and delivered to Co-Lead Counsel and, if the objection is to the PwC Settlement and/or the Individual Defendant Settlement, to designated counsel for those Defendants such that they are **received** no later than _____, **2015**, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, Defendants or their counsel regarding this notice. All questions about this notice, the proposed PwC and Individual Defendant Settlements, the Plan of Allocation or the fee/expense application should be directed to Co-Lead Counsel or the Claims Administrator.**

| Inquiries, other than requests for the Notice Packet, should be made to Co-Lead Counsel: | | Requests for the Notice Packet or to be added to the mailing list for future notices in the Action should be made to: |
|---|---|---|
| BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP<br>Salvatore J. Graziano, Esq.<br>1285 Avenue of the Americas<br>New York, NY 10019<br>(800) 380-8496<br>blbg@blbglaw.com | or | BLEICHMAR FONTI TOUNTAS & AULD LLP<br>Javier Bleichmar, Esq.<br>7 Times Square, 27th Floor<br>New York, NY 10036<br>(212) 789-1340<br>bfta@bftalaw.com | *In re MF Global Holdings Limited Securities Litigation*,<br>c/o Garden City Group, LLC<br>P.O. Box 10164<br>Dublin, OH 43017-3164<br>(877) 940-5045<br>www.MFGlobalSecuritiesClassAction.com |

By Order of the Court