# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE MF GLOBAL HOLDINGS LIMITED SECURITIES LITIGATION | : : : Civil Action No. 1:11-CV-07866-VM |
| THIS DOCUMENT RELATES TO: | : : |
| All Securities Actions (*DeAngelis v. Corzine*) | : ECF CASE : : |

## MEMORANDUM OF LAW IN SUPPORT OF
## LEAD PLAINTIFFS' MOTION FOR (I) PRELIMINARY APPROVAL OF THE INDIVIDUAL DEFENDANT SETTLEMENT, (II) CERTIFICATION OF THE INDIVIDUAL DEFENDANT SETTLEMENT CLASS, AND (III) APPROVAL OF NOTICE TO THE INDIVIDUAL DEFENDANT SETTLEMENT CLASS

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
Salvatore J. Graziano
Hannah G. Ross
Jai Chandrasekhar
1285 Avenue of the Americas, 38th Floor
New York, NY 10019
Telephone: (212) 554-1400
Facsimile:  (212) 554-1444

**BLEICHMAR FONTI TOUNTAS & AULD LLP**
Javier Bleichmar
Dominic J. Auld
Cynthia Hanawalt
7 Times Square, 27th Floor
New York, New York 10036
Telephone:  (212) 789-1340
Facsimile:   (212) 205-3960

*Co-Lead Counsel for Lead Plaintiffs and the Individual Defendant Settlement Class*

Dated:  July 7, 2015

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION ............................................................................................................... 2

BACKGROUND OF THE LITIGATION .......................................................................... 6

ARGUMENT ...................................................................................................................... 9

I.   THE PROPOSED INDIVIDUAL DEFENDANT SETTLEMENT WARRANTS
     PRELIMINARY APPROVAL ................................................................................. 9

     A.   The Individual Defendant Settlement Is The Result Of Good Faith, Arm's-
          Length Negotiations Conducted By Well-Informed And Experienced Counsel ......... 11

     B.   The Substantial Benefits For The Individual Defendant Settlement Class,
          Weighed Against Litigation Risks, Support Preliminary Approval ........................... 12

II.  CERTIFICATION OF THE INDIVIDUAL DEFENDANT SETTLEMENT CLASS
     FOR SETTLEMENT PURPOSES IS APPROPRIATE ........................................ 15

     A.   The Individual Defendant Settlement Class Satisfies The Requirements Of Rule
          23(a) ........................................................................................................................ 17

          1.   The Individual Defendant Settlement Class Members Are Too Numerous
               To Be Joined ................................................................................................. 17

          2.   There Are Common Questions Of Law And Fact ......................................... 18

          3.   Lead Plaintiffs' Claims Are Typical Of Those Of The Individual
               Defendant Settlement Class .......................................................................... 19

          4.   Lead Plaintiffs Will Fairly And Adequately Protect The Interests Of The
               Individual Defendant Settlement Class ......................................................... 21

     B.   The Individual Defendant Settlement Class Satisfies The Requirements Of Rule
          23(b)(3) .................................................................................................................... 22

          1.   Common Legal And Factual Questions Predominate .................................... 22

          2.   A Class Action Is Superior To Other Methods Of Adjudication .................... 23

III. NOTICE TO THE INDIVIDUAL DEFENDANT SETTLEMENT CLASS
     SHOULD BE APPROVED ...................................................................................... 24

IV.  THE PROPOSED SCHEDULE OF EVENTS ....................................................... 25

CONCLUSION ................................................................................................................. 26

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*In re Advanced Battery Techs., Inc. Sec. Litig.*,
    298 F.R.D. 171 (S.D.N.Y. 2014) ...............................................................................11, 16

*Amchem Prods., Inc. v. Windsor*,
    521 U.S. 591 (1997) ...............................................................................................16, 22

*In re Beacon Associates Litig.*,
    282 F.R.D. 315 (S.D.N.Y. 2012) .....................................................................................18

*Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed
    Care, LLC*,
    504 F.3d 229 (2d Cir. 2007) .............................................................................17, 18, 19

*In re China Sunergy Sec. Litig.*,
    No. 07 Civ. 78595 (DAN), 2011 WL 1899715 (S.D.N.Y. May 13, 2011) ............................14

*City of Providence v. Aeropostale, Inc.*,
    No. 11 Civ. 7132(CM)(GWG), 2014 WL 1883494 (S.D.N.Y. May 9, 2014) ........................25

*Cohen v. J.P. Morgan Chase & Co.*,
    262 F.R.D. 153 (E.D.N.Y. 2009) ......................................................................................10

*Consol. Rail Corp. v. Town of Hyde Park*,
    47 F.3d 473 (2d Cir. 1995) ..............................................................................................17

*D'Amato v. Deutsche Bank*,
    236 F.3d 78 (2d Cir. 2001) ..............................................................................................11

*Denney v. Deutsche Bank AG*,
    443 F.3d 253 (2d Cir. 2006) ...........................................................................................16

*In re Deutsche Telekom AG Sec. Litig.*,
    229 F. Supp. 2d 277 (S.D.N.Y. 2002) ..............................................................................18

*In re Drexel Burnham Lambert Grp., Inc.*,
    960 F.2d 285 (2d Cir. 1992) ............................................................................................21

*In re Dreyfus Aggressive Growth Mut. Fund Litig.*,
    No. 98 CIV. 4318 (HB), 2000 WL 1357509 (S.D.N.Y. Sept. 20, 2000) ..............................20

*In re Dynex Capital, Inc. Sec. Litig.*,
    No. 05 Civ. 1897 (HB), 2011 WL 781215 (S.D.N.Y. Mar. 7, 2011) ...................................20

*In re Giant Interactive Grp., Inc. Sec. Litig.,*
  279 F.R.D. 151 (S.D.N.Y. 2011) ...................................................................................11, 16

*In re Hi-Crush Partners L.P. Sec. Litig.,*
  No. 12-Civ-8557 (CM), 2014 WL 7323417 (S.D.N.Y. Dec. 19, 2014) ................................11

*In re IMAX Sec. Litig.,*
  283 F.R.D. 178 (S.D.N.Y. 2012) .............................................................................10, 14, 16

*In re Initial Pub. Offering Sec. Litig.,*
  243 F.R.D. 79 (S.D.N.Y. 2007) ...........................................................................................10

*In re Lehman Bros. Sec. & ERISA Litig.,*
  No. 09 MD 2017 (LAK), 2013 WL 440622 (S.D.N.Y. Jan. 23, 2013) ..................................20

*In re Marsh & McLennan Cos., Inc. Sec. Litig.,*
  No. 04 Civ. 8144 (CM), 2009 WL 5178546 (S.D.N.Y. Dec. 23, 2009)...............16, 20, 22, 23

*Menkes v. Stolt-Nielsen S.A.,*
  270 F.R.D. 80 (D. Conn. 2010)............................................................................................25

*In re Merrill Lynch & Co. Research Reports Sec. Litig.,*
  No. 02 MDL 1484 (JFK), 2007 WL 313474 (S.D.N.Y. Feb. 1, 2007)...................................14

*Moore v. Paine Webber, Inc.,*
  306 F.3d 1247 (2d Cir. 2002)...............................................................................................22

*In re NASDAQ Market-Makers Antitrust Litig.,*
  187 F.R.D. 465 (S.D.N.Y. 1998) .........................................................................................12

