USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/7/15

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---

IN RE MF GLOBAL HOLDINGS
LIMITED SECURITIES LITIGATION

THIS DOCUMENT RELATES TO:

All Securities Actions
(*DeAngelis v. Corzine*)

:
:
:
:
:
:
:
:
:

Civil Action No. 1:11-CV-07866-VM

ECF CASE

---

### ORDER AMENDING PWC PRELIMINARY APPROVAL ORDER

WHEREAS, on April 20, 2015, this Court entered an Order Preliminarily Approving Settlement with Defendant PricewaterhouseCoopers LLP and Providing for Notice (ECF No. 902) (the "PwC Preliminary Approval Order"), which provided, among other things, that Co-Lead Counsel would disseminate notice of the proposed PwC Settlement to members of the PwC Settlement Class by causing the Notice Administrator (a) to mail a copy of the PwC Notice (attached to the PwC Preliminary Approval Order as Exhibit 1) to all potential PwC Settlement Class Members who or which may be identified through reasonable effort and (b) to publish a copy of the PwC Summary Notice (attached to the PwC Preliminary Approval Order as Exhibit 2) in *The Wall Street Journal* and *Investor's Business Daily* and over the *PR Newswire*;

WHEREAS, the Court has preliminarily approved another proposed settlement reached by Lead Plaintiffs in this Action, the Individual Defendant Settlement, in which the proposed settlement class is essentially the same as the PwC Settlement Class;

WHEREAS, Lead Plaintiffs propose to mail a combined notice of the PwC Settlement and Individual Defendant Settlement to the members of those classes and to publish a combined summary notice because doing so will reduce costs and potential confusion to class members who would otherwise receive two largely duplicative notices;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.     The Court approves the use of combined mailed notice and publication notice for the PwC Settlement and the Individual Defendant Settlement, which shall be mailed and published in accordance with the provisions of the PwC Preliminary Approval Order.

2.     The PwC Preliminary Approval Order is hereby amended to provide that all references to the "PwC Notice" and the "PwC Summary Notice" in the PwC Preliminary Approval Order shall now refer to the combined PwC/Individual Defendant Notice and PwC/Individual Defendant Summary Notice attached hereto as Exhibits 1 and 2, respectively.

3.     In all other respects, the PwC Preliminary Approval Order remains unchanged.

SO ORDERED this _7th_ day of _July_, 2015.

_____
The Honorable Victor Marrero
United States District Judge

#909286

2

# Exhibit 1

Exhibit 1

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE MF GLOBAL HOLDINGS LIMITED SECURITIES LITIGATION | : : : | Civil Action No. 1:11-CV-07866-VM |
| THIS DOCUMENT RELATES TO: | : : | |
| All Securities Actions (*DeAngelis v. Corzine*) | : : : | ECF CASE |

## NOTICE OF (I) CERTIFICATION OF SETTLEMENT CLASSES; (II) PROPOSED SETTLEMENTS WITH PRICEWATERHOUSECOOPERS LLP AND THE INDIVIDUAL DEFENDANTS; (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES; AND (IV) SETTLEMENT FAIRNESS HEARING

### *A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

NOTICE OF SETTLEMENTS:  Please be advised that the Court-appointed Lead Plaintiffs, the Virginia Retirement System and Her Majesty The Queen In Right Of Alberta ("Lead Plaintiffs"), on behalf of themselves, the other named plaintiffs, and the PwC Settlement Class and the Individual Defendant Settlement Class (as defined in paragraph 26 below), have reached proposed settlements (i) with PricewaterhouseCoopers LLP ("PwC"), the outside auditor of MF Global Holdings Limited ("MF Global"), for $65,000,000 in cash (the "PwC Settlement"), and (ii) with the Individual Defendants (as defined in paragraph 26 n. 10 below) for $64,500,000 in cash (the "Individual Defendant Settlement").[1]  The respective settlements, if approved, will resolve all claims in the above-captioned securities class action (the "Action") pending in the United States District Court for the Southern District of New York (the "Court") against PwC and the Individual Defendants.  The proposed settlements will be considered independently by the Court and will only resolve claims against the Defendants covered by the respective settlements.[2]

---

[1] Any capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement with Defendant PricewaterhouseCoopers LLP dated April 3, 2015 (the "PwC Stipulation") and the Stipulation and Agreement of Settlement with Individual Defendants dated July 2, 2015 (the "Individual Defendant Stipulation"), which are available at www.MFGlobalSecuritiesClassAction.com.

[2] These proposed settlements are in addition to the partial settlement achieved with certain Underwriter Defendants (the "Underwriter Settlement") in which $74,000,000 in cash was obtained for the benefit of the Underwriter Settlement Class and the partial settlement achieved with defendant Commerz Markets

NOTICE OF CERTIFICATION OF PwC AND INDIVIDUAL DEFENDANT SETTLEMENT CLASSES: Please also be advised that your rights may be affected by the Action if you purchased or otherwise acquired any MF Global Securities (defined in paragraph 1 below), during the period beginning on May 20, 2010 through and including November 21, 2011 (the "Settlement Class Period"), and were damaged thereby.

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of cash from the proposed PwC and Individual Defendant Settlements as well as from the approved Underwriter and Commerz Settlements. If you are a member of any of these Settlement Classes, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed PwC and/or Individual Defendant Settlements, or your eligibility to participate in these proposed settlements or the Underwriter and/or Commerz Settlements, please DO NOT contact the Court, MF Global, PwC, the Individual Defendants, any other Defendants in the Action, or any Defendant's counsel. All questions should be directed to Co-Lead Counsel or the Claims Administrator (*see* ¶ 59 below).**

PLEASE NOTE: In connection with their request for approval of the PwC and Individual Defendant Settlements, Lead Plaintiffs will also be asking the Court to approve a proposed plan of allocation (the "Plan of Allocation") for the proceeds of the recoveries obtained in this Action. **The Plan of Allocation is set forth in a separate document enclosed with this Notice as is a Proof of Claim and Release Form**.

1. **Description of the Action and the PwC and Individual Defendant Settlement Classes:** This Notice relates to proposed partial settlements in a pending securities class action brought by investors alleging that Defendants violated the federal securities laws by, among other things, making false and misleading statements regarding MF Global or were statutorily liable for false and misleading statements in MF Global's offering materials for certain MF Global securities. A more detailed description of the Action and the claims asserted against PwC and the Individual Defendants is set forth in paragraphs 11-25 below. The PwC and Individual Defendant Settlements are on behalf of purchasers (as further defined in ¶ 26 below) during the Settlement Class Period of the following securities:

> **MF Global common stock** (including shares acquired through the MF Global Ltd. Amended and Restated 2007 Long Term Incentive Plan or the MF Global Ltd. Employee Stock Purchase Plan) (CUSIP 55277J108);

> **MF Global's 9% Convertible Senior Notes** due June 20, 2038, issued on or about June 25, 2008 (CUSIP 55276YAB2) ("9% Convertible Senior Notes");

---

LLC (the "Commerz Settlement") in which $932,828 in cash was obtained for the benefit of the Commerz Settlement Class. On June 26, 2015, the Court granted final approval to those settlements. Notices of those settlements were previously disseminated to potential members of the settlement classes for those settlements. Copies of those notices can be viewed and downloaded from www.MFGlobalSecuritiesClassAction.com. The PwC, Individual Defendant, Underwriter and Commerz Settlements are collectively referred to as the "Current Settlements."

**MF Global's 1.875% Convertible Senior Notes** due February 1, 2016, issued on or about February 7, 2011 (CUSIP 55277JAA6) ("1.875% Convertible Senior Notes");

**MF Global's 3.375% Convertible Senior Notes** due August 1, 2018, issued on or about July 28, 2011 (CUSIP 55277JAB4) ("3.375% Convertible Senior Notes"); and

**MF Global's 6.25% Senior Notes** due August 8, 2016, issued on or about August 1, 2011 (CUSIP 55277JAC2) ("6.25% Senior Notes").

These securities are collectively referred to as the "MF Global Securities." The PwC Settlement, if approved by the Court, will settle the claims of the PwC Settlement Class, as defined in paragraph 26 below, as against PwC only. The Individual Defendant Settlement, if approved by the Court, will settle the claims of the Individual Defendant Settlement Class, as defined in paragraph 26 below, as against the Individual Defendants only.

2. **Statement of the PwC and the Individual Defendant Settlement Classes' Recoveries:** Subject to Court approval, Lead Plaintiffs, on behalf of themselves, the other named plaintiffs in the Action, and the other members of the respective relevant Settlement Classes, have agreed to settle with PwC in exchange for a payment of $65,000,000 in cash (the "PwC Settlement Amount") and to settle with the Individual Defendants in exchange for a payment of $64,500,000 in cash (the "Individual Defendant Settlement Amount"), such amounts to be deposited into separate escrow accounts for the benefit of the PwC Settlement Class and the Individual Defendant Settlement Class, respectively. The Net Settlement Funds (*i.e.*, the Settlement Amounts plus any and all interest earned thereon (the "Settlement Funds") less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, and (d) any attorneys' fees awarded by the Court) will be distributed in accordance with the plan of allocation that is approved by the Court. As noted above, the proposed Plan of Allocation is set forth in a separate document enclosed with this Notice.

3. **Estimate of Average Amount of Recovery Per Share or Note:** Lead Plaintiffs' damages expert estimates that approximately 1.03 million MF Global notes and approximately 109.83 million shares of MF Global common stock were affected by the conduct at issue in the Action. If all affected notes and shares participate in the PwC and Individual Defendant Settlements, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs) from the PwC Settlement and the Individual Defendant Settlement, respectively, would be: (i) per 9% Convertible Senior Note, approximately $17.58 and $17.44; (ii) per 1.875% Convertible Senior Note, approximately $38.68 and $38.39; (iii) per 3.375% Convertible Senior Note , approximately $37.72 and $37.43, (iv) per 6.25% Senior Note, approximately $37.58 and $37.29; and (v) per share of common stock, approximately $0.25 and $0.25.[3] Settlement Class Members should note, however, that the foregoing average recovery per share or note is only an estimate. Some Settlement Class Members may recover more or less than these estimated amounts depending on, among other factors, when and at what prices they purchased/acquired or sold their MF Global Securities, and the total number of valid Claim Forms submitted. Distributions to Settlement Class Members will be made based on the plan of allocation that is approved by the Court.

---

[3] An allegedly affected share or note might have been traded more than once during the Settlement Class Period, and this average recovery would be the total for all purchasers of that share or note.

4.  **Statement of Potential Outcome of Case and Potential Damages:**  The Settling Parties for each of the proposed settlements do not agree on the average amount of damages per share or note that would be recoverable if Lead Plaintiffs were to prevail on the claims asserted in the Action against PwC or the Individual Defendants, as applicable.  Among other things, neither PwC nor the Individual Defendants agree with Lead Plaintiffs' assertions that: (i) they violated the federal securities laws; (ii) they made false or misleading statements; or (iii) damages were suffered by members of the respective Settlement Classes as a result of their alleged conduct; or Lead Plaintiffs' assertions concerning allegedly corrective disclosures and loss causation.

5.  **Attorneys' Fees and Expenses:**  Plaintiffs' Counsel, who have been prosecuting the Action on a fully contingent basis, have not received any payment of attorneys' fees for their services in pursuing claims against Defendants in this Action nor have they been reimbursed for the expenses necessarily incurred to prosecute this Action.  Before final approval of the PwC and Individual Defendant Settlements, Co-Lead Counsel, Bernstein Litowitz Berger & Grossmann LLP and Bleichmar Fonti Tountas & Auld LLP, will apply to the Court for an award of attorneys' fees on behalf of all Plaintiffs' Counsel in an amount not to exceed ___% of each of the Court-approved settlements, plus interest thereon at the same rate as earned by the settlement funds.[4]

In addition, Co-Lead Counsel will apply for reimbursement of expenses in an amount not exceed $_____ (which may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the settlement classes) to be paid from the total amount recovered in all settlements previously approved by the Court and the settlements that are now before the Court for final approval, if approved.

The Court will determine the amount of any award of attorneys' fees and reimbursement of expenses.  Class members are not personally liable for any such fees or expenses.  If the Court approves Co-Lead Counsel's fee and expense application and both the PwC and the Individual Defendant Settlements, the average cost per share or note for attorneys' fees and Litigation Expenses from the PwC Settlement and the Individual Defendant Settlement, respectively approximately $____ per note and approximately $____ per share of common stock.[5]

6.  **Identification of Attorneys' Representatives:**  Lead Plaintiffs and the PwC and Individual Defendant Settlement Classes are represented by Salvatore J. Graziano, Esq. of Bernstein Litowitz Berger & Grossmann LLP, 1285 Avenue of the Americas, New York, NY 10019, (800) 380-8496, blbg@blbglaw.com and Javier Bleichmar, Esq. of Bleichmar Fonti Tountas & Auld LLP, 7 Times Square, 27th Floor, New York, NY 10036, (212) 789-1340, bfta@bftalaw.com.

7.  **Reasons for the PwC and Individual Defendant Settlements:**  Lead Plaintiffs' principal reason for entering into the PwC and Individual Defendant Settlements is the

---

[4]  In addition to the PwC and Individual Defendant Settlements, Lead Counsel will be applying for attorneys' fees on the Underwriter Settlement and the Commerz Settlement which, as noted above, received final approval on June 26, 2015.

[5]  Should the Court not approve the PwC and/or the Individual Defendant Settlement, attorneys' fees will be paid only on the settlement funds created by the approved settlements.  Approved expenses will be paid from the settlement funds created by the approved settlements.

substantial immediate cash benefit for the respective Settlement Classes without the risk or the delays inherent in further litigation. Moreover, the substantial cash benefit provided under the proposed settlements must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – against PwC and/or the Individual Defendants might be achieved after contested motions, a trial of the Action and likely appeals that would follow a trial, a process that could be expected to last several years. PwC and the Individual Defendants deny all allegations of wrongdoing or liability whatsoever and they are entering into their respective settlements solely to eliminate the uncertainty, burden and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENTS: | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN _____, 2015** | This is the only way to be eligible to receive a payment from the proceeds of the PwC Settlement, the Individual Defendant Settlement, the Underwriter Settlement, or the Commerz Settlement. |
| | If you are a PwC and/or the Individual Defendant Settlement Class Member and you remain in those Settlement Classes, you will be bound by the PwC Settlement and the Individual Defendant Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims that you have against PwC and the other PwC Releasees (as discussed in ¶ 33 below) as well as the Released Plaintiffs' Claims that you have against the Individual Defendants and the other Individual Defendants' Releasees (as discussed in ¶ 34 below) and you will also be bound by the orders and judgments relating to the other approved Current Settlements to the extent you are a member of a class covered by those settlements, so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE PWC AND INDIVIDUAL DEFENDANT SETTLEMENT CLASSES BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2015.** | If you request to be excluded from either the PwC or the Individual Defendant Settlement Class, you will be excluded from both classes and you will not be eligible to receive any payment from the PwC Settlement Fund or the Individual Defendant Settlement Fund. Excluding yourself from either class means that you give up eligibility to recover from both settlements. Requesting exclusion is the only option that allows you ever to be part of any other lawsuit against PwC or any of the other PwC Releasees or the Individual Defendants or any of the other Individual Defendants Releasees concerning the respective Released Plaintiffs' Claims. |
| | If you exclude yourself from the PwC Settlement Class or the Individual Defendant Settlement Class, you will also be excluded from any other classes that may subsequently be certified in the Action; you will not be eligible to participate in any other settlements or recoveries that may yet be |

| | obtained in the Action.[6] |
|---|---|
| **OBJECT TO THE PWC SETTLEMENT, THE INDIVIDUAL DEFENDANT SETTLEMENT, THE PLAN OF ALLOCATION, OR THE REQUEST FOR FEES AND EXPENSES BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2015.** | If you do not like the proposed PwC Settlement, the proposed Individual Defendant Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of expenses, you may write to the Court and explain why you do not like them.  You cannot object to the PwC Settlement or the Individual Defendant Settlement unless you are a member of those classes and do not exclude yourself (requesting exclusion from one class, excludes you from both classes).  If you exclude yourself from the PwC and Individual Defendant Settlement Classes, but you are a member of the Underwriter Settlement Class and/or the Commerz Settlement Class, you may object to the Plan of Allocation and/or the request for fees and expenses. |
| **GO TO A HEARING ON _____, 2015 AT \_\_:\_\_ .M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2015.** | Filing a written objection and notice of intention to appear by _____, 2015 allows you to speak in Court, at the discretion of the Court, about the fairness of the PwC Settlement if you are a member of the PwC Settlement Class, the Individual Defendant Settlement if you are a member of the Individual Defendant Settlement Class, or the Plan of Allocation and/or the request for attorneys' fees and reimbursement of expenses if you are a member of any class covered by any of the Current Settlements.  If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of one or more of the certified settlement classes covered by an approved settlement and do not submit a valid Claim Form, you will not be eligible to share in the distribution of the net proceeds of the settlement(s) obtained on behalf of the class(es) in which you are a member.  You will, however, remain a member of the class(es) that apply to you, which means that you give up your right to sue about the claims that are resolved by the applicable approved settlements and you will be bound by any judgments or orders entered by the Court with respect to those settlements. |

---

[6]  If you exclude yourself from the PwC Settlement Class or the Individual Defendant Settlement Class, but you are a member of the Underwriter and/or Commerz Settlement Class(es), you are still eligible to participate in those settlements.

## WHAT THIS NOTICE CONTAINS

Why Did I Get This Notice? ................................................. Page __

What Is This Case About? ................................................. Page __

How Do I Know If I Am Affected By The PwC And Individual Defendant
Settlements?   Who Is Included In The PwC And Individual Defendant
Settlement Classes? ................................................. Page __

What Are Lead Plaintiffs' Reasons For The PwC
And Individual Defendant Settlements? ............................. Page __

What Might Happen If There Were No Settlements? .............. Page __

How Are PwC And Individual Defendant Settlement Class Members
Affected By The Action And The Respective Settlements? ..... Page __

How Much Will My Payment From The Settlements Be?
How Do I Participate In the Settlements?  What Do I Need To Do? ..... Page __

What Payment Are The Attorneys Seeking?
How Will The Lawyers Be Paid? ..................................... Page __

What If I Do Not Want To Be A Member Of The PwC
And Individual Defendant Settlement Classes? How Do I Exclude Myself? ..... Page __

When And Where Will The Court Decide Whether To Approve The PwC
And The Individual Defendant Settlements?
Do I Have To Come To The Hearing?  How Do I Object?
May I Speak At The Hearing If I Don't Like The Settlements? ..... Page __

What If I Bought MF Global Securities On Someone Else's Behalf? ..... Page __

Can I See The Court File?  Whom Should I Contact If I Have Questions? ..... Page __

## WHY DID I GET THIS NOTICE?

8.   The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired one or more of the MF Global Securities during the Settlement Class Period. The Court has directed us to send you this Notice because, as a potential PwC and/or Individual Defendant Settlement Class Member, you have a right to know about your options before the Court rules on the PwC and Individual Defendant Settlements and to understand how this class action lawsuit may generally affect your legal rights.

9.   The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the PwC and Individual Defendant Settlement Classes if you wish to so do.  It is also being sent to inform you of the terms of the PwC and Individual Defendant Settlements and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the PwC and Individual Defendant Settlements the proposed Plan of Allocation, and the motion by Co-Lead Counsel for an award of attorneys' fees and reimbursement of expenses (the "Settlement Hearing"). *See* paragraph 50 below for details about the Settlement Hearing, including the date and location of the hearing.

10. The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the PwC and/or the Individual Defendant Settlement.  If the Court approves a plan of allocation, then

payments with respect to those Current Settlements that are approved by the Court will be made to Authorized Claimants after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

11. This action arises out of the collapse of MF Global in October 2011.[7]

12. Beginning on November 3, 2011, multiple putative securities class action complaints were filed in the Court.  By Order dated January 20, 2012, the Court consolidated the related actions in the Action and approved the appointment of Lead Plaintiffs and Co-Lead Counsel.[8]

13. On August 20, 2012, Lead Plaintiffs filed and served their Consolidated Amended Securities Class Action Complaint (the "Amended Complaint"), which included the Government of Guam Retirement Fund, the West Virginia Laborers' Pension Trust Fund, LRI Invest S.A., Monica Rodriguez,[9] and Jerome Vrabel as additional named plaintiffs.  The Amended Complaint asserts claims under §§ 11 and 12 of the Securities Act of 1933 (the "Securities Act") against the Underwriter Defendants and the Individual Defendants alleging that these Defendants were statutorily liable for false and misleading statements in the offering materials for MF Global's secondary offering of common stock and for the other MF Global Securities; as well as claims under § 15 of the Securities Act and §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder against some or all of the Individual Defendants.

14. On October 19, 2012, the Individual Defendants and Underwriter Defendants filed and served their motions to dismiss the Amended Complaint.  On December 18, 2012, Lead Plaintiffs filed and served their papers in opposition to the motions and, on February 1, 2013, the Individual Defendants and Underwriter Defendants filed and served their reply papers.

15. On February 6, 2013, the Court stayed all proceedings in the Action to permit the parties to pursue a global mediation of plaintiffs' claims (as well as claims asserted by MF Global's commodities futures customers).  The initial mediation with respect to the Action included three in-person sessions before Judge Daniel Weinstein (Ret.) and multiple telephonic conferences.  The mediation was unsuccessful in resolving the Action, and the stay of the Action expired on August 2, 2013.

16. On November 12, 2013, the Court entered its Memorandum and Order denying the Individual Defendants' and the Underwriter Defendants' motions to dismiss.

---

[7] On October 31, 2011, MF Global filed for Chapter 11 bankruptcy.  Because of this filing, pursuant to the provisions of Bankruptcy Code, 11 U.S.C. § 362(a), prosecution of the Action against MF Global could not go forward.

[8] By Order dated August 13, 2014, the Court approved the substitution of Bleichmar Fonti Tountas & Auld LLP for previously appointed co-lead counsel Labaton Sucharow LLP.

[9] On February 3, 2015, the Court entered a stipulated order dismissing with prejudice Plaintiff Monica Rodriguez's claims asserted in the Complaint.

17. On December 27, 2013, the Individual Defendants and the Underwriter Defendants filed their answers and affirmative defenses to the Amended Complaint.

18. Discovery in the Action commenced in December 2013. The Individual Defendants, Underwriter Defendants and third parties – including James W. Giddens, as Trustee for the liquidation of MF Global Inc. pursuant to the Securities Investor Protection Act of 1970 and Nader Tavakoli, the Litigation Trustee presiding over the entity formerly known as MF Global Holdings Limited – have produced millions of documents. Additionally, before it was named as a defendant in the Action, PwC produced over 213,000 documents pursuant to subpoena. The taking of depositions in the Action began in January 2015. As of May 8, 2015, Lead Plaintiffs had taken, defended or participated in approximately 30 depositions, including taking depositions of key former employees of MF Global, including three days of testimony by MF Global's former CEO Jon Corzine.

19. On October 3, 2014, Lead Plaintiffs filed the Consolidated Second Amended Securities Class Action Complaint (the "Complaint"), which added PwC as a named defendant asserting claims against it for violation of § 10(b) of the Exchange Act and § 11 of the Securities Act.

20. On December 19, 2014, PwC filed and served its motion to dismiss Count Three of the Complaint, which alleges that PwC violated § 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder. On February 6, 2015, Lead Plaintiffs filed and served their opposition to PwC's motion to dismiss.

21. On February 25, 2015, Co-Lead Counsel and PwC's Counsel participated in a full-day mediation session before the Honorable Layn R. Phillips, a former federal district court judge in the United States District Court for the Western District of Oklahoma. The mediation addressed the issues of liability and damages in detail. At the conclusion of the session on February 25, 2015, the Lead Plaintiffs and PwC reached an agreement to settle the Action as against PwC for $65,000,000 in cash to be paid by or on behalf of PwC.

22. Efforts to reach an agreement to settle with the Individual Defendants continued. Following additional extensive arm's-length negotiations, including significant mediation efforts conducted by Magistrate Judge James C. Francis, on May 8, 2015, Lead Plaintiffs and the Individual Defendants reached an agreement to settle the Action as against the Individual Defendants for $64,500,000 in cash to be paid on behalf of the Individual Defendants.

23. Based upon their investigation, prosecution and mediation of the case, Lead Plaintiffs and Co-Lead Counsel have concluded that the terms and conditions of the PwC Stipulation are fair, reasonable and adequate to Lead Plaintiffs and the other members of the PwC Settlement Class, and in their best interests and the terms and conditions of the Individual Defendant Settlement are fair, reasonable and adequate to Lead Plaintiffs and the other members of the Individual Defendant Settlement Class and in their best interests.

24. PwC and the Individual Defendants are entering into their respective settlements solely to eliminate the uncertainty, burden and expense of further protracted litigation. PwC and the Individual Defendants deny any wrongdoing.

25. On April 20, 2015, the Court preliminarily approved the PwC Settlement and on _____, 2015, the Court preliminarily approved the Individual Defendant Settlement and

authorized that this Notice be disseminated to potential PwC and Individual Defendant Settlement Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the PwC and/or the Individual Defendant Settlement.

> ## HOW DO I KNOW IF I AM AFFECTED BY THE PWC AND INDIVIDUAL DEFENDANT SETTLEMENTS?
>
> ## WHO IS INCLUDED IN THE PWC AND INDIVIDUAL DEFENDANT SETTLEMENT CLASSES?

26. If you are a member of the PwC or  Individual Defendant Settlement Class, you are subject to the terms of the applicable settlements, unless you timely request to be excluded.  The PwC and Individual Defendant Settlement Classes  consist of:

all persons and entities who or which purchased or otherwise acquired any of the MF Global Securities during the period beginning on May 20, 2010 through and including November 21, 2011 (the "Settlement Class Period"), and were damaged thereby.

Excluded from both the PwC and Individual Defendant Settlement Classes by definition are:

(i) Defendants[10] and MF Global; (ii) members of the Immediate Families[11] of the Individual Defendants; (iii) the subsidiaries and affiliates of Defendants and MF Global; (iv) any person or entity who or which was at any time during the Settlement Class Period and/or is a partner, executive officer, director, or controlling person of MF Global, or any of its subsidiaries or affiliates, or of any Defendant; (v) any entity in which any Defendant or MF Global had at any time during the Settlement Class Period and/or has a controlling interest (including but not limited to any trust established by an Individual Defendant for the benefit of (a) himself/herself or any member of his/her family, or (b) any entity in which he/she has had or has a beneficial interest; or any trust over which an Individual Defendant has had and/or currently has any form of direct or indirect control); (vi) Defendants' liability insurance carriers, and any affiliates or subsidiaries thereof;

---

[10]  The following persons and entities are Defendants in the Action: Jon S. Corzine, J. Randy MacDonald, and Henri J. Steenkamp (collectively, the "Officer Defendants"), David P. Bolger, Eileen S. Fusco, David Gelber, Martin J.G. Glynn, Edward L. Goldberg, David I. Schamis, and Robert S. Sloan (collectively, the "Director Defendants," together with the Officer Defendants, the "Individual Defendants"); BMO Capital Markets Corp.; Citigroup Global Markets Inc.; Commerz Markets LLC; Deutsche Bank Securities Inc.; Goldman, Sachs & Co.; Jefferies LLC (formerly, Jefferies & Company, Inc.); J.P. Morgan Securities LLC; Lebenthal & Co., LLC; Merrill Lynch, Pierce, Fenner & Smith Incorporated; Natixis Securities Americas LLC (formerly Natixis Securities North America Inc.); RBS Securities Inc.; Sandler O'Neill + Partners, L.P.; and U.S. Bancorp Investments, Inc. (collectively, the "Underwriter Defendants"); and PwC.

[11]  "Immediate Family" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law.  As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

and (vii) the legal representatives, heirs, successors and assigns of any such excluded person or entity; provided, however, that any Investment Vehicle[12] shall not be deemed an excluded person or entity by definition.

Also excluded from the PwC Settlement Class are the PwC Entities,[13] and any such PwC Entities shall not be eligible to participate in any recoveries obtained in the Action. Also excluded from the Individual Defendant Settlement Class are the *AG Oncon* Plaintiffs; Cadian Capital Management LP (f/k/a Cadian Capital Management, LLC) ("Cadian") and its principals, members, officers, directors and controlling persons; and any of their legal representatives, heirs, successors and assigns.

Additionally, also excluded from both the PwC and the Individual Defendant Settlement Classes are any persons or entities who or which exclude themselves by submitting a request for exclusion from the PwC Settlement Class or the Individual Defendant Settlement Class in accordance with the requirements set forth in this Notice. *See* "What if I Do Not Want To Be A Member Of The PwC and Individual Defendant Settlement Classes? How Do I Exclude Myself," on page [  ] below.

**RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A PWC OR INDIVIDUAL DEFENDANT SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE PWC SETTLEMENT, THE INDIVIDUAL DEFENDANT SETTLEMENT, OR ANY OTHER SETTLEMENT.**

**IF YOU ARE A MEMBER OF ANY OF THE SETTLEMENT CLASSES AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT(S) PERTAINING TO THE SETTLEMENT CLASS(ES) IN WHICH YOU ARE A MEMBER, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN POSTMARKED NO LATER THAN _____, 2015.**

---

[12] "Investment Vehicle" means any investment company or pooled investment fund, including but not limited to mutual fund families, exchange-traded funds, fund of funds and hedge funds, in which any Underwriter Defendant has or may have a direct or indirect interest or as to which its affiliates may act as an investment advisor but in which the Underwriter Defendant or any of its respective affiliates is not a majority owner or does not hold a majority beneficial interest. This definition does not bring into the PwC or Individual Defendant Settlement Classes any of the Underwriter Defendants or any other person or entity who or which is excluded from the PwC or Individual Defendant Settlement Classes by definition.

[13] "PwC Entities" means any entity or partnership (whether or not incorporated) which carries on business under a name which includes all or part of the PricewaterhouseCoopers name or is otherwise (directly or indirectly) within the worldwide network of PricewaterhouseCoopers firms. The PwC Entities include PricewaterhouseCoopers International Limited and any member firm, network firm, specified subsidiary or connected firm of PricewaterhouseCoopers International Limited.

## WHAT ARE LEAD PLAINTIFFS' REASONS FOR THE PWC AND INDIVIDUAL DEFENDANT SETTLEMENTS?

27. Lead Plaintiffs and Co-Lead Counsel believe that the claims asserted against PwC and the Individual Defendants have merit. They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against PwC and the Individual Defendants through dispositive motions, a trial and appeal, as well as the very substantial risks they would face in establishing liability and damages. Such risks include the challenges associated with proving that MF Global's financial statements and PwC's audit opinions were materially false and misleading and that PwC failed to conduct adequate audits, and – with respect to claims under § 10(b) of the Exchange Act – that the alleged PwC and Individual Defendant false statements were intentionally or recklessly made. Lead Plaintiffs also faced challenges with respect to establishing loss causation and class-wide damages. The risks presented by the litigation against PwC were heightened because the case against PwC was still in the early stages and the Court had not yet ruled on PwC's motion to dismiss. Lead Plaintiffs would have to prevail on the motion to dismiss, as well as, with respect to both PwC and the Individual Defendants, on the expected motions for summary judgment and at trial, and if they prevailed on those, on the appeals that would likely follow, to have any recovery from PwC or the Individual Defendants. Thus, there were very significant risks attendant to the continued prosecution of the claims against PwC and the Individual Defendants.

28. In light of these risks, the amounts of the PwC and Individual Defendant Settlements and the certainty of recovery to the PwC and the Individual Defendant Settlement Classes, Lead Plaintiffs and Co-Lead Counsel believe that the proposed settlements are fair, reasonable and adequate, and in the best interests of the PwC and the Individual Defendant Settlement Classes. Lead Plaintiffs and Co-Lead Counsel believe that the settlements provide a substantial benefit to the respective Settlement Classes, namely $65,000,000 in cash to the PwC Settlement Class and $64,500,000 in cash to the Individual Defendant Settlement Class (less the various deductions described in this Notice), as compared to the risk that the claims in the Action against PwC and/or the Individual Defendants might produce a smaller, or no recovery after the motion to dismiss, summary judgment, trial and appeals.

29. PwC and the Individual Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever. PwC and the Individual Defendants have agreed to their respective settlements solely to eliminate the uncertainty, burden and expense of continued litigation. Accordingly, the PwC Settlement and the Individual Defendant Settlement may not be construed as an admission of any wrongdoing by PwC or the Individual Defendants.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENTS?

30. If there were no settlements and Lead Plaintiffs failed to establish any essential legal or factual element of their claims against PwC and the Individual Defendants, neither Lead Plaintiffs nor the other members of the respective Settlement Classes would recover anything from PwC or the Individual Defendants. Also, if PwC or the Individual Defendants were successful in proving any of their defenses, either on PwC's pending motion to dismiss, or with respect to both PwC and the Individual Defendants on motions for summary judgment, at trial or

on appeal, the PwC and Individual Defendant Settlement Classes could recover substantially less than the amounts provided in the respective settlements, or nothing at all.

---

### HOW ARE PWC AND INDIVIDUAL DEFENDANT SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE RESPECTIVE SETTLEMENTS?

31. If you are a PwC or Individual Defendant Settlement Class Member, you are represented by Lead Plaintiffs and Co-Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The PwC And Individual Defendant Settlements?," below.

32. If you are a PwC or Individual Defendant Settlement Class Member and you do not exclude yourself from the Settlement Classes,[14] you will be bound by any orders issued by the Court relating to the PwC and the Individual Defendant Settlements.

33. If the PwC Settlement is approved, the Court will enter a judgment (the "PwC Judgment"). The PwC Judgment will dismiss with prejudice the claims against PwC and will provide that, upon the Effective Date of the PwC Settlement, Lead Plaintiffs and each of the other PwC Settlement Class Members, on behalf of themselves and their respective heirs, executors, administrators, predecessors, successors, affiliates and assigns, in their capacities as such, shall be deemed to have, and by operation of law and the PwC Judgment shall have fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every PwC Released Plaintiffs' Claim[15] against PwC and the other PwC

---

[14] If you are a PwC or Individual Defendant Settlement Class Member and do not wish to remain a class member, you may exclude yourself from the Settlement Classes which will also exclude you from any other classes that may yet be certified in the Action as to which you otherwise would have been a class member by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The PwC And Individual Defendant Settlement Classes? How Do I Exclude Myself?," below.

[15] "PwC Released Plaintiffs' Claims" means all claims, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liabilities), whether known claims or Unknown Claims, whether arising under federal, state, local, statutory, common or foreign law, or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class or individual in nature, that Lead Plaintiffs or any other member of the PwC Settlement Class (i) asserted in the Complaint, or (ii) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint and that relate to the purchase of MF Global Securities during the Settlement Class Period. PwC Released Plaintiffs' Claims do not cover or include (i) any claims asserted, or which may be asserted, in the Action against any of the Non-Settling Defendants (as defined in the PwC Stipulation); (ii) any claims of any person or entity who or which submits a request for exclusion from the PwC Settlement Class or any Other Class(es) (to the extent such persons or entities would be PwC Settlement Class Members absent such exclusion) that is accepted by the Court; and (iii) any claims relating to the enforcement of the PwC Settlement.

Releasees[16], and shall forever be enjoined from prosecuting any or all of the PwC Released Plaintiffs' Claims against any of the PwC Releasees.

34. If the Individual Defendant Settlement is approved, the Court will enter a judgment (the "Individual Defendant Judgment"). The Individual Defendant Judgment will dismiss with prejudice the claims against the Individual Defendants and will provide that, upon the Effective Date of the Individual Defendant Settlement, Lead Plaintiffs and each of the other Settlement Class Members, on behalf of themselves and all of their respective past, present or future parents, subsidiaries, divisions, affiliates, shareholders, general or limited partners, attorneys, spouses, insurers, beneficiaries, employees, officers, directors, legal and equitable owners, members, predecessors in interest, successors in interest, legal representatives, trustees, associates, heirs, executors, administrators, and/or assigns, in their capacities as such, release and forever discharge, to the fullest extent permitted by law, and shall be deemed to have, and by operation of law and of the Individual Defendant Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged, each and every Individual Defendant Released Plaintiffs' Claim[17] against the Individual Defendants and the

---

[16] "PwC Releasees" means (i) PwC; (ii) the past or present parents, subsidiaries, affiliates, successors and predecessors of PwC; and (iii) the respective past or present officers, directors, partners, principals, agents, employees, attorneys, advisors, investment advisors, insurers and assigns, of the foregoing in (i) and (ii), in their capacities as such. PwC Releasees shall also include any PwC Entities (defined in ¶ 26 n. 13 above). Notwithstanding the foregoing, PwC Releasees does not include any Non-Settling Defendants as that term is defined in the PwC Stipulation.

[17] "Individual Defendant Released Plaintiffs' Claims" means any and all past, present, or future claims and causes of action, rights, actions, suits, obligations, debts, demands, judgments, agreements, promises, liabilities, damages, losses, controversies, costs, penalties, expenses or attorney fees, of every nature and description whatsoever, whether direct or indirect, whether known claims or Unknown Claims, suspected or unsuspected, accrued or unaccrued, in law or in equity, whether based on contract, tort, or other legal or equitable theory of recovery, and whether having arisen or arising in the future, including, without limitation, any claims of violations of federal or state securities laws, any federal, state, or foreign law, statute, rule or regulation, or other legal or equitable claims of fraud, intentional misrepresentation, negligent misrepresentation, negligence, gross negligence, breach of duty of care and/or breach of duty of loyalty, breach of fiduciary duty or breach of contract, that Lead Plaintiffs or any other member of the Settlement Class (i) asserted in the Complaint, or (ii) could have asserted in the Complaint or in any other court action or before any administrative body, tribunal, arbitration panel, or other adjudicatory body, arising out of, relating to or based upon, in whole or in part, the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint and that relate to the purchase, sale or trading of MF Global Securities during the Settlement Class Period. Individual Defendant Released Plaintiffs' Claims do not cover or include (i) any claims asserted, or which may be asserted, in the Action against any of the Non-Settling Defendants (as defined in the Individual Defendant Stipulation); (ii) any claims asserted, or which may be asserted, in the *AG Oncon* Action; (iii) any claims which could have been or may be asserted, by Cadian; (iv) any claims of any person or entity who or which submits a request for exclusion from the Individual Defendant Settlement Class or any Other Class(es) (to the extent such persons or entities are also Individual Defendant Settlement Class Members) that is accepted by the Court; and (v) any claims relating to the enforcement of the Individual Defendant Settlement.

14

other Individual Defendants' Releasees,[18] and shall forever be enjoined from prosecuting any or all of the Individual Defendant Released Plaintiffs' Claims against any of the Individual Defendants' Releasees.

35. "Unknown Claims" means any Released Plaintiffs' Claims in either settlement (as defined in footnotes 15 and 17 above) which any Lead Plaintiff or any other PwC or Individual Defendant Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, any Released PwC Claims (as defined in footnote 19 below) which PwC does not know or suspect to exist in its favor at the time of the release of such claims, and any Released Individual Defendants' Claims (as defined in footnote 21 below) which any Individual Defendant does not know or suspect to exist in his or her favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to the PwC or Individual Defendant Settlement, or might have affected his, her, or its decision(s) not to object to the PwC or Individual Defendant Settlement or not to exclude himself, herself, or itself from the PwC and Individual Defendant Settlement Classes.

36. With respect to any and all Released Claims, the respective Settling Parties stipulate and agree that, upon the Effective Date of the PwC Settlement, and upon the Effective Date of the Individual Defendant Settlement, Lead Plaintiffs, PwC and the Individual Defendants shall be deemed to have expressly waived, and each of the other respective Settlement Class Members shall be deemed to have waived, and by operation of the respective Judgments shall have expressly waived, to the fullest extent permitted by law, any and all provisions, rights, and benefits conferred by California Civil Code § 1542 and any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Lead Plaintiffs, PwC, the Individual Defendants and the respective Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims as defined in the respective Stipulations or the Released PwC Claims or Released Individual Defendants' Claims, as applicable, but each Lead Plaintiff, PwC and Individual Defendant shall expressly have – and each other Settlement Class Member by operation of the applicable Judgment shall be deemed to have – upon the Effective Date of the applicable Settlement, fully, finally and forever settled and released any and all applicable Released Plaintiffs' Claims or any

---

[18]   "Individual Defendants' Releasees" means (i) the Individual Defendants; (ii) members of the Immediate Families of the Individual Defendants; (iii) the respective past, present, or future heirs, executors, administrators, agents, employees, attorneys, advisors, investment advisors, auditors, accountants and assigns, of the foregoing in (i) and (ii), in their capacities as such; (iv) any entity controlled by any of the Individual Defendants; and (v) the Individual Defendants' Insurance Carriers and their respective insurance policies to the extent of payments made toward the defense of the Action and/or the Settlement Amount.   Notwithstanding the foregoing, Individual Defendants' Releasees does not include any Non-Settling Defendants as that term is defined in the Individual Defendant Stipulation.

and all Released PwC Claims or Released Individual Defendant Claims as applicable, whether known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiffs, PwC and the Individual Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a material element of the respective Settlements.

37. The PwC Judgment will also provide that, upon the Effective Date of the PwC Settlement, PwC, on behalf of itself, and its predecessors, successors and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the PwC Judgment shall have fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released PwC Claim[19] against Lead Plaintiffs and the other PwC Plaintiffs' Releasees,[20] and shall forever be enjoined from prosecuting any or all of the Released PwC Claims against any of the PwC Plaintiffs' Releasees.

38. The Individual Defendant Judgment will also provide that, upon the Effective Date of the Individual Defendant Settlement, the Individual Defendants, on behalf of themselves and all of their respective past, present or future attorneys, spouses, insurers, beneficiaries, employees, predecessors in interest, successors in interest, legal representatives, trustees, associates, heirs, executors, administrators, affiliates and/or assigns, in their capacities as such, release and forever discharge to the fullest extent permitted by law, and shall be deemed to have, and by operation of law and of the Individual Defendant Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every

---

[19] "Released PwC Claims" means all claims, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liabilities), whether known claims or Unknown Claims, whether arising under federal, state, local, statutory, common or foreign law, or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class or individual in nature, that PwC could have asserted in any forum that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against PwC. Released PwC Claims do not include any claims asserted, or which may be asserted by the PwC Releasees against (i) MF Global or any of its past or present parents, subsidiaries, affiliates, successors, predecessors, and/or estate(s) thereof; (ii) any person or entity who or which submits a request for exclusion from the PwC Settlement Class or any Other Class(es) (to the extent such persons or entities would be PwC Settlement Class Members absent such exclusion) that is accepted by the Court; and (iii) any person or entity relating to the enforcement of the PwC Settlement.

[20] "PwC Plaintiffs' Releasees" means (i) Lead Plaintiffs, all other plaintiffs in the Action, and all other PwC Settlement Class Members; (ii) each of the respective past or present parents, subsidiaries, affiliates, successors and predecessors of the foregoing in (i); and (iii) the respective officers, directors, agents, employees, attorneys, advisors, investment advisors, auditors, accountants, insurers, and assigns of the foregoing in (i) and (ii), in their capacities as such.

16

Released Individual Defendants' Claim[21] against Lead Plaintiffs and the other Individual Defendant Plaintiffs' Releasees[22] as well as the Individual Defendants' Insurance Carriers but only to the extent of their payments made towards the defense of the Action and/or the Individual Defendant Settlement Amount under their respective insurance policies, and shall forever be enjoined from prosecuting any or all of the Released Individual Defendants' Claims against any of those Releasees.

---

**HOW MUCH WILL MY PAYMENT FROM THE SETTLEMENTS BE? HOW DO I PARTICIPATE IN THE SETTLEMENTS?  WHAT DO I NEED TO DO?**

---

39. At this time, it is not possible to make any determination as to how much any individual class member may receive from the proceeds of the settlement(s) in which he, she or it is eligible to participate.  The proposed plan for the distribution of the settlement proceeds and what class members must do to be eligible to participate in the recoveries is set forth in the enclosed proposed Plan of Allocation ("Plan of Allocation").

40. To be eligible for a payment from the proceeds of the settlements achieved, you must be a member of the applicable settlement class and you must timely complete and return the Claim Form with adequate supporting documentation **postmarked no later than _____, 2015.**

---

[21] "Released Individual Defendants' Claims" means any and all claims and causes of action, rights, actions, suits, obligations, debts, demands, judgments, agreements, promises, liabilities, damages, losses, controversies, costs, expenses or attorney fees, of every nature and description, whether direct or indirect, whether known claims or Unknown Claims, suspected or unsuspected, accrued or unaccrued, in law or in equity, whether based on contract, tort, or other legal or equitable theory of recovery, and whether having arisen or yet to arise, including without limitation, any claims arising under any federal, state, local, statutory, common or foreign law, or any other law, rule or regulation, that the Individual Defendants could have asserted in any forum that arise out of, relate to or are in any way based upon the institution, prosecution, or settlement of the claims against the Individual Defendants.   Released Individual Defendants' Claims do not include any claims asserted, or which may be asserted by the Individual Defendants' Releasees against: (i) MF Global or any of its past or present parents, subsidiaries, affiliates, successors, predecessors, and/or estate(s) thereof; (ii) any person or entity who or which is a named plaintiff in the action styled *AG Oncon, LLC, et al. v. Jon S. Corzine, et al.*, Civil Action No. 14 Civ. 0396 (S.D.N.Y.) ("*AG Oncon* Action") or on whose behalf the *AG Oncon* Action was brought (the "*AG Oncon* Plaintiffs"); (iii) Cadian; (iv) any person or entity who or which submits a request for exclusion from the Individual Defendant Settlement Class or any Other Class(es) (to the extent such persons or entities are also Individual Defendant Settlement Class Members) that is accepted by the Court; (v) any of the Individual Defendants' Insurance Carriers, and any affiliates or subsidiaries thereof, and their respective insurance policies, to the extent that the full coverage limits of any applicable insurance policies have not been contributed towards the defense of the Action and/or the Settlement Amount and (vi) any person or entity relating to the enforcement of the Individual Defendant Settlement.

[22] "Individual Defendant Plaintiffs' Releasees" means (i) Lead Plaintiffs, all other plaintiffs in the Action, and all other Settlement Class Members; (ii) each of the respective past, present and future parents, subsidiaries, affiliates, successors and predecessors of the foregoing in (i); and (iii) the respective heirs, executors, administrators, officers, directors, agents, employees, attorneys, advisors, investment advisors, auditors, accountants, insurers, and assigns of the foregoing in (i) and (ii), in their capacities as such.

17

Details of the requirements and process for submitting a Claim Form are set forth in the Plan of Allocation and in the Claim Form which accompany this Notice.

> ## WHAT PAYMENT ARE THE ATTORNEYS SEEKING?
> ## HOW WILL THE LAWYERS BE PAID?

41. Plaintiffs' Counsel have not received any payment for their services in pursuing claims against Defendants in this Action.  When the Underwriter and Commerz Settlements were presented to the Court for approval, Co-Lead Counsel did not apply for fees and expenses. Before final approval of the PwC and Individual Defendant Settlements, Co-Lead Counsel, Bernstein Litowitz Berger & Grossmann LLP and Bleichmar Fonti Tountas & Auld LLP, will apply to the Court for an award of attorneys' fees on behalf of all Plaintiffs' Counsel in an amount not to exceed ___% of each Current Settlement that is approved by the Court, plus interest thereon at the same rate as earned by the settlement funds.

42. Plaintiffs' Counsel also have not been reimbursed for any of their out-of-pocket expenses incurred in connection with the prosecution of the Action.  In connection with their application for an award of attorneys' fees, Co-Lead Counsel also intend to apply for reimbursement of litigation expenses (which may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the settlement classes) in an amount not exceed $_____.  The Court will determine the amount of any award of attorneys' fees or reimbursement of expenses.  Expenses approved by the Court will be paid proportionately from the settlement funds created by the approved Current Settlements.

43. Class members are not personally liable for Plaintiffs' Counsel's attorneys' fees or the litigation expenses.  Any award of attorneys' fees and expenses will be paid from the funds created by the settlements approved by the Court.

> ## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE PWC AND
> ## INDIVIDUAL DEFENDANT SETTLEMENT CLASSES?  HOW DO I EXCLUDE MYSELF?

44. Each PwC and Individual Defendant Settlement Class Member will be bound by the determinations, orders and judgments in this Action relating to the respective applicable Settlement(s), whether favorable or unfavorable, unless such person or entity mails or delivers a written request for exclusion from the Settlement Class, addressed to *In re MF Global Holdings Limited Securities Litigation*, EXCLUSIONS, c/o Garden City Group, LLC, P.O. Box 10164, Dublin, OH 43017-3164. The exclusion request must be *received* no later than _____, **2015**.  You will not be able to exclude yourself from the Settlement Classes after that date.  Each request for exclusion must: (a) state the name, address and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the PwC and Individual Defendant Settlement Classes in *In re MF Global Holdings Limited Securities Litigation*, Civil Action No. 1:11-CV-07866"; (c) state the amount of each MF Global Security (in terms of number of shares of common stock and/or face value of the respective notes) that the person or entity requesting exclusion purchased/acquired and/or sold during the Settlement Class Period (*i.e.*, beginning on May 20, 2010 through and including November 21, 2011), as well as the dates and prices of each such purchase/acquisition and sale; and (d) be signed by the person

or entity requesting exclusion or an authorized representative. A request for exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

45. If you do not want to be part of the PwC and the Individual Defendant Settlement Classes, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any PwC or Individual Defendant Released Plaintiffs' Claim against any of the PwC or Individual Defendants' Releasees. Excluding yourself from the PwC and Individual Defendant Settlement Classes is the only option that allows you to be part of any other lawsuit against PwC or any of the other PwC Releasees concerning the PwC Released Plaintiffs' Claims or against any of the Individual Defendants or any of the other Individual Defendants' Releasees concerning the Individual Defendant Released Plaintiffs' Claims. Please note, however, if you decide to exclude yourself from the PwC and Individual Defendant Settlement Classes, you may be time-barred from asserting certain of the claims covered by the Action by a statute of repose.

46. **PLEASE NOTE: You cannot exclude yourself from only one of the classes on whose behalf a settlement is now being submitted for final approval. If you request exclusion from either the PwC Settlement Class or the Individual Defendant Settlement Class, you will also be excluding yourself from the other Settlement Class. Additionally, if you exclude yourself from the PwC and Individual Defendant Settlement Classes you will also be excluding yourself from any other class(es) that may yet be certified in the Action in which you would otherwise be a member.**

47. If you are excluded from the PwC and Individual Defendant Settlement Classes, you will not be eligible to receive any payment from the proceeds of either the PwC or the Individual Defendant Settlement, or any other recoveries that may subsequently be obtained in the Action.

48. PwC has the right to terminate the PwC Settlement, and the Individual Defendants have the right to terminate the Individual Defendant Settlement, if valid requests for exclusion are received from persons and entities entitled to be members of those Settlement Classes in an amount that exceeds the amounts agreed to by Lead Plaintiffs and PwC and Lead Plaintiffs and the Individual Defendants, respectively.

---

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE PWC AND THE INDIVIDUAL DEFENDANT SETTLEMENTS? DO I HAVE TO COME TO THE HEARING? HOW DO I OBJECT? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENTS?**

---

49. **Settlement Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if a class member does not attend the hearing. Settlement Class Members can participate in the settlements without attending the Settlement Hearing.**

50. The Settlement Hearing will be held on _____, 2015 at __:__ _.m., before the Honorable Victor Marrero at the United States District Court for the Southern District of New York, Courtroom 11B of the United States Courthouse, 500 Pearl Street, New York, NY 10007. The Court reserves the right to approve the PwC Settlement, the Individual Defendant Settlement, the proposed Plan of Allocation, Co-Lead Counsel's motion for an award of

attorneys' fees and reimbursement of expenses and/or any other related matter at or after the Settlement Hearing without further notice to class members.

51. Only members of the respective PwC and Individual Defendant Settlement Classes (*i.e.,* any person or entity that comes with the definition of the class and does not request exclusion) may object to the applicable Settlements. However, any member of the PwC, Individual Defendant, Underwriter, and Commerz Settlement Classes may object to the proposed Plan of Allocation and/or Co-Lead Counsel's motion for an award of attorneys' fees or reimbursement of expenses. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Southern District of New York at the address set forth below on or before _____, **2015**. You must also mail the papers to Co-Lead Counsel and, if it is to one or both of the Settlements to which you are objecting, to the applicable designated defendants' counsel as well at the addresses set forth below so that the papers are *received* on or before _____, **2015**.

| **Clerk's Office** | **Co-Lead Counsel** | |
|---|---|---|
| United States District Court | **Bernstein Litowitz Berger** | **Bleichmar Fonti** |
| Southern District of New York | **& Grossmann LLP** | **Tountas & Auld LLP** |
| Clerk of the Court | Salvatore J. Graziano, Esq. and | Javier Bleichmar, Esq. |
| Daniel Patrick Moynihan | 1285 Avenue of the Americas | 7 Times Square, 27th Floor |
| United States Courthouse | New York, NY 10019 | New York, NY 10036 |
| 500 Pearl Street | | |
| New York, NY 10007 | | |

| **PwC's Counsel** | **Representative Individual Defendants' Counsel** | |
|---|---|---|
| **King & Spalding LLP** | **Dechert, LLP** | **Davis Polk** |
| David M. Fine, Esq. | Andrew J. Levander, Esq. | **& Wardwell LLP** |
| 1185 Avenue of the Americas | 1095 Avenue of the Americas and | Edmund Polubinski III, Esq. |
| New York, NY 10036 | New York, NY 10036 | 450 Lexington Avenue |
| | | New York, NY 10017 |

52. Any objection: (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the class member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the class member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove class membership including the amount of each MF Global Security (in terms of number of shares of common stock and face value of the respective notes) that the objecting class member purchased/acquired and/or sold during the Settlement Class Period (*i.e.,* beginning on May 20, 2010 through and including November 21, 2011), as well as the dates and prices of each such purchase/acquisition and/or sale. You may not object to the PwC or the Individual Defendant Settlement if you exclude yourself from the PwC and the Individual Defendant Settlement Classes or if you are not a member of those Settlement Classes; and you may not object to the Plan of Allocation and/or the motion for attorneys' fees and

expenses unless you are a member of at least one of the following Settlement Classes: (i) the Underwriter Settlement Class, (ii) the Commerz Settlement Class; (iii) the PwC Settlement Class; or (iv) the Individual Defendant Settlement Class.

53. You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first filed and served a written objection in accordance with the procedures described above, unless the Court orders otherwise.

54. If you wish to be heard orally at the hearing, you must also file a notice of appearance with the Clerk's Office and serve it on Co-Lead Counsel and, if it is the PwC and/or Individual Defendant Settlement about which you wish to be heard, on PwC's and/or the Representative Individual Defendants' Counsel, as applicable, at the addresses set forth above so that it is *received* on or before _____, 2015. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

55. You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Co-Lead Counsel and, if it is the PwC and/or Individual Defendant Settlement to which you are objecting, on PwC's and/or the Representative Individual Defendants' Counsel, as applicable, at the addresses set forth in ¶ 51 above so that the notice is *received* on or before _____, 2015.

56. The Settlement Hearing may be adjourned by the Court without further written notice to the class members. If you plan to attend the Settlement Hearing, you should confirm the date and time with Co-Lead Counsel.

57. **Unless the Court orders otherwise, any PwC Settlement Class Member who does not object to the PwC Settlement and any Individual Defendant Settlement Class Member who does not object to the Individual Defendant Settlement in the manner described above will be deemed to have waived any objection to the PwC and/or Individual Defendant Settlement, as applicable, and shall be forever foreclosed from making any objection to the proposed PwC and/or Individual Defendant Settlement, and any member of any of the settlement classes noted in ¶ 52 above who does not object to the proposed Plan of Allocation or requested attorneys' fees and expenses in the manner described above will be deemed to have waived any objection to the proposed Plan of Allocation or the requested fees and expenses and shall be forever foreclosed from making any such objection. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT MF GLOBAL SECURITIES ON SOMEONE ELSE'S BEHALF?

58. If you purchased or otherwise acquired any MF Global Security beginning on May 20, 2010 through and including November 21, 2011 for the beneficial interest of persons or

organizations other than yourself, and in connection with the Underwriter and Commerz Settlements:

(a) **You elected to forward the notices of those settlements to potential members of those settlement classes** and you complied with the search instructions enclosed with the initial copies of the Underwriter and Commerz Notices that you received from the Claims Administrator, Garden City Group, LLC ("GCG"), you must now augment the records you developed in connection with that mailing to add persons and entities for whom or which you purchased or acquired MF Global common stock during the period beginning on June 14, 2010 through and including November 21, 2011, and within seven (7) calendar days of receipt of this Notice, request from GCG sufficient copies of this Notice, the Plan of Allocation and the Claim Form (the "Notice Packet") to forward to all beneficial owners to whom or which you previously forwarded the Underwriter and Commerz Notices as well as to all beneficial owners identified in this supplemental search, and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners. Your request for Notice Packets should be made to *In re MF Global Holdings Limited Securities Litigation*, c/o Garden City Group, LLC, P.O. Box 10164, Dublin, OH 43017-3164. You must send a statement to GCG confirming that the mailing was made and **you must retain your mailing records for use in connection with any further notices that may be provided in the Action**. Upon full compliance with these directions, you may seek reimbursement of your reasonable expenses actually incurred, by providing GCG with proper documentation supporting the expenses for which reimbursement is sought.

(b) **You provided GCG with the names and addresses of beneficial owners** in compliance with the search instructions enclosed with the initial copies of the Underwriter and Commerz Notices that you received, you need do nothing more in connection with this Notice. GCG has the names and addresses you forwarded and will send a copy of the Notice Packet to each such identified person and entity.

(c) **You neither mailed the Underwriter and Commerz Notices directly to beneficial owners, nor did you supply names and addresses of the relevant beneficial owners to GCG**, you must now, either (i) within seven (7) calendar days of receipt of this Notice Packet request from GCG sufficient copies of the Notice Packet to forward to all persons and entities on whose behalf you purchased or acquired any of the MF Global Securities during the period beginning on May 20, 2010 through and including November 21, 2011, and within seven (7) calendar days of receipt of those notices forward them to all such beneficial owners; or (ii) within seven (7) calendar days of receipt of this Notice Packet, send a list of the names and addresses of all such beneficial owners to *In re MF Global Holdings Limited Securities Litigation*, c/o Garden City Group, LLC, P.O. Box 10164, Dublin, OH 43017-3164. If you choose the first option, you must send a statement to GCG confirming that the mailing was made and **you must retain your mailing records for use in connection with any further notices that may be provided in the Action**. If you choose the second option, GCG will send a copy of the Notice Packet to the beneficial owners.

Upon full compliance with these directions, nominees may seek reimbursement of their reasonable expenses actually incurred, by providing GCG with proper documentation supporting the expenses for which reimbursement is sought. Copies of this Notice, the Plan of Allocation

and the Claim Form may also be obtained from the website maintained by GCG, www.MFGlobalSecuritiesClassAction.com, or by calling GCG toll-free at 1-877-940-5045.

## CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

59. This Notice contains only a summary of the terms of the proposed PwC and Individual Defendant Settlements.  For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the PwC and Individual Defendant Stipulations, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007.  Additionally, copies of the PwC and Individual Defendant Stipulations, and any related orders entered by the Court as well as the proposed Plan of Allocation and Claim Form will be posted on the website maintained by the Claims Administrator, www.MFGlobalSecuritiesClassAction.com.

| Requests for the Notice Packet or to be added to the mailing list for future notices in the Action should be made to: | Inquiries, other than requests for the Notice Packet should be made to Co-Lead Counsel: | | |
|---|---|---|---|
| *In re MF Global Holdings Limited Securities Litigation* c/o Garden City Group, LLC P.O. Box 10164 Dublin, OH 43017-3164 (877) 940-5045 www.MFGlobalSecuritiesClassAction.com | BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP Salvatore J. Graziano, Esq. 1285 Avenue of the Americas New York, NY 10019 (800) 380-8496 blbg@blbglaw.com | or | BLEICHMAR FONTI TOUNTAS & AULD LLP Javier Bleichmar, Esq. 7 Times Square, 27th Floor New York, NY 10036 (212) 789-1340 bfta@bftalaw.com |

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: _____, 2015

By Order of the Court
United States District Court
Southern District of New York

#907463

23

# Exhibit 2

Exhibit 2

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE MF GLOBAL HOLDINGS<br>LIMITED SECURITIES LITIGATION | : Civil Action No. 1:11-CV-07866-VM<br>: |
| THIS DOCUMENT RELATES TO: | :<br>: |
| All Securities Actions<br>(*DeAngelis v. Corzine*) | : ECF CASE<br>: |

## SUMMARY NOTICE OF (I) CERTIFICATION OF SETTLEMENT CLASSES; (II) PROPOSED SETTLEMENTS WITH PRICEWATERHOUSECOOPERS LLP AND THE INDIVIDUAL DEFENDANTS; (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES; AND (IV) SETTLEMENT FAIRNESS HEARING

**TO:** **All persons and entities who or which, during the period beginning on May 20, 2010 through and including November 21, 2011, purchased or otherwise acquired any MF Global Securities[1] and were damaged thereby (the PwC and the Individual Defendant Settlement Classes).**

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and Orders of the United States District Court for the Southern District of New York, that the above-captioned litigation (the "Action") has been certified as a class action for the purposes of settlement only on behalf of the PwC Settlement Class and the Individual Defendant Settlement Class, except for certain persons and entities who are excluded from those Settlement Classes by definition as set forth in the full printed Notice of (I) Certification of Settlement Classes; (II) Proposed Settlements with PricewaterhouseCoopers LLP and the Individual Defendants; (III) Motion for an Award of Attorneys' Fees and Reimbursement of Expenses; and (IV) Settlement Fairness Hearing (the "Notice").

---

[1] The MF Global Securities are: the common stock of MF Global Holdings Limited ("MF Global") (including shares acquired through the MF Global Ltd. Amended and Restated 2007 Long Term Incentive Plan or the MF Global Ltd. Employee Stock Purchase Plan) (CUSIP 55277J108); MF Global's 9% Convertible Senior Notes due June 20, 2038 issued on or about June 25, 2008 (CUSIP 55276YAB2); MF Global's 1.875% Convertible Senior Notes due February 1, 2016 issued on or about February 7, 2011 (CUSIP 55277JAA6); MF Global's 3.375% Convertible Senior Notes due August 1, 2018 issued on or about July 28, 2011 (CUSIP 55277JAB4); and MF Global's 6.25% Senior Notes due August 8, 2016 issued on or about August 1, 2011 (CUSIP 55277JAC2).

YOU ARE ALSO NOTIFIED that Lead Plaintiffs in the Action have reached proposed partial settlements of the Action (i) with defendant PricewaterhouseCoopers LLP ("PwC") for $65,000,000 in cash (the "PwC Settlement") and (ii) with Jon S. Corzine, J. Randy MacDonald, and Henri J. Steenkamp (collectively, the "Officer Defendants"), David P. Bolger, Eileen S. Fusco, David Gelber, Martin J.G. Glynn, Edward L. Goldberg, David I. Schamis, and Robert S. Sloan (collectively, the "Director Defendants," together with the Officer Defendants, the "Individual Defendants") for $64,500,000 in cash, that, if approved, will resolve all claims asserted in the Action against PwC, MF Global's outside auditor, and against the Individual Defendants, respectively.  These proposed settlements will be considered independently by the Court and they do not resolve any claims against the other Defendants in the Action.

A hearing will be held on _____, 2015 at __:__ _.m., before the Honorable Victor Marrero at the United States District Court for the Southern District of New York, Courtroom 11B of the United States Courthouse, 500 Pearl Street, New York, NY 10007 to determine: (i) whether the proposed PwC Settlement should be approved as fair, reasonable, and adequate; (ii) whether the proposed Individual Defendant Settlement should be approved as fair, reasonable and adequate; (iii) whether the Action should be dismissed with prejudice as against PwC,and the Releases specified and described in the Stipulation and Agreement of Settlement with Defendant PricewaterhouseCoopers LLP dated April 3, 2015 should be granted; (iv) whether the Action should be dismissed with prejudice as against the Individual Defendants and the Releases specified and described in the Stipulation and Agreement of Settlement with the Individual Defendants dated July 2, 2015 should be granted; (v) whether the proposed Plan of Allocation for the proceeds of the settlements achieved in the Action is fair and reasonable and should be approved; and (vi) whether Co-Lead Counsel's application for an award of attorneys' fees and reimbursement of litigation expenses should be approved.

**If you are a member of the PwC or the Individual Defendant Settlement Class, your rights will be affected by the proposed settlements and any orders or judgments related to those settlements, and you may be entitled to share in the PwC and/or Individual Defendant Settlement Funds.**  If you have not yet received the Notice, the proposed Plan of Allocation and the Proof of Claim Form (the "Notice Packet") you may obtain copies of those documents by contacting the Claims Administrator at *In re MF Global Holdings Limited Securities Litigation*, c/o Garden City Group, LLC, P.O. Box 10164, Dublin, OH 43017-3164, 1-877-940-5045.  Copies of those documents can also be downloaded from the website maintained by the Claims Administrator, www.MFGlobalSecuritiesClassAction.com.

Please note, if you are a member of the PwC or the Individual Defendant Settlement Class, you may also be a member of the classes certified in connection with the settlement with certain Underwriter Defendants (the "Underwriter Settlement") and the settlement with defendant Commerz Markets LLC (the "Commerz Settlement").  In order to be eligible to receive a payment from those settlements, which were approved by the Court on June 26, 2015, or from the proposed PwC and Individual Defendant Settlements, if they are approved, you must submit a Proof of Claim Form *postmarked* no later than _____, 2015. [2]  If you are a

---

[2] If you ask to be excluded from the PwC and the Individual Defendant Settlement Classes, but you are a member of the Underwriter and/or Commerz Settlement Class(es) you will still be eligible to participate in the recoveries obtained in connection with those settlements, but you will not be eligible to participate in the recoveries obtained from PwC and the Individual Defendants if those settlements are approved or any subsequent recoveries achieved.

member of one or more of these settlement classes and do not submit a proper Proof of Claim Form, you will not be eligible to share in the distribution of the net proceeds of the settlement(s) obtained on behalf of those class(es) in which you are a member but you will nevertheless be bound by any judgments or orders entered by the Court related to the applicable settlement(s).

If you are a member of the PwC or the Individual Defendant Settlement Class and wish to exclude yourself from the classes, you must submit a written request for exclusion such that it is *received* no later than _____, **2015**, in accordance with the instructions set forth in the Notice. (The deadline for requesting exclusion from the Underwriter and Commerz Settlement Classes has passed, as set forth in the notices of those settlements which were previously disseminated and which can be viewed on the website noted above.) If you properly exclude yourself from either the PwC or the Individual Defendant Settlement Class, you will be excluded from both of those classes and you will also be excluded from any other classes that may yet be certified in the Action in which you would otherwise be a member, you will not be bound by any judgments or orders entered by the Court in the Action with respect to the PwC or Individual Defendant Settlements or any classes yet to be certified, and you will not be eligible to share in the proceeds of the PwC or the Individual Defendant Settlements or any other recoveries that may subsequently be obtained in the Action.

Any objections to the proposed PwC Settlement, the proposed Individual Defendant Settlement, the proposed Plan of Allocation, or Co-Lead Counsel's motion for attorneys' fees and reimbursement of litigation expenses must be filed with the Court and delivered to Co-Lead Counsel and, if the objection is to the PwC Settlement and/or the Individual Defendant Settlement, to designated counsel for those Defendants such that they are *received* no later than _____, **2015**, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, Defendants or their counsel regarding this notice. All questions about this notice, the proposed PwC and Individual Defendant Settlements, the Plan of Allocation or the fee/expense application should be directed to Co-Lead Counsel or the Claims Administrator.**

| Inquiries, other than requests for the Notice Packet, should be made to Co-Lead Counsel: | | | Requests for the Notice Packet or to be added to the mailing list for future notices in the Action should be made to: |
|---|---|---|---|
| BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP Salvatore J. Graziano, Esq. 1285 Avenue of the Americas New York, NY 10019 (800) 380-8496 blbg@blbglaw.com | or | BLEICHMAR FONTI TOUNTAS & AULD LLP Javier Bleichmar, Esq. 7 Times Square, 27th Floor New York, NY 10036 (212) 789-1340 bfta@bftalaw.com | *In re MF Global Holdings Limited Securities Litigation,* c/o Garden City Group, LLC P.O. Box 10164 Dublin, OH 43017-3164 (877) 940-5045 www.MFGlobalSecuritiesClassAction.com |

By Order of the Court

#907496

3