USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/7/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN RE MF GLOBAL HOLDINGS
LIMITED SECURITIES LITIGATION

THIS DOCUMENT RELATES TO:

All Securities Actions
(*DeAngelis v. Corzine*)

: Civil Action No. 1:11-CV-07866-VM
:
:
:
:
: ECF CASE
:
:

---

## [PROPOSED] ORDER PRELIMINARILY APPROVING PROPOSED SETTLEMENT WITH INDIVIDUAL DEFENDANTS AND PROVIDING FOR NOTICE

WHEREAS, a consolidated securities class action is pending in this Court styled *In re MF Global Holdings Limited Securities Litigation*, Civil Action No. 1:11-CV-07866-VM, that has been consolidated with other actions under the master case *DeAngelis v. Corzine*, 11-CV-07866-VM (the "Action");

WHEREAS, (a) Lead Plaintiffs the Virginia Retirement System and Her Majesty The Queen In Right Of Alberta, on behalf of themselves, the other named plaintiffs in the Action, and the other members of the Individual Defendant Settlement Class (defined below), and (b) defendants Jon S. Corzine, J. Randy MacDonald, and Henri J. Steenkamp (collectively, the "Officer Defendants"), and (c) David P. Bolger, Eileen S. Fusco, David Gelber, Martin J.G. Glynn, Edward L. Goldberg, David I. Schamis, and Robert S. Sloan (collectively, the "Director Defendants," together with the Officer Defendants, the "Individual Defendants;" the Individual Defendants together with Lead Plaintiffs, on behalf of themselves, the other named plaintiffs in the Action, and the other members of the Individual Defendant Settlement Class, the "Settling Parties") have determined to settle all claims asserted against the Individual Defendants in this

Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement with the Individual Defendants dated July 2, 2015 (the "Individual Defendant Stipulation") subject to approval of this Court (the "Individual Defendant Settlement");

WHEREAS, Lead Plaintiffs have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Individual Defendant Settlement in accordance with the Individual Defendant Stipulation, certifying the Individual Defendant Settlement Class for purposes of the Individual Defendant Settlement only, and allowing notice to Individual Defendant Settlement Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) the Consolidated Second Amended Securities Class Action Complaint filed in this Action on October 3, 2014; (b) Lead Plaintiffs' motion for preliminary approval of the Individual Defendant Settlement, and the papers filed and arguments made in connection therewith; and (c) the Individual Defendant Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Individual Defendant Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **Class Certification for Settlement Purposes** – Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the proposed Individual Defendant Settlement, a class consisting of all persons and entities who or which purchased or otherwise acquired any of the MF Global Securities[1] during the Settlement

---

[1] "MF Global Securities" means common stock of MF Global Holdings Limited (including shares acquired through the MF Global Ltd. Amended and Restated 2007 Long Term Incentive Plan ("LTIP") or the MF Global Ltd. Employee Stock Purchase Plan) (CUSIP 55277J108); MF Global's 9% Convertible Senior Notes due June 20, 2038 issued on or about June 25, 2008 (CUSIP 55276YAB2); MF Global's 1.875% Convertible Senior Notes due February 1, 2016 issued on or about February 7, 2011 (CUSIP 55277JAA6);

Class Period (*i.e.*, the period beginning on May 20, 2010 through and including November 21, 2011), and were damaged thereby (the "Individual Defendant Settlement Class"). Excluded from the Individual Defendant Settlement Class are: (i) Defendants and MF Global; (ii) members of the Immediate Families of the Individual Defendants; (iii) the subsidiaries and affiliates of Defendants and MF Global; (iv) any person or entity who or which was at any time during the Settlement Class Period and/or is a partner, executive officer, director, or controlling person of MF Global, or any of its subsidiaries or affiliates, or of any Defendant; (v) any entity in which any Defendant or MF Global had at any time during the Settlement Class Period and/or has a controlling interest (including but not limited to any trust established by an Individual Defendant for the benefit of (a) himself/herself or any member of his/her family, or (b) any entity in which he/she has had or has a beneficial interest; or any trust over which an Individual Defendant has had and/or currently has any form of direct or indirect control); (vi) Defendants' Insurance Carriers, and any affiliates or subsidiaries thereof; (vii) the *AG Oncon* Plaintiffs; (viii) Cadian and its principals, members, officers, directors and controlling persons and (ix) the legal representatives, heirs, successors and assigns of any such excluded person or entity; provided, however, that any Investment Vehicle shall not be deemed an excluded person or entity by definition. Also excluded from the Individual Defendant Settlement Class are any persons and entities who or which exclude themselves from the Individual Defendant Settlement Class or any Other Class(es) (to the extent such persons or entities are also Individual Defendant Settlement Class Members) by submitting a request for exclusion that is accepted by the Court.

---

MF Global's 3.375% Convertible Senior Notes due August 1, 2018 issued on or about July 28, 2011 (CUSIP 55277JAB4); and MF Global's 6.25% Senior Notes due August 8, 2016 issued on or about August 1, 2011 (CUSIP 55277JAC2).

2.      **Class Findings** – Solely for purposes of the proposed Individual Defendant Settlement in this Action, the Court finds that each element required for certification of the Individual Defendant Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Individual Defendant Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Individual Defendant Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiffs in the Action are typical of the claims of the Individual Defendant Settlement Class; (d) Lead Plaintiffs and Co-Lead Counsel have and will fairly and adequately represent and protect the interests of the Individual Defendant Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3.      The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Individual Defendant Settlement only, Lead Plaintiffs are adequate class representatives and certifies them as class representatives for the Individual Defendant Settlement Class. The Court also appoints Co-Lead Counsel as class counsel for the Individual Defendant Settlement Class, for the purposes of the Individual Defendant Settlement only, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4.      **Preliminary Approval of the Individual Defendant Settlement** – The Court hereby preliminarily approves the Individual Defendant Settlement, as embodied in the Individual Defendant Stipulation, as being fair, reasonable and adequate to the Individual Defendant Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

5.      **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on *20 November* 2015 at *9* :*30* *a*.m. in Courtroom 11B of the United States

4

Courthouse, 500 Pearl Street, New York, NY 10007, for the following purposes: (a) to determine whether the proposed Individual Defendant Settlement on the terms and conditions provided for in the Individual Defendant Stipulation is fair, reasonable and adequate to the Individual Defendant Settlement Class, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Individual Defendant Stipulation should be entered dismissing the Action with prejudice as against the Individual Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the settlements achieved in the Action is fair and reasonable and should be approved; (d) to determine whether the motion by Co-Lead Counsel for an award of attorneys' fees and reimbursement of expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Individual Defendant Settlement. Notice of the Individual Defendant Settlement, the proposed Plan of Allocation, Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses, and the Settlement Hearing shall be given to Individual Defendant Settlement Class Members as set forth in paragraph 7 of this Order.

6.      The Court may adjourn the Settlement Hearing and approve the proposed Individual Defendant Settlement with such modifications as the Settling Parties may agree to, if appropriate, without further notice to the Individual Defendant Settlement Class.

7.      **Retention of Claims Administrator and Manner of Giving Notice** – Garden City Group, LLC (f/k/a The Garden City Group, Inc.) (the "Claims Administrator" or "GCG"), which the Court previously authorized Co-Lead Counsel to retain to supervise and administer the notice procedure in connection with any other settlements or recoveries that may be achieved in this Action as well as the processing of Claims at such time as a plan of allocation for the proceeds of the settlements achieved in the Action is approved by the Court, shall supervise and administer the

notice procedure in connection with the proposed Individual Defendant Settlement as well as the processing of Claims, as more fully set forth below. Notice of the Individual Defendant Settlement, the proposed Plan of Allocation, Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses, and the Settlement Hearing shall be given by Co-Lead Counsel as follows:

(a)     not later than forty-five (45) business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause copies of the PwC/Individual Defendant Notice, substantially in the form attached hereto as Exhibit 1, the proposed Plan of Allocation, substantially in the form attached hereto at Exhibit 2, and the Proof of Claim Form, substantially in the form attached hereto as Exhibit 3 (collectively the "Notice Packet"), to be mailed by first-class mail to potential Individual Defendant Settlement Class Members who or which may be identified through reasonable effort including, but not limited to, the nominee procedures set forth below; [2]

(b)     contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause copies of the PwC/Individual Defendant Notice, the Plan of Allocation, and the Proof of Claim Form to be posted on the website developed by the Claims Administrator for the Action, from which copies of those documents can be downloaded;

(c)     not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the PwC/Individual Defendant Summary Notice, substantially in the

---

[2] As the Individual Defendant Settlement Class includes the members of the Underwriter Settlement Class, the Commerz Settlement Class and the PwC Settlement Class (together with the Individual Defendant Settlement Class, the "Current Settlement Classes"), this provision for providing notice of the proposed Plan of Allocation and Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses appropriately provides for the requisite notice to members of all of the settlement classes.

form attached hereto as Exhibit 4, to be published once each in *The Wall Street Journal* and *Investor's Business Daily* and to be transmitted once over the *PR Newswire*; and

(d)    not later than seven (7) calendar days prior to the Settlement Hearing, Co-Lead Counsel shall serve on the Individual Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

8.    **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the PwC/Individual Defendant Notice, the Plan of Allocation, the Proof of Claim Form, and the PwC/Individual Defendant Summary Notice, attached hereto as Exhibits 1, 2, 3 and 4 respectively, and (b) finds that the mailing and distribution of the Notice Packet and the publication of the PwC/Individual Defendant Summary Notice in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, (A) to apprise Individual Defendant Settlement Class Members of the pendency of the Action, of the effect of the proposed Individual Defendant Settlement (including the Releases to be provided thereunder), of their right to exclude themselves from the Individual Defendant Settlement Class, and of their right to object to the Individual Defendant Settlement; and (B) to apprise the members of the Current Settlement Classes of the Proposed Plan of Allocation and of Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses, of their right to object to the proposed Plan of Allocation and/or the motion for attorneys' fees and expenses, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Individual Defendant Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States

Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1, 78u-4, as amended, and all other applicable laws and rules. The date and time of the Settlement Hearing shall be included in the PwC/Individual Defendant Notice and PwC/Individual Defendant Summary Notice before they are mailed and published, respectively.

9.      **Nominee Procedures** – Brokers and other nominees who purchased or otherwise acquired any MF Global Securities during the Settlement Class Period for the benefit of another person or entity and who in connection with the mailing of the Underwriter and Commerz notices:

(a)      provided GCG with the names and addresses of beneficial owners in compliance with the search instructions sent by GCG in connection with the mailing of the Underwriter and Commerz Notices, need do nothing more;

(b)      elected to forward the notices of the Underwriter and Commerz Settlements to potential members of those Settlement Classes and who or which complied with the search instructions sent by GCG in connection with the mailing of the Underwriter and Commerz Notices, shall now augment the records they developed in connection with that mailing to add persons and entities for whom or which they purchased or acquired MF Global common stock during the period beginning on June 14, 2010 through and including November 21, 2011, and within seven (7) calendar days of receipt of the Notice Packet from GCG, request from GCG sufficient copies of the Notice Packet to forward to all beneficial owners to whom or which they previously forwarded the Underwriter and Commerz Notices as well as to all beneficial owners identified in the supplemental search, and within seven (7) calendar days of receipt of the packets forward them to all such beneficial owners;

(c)      neither previously provided names and address to GCG nor forwarded the Underwriter and Commerz Notices to beneficial owners, such brokers and nominees shall

8

(a) within seven (7) calendar days of receipt of the Notice Packet, request from GCG sufficient copies of the Notice Packet to forward to all persons and entities on whose behalf they purchased or acquired any of the MF Global Securities during the period beginning on May 20, 2010 through and including November 21, 2011, and within seven (7) calendar days of receipt of those packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice Packet, send a list of the names and addresses of all such beneficial owners to GCG in which event GCG shall promptly mail the Notice Packet to such beneficial owners. Nominees who elect to send the Notice Packet to their beneficial owners shall send a statement to GCG confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Action. Upon full compliance with this Order, nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing GCG with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Individual Defendant Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

10. **Participation in the Settlements** – Current Settlement Class Members who or which wish to participate in settlements achieved and to be eligible to receive a distribution from the Net Settlement Funds must complete and submit a Proof of Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proof of Claim Forms must be postmarked no later than one hundred twenty (120) calendar days after the Notice Date. Notwithstanding the foregoing, Co-Lead Counsel may, at their discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Funds

to the Current Settlement Classes.  By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim and the subject matter of the applicable Current Settlement(s).

11.    Each Proof of Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Co-Lead Counsel or the Claims Administrator; (c) if the person executing the Proof of Claim Form is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Current Settlement Class Member must be included in the Proof of Claim Form to the satisfaction of Co-Lead Counsel or the Claims Administrator; and (d) the Proof of Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

12.    Any Current Settlement Class Member who or which does not timely and validly submit a Proof of Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her or its right to share in the Net Settlement Fund(s) applicable to him, her or it; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the applicable stipulation(s) of settlement and settlement(s) and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the applicable Judgment(s), and the Releases provided for therein, whether

10

favorable or unfavorable to the relevant Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the applicable Released Plaintiffs' Claims against each and all of the applicable Defendants' Releasees, as more fully described in the respective stipulations and notices of settlement.  Notwithstanding the foregoing, late Proof of Claim Forms may be accepted for processing as set forth in paragraph 10 above

13.     **Exclusion From the Individual Defendant Settlement Class** – Any Individual Defendant Settlement Class Member who or which wishes to exclude himself, herself or itself from the Individual Defendant Settlement Class must request exclusion in writing within the time and in the manner set forth in the PwC/Individual Defendant Notice, which shall provide that: (a) any such request for exclusion from the Individual Defendant Settlement Class must be mailed or delivered such that it is received no later than twenty-eight (28) calendar days prior to the Settlement Hearing, to: *In re MF Global Holdings Limited Securities Litigation*, EXCLUSIONS, c/o the Claims Administrator at the address to be set forth in the PwC/Individual Defendant Notice, and (b) that each request for exclusion must: (i) state the name, address and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Individual Defendant Settlement Class in *In re MF Global Holdings Limited Securities Litigation*, Civil Action No. 1:11-CV-7866"; (iii) state the amount of each MF Global Security (in terms of number of shares of common stock and face value of the respective notes) that the person or entity requesting exclusion purchased/acquired and/or sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative.  A request for exclusion shall not

11

be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

14.     Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Individual Defendant Settlement Class shall not be an Individual Defendant Settlement Class Member, shall not be bound by the terms of the Individual Defendant Settlement or any orders or judgments in the Action relating to the Individual Defendant Settlement, and shall not receive any payment out of the Individual Defendant Net Settlement Fund.  Additionally, any person or entity who or which requests exclusion from the Individual Defendant Settlement Class shall be deemed to have also requested exclusion from the PwC Settlement Class and any class(es) covered by any other settlement(s) presented to the Court for consideration of final approval concurrently with consideration of the Individual Defendant Settlement for final approval ("Other Settlement(s)"). Similarly, any person or entity who or which requests exclusion from any Other Class(es) shall be deemed to have requested exclusion from the Individual Defendant Settlement Class.  All terms and conditions applicable to all persons and entities who or which requested exclusion from the Individual Defendant Settlement Class and who or which are excluded from the Individual Defendant Settlement Class as set forth in the preceding sentence shall also apply to persons and entities who or which request exclusion from any Other Class(es) to the extent such persons or entities would be Individual Defendant Settlement Class Members absent such exclusion.

15.     Any persons or entities who or which, pursuant to request, are excluded from the Individual Defendant Settlement Class shall be deemed to be excluded from any other settlement class(es) and litigation class that may yet be certified by the Court (as well as the other classes covered by any Other Settlement(s)), shall not be bound by the terms of any orders or judgments

in the Action relating to those settlements or the Action as applicable, and shall not be entitled to receive any payment from recoveries that might be obtained on behalf of those classes in the Action.

16.     Any Individual Defendant Settlement Class Member who or which does not timely and validly request exclusion from the Individual Defendant Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her or its right to be excluded from the Individual Defendant Settlement Class; (b) shall be forever barred from requesting exclusion from the Individual Defendant Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Individual Defendant Stipulation, the Individual Defendant Settlement, and all proceedings, determinations, orders and judgments in the Action relating to the Individual Defendant Settlement, including, but not limited to, the Individual Defendant Judgment, and the Releases provided for therein whether favorable or unfavorable to the Individual Defendant Settlement Class; and (d) shall be barred from commencing, maintaining or prosecuting any of the Released Plaintiffs' Claims against any of the Individual Defendants' Releasees, as more fully described in the Individual Defendant Stipulation and PwC/Individual Defendant Notice.

17.     **Appearance and Objections at Settlement Hearing** – Any Current Settlement Class Member who or which does not request exclusion from the Individual Defendant Settlement Class or from any Other Class(es) may enter an appearance in the Action at his, her or its own expense, individually or through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering a notice of appearance (a) to both Co-Lead Counsel and the representative Individual Defendants' Counsel if the purpose of the appearance is to object to the proposed Individual Defendant Settlement; and, (b) to Co-Lead Counsel if the purpose of the appearance is to object to the proposed Plan of Allocation and/or Co-Lead Counsel's motion for an award of

attorneys' fees and reimbursement of expenses, at the addresses set forth in paragraph 18 below, such that it is received no later twenty-eight (28) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct. Any Current Settlement Class Member who does not enter an appearance will be represented by Co-Lead Counsel.

18.     Any Individual Defendant Settlement Class Member who does not request exclusion from the Individual Defendant Settlement Class or from any Other Class(es) may file a written objection to the proposed Individual Defendant Settlement and show cause, if he, she or it has any cause, why the proposed Individual Defendant Settlement should not be approved. Any member of the Current Settlement Classes may file a written objection to the proposed Plan of Allocation and/or Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses and show cause, if he, she or it has any cause, why the proposed Plan of Allocation and/or Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses should not be approved. Notwithstanding the foregoing, no member of any of the aforementioned classes as applicable shall be heard or entitled to contest the approval of the terms and conditions of the proposed Individual Defendant Settlement, the proposed Plan of Allocation and/or Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Co-Lead Counsel and, if the objection is to the Individual Defendant Settlement, on representative Individual Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-eight (28) calendar days prior to the Settlement Hearing.

| **Co-Lead Counsel** | **Representative Individual Defendants' Counsel** |
|---|---|
| Bernstein Litowitz Berger & Grossmann LLP Salvatore J. Graziano, Esq. 1285 Avenue of the Americas New York, NY 10019 | Dechert, LLP Andrew J. Levander, Esq. 1095 Avenue of the Americas New York, NY 10036 |
| Bleichmar Fonti Tountas & Auld LLP Javier Bleichmar, Esq. 7 Times Square, 27th Floor New York, NY 10036 | Davis Polk & Wardwell LLP Edmund Polubinski III, Esq. 450 Lexington Avenue New York, NY 10017 |

19.     Any objections, filings and other submissions by an objecting class member: (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the class member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the class member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove class membership including the amount of each MF Global Security (in terms of number of shares of common stock and face value of the respective notes) that the objecting class member purchased/acquired and/or sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and/or sale.

20.     Any member of the Current Settlement Classes who or which does not make his, her or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object, as applicable, to any aspect of the proposed Individual Defendant Settlement, the proposed Plan of Allocation, or Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Individual Defendant Settlement, the proposed Plan of Allocation, or the requested attorneys' fees and expenses, or from otherwise being heard

15

concerning the Individual Defendant Settlement or the requested attorneys' fees and expenses in this or any other proceeding.

21. **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action between the Settling Parties other than proceedings necessary to carry out or enforce the terms and conditions of the Individual Defendant Stipulation and as otherwise necessary as to pending claims against other defendants in the Action. Pending final determination of whether the Individual Defendant Settlement should be approved, the Court bars and enjoins Lead Plaintiffs, and all other members of the Individual Defendant Settlement Class, from commencing or prosecuting any and all of the Released Plaintiffs' Claims against each and all of the Individual Defendants' Releasees.

22. **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Individual Defendant Settlement Class Members and notifying them of the Individual Defendant Settlement as well as in administering the Individual Defendant Settlement shall be paid as set forth in the Individual Defendant Stipulation without further order of the Court.

23. **Settlement Fund** – The contents of the Individual Defendant Settlement Fund held by Citibank, N.A. (which the Court approves as the Escrow Agent) shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Individual Defendant Stipulation and/or further order(s) of the Court.

24. **Taxes** – Co-Lead Counsel are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect of the Individual Defendant Settlement Fund, to pay from the Individual Defendant Settlement Fund any Taxes owed with respect to the Individual Defendant Settlement Fund, and to otherwise perform all obligations with respect to Taxes and

any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Individual Defendant Stipulation.

25.      **Termination of Settlement** – If the Individual Defendant Settlement is terminated as provided in the Individual Defendant Stipulation, the Individual Defendant Settlement is not approved, or the Effective Date of the Individual Defendant Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect as to the Individual Defendants, except as otherwise provided by the Individual Defendant Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiffs, the other Individual Defendant Settlement Class Members and the Individual Defendants, and the Settling Parties shall revert to their respective positions in the Action as of May 8, 2015, as provided in the Individual Defendant Stipulation.

26.      **Use of this Order** – Neither this Order, the Individual Defendant Stipulation (whether or not consummated), the exhibits thereto including the Plan of Allocation (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Individual Defendant Stipulation, nor any proceedings taken pursuant to or in connection with the Individual Defendant Stipulation and/or approval of the Individual Defendant Settlement (including any arguments proffered in connection therewith): (a) shall be offered against any of the Individual Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of (i) any presumption, concession, or admission by any of the Individual Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiffs, the validity of any claim that was or could have been asserted by Lead Plaintiffs or any member of the Individual Defendant Settlement Class, the deficiency of any defense that has been or could have been asserted by the Individual Defendants in this Action or in any other litigation, or coverage under the Individual Defendants'

17

Insurance Carriers' respective policies, or (ii) any liability, negligence, fault, or other wrongdoing of any kind of any of the Individual Defendants' Releasees or in any way referred to for any other reason as against any of the Individual Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Individual Defendant Stipulation; (b) shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of (i) any presumption, concession or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Individual Defendants' Releasees had meritorious defenses, or that damages recoverable against the Individual Defendants under the Complaint would not have exceeded the Individual Defendant Settlement Amount, or (ii) any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Individual Defendant Stipulation; or (c) shall be construed against any of Releasees as an admission, concession, or presumption that the consideration to be given under the Individual Defendant Settlement represents the amount which could be or would have been recovered against the Individual Defendants after trial; *provided, however,* that if the Individual Defendant Stipulation is approved by the Court, the Settling Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Individual Defendant Settlement.

27. **Supporting Papers** – Co-Lead Counsel shall file and serve the opening papers in support of the proposed Individual Defendant Settlement, the Plan of Allocation, and Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses no later

than forty-two (42) calendar days prior to the Settlement Hearing; and reply papers, if any, shall

be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

28.     The Court retains jurisdiction to consider all further applications arising out of or

connected with the proposed Individual Defendant Settlement.

SO ORDERED this ___7th___ day of ___July___, 2015.

The Honorable Victor Marrero
United States District Judge

# 907446