*In re NYSE Specialists Sec. Litig.,*
  260 F.R.D. 55 (S.D.N.Y. 2009) ...........................................................................................17

*In re Pfizer Inc. Sec. Litig.,*
  282 F.R.D. 38 (S.D.N.Y. 2012) ......................................................................................18, 19

*In re Platinum & Palladium Commodities Litig.,*
  No. 10CV3617, 2014 WL 3500655 (S.D.N.Y. July 15, 2014)..............................................10

*In re Polaroid ERISA Litig.,*
  240 F.R.D. 65 (S.D.N.Y. 2006) ...........................................................................................21

*In re Prudential Sec. Inc. Ltd. P'ships Litig.,*
  163 F.R.D. 200 (S.D.N.Y. 1995) .........................................................................................10

*Robidoux v. Celani,*
  987 F.2d 931 (2d Cir. 1993)................................................................................................17

*Robinson v. Metro-North Commuter R.R. Co.*,
   267 F.3d 147 (2d Cir. 2001) ............................................................................... 18

*In re Sadia, S.A. Sec. Litig.*,
   269 F.R.D. 298 (S.D.N.Y. 2010) ........................................................................ 19

*Shapiro v. JPMorgan Chase & Co.*,
   No. 11 Civ. 8331(CM)(MHD), 2014 WL 1224666 (S.D.N.Y. Mar. 24, 2014) ..................... 21

*In re Veeco Instruments, Inc. Sec. Litig.*,
   235 F.R.D. 220 (S.D.N.Y. 2006) ........................................................................ 22

*In re Veeco Instruments Inc. Sec. Litig.*,
   No. 05 MDL 01695 (CM), 2007 WL 4115809 (S.D.N.Y. Nov. 7, 2007) ........................ 12

*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*,
   396 F.3d 96 (2d Cir. 2005) ....................................................................... 9, 11, 25

*In re Warner Chilcott Ltd. Sec. Litig.*,
   No. 06 Civ. 11515 (WHP), 2008 WL 5110904 (S.D.N.Y. Nov. 20, 2008) ...................... 25

*Weinberger v. Kendrick*,
   698 F.2d 61 (2d Cir. 1982) ............................................................................ 16, 25

*In re Winstar Commc'ns Sec. Litig.*,
   290 F.R.D. 437 (S.D.N.Y. 2013) ........................................................................ 20

*In re WorldCom, Inc. Sec. Litig.*,
   219 F.R.D. 267 (S.D.N.Y. 2003) ........................................................................ 20

## STATUTES & RULES

Private Securities Litigation Reform Act of 1995,
   15 U.S.C. §§ 77z-1, 78u-4 ............................................................... 6, 11, 12, 24

Securities Act of 1933, 15 U.S.C. § 77a *et seq.* ................................................. 6, 7, 8, 19

Securities Exchange Act of 1934, 15 U.S.C. § 78a *et seq.* ................................. 6, 7, 8, 13, 19

Fed. R. Civ. P. 23 .............................................................................................. *passim*

## OTHER AUTHORITIES

Cornerstone Research, *Securities Class Action Settlements: 2014 Review and
   Analysis* (2015) ............................................................................................... 14

Lead Plaintiffs the Virginia Retirement System and Her Majesty The Queen In Right Of Alberta ("Lead Plaintiffs"), on behalf of themselves, the other named plaintiffs in the Action, and the other members of the Individual Defendant Settlement Class (defined below), have reached a proposed partial settlement of the above-captioned securities class action (the "Action") with defendants Jon S. Corzine, J. Randy MacDonald, and Henri J. Steenkamp (collectively, the "Officer Defendants"), and defendants David P. Bolger, Eileen S. Fusco, David Gelber, Martin J.G. Glynn, Edward L. Goldberg, David I. Schamis, and Robert S. Sloan (collectively, the "Director Defendants," and together with the Officer Defendants, the "Individual Defendants") for $64,500,000 in cash (the "Individual Defendant Settlement").[1]  Lead Plaintiffs respectfully move this Court for an order (i) preliminarily approving the Individual Defendant Settlement; (ii) certifying the Individual Defendant Settlement Class,[2] certifying Lead Plaintiffs as class representatives, and appointing Co-Lead Counsel Bernstein Litowitz Berger & Grossmann LLP and Bleichmar Fonti Tountas & Auld LLP as class counsel for purposes of the Individual

---

[1]  All capitalized terms used herein that are not otherwise defined herein shall have the meanings ascribed to them  in the Stipulation and Agreement of Settlement with Individual Defendants dated as of July 2, 2015 (the "Individual Defendant Stipulation"), which is attached as Exhibit 1 to the Notice of Motion.

[2]  The proposed Individual Defendant Settlement Class consists of all persons and entities who or which purchased or otherwise acquired any of the MF Global Securities during the period beginning on May 20, 2010 through and including November 21, 2011 (the "Settlement Class Period"), and were damaged thereby, other than certain persons and entities who or which are excluded by definition or who or which are excluded pursuant to request.  *See* Individual Defendant Stipulation ¶ 1(uu).

 The "MF Global Securities" are MF Global common stock (including shares acquired through the MF Global Ltd. Amended and Restated 2007 Long Term Incentive Plan or the MF Global Ltd. Employee Stock Purchase Plan); MF Global's 9% Convertible Senior Notes due June 20, 2038 issued on or about June 25, 2008; MF Global's 1.875% Convertible Senior Notes due February 1, 2016 issued on or about February 7, 2011; MF Global's 3.375% Convertible Senior Notes due August 1, 2018 issued on or about July 28, 2011; and MF Global's 6.25% Senior Notes due August 8, 2016 issued on or about August 1, 2011.

Defendant Settlement; (iii) approving the form and manner of giving notice of the proposed Individual Defendant Settlement, the proposed Plan of Allocation, and Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses to the Individual Defendant Settlement Class; and (iv) scheduling a hearing to consider final approval of the Individual Defendant Settlement, the Plan of Allocation, Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses, and any related matters.

## INTRODUCTION

Lead Plaintiffs have reached an agreement to settle this Action as against the Individual Defendants in exchange for $64.5 million in cash which Lead Plaintiffs and Co-Lead Counsel believe represents an excellent result and is in the best interests of the Individual Defendant Settlement Class. If approved by the Court, the Individual Defendant Settlement will dismiss and release all claims asserted in the Action against the Individual Defendants. The Individual Defendant Settlement does not resolve claims against any other Defendant in the Action.[3]

The proposed $64.5 million settlement with the Individual Defendants, together with the $74.9 million in approved settlements with certain of the underwriter defendants and the proposed $65 million settlement with PricewaterhouseCoopers LLP ("PwC") will, if all settlements are approved, result in in an aggregate recovery to date of $204.4 million. This recovery represents 18% of Lead Plaintiffs' damages expert's estimate of maximum reasonably recoverable damages

---

[3] The Individual Defendant Settlement is in addition to the $74 million Underwriter Settlement and the $932,828 Commerz Settlement, which have been approved by the Court (ECF Nos. 964, 965), and the proposed $65 million PwC Settlement, which was preliminary approved by the Court in an Order dated April 20, 2015 (ECF No. 902) and will be considered for final approval at a hearing scheduled for November 20, 2015. If the Individual Defendant Settlement and PwC Settlement are approved, the only remaining defendants in the Action will be five of the eight Senior Notes Underwriters, who underwrote MF Global's August 2011 offering of 6.25% Senior Notes.

in the Action with respect to all the MF Global Securities and 26% of Lead Plaintiffs' damages expert's estimate of maximum reasonably recoverable damages in the Action with respect to the notes for which all claims have been settled.[4]  These are excellent recoveries in the face of the risks Plaintiffs faced and the inability of MF Global to contribute to any settlement given its bankruptcy.

The significant benefit to the Individual Defendant Settlement Class must be considered in the context of the risks that further protracted litigation might lead to no recovery, or to a smaller recovery, from Individual Defendants in this Action.  Given the considerable discovery had at the time the Individual Defendant Settlement was reached and the extensive, arm's length negotiations that preceded the agreement to settle, Lead Plaintiffs had a thorough understanding of the strengths and weaknesses of the Settling Parties' respective positions.  The risks faced by Lead Plaintiffs include the challenges associated with proving that MF Global's financial statements were materially false and misleading and that the alleged false statements were intentionally or recklessly made.  Defendants argued that no valuation allowance was required to offset MF Global's deferred tax assets until the end of the Settlement Class Period as a result of new, previously unanticipated facts and circumstances.  Similarly, Defendants argued that MF Global's internal controls were adequate and the missing customer funds were caused by an unusual amount of activity at the very end of the Settlement Class Period.  Plaintiffs disputed these contentions, but there were risks in continued litigation that Defendants would prevail and Plaintiffs would achieve no recovery.  For similar reasons, Lead Plaintiffs also faced challenges with respect to establishing loss causation and class-wide damages.  Lead Plaintiffs also faced serious risks in recovering on any judgment obtained because MF Global's directors and officers insurance was a

---

[4]  The Action continues against five of the eight underwriters of the 6.25% Senior Notes which collectively underwrote 93.5% of that offering.

wasting asset that was being rapidly depleted by costs of defending and resolving numerous related litigations arising out of the collapse of MF Global, including actions brought by MF Global's Litigation Trustee and by former customers of MF Global, and because the personal assets of the Individual Defendants were insufficient to cover any expected judgment.  In light of these substantial risks, Lead Plaintiffs and Co-Lead Counsel believe that the proposed Individual Defendant Settlement is fair, reasonable and adequate, and in the best interests of the Individual Defendant Settlement Class.

At the time Lead Plaintiffs agreed to the Individual Defendant Settlement, they understood the strengths and weaknesses of their position in the litigation.  Lead Plaintiffs had conducted a detailed investigation of the claims in the Action and had overcome motions to dismiss brought by the Individual Defendants and the Underwriter Defendants.  Lead Plaintiffs had also received and reviewed millions of documents in discovery from Defendants and third parties and taken, defended or participated in approximately 30 depositions, including depositions of key former employees of MF Global, including three days of testimony from MF Global's former CEO Jon Corzine.  The Individual Defendant Settlement was reached only after the parties engaged in extensive arm's-length settlement negotiations, including significant mediation efforts conducted by Magistrate Judge James C. Francis and Judge Daniel Weinstein (Ret.).  The investigation, the briefing on the motions to dismiss, the extensive document and deposition discovery conducted, and the mediation and settlement negotiations provided Lead Plaintiffs and Co-Lead Counsel with a thorough understanding of the strengths and weaknesses of the claims against the Individual Defendants.

At the final settlement hearing ("Settlement Hearing"), the Court will have before it more detailed motion papers submitted in support of the proposed Individual Defendant Settlement, and

will be asked to make a determination as to whether the Individual Defendant Settlement is fair, reasonable and adequate.  At this time, Lead Plaintiffs request only that the Court grant preliminary approval of the Individual Defendant Settlement so that notice may be provided to the Individual Defendant Settlement Class.[5]  Specifically, Lead Plaintiffs request that this Court enter the [Proposed] Order Preliminarily Approving Proposed Settlement with Individual Defendants and Providing for Notice (the "Preliminary Approval Order"), attached as Exhibit 2 to the Notice of Motion, which, among other things, will:

> (i)    Preliminarily approve the Individual Defendant Settlement on the terms set forth in the Individual Defendant Stipulation;

> (ii)   Approve the form and content of the PwC/Individual Defendant Notice, Plan of Allocation, Proof of Claim Form and PwC/Individual Defendant Summary Notice attached as Exhibits 1, 2, 3 and 4 to the Preliminary Approval Order;

---

[5]  As Lead Plaintiffs previously advised the Court in connection with their motion for preliminary approval of the PwC Settlement, members of that settlement class (which includes the members of the then previously certified settlement classes (*i.e.*, the Underwriter Settlement Class and the Commerz Settlement Class), would be given notice of the plan of allocation that would be proposed by Lead Plaintiffs as well as Co-Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses and they would be apprised of their right to object.  Lead Plaintiffs are now presenting their proposed Plan of Allocation and Co-Lead Counsel will be making their motion for an award of attorneys' fees and reimbursement of Litigation Expenses in connection with consideration of approval of the Individual Defendant Settlement.

Also, as discussed more fully below, given the fact that the Individual Defendant Settlement Class is the same as the settlement class certified in connection with the PwC Settlement, in the interest of judicial economy and efficiency, Lead Plaintiffs are proposing that the Court consider final approval of the Individual Defendant Settlement at the same time as it will be considering final approval of the PwC Settlement, *i.e.*, at the hearing scheduled for November 20, 2015. Additionally, in order to avoid unnecessary costs and potential confusion that would be caused by mailing and publishing two largely duplicative notices, the notices presented on this motion are combined notices informing the settlement class of both the PwC and the Individual Defendant Settlements (the "PwC/Individual Defendant Notice" and the "PwC/individual Defendant Summary Notice").  Lead Plaintiffs are also submitting to the Court today a letter motion that would authorize the substitution of the combined notices for the previously approved PwC notices, if the Individual Defendant Settlement is preliminarily approved.

(iii)    Find that the procedures established for distribution of the PwC/Individual Defendant Notice and publication of the PwC/Individual Defendant Summary Notice in the manner and form set forth in the Preliminary Approval Order constitute the best notice practicable under the circumstances, and comply with the notice requirements of due process, Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), Section 27(a)(7) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77z-1(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and Section 21D(a)(7) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA; and

(iv)    Schedule the Settlement Hearing and set out a schedule and procedures for: disseminating the PwC/Individual Defendant Notice, Plan of Allocation and Proof of Claim Form (collectively, the "Notice Packet") and publishing the PwC/Individual Defendant Summary Notice; requesting exclusion from the Individual Defendant Settlement Class; objecting to the Individual Defendant Settlement, the Plan of Allocation and/or Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses; and submitting papers in support of final approval of the Individual Defendant Settlement, the Plan of Allocation and Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses.

Lead Plaintiffs also request certification of the Individual Defendant Settlement Class, certification of Lead Plaintiffs as class representatives, and the appointment of Co-Lead Counsel as class counsel, for purposes of the Individual Defendant Settlement, under Rule 23.

## BACKGROUND OF THE LITIGATION

Beginning on November 3, 2011, multiple putative securities class action complaints were filed in the United States District Court for the Southern District of New York.  By Order dated January 20, 2012, the Court consolidated the related actions in the Action, appointed the Virginia Retirement System and Her Majesty The Queen In Right Of Alberta as Lead Plaintiffs for the Action, and approved Lead Plaintiffs' selection of Bernstein Litowitz Berger & Grossmann LLP and Labaton Sucharow LLP as Co-Lead Counsel.[6]  ECF No. 140.

---

[6] By Order dated August 13, 2014, the Court approved the substitution of Bleichmar Fonti Tountas & Auld LLP for Labaton Sucharow LLP as Co-Lead Counsel.  ECF No. 761.

On August 20, 2012, Lead Plaintiffs filed and served their Consolidated Amended Securities Class Action Complaint (the "Amended Complaint"), which included the Government of Guam Retirement Fund, the West Virginia Laborers' Pension Trust Fund, LRI Invest S.A., Monica Rodriguez,[7] and Jerome Vrabel as additional named plaintiffs.  ECF No. 330.  The Amended Complaint asserted claims under § 11 of the Securities Act against the Underwriter Defendants and the Individual Defendants, claims under § 12(a)(2) of the Securities Act against the Underwriter Defendants, and claims under § 15 of the Securities Act and §§ 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder against some or all of the Individual Defendants.

On October 19, 2012, the Individual Defendants and the Underwriter Defendants filed and served their motions to dismiss the Amended Complaint.  On December 18, 2012, Lead Plaintiffs filed and served their papers in opposition to the motions and, on February 1, 2013, the Individual Defendants and the Underwriter Defendants filed and served their reply papers.

On February 6, 2013, the Court stayed all proceedings in the Action to permit the parties to pursue a global mediation of plaintiffs' claims (as well as claims asserted by MF Global's commodities futures customers against defendants other than the Underwriter Defendants).  The initial mediation with respect to the Action included three in-person sessions before Judge Daniel Weinstein (Ret.) and multiple telephonic conferences.  The mediation was unsuccessful in resolving the Action, and the stay of the Action expired on August 2, 2013.

On November 12, 2013, the Court entered its Memorandum and Order denying the Individual Defendants' and the Underwriter Defendants' motions to dismiss.  ECF No. 567.  On

---

[7]  On February 3, 2015, the Court entered a stipulated order dismissing the claims asserted by Plaintiff Monica Rodriguez with prejudice.

December 27, 2013, the Individual Defendants and the Underwriter Defendants filed their answers and affirmative defenses to the Amended Complaint.  ECF Nos. 612-617.

Discovery in the Action commenced in December 2013.  Defendants and third-parties – including James W. Giddens, as trustee for the liquidation of MF Global Inc. pursuant to the Securities Investor Protection Act of 1970, and Nader Tavakoli, the Litigation Trustee presiding over the entity formerly known as MF Global Holdings Limited – have produced millions of documents

On September 15, 2014, Lead Plaintiffs filed their motion for certification of the class, which was supported by a 25-page legal memorandum and an 89-page report from an expert on market efficiency and class-wide damages.  ECF Nos. 764-766.

On October 3, 2014, Lead Plaintiffs filed the Consolidated Second Amended Securities Class Action Complaint (ECF No. 779) (the "Complaint"), which added PwC as a named defendant asserting claims against PwC for violations of § 10(b) of the Exchange Act and § 11 of the Securities Act.

In January 2015, deposition discovery began in the Action.  At the time they entered into the agreement in principle to settle with the Individual Defendants, Lead Plaintiffs had taken, defended or participated in approximately 30 depositions, which included depositions of key former employees of MF Global (including three days of testimony from MF Global's former CEO Jon Corzine), several depositions of current or former employees of PwC and non-settling underwriter defendant Jefferies LLC, and numerous depositions of representatives of Plaintiffs and Plaintiffs' investment managers.

Following extensive arm's-length negotiations, including significant mediation efforts conducted by Magistrate Judge James C. Francis and Judge Daniel Weinstein (Ret.), the Settling

Parties reached an agreement to settle the Action as against the Individual Defendants as set forth herein on May 8, 2015.   After reaching the agreement in principle, Lead Plaintiffs and the Individual Defendants continued to vigorously negotiate the final terms of the Settlement, including the terms of the Individual Defendant Stipulation.   On July 2, 2015, the Settling Parties executed the Individual Defendant Stipulation.

Based upon their investigation, prosecution and mediation of the case, Lead Plaintiffs and Co-Lead Counsel have concluded that the terms and conditions of the Individual Defendant Stipulation are fair, reasonable and adequate to Lead Plaintiffs and the other members of the Individual Defendant Settlement Class, and in their best interests.   In light of the substantial benefits achieved, the cost and risks of continuing the litigation against the Individual Defendants through trial and appeals, and the fact that the proposed Individual Defendant Settlement has been approved by the Court-appointed Lead Plaintiffs, it is respectfully submitted that the Individual Defendant Settlement warrants the Court's preliminary approval so that notice can be provided to the Individual Defendant Settlement Class.   It is further submitted that the Court should, for purposes of the Individual Defendant Settlement only, certify the Individual Defendant Settlement Class, certify Lead Plaintiffs as class representatives, and appoint Co-Lead Counsel as class counsel.

## ARGUMENT

## I.     THE PROPOSED INDIVIDUAL DEFENDANT
## SETTLEMENT WARRANTS PRELIMINARY APPROVAL

The settlement of class action litigation is favored by public policy and strongly encouraged by the courts.   *See Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 116-17 (2d Cir. 2005) ("We are mindful of the strong judicial policy in favor of settlements, particularly in the class action context.   The compromise of complex litigation is encouraged by the courts and favored by

public policy.") (citations and internal quotations omitted); *In re IMAX Sec. Litig.*, 283 F.R.D. 178, 188 (S.D.N.Y. 2012) ("we emphasize that [] there is a 'strong judicial policy in favor of settlements, particularly in the class action context'") (citation omitted).

At the preliminary approval stage, the Court's function is "to ascertain whether there is any reason to notify the class members of the proposed settlement and to proceed with a fairness hearing." *In re Prudential Sec. Inc. Ltd. P'ships Litig.,* 163 F.R.D. 200, 209 (S.D.N.Y. 1995) (citation omitted). Preliminary approval of a class action settlement "is at most a determination that there is what might be termed 'probable cause' to submit the proposal to class members and hold a full-scale hearing as to its fairness." *In re Platinum & Palladium Commodities Litig.*, No. 10CV3617, 2014 WL 3500655, at *11 (S.D.N.Y. July 15, 2014) (citation omitted).

In making this preliminary determination, "[w]here the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval, preliminary approval is granted." *In re Initial Pub. Offering Sec. Litig.*, 243 F.R.D. 79, 87 (S.D.N.Y. 2007) (citation omitted); *accord Platinum & Palladium*, 2014 WL 3500655, at *11; *Cohen v. J.P. Morgan Chase & Co.*, 262 F.R.D. 153, 157 (E.D.N.Y. 2009).

Lead Plaintiffs now request that the Court take the first step in the settlement approval process and grant preliminary approval of the Individual Defendant Settlement. As summarized below, and as will be detailed further in a subsequent motion for final approval, the proposed Individual Defendant Settlement is well "within the range of possible approval." *Initial Pub. Offering*, 243 F.R.D. at 87 (citation omitted).

**A.      The Individual Defendant Settlement Is The Result Of Good Faith, Arm's-Length Negotiations Conducted By Well-Informed And Experienced Counsel**

The Individual Defendant Settlement was achieved through good faith, arm's-length settlement negotiations between well-informed and experienced counsel with the assistance of an experienced mediator after extensive discovery.

The arm's-length nature of the settlement negotiations and the involvement of a mediator such as Judge Francis support the conclusion that the Individual Defendant Settlement is fair and was achieved free of collusion. *See D'Amato v. Deutsche Bank*, 236 F.3d 78, 85 (2d Cir. 2001) (a "mediator's involvement in . . . settlement negotiations helps to ensure that the proceedings were free of collusion and undue pressure"); *In re Giant Interactive Grp., Inc. Sec. Litig.*, 279 F.R.D. 151, 160 (S.D.N.Y. 2011) (a settlement was entitled to a presumption of fairness where it was the product of "arms-length negotiation" facilitated by a respected mediator).

In addition, as noted above, the Settling Parties and their counsel were knowledgeable about the strengths and weaknesses of the case prior to reaching the agreement to settle.  As a result, Lead Plaintiffs and Co-Lead Counsel had an adequate basis for assessing the strength of the Individual Defendant Settlement Class's claims and the Individual Defendants' defenses when they entered into the Individual Defendant Settlement.  A proposed class action settlement enjoys a "presumption of fairness" where, as here, it is the product of arm's-length negotiations conducted by experienced, capable counsel after meaningful discovery.  *See Wal-Mart*, 396 F.3d at 116*; In re Hi-Crush Partners L.P. Sec. Litig.*, No. 12-Civ-8557 (CM), 2014 WL 7323417, at *3 (S.D.N.Y. Dec. 19, 2014); *In re Advanced Battery Techs., Inc. Sec. Litig.*, 298 F.R.D. 171, 175 (S.D.N.Y. 2014).

Moreover, Lead Plaintiffs, who are sophisticated investors of the type envisioned by Congress when passing the PSLRA, have supervised this litigation and recommend that the

Individual Defendant Settlement be approved.  *See In re Veeco Instruments Inc. Sec. Litig.*, No. 05 MDL 01695 (CM), 2007 WL 4115809, at *5 (S.D.N.Y. Nov. 7, 2007) ("under the PSLRA, a settlement reached . . . under the supervision and with the endorsement of a sophisticated institutional investor . . . is 'entitled to an even greater presumption of reasonableness . . . . Absent fraud or collusion, the court should be hesitant to substitute its judgment for that of the parties who negotiated the settlement.'") (citation omitted).  Further, Co-Lead Counsel, which have extensive experience in prosecuting securities class actions, have concluded that the Individual Defendant Settlement is in the best interests of the Individual Defendant Settlement Class. *See In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 465, 474 (S.D.N.Y. 1998) (Courts have consistently given "'great weight' . . . to the recommendations of counsel, who are most closely acquainted with the facts of the underlying litigation.") (citation omitted).

Given that the Individual Defendant Settlement is the product of an arm's-length negotiation involving the participation of an experienced mediator after meaningful discovery, has been approved by sophisticated Lead Plaintiffs, and was entered into by experienced and informed counsel, the Settlement is entitled to a strong presumption of fairness and preliminary approval is warranted.

**B.     The Substantial Benefits For The Individual Defendant Settlement Class, Weighed Against Litigation Risks, Support Preliminary Approval**

The proposed Individual Defendant Settlement creates a settlement amount of $64.5 million in cash.  As will be explained in greater detail in advance of the Settlement Hearing, this recovery provides a substantial benefit to the Individual Defendant Settlement Class in light of the risks posed by continued litigation.  Although Lead Plaintiffs and Co-Lead Counsel believe that the claims asserted against the Individual Defendants are meritorious, they recognized that continued litigation against these defendants posed significant risks.  Such risks include the

challenges associated with proving that MF Global's financial statements and internal control statements were materially false and misleading and – with respect to claims under § 10(b) of the Exchange Act – that the alleged false statements were intentionally or recklessly made.  Lead Plaintiffs also faced challenges with respect to establishing loss causation and class-wide damages. Lead Plaintiffs would have had to prevail on expected motions for summary judgment and at trial, and if they prevailed on those, on the appeals that would likely follow, to have any recovery from the Individual Defendants.  Thus, there were very significant risks attendant to the continued prosecution of the claims against Individual Defendants.

Lead Plaintiffs also faced risks with respect to recovery on a judgment that might be obtained against the Individual Defendants, particularly any judgment as large as or larger than the Settlement achieved.  MF Global's directors and officers insurance is being rapidly and continually depleted by the ongoing defense costs in this Action as well as the costs of other litigation pending against MF Global's former directors and officers, which include actions brought by the MF Global Litigation Trustee and MF Global's former customers.  Additionally, the representations made to Co-Lead Counsel as to the Officer Defendants' individual net worths, also support approval of the $64.5 million Settlement.[8]

The Settlement is also fair and reasonable because the aggregate settlement recoveries achieved to date in the Action represent a substantial percentage of class damages, a very positive result, particularly in a situation, such as here, where the issuer of the securities is in bankruptcy and was not a source of potential recovery for the class.  Specifically, the proposed $64.5 million

---

[8]  The Settlement is expressly conditioned on Lead Plaintiffs receiving satisfactory confirmation of the representations made as to the Officer Defendants' net worth.  This confirmation is to be provided no later than 30 days after the execution of the Individual Defendant Stipulation, and, if Lead Plaintiffs do not obtain this confirmation, they have the absolute right to terminate the Settlement.

settlement, together with the previously approved settlements with certain underwriter defendants and the proposed settlement with PwC (if approved), will bring the aggregate recovery to date for class members in the Action to $204.4 million.  This represents 18% of Lead Plaintiffs' damages expert's estimate of maximum reasonably recoverable damages in the Action with respect to all the MF Global Securities and 26% of Lead Plaintiffs' damages expert's estimate of maximum reasonably recoverable damages in the Action with respect to the fully settled notes.[9]  This level of recovery is well above the range of recoveries that courts have found to be reasonable, particularly in light of the risks of establishing liability and damages and the risks of recovery on any judgment.  *See, e.g., In re IMAX Sec. Litig.*, 283 F.R.D. at 191 (approving a settlement representing 13% of maximum damages as "within the range of reasonableness"); *In re China Sunergy Sec. Litig.*, No. 07 Civ. 78595 (DAN), 2011 WL 1899715, at *5 (S.D.N.Y. May 13, 2011) ("the average settlement amounts in securities fraud class actions where investors sustained losses over the past decade . . . have ranged from 3% to 7% of the class members' estimated losses") (internal quotation marks omitted); *In re Merrill Lynch & Co. Research Reports Sec. Litig.*, No. 02 MDL 1484 (JFK), 2007 WL 313474, at *10 (S.D.N.Y. Feb. 1, 2007) (recovery of approximately 6.25% was "at the higher end of the range of reasonableness of recovery in class action[] securities litigations"); Cornerstone Research, *Securities Class Action Settlements: 2014 Review and Analysis*, at 8-9 (2015) (median securities action settlements as a percentage of "estimated damages" were 2.2% in 2014 and 2.7% from 2005 to 2013).

Balancing the amount of the certain recovery against the uncertain and risky potential recovery after trial and appeals, as well as the risks of collecting on a judgment in the event of

---

[9]  As noted above, the Action continues against five of the eight underwriters of the 6.25% Senior Notes which collectively underwrote 93.5% of that offering.

success, Lead Plaintiffs and Co-Lead Counsel believe that the Individual Defendant Settlement is

an excellent result for the Individual Defendant Settlement Class, and that preliminary approval is

appropriate.

## II.   CERTIFICATION OF THE INDIVIDUAL DEFENDANT SETTLEMENT CLASS FOR SETTLEMENT PURPOSES IS APPROPRIATE

In granting preliminary settlement approval, the Court should also certify the Individual

Defendant Settlement Class for purposes of the Individual Defendant Settlement under Rules 23(a)

and (b)(3) of the Federal Rules of Civil Procedure.  The proposed Individual Defendant Settlement

Class, which has been stipulated to by the Settling Parties, consists of:

> all persons and entities who or which purchased or otherwise acquired any of the MF Global Securities[10] during the Settlement Class Period [*i.e.*, the period beginning on May 20, 2010 through and including November 21, 2011], and were damaged thereby.

Individual Defendant Stipulation ¶ 1(uu).  Excluded from the Individual Defendant Settlement

Class are: (i) Defendants and MF Global; (ii) members of the Immediate Families of the Individual

Defendants; (iii) the subsidiaries and affiliates of Defendants and MF Global; (iv) any person or

entity who or which was at any time during the Settlement Class Period and/or is a partner,

executive officer, director, or controlling person of MF Global, or any of its subsidiaries or

affiliates, or of any Defendant; (v) any entity in which any Defendant or MF Global had at any

time during the Settlement Class Period and/or has a controlling interest (including but not limited

---

[10] "MF Global Securities" means MF Global common stock (CUSIP 55277J108) (including shares acquired through the MF Global Ltd. Amended and Restated 2007 Long Term Incentive Plan or the MF Global Ltd. Employee Stock Purchase Plan); MF Global's 9% Convertible Senior Notes due June 20, 2038 issued on or about June 25, 2008 (CUSIP 55276YAB2); MF Global's 1.875% Convertible Senior Notes due February 1, 2016 issued on or about February 7, 2011 (CUSIP 55277JAA6); MF Global's 3.375% Convertible Senior Notes due August 1, 2018 issued on or about July 28, 2011 (CUSIP 55277JAB4); and MF Global's 6.25% Senior Notes due August 8, 2016 issued on or about August 1, 2011 (CUSIP 55277JAC2).  *See* Individual Defendant Stipulation ¶ 1(dd).

to any trust established by an Individual Defendant for the benefit of (a) himself/herself or any member of his/her family, or (b) any entity in which he/she has had or has a beneficial interest; or any trust over which an Individual Defendant has had and/or currently has any form of direct or indirect control); (vi) Defendants' Insurance Carriers, and any affiliates or subsidiaries thereof; (vii) the *AG Oncon* Plaintiffs; (viii) Cadian and its principals, members, officers, directors and controlling persons; and (ix) the legal representatives, heirs, successors and assigns of any such excluded person or entity; provided, however, that any Investment Vehicle shall not be deemed an excluded person or entity by definition. *See id.* Also excluded from the Individual Defendant Settlement Class are any persons and entities who or which exclude themselves from the Individual Defendant Settlement Class or any Other Class(es) (to the extent such persons or entities are also Individual Defendant Settlement Class Members), by submitting a request for exclusion that is accepted by the Court. *See id.*

The Second Circuit has long acknowledged the propriety of certifying a class solely for purposes of a class action settlement. *See Weinberger v. Kendrick*, 698 F.2d 61, 73 (2d Cir. 1982); *Advanced Battery Techs.*, 298 F.R.D. at 180; *In re Marsh & McLennan Cos., Inc. Sec. Litig.*, No. 04 Civ. 8144 (CM), 2009 WL 5178546, at *8 (S.D.N.Y. Dec. 23, 2009). Indeed, certification of a settlement class "has been recognized throughout the country as the best, most practical way to effectuate settlements involving large numbers of claims by relatively small claimants." *IMAX*, 283 F.R.D. at 186 (quoting *In re Giant Interactive Grp., Inc. Sec. Litig.*, 279 F.R.D. 151, 158 (S.D.N.Y. 2011)).

A settlement class, like other certified classes, must satisfy all the requirements of Rules 23(a) and (b). *See Denney v. Deutsche Bank AG*, 443 F.3d 253, 270 (2d Cir. 2006). Nevertheless, the manageability concerns of Rule 23(b)(3) are not at issue for a settlement class. *See Amchem*

*Prods., Inc. v. Windsor*, 521 U.S. 591, 593 (1997) ("Whether trial would present intractable management problems . . . is not a consideration when settlement-only certification is requested.").

As demonstrated below, certification of the Individual Defendant Settlement Class for purposes of the Settlement is appropriate here because the proposed Individual Defendant Settlement Class satisfies all the requirements of Rule 23(a) and Rule 23(b)(3).

### A. The Individual Defendant Settlement Class Satisfies The Requirements Of Rule 23(a)

Certification is appropriate under Rule 23(a) if: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a).

### 1. The Individual Defendant Settlement Class Members Are Too Numerous To Be Joined

Class certification under Rule 23(a)(1) is appropriate where a class contains so many members that joinder of all would be "impracticable." Fed. R. Civ. P. 23(a). "Impracticable does not mean impossible," *Robidoux v. Celani*, 987 F.2d 931, 935 (2d Cir. 1993), but "only that the difficulty or inconvenience of joining all members of the class make use of the class action appropriate." *Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, LLC*, 504 F.3d 229, 244-45 (2d Cir. 2007). Numerosity is presumed when a class consists of forty members or more. *See Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995). "In securities class actions 'relating to publicly owned and nationally listed corporations, the numerosity requirement may be satisfied by a showing that a large number of shares were outstanding and traded during the relevant period.'" *In re NYSE Specialists Sec. Litig.*, 260 F.R.D. 55, 70 (S.D.N.Y. 2009) (citation omitted).

17

The Individual Defendant Settlement Class easily satisfies the numerosity requirement. The Individual Defendant Settlement Class is comprised of all purchasers or acquirors of MF Global common stock and four different MF Global notes during the 18-month class period. The number of shares of MF Global common stock outstanding during the Settlement Class Period ranged from approximately 122 million to 165 million – including over 22 million shares issued in the June 2010 secondary offering – with an average weekly trading volume of 23.9 million shares. *See* MF Global Form 10-K for Year Ended March 31, 2010, at 1; Expert Report of Michael D. Hartzmark, Ph. D (ECF No. 766-1) at ¶¶ 21, 27. The four MF Global notes represented over $1 billion in face value and the notes were actively traded on the over-the-counter corporate bond market during the Settlement Class Period. *Id.* ¶¶ 118, 121-122. While the precise number of Individual Defendant Settlement Class Members cannot be identified with specificity at this time, it is likely to be at least in the hundreds or thousands. Accordingly, the Individual Defendant Settlement Class is sufficiently numerous that Rule 23(a)(1) is satisfied.

## 2.     There Are Common Questions Of Law And Fact

Rule 23(a)(2) requires the existence of at least one question of law or fact common to the class. *See Cent. States*, 504 F.3d at 245; *Robinson v. Metro-North Commuter R.R. Co.*, 267 F.3d 147, 155 (2d Cir. 2001). Claims under the securities laws easily meet the commonality requirement. *See In re Beacon Associates Litig.*, 282 F.R.D. 315, 327 (S.D.N.Y. 2012) ("In general, where putative class members have been injured by similar material misrepresentations and omissions, the commonality requirement is satisfied."); *In re Pfizer Inc. Sec. Litig.*, 282 F.R.D. 38, 44 (S.D.N.Y. 2012) (commonality requirement is satisfied where it is alleged that "putative class members have been injured by similar material misrepresentations and omissions"); *In re Deutsche Telekom AG Sec. Litig.*, 229 F. Supp. 2d 277, 281 (S.D.N.Y. 2002) (common questions

included existence of "material misrepresentations and omissions . . . [in] the registration statement").

Here, the claims asserted against the Individual Defendants under Section 10(b) of the Exchange Act and Section 11 of the Securities Act present many questions of law and fact common to all Individual Defendant Settlement Class Members, including:

- whether the federal securities laws were violated by the Individual Defendants' conduct;

- whether MF Global's SEC filings and press releases and other public statements by the Individual Defendants contained material misstatements or omitted to state material information;

- whether the registration statement and prospectuses for MF Global's offerings during the Settlement Class Period contained material misstatements or omitted to state material information;

- whether, with respect to Plaintiffs' claims under § 10(b) of the Exchange Act, the false statements allegedly made by the Individual Defendants were made intentionally or recklessly; and

- whether the members of the Individual Defendant Settlement Class sustained damages as a result of the alleged misconduct and, if so, the proper measure of damages.

*See, e.g.,* Complaint ¶ 655.  Because these questions of law and fact are common to all members of the Individual Defendant Settlement Class, the commonality requirement of Rule 23(a)(2) is met.

### 3.   Lead Plaintiffs' Claims Are Typical Of Those Of The Individual Defendant Settlement Class

Rule 23(a)(3) requires that the claims of the class representatives be "typical" of the claims of the class.  Fed. R. Civ. P. 23(a)(3).  Typicality is established where "each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability."  *Cent. States*, 504 F.3d at 245; *accord Pfizer*, 282 F.R.D. at 44; *In re Sadia, S.A. Sec. Litig.*, 269 F.R.D. 298, 304-05 (S.D.N.Y. 2010).  "Typical" does not mean

"identical."  *See Marsh & McLennan*, 2009 WL 5178546, at *10.  It is well-established that "factual differences involving the date of acquisition, type of securities purchased and manner by which the investor acquired the securities will not destroy typicality if each class member was the victim of the same material misstatements . . ."  *Marsh & McLennan*, 2009 WL 5178546, at *10; *see also In re WorldCom, Inc. Sec. Litig.*, 219 F.R.D. 267, 280 (S.D.N.Y. 2003).  Accordingly, courts have frequently found that the typicality requirement is satisfied in securities cases involving multiple offerings, notwithstanding certain factual differences involving the date, security type and manner by which the investor acquired his securities.  *See, e.g., In re Winstar Commc'ns Sec. Litig.,* 290 F.R.D. 437, 444, 450-52 (S.D.N.Y. 2013) (claims of class representatives who purchased common stock were typical with respect to class members who purchased bonds because all claims arose "out of the same alleged public misstatement that caused injury to shareholders and bondholders alike"); *In re Lehman Bros. Sec. & ERISA Litig.*, No. 09 MD 2017 (LAK), 2013 WL 440622, at *2 (S.D.N.Y. Jan. 23, 2013) (although class representatives did not purchase all notes included in the class, because all notes were issued off the same registration statement and there was "substantial similarity in alleged misrepresentations across the class period," the representatives' claims were sufficiently similar to allow them to adequately represent the class); *In re Dynex Capital, Inc. Sec. Litig.*, No. 05 Civ. 1897 (HB), 2011 WL 781215, at *3 (S.D.N.Y. Mar. 7, 2011) (certifying class even though named plaintiff did not purchase all bonds included in class); *In re Dreyfus Aggressive Growth Mut. Fund Litig.*, No. 98 CIV. 4318 (HB), 2000 WL 1357509, at *3 (S.D.N.Y. Sept. 20, 2000) ("Courts have repeatedly certified classes where the class representatives had not invested in all of the subject securities").

Here, the claims of Lead Plaintiffs and all other members of the Individual Defendant Settlement Class are based on the same alleged misleading misrepresentations and omissions.

Accordingly, Lead Plaintiffs' claims arise from the same course of events as the claims of all Individual Defendant Settlement Class Members. Lead Plaintiffs' claims and the claims of all other Individual Defendant Settlement Class Members are based on the same legal theories and would be proven by the same evidence. Thus, the Rule 23(a)(3) typicality requirement is satisfied.

### 4.   Lead Plaintiffs Will Fairly And Adequately Protect The Interests Of The Individual Defendant Settlement Class

Rule 23(a)(4) is satisfied if "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The Court must measure the adequacy of representation by two standards: (1) whether the claims of the proposed class representatives conflict with those of the class; and (2) whether their counsel are qualified, experienced, and generally able to conduct the litigation. *See In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992); *Shapiro v. JPMorgan Chase & Co.*, No. 11 Civ. 8331(CM)(MHD), 2014 WL 1224666, at *15 (S.D.N.Y. Mar. 24, 2014).

Lead Plaintiffs are sophisticated institutional investors with substantial financial stakes in the litigation and they have and will continue to represent the interests of the class fairly and adequately. There is no antagonism or conflict of interest between Lead Plaintiffs and the other members of the proposed Individual Defendant Settlement Class. Lead Plaintiffs and the other members of the Individual Defendant Settlement Class share the common objective of maximizing their recovery from the Individual Defendants. *See In re Polaroid ERISA Litig.*, 240 F.R.D. 65, 77 (S.D.N.Y. 2006) ("Where plaintiffs and class members share the common goal of maximizing recovery, there is no conflict of interest between the class representatives and other class members.") (citing *In re Drexel*, 960 F.2d. at 291). In addition, Co-Lead Counsel have extensive experience and expertise in securities litigation and other class action proceedings throughout the United States, and are well qualified and able to conduct this litigation. Therefore, Rule 23(a)(4)

is satisfied.  Additionally, Co-Lead Counsel have and will continue to fairly and adequately represent the interests of the Individual Defendant Settlement Class.  Accordingly, Co-Lead Counsel should also be appointed as class counsel for the Individual Defendant Settlement Class under Rule 23(g).

**B.    The Individual Defendant Settlement Class
Satisfies The Requirements Of Rule 23(b)(3)**

Rule 23(b)(3) authorizes class certification if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3).  The proposed Individual Defendant Settlement Class satisfies these requirements.

**1.    Common Legal And Factual Questions Predominate**

"Class-wide issues predominate if resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and if these particular issues are more substantial than the issues subject only to individualized proof."  *Marsh & McLennan*, 2009 WL 5178546, at *11 (quoting *Moore v. Paine Webber, Inc.*, 306 F.3d 1247, 1252 (2d Cir. 2002)).  Common issues will predominate where each class member is alleged to have suffered the same kind of harm pursuant to the same legal theory arising out of the same alleged course of conduct, and the only individualized questions concern the amount of damages.  *See Marsh & McLennan*, 2009 WL 5178546, at *11; *In re Veeco Instruments, Inc. Sec. Litig.*, 235 F.R.D. 220, 240 (S.D.N.Y. 2006) ("In determining whether common questions predominate, a court's inquiry is directed toward whether the issue of liability is common to members of the class.") (citation omitted).  As the Supreme Court has noted, predominance is a test "readily met" in securities cases.  *Amchem*, 521 U.S. at 625.

Here, the same alleged course of conduct by the Individual Defendants forms the basis of all Individual Defendant Settlement Class Members' claims against the Individual Defendants. There are numerous common issues relating to the Individual Defendants' liability (including the existence of material misrepresentations or omissions), which predominate over any individualized issues.  The predominance requirement of Rule 23(b)(3) is therefore satisfied.

### 2.    A Class Action Is Superior To Other Methods Of Adjudication

Rule 23(b)(3) sets forth the following non-exhaustive factors to be considered in making a determination whether class certification is the superior method of litigation:  "(A) the class members' interests in individually controlling the prosecution . . . of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by . . . class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action."  *See* Fed. R. Civ. P. 23(b)(3).

Considering these factors, a class action is clearly "superior to other available methods for fairly and efficiently adjudicating" the federal securities law claims of the large number of purchasers of MF Global Securities during the Settlement Class Period.  Indeed, courts have concluded that the class action device in securities cases is usually the superior method by which to redress injuries to a large number of individual plaintiffs in light of the large and geographically dispersed nature of shareholder classes, the inefficiency of multiple lawsuits and the size of individual recoveries in comparison to the costs of litigations.  *See, e.g., Marsh & McLennan*, 2009 WL 5178546, at *12 (the "class action is uniquely suited to resolving securities claims").

Here, the high cost of individualized litigation makes it likely that many Individual Defendant Settlement Class Members would be unable to obtain relief without class certification. Moreover, any potential difficulties of managing the class action in further litigation and at trial

need not be considered here because the parties seek to certify the Individual Defendant Settlement Class solely for the purposes of settlement.  In sum, the requirements of Rule 23(b)(3) are satisfied.

III.     **NOTICE TO THE INDIVIDUAL DEFENDANT**
         **SETTLEMENT CLASS SHOULD BE APPROVED**

As outlined in the Preliminary Approval Order, Co-Lead Counsel will notify Individual Defendant Settlement Class Members of the Individual Defendant Settlement by mailing the PwC/Individual Defendant Notice to all Individual Defendant Settlement Class Members who can be identified with reasonable effort.  The Notice will advise Individual Defendant Settlement Class Members of (i) the pendency of the Action and the certification of the Individual Defendant Settlement Class; (ii) the essential terms of the Individual Defendant Settlement, (iii) the proposed Plan of Allocation, and (iv) Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses.  The Individual Defendant Notice will also provide specifics on the date, time and place of the Settlement Hearing and set forth the procedures, as well as deadlines for opting out of the Individual Defendant Settlement Class and objecting to the Individual Defendant Settlement, the Plan of Allocation and/or Co-Lead Counsel's request for attorneys' fees and reimbursement of expenses.  The proposed Preliminary Approval Order also requires Co-Lead Counsel to cause the PwC/Individual Defendant Summary Notice to be published once each in *The Wall Street Journal* and *Investor's Business Daily* and to be transmitted once over the *PR Newswire* within ten (10) business days of the mailing of the Notice.  Co-Lead Counsel will also cause a copy of the Notice to be readily available on the website of the Notice Administrator.

The form and manner of providing notice to the Individual Defendant Settlement Class as set forth in the Preliminary Approval Order satisfy all the requirements of due process, Rule 23, and the PSLRA, 15 U.S.C. §§ 77z-1(a)(7), 78u-4(a)(7).  The Notice and Summary Notice "fairly apprise the prospective members of the class of the terms of the proposed settlement[s] and of the

24

options that are open to them in connection with the proceedings." *Wal-Mart*, 396 F.3d at 114

(quoting *Weinberger*, 698 F.2d at 70). The manner of providing notice, which includes individual

notice by first-class mail to all class members who can be reasonably identified, supplemented by

additional publication and internet notice, represents the best notice practicable of the Settlement

under the circumstances and satisfies the requirements of due process and Rule 23. *See, e.g., City*

*of Providence v. Aeropostale, Inc.*, No. 11 Civ. 7132(CM)(GWG), 2014 WL 1883494, at *2

(S.D.N.Y. May 9, 2014); *Menkes v. Stolt-Nielsen S.A.*, 270 F.R.D. 80, 105-06 (D. Conn. 2010); *In*

*re Warner Chilcott Ltd. Sec. Litig.*, No. 06 Civ. 11515 (WHP), 2008 WL 5110904, at *3 (S.D.N.Y.

Nov. 20, 2008).

The notice to be disseminated to Individual Settlement Class Members will discuss the

proposed Plan of Allocation for the proceeds of the recoveries achieved in this Action, which will

be enclosed as a separate document in the mailing, and Co-Lead Counsel's motion for an award

of attorneys' fees and reimbursement of expenses, and the rights of class members to object to the

Plan of Allocation and/or the request for fees and expenses. Because the Individual Defendant

Settlement Class includes the members of the Underwriter Settlement Class, the Commerz

Settlement Class and the PwC Settlement Class, the proposed dissemination of this notice will

provide all affected class members with notice of the proposed Plan of Allocation and the motion

for fees and expenses and of their right to object.

Accordingly, Lead Plaintiffs respectfully submit that the proposed notice and related

procedures are appropriate and should be approved.

## IV.   THE PROPOSED SCHEDULE OF EVENTS

As set forth above, Lead Plaintiffs, in the interest of judicial economy and efficiency, are

requesting that the Court schedule the hearing to consider final approval of the Individual

Defendant Settlement for the same date and time as the previously scheduled hearing for the PwC

Settlement, *i.e.,* November 20, 2015 at 9:30 a.m.  Based on that hearing date, the schedule of events relating to the Individual Defendant Settlement would be the same as that previously established by the Court' prior order with respect to the PwC Settlement.

## CONCLUSION

For all the foregoing reasons, Lead Plaintiffs respectfully request that the Court enter the proposed Preliminary Approval Order, attached as Exhibit 2 to the Notice of Motion, which will (i) preliminarily approve the proposed Individual Defendant Settlement as within the range of fairness, reasonableness and adequacy; (ii) certify the Individual Defendant Settlement Class, certify Lead Plaintiffs as class representatives, and appoint Co-Lead Counsel as class counsel, for purposes of the Individual Defendant Settlement only; (iii) approve the proposed form and manner of notice to Individual Defendant Settlement Class Members; and (iv) schedule a date and time for the Settlement Hearing to consider final approval of the Individual Defendant Settlement, Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses, and any other related matters.

Dated:  July 7, 2015                          Respectfully submitted,
      New York, New York

                                      **BERNSTEIN LITOWITZ BERGER**
                                           **& GROSSMANN LLP**

                                      */s/ Salvatore J. Graziano*
                                      Salvatore J. Graziano
                                      Hannah G. Ross
                                      Jai Chandrasekhar
                                      1285 Avenue of the Americas, 38th Floor
                                      New York, NY 10019
                                      Telephone:  (212) 554-1400
                                      Facsimile:  (212) 554-1444

                                            - and-

**BLEICHMAR FONTI**
 **TOUNTAS & AULD LLP**
Javier Bleichmar
Dominic J. Auld
Cynthia Hanawalt
7 Times Square, 27th Floor
New York, New York 10036
Telephone:  (212) 789-1340
Facsimile:   (212) 205-3960

*Co-Lead Counsel for Lead Plaintiffs*
*and the Individual Defendant Settlement Class*

#909833