USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/14/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
                                    :
IN RE MF GLOBAL HOLDINGS LIMITED    :
INVESTMENT LITIGATION               :
                                    :    11 Civ. 7866 (VM)
-----------------------------------:
                                    :    DECISION AND ORDER
JOSEPH DEANGELIS, et al.,           :
                                    :
            Plaintiffs,             :
                                    :
          - against -               :
                                    :
JON S. CORZINE, et al.,             :
                                    :
            Defendants.             :
                                    :
-----------------------------------X
                                    :
                                    :
This document relates to the        :
Securities Class                    :
Actions.                            :
                                    :
                                    :
-----------------------------------X

VICTOR MARRERO, United States District Judge.

     Plaintiff the Government of Guam Retirement Fund ("Guam" or "Plaintiff") brought this action on behalf of a potential class (the "Proposed Class") of investors in 6.25% Senior Notes of MF Global Holdings Limited ("MF Global") between August 8, 2011 and November 21, 2011 (the "Class Period") against defendants Jefferies & Company, Inc., Lebenthal & Co., LLC, Natixis Securities North America, Inc., Sandler O'Neill & Partners, L.P., and U.S. Bancorp Investments, Inc. (collectively, the "Senior Notes

Underwriters" or "Defendants"). Guam alleges violations of Section 11 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77k ("Section 11") and Section 12(a)(2) of the Securities Act, 15 U.S.C. § 77l ("Section 12(a)(2)").

Guam, along with other plaintiffs no longer a part of this action, filed its original motion for class certification in September 2014. Since then, a number of settlements have narrowed the claims and parties in this case. Guam is the only named plaintiff in the original action to have purchased the 6.25% Senior Notes, and the only remaining causes of action are Securities Act claims against the Senior Notes Underwriters.

Guam now moves, pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), to certify the Proposed Class consisting of:

> All persons and entities who purchased or otherwise acquired the Senior Notes issued under the Company's Post-Effective Amendment No. 1 to Registration Statement No. 333-162119, dated February 24, 2010, and prospectuses filed in connection therewith (collectively, the 'Offering Documents') between August 8, 2011 and November 21, 2011 (including persons and entities who placed orders before August 8, 2011)(the 'Class Period') and were damaged thereby.[1]

---

[1] Excluded from the Class are: (a) MF Global; (b) Defendants; (c) members of the immediate families of the Individual Defendants (i.e., children, stepchildren, parents, stepparents, spouses, siblings,

Plaintiff's Reply Memorandum of Law in Support of Motion for Class Certification, dated September 10, 2015. ("Pl. Reply Mem.")(Dkt. No. 995 at 1.)

Guam also moves pursuant to Rule 23 for the Court to appoint it as class representative and to appoint Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") and Bleichmar Fonti Tountas & Auld LLP ("Bleichmar Fonti")(collectively, "Proposed Class Counsel") as Co-Lead Class Counsel. (Pl. Reply Mem. at 1, Dkt. No. 995.)

The Court has reviewed the parties' submissions regarding this matter.[2] For the reasons discussed below, the

---

mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law (as used herein "spouse" shall mean a husband, wife, or a partner in a state-recognized domestic relationship or civil union)); (d) the subsidiaries and affiliates of Defendants and MF Global; (e) any person or entity who was during the Class Period and/or is a partner, executive officer, director or controlling person of MF Global or any of its subsidiaries of affiliates or of any Defendant or any of their subsidiaries or affiliates; (f) any entity in which any Defendant or MF Global had during the Class Period and/or had a controlling interest; (g) Defendant's liability insurance carriers, and any affiliates or subsidiaries thereof; and (h) the legal representatives, heirs, successors, and assigns of any such excluded person or entity. Also excluded from the Class are any persons and entities who pursuant to request are excluded from any of the settlement classes in the prior settlements in this action.

[2] The Court has reviewed Plaintiff's submissions in support of its motion (Pl.'s Mem. Of Law in Supp. Of Mot. For Class Cert., dated September 15, 2014 ("Pl. Mem."), Dkt. No. 765; Pl. Reply Mem., Dkt. No. 995); and Defendants' submission in opposition to Plaintiff's motion (Def.'s Mem. of Law in Opp. to Mot. for Class Cert. ("Def. Mem."), dated July 10, 2015, Dkt. No. 979), as well as the documents

Court finds that the Proposed Class satisfies all of the requirements of Rule 23(a) and the pertinent requirements of Rule 23(b). This Class is subject to further adjustment or decertification if warranted as facts develop. The Court further finds that Proposed Class Counsel satisfy the pertinent requirements of Rule 23(g). Accordingly, Plaintiff's motion for certification of the Proposed Class and appointment of Guam as class representative and the Proposed Class Counsel as Co-Lead Class Counsel is GRANTED.

## I. BACKGROUND

The Court outlined in detail the factual background of this case in its previous Decision and Order denying Defendants' motion to dismiss, In re MF Global Holdings Ltd. Sec. Litig., 982 F.Supp.2d 277 (S.D.N.Y. 2013), and assumes familiarity with the facts of the case as stated in that Decision.

The claims here arise from Defendant's underwriting of MF Global 6.25% Senior Notes issued in early August 2011 and due August 8, 2016 (the "Senior Notes Offering" or the "6.25% Senior Notes Offering"). Guam purchased those securities in the months leading up to the October 2011 collapse of MF Global, an event that the Court has likened

accompanying these memoranda. Unless specifically quoted, no further citation to these documents will be made.

to a "train wreck" in its suddenness and the scope of its impact. Id. at 288. Upon MF Global's disintegration and bankruptcy on October 31, 2011, the Senior Notes became worthless. Guam asserts that the Offering Documents for MF Global's 6.25% Senior Notes, underwritten by Defendants, contained untrue statements and omissions of material fact related to: 1) MF Global's failure to record a valuation allowance against its Deferred Tax Assets ("DATs") as required by Generally Accepted Accounting Practices ("GAAP"); and 2) MF Global's proprietary investments in European sovereign debt through Repurchase-to-Maturity ("RTM") transactions.

## II.  PROCEDURAL HISTORY

On November 3, 2011, Joseph Deangelis brought the first action in this case. (Dkt. No. 1.) The Court has, as necessary, consolidated related actions under this docket. The Court has also accepted related cases transferred to this Court by the Judicial Panel on Multidistrict Litigation. (See Conditional MDL Transfer Orders, In re MF Global Hldgs Ltd. Inv. Litig., 12 MD 2338, Dkt. Nos. 1, 4, 7.)

By Order dated January 20, 2012, the Court appointed The Virginia Retirement System and Her Majesty the Queen in

Right of Alberta as Lead Plaintiffs and approved the
selection of Bernstein Litowitz Berger & Grossman LLP and
Labaton Sucharow LLP[3] as Co-Lead Counsel for all claims
brought under the Securities Act and the Securities
Exchange Act of 1934 (the "Exchange Act")(collectively, the
"Securities Actions"). (Dkt. No. 140.) Plaintiffs —
including Guam as a named plaintiff — filed a Consolidated
Amended Class Action Complaint on August 20, 2012 (Dkt. No.
330), alleging claims under the Securities Act and Section
10(b) of the Exchange Act against officers and directors of
MF Global (collectively the "Individual Defendants") and
underwriters of four MF Global stock offerings
(collectively the "Underwriter Defendants"). All defendants
moved to dismiss, and the Court denied the motion in its
entirety on November 12, 2013. (Dkt. No. 567.) Plaintiffs
filed their motion for class certification and appointment
of Co-Lead Counsel on September 15, 2014. (Dkt. No. 764.)
On October 7, 2014, Plaintiffs filed a Consolidated Second
Amended Securities Class Action Complaint that included MF
Global's auditor, PricewaterhouseCoopers LLP ("PwC") as a
defendant. (Dkt. No. 779.)

---

[3] Bleichmar Fonti replaced Labaton Sucharow LLP as Co-Lead Counsel for
Plaintiffs and Proposed Co-Lead Class Counsel by the Court's Order of
August 13, 2014. (Dkt. No. 761.)

After Plaintiffs moved for class certification, a series of settlements narrowed the claims and defendants in the Securities Actions. The Court approved a final settlement between Plaintiffs and one underwriter of the 6.25% Senior Notes Offering on June 26, 2015, as well as underwriters of the three earlier MF Global securities offerings. (Dkt. Nos. 964, 965.) On April 20, 2015, the Court preliminarily approved a proposed settlement with PwC. (Dkt. No. 902.) On July 7, 2015, the Court preliminarily approved a proposed settlement with the Individual Defendants. (Dkt. No. 975.) The proposed settlements are pending final approval at a hearing scheduled for November 20, 2015. These settlements left the 6.25% Senior Notes Offering as the only securities offering at issue, with only Securities Act claims surviving. Guam is the only named plaintiff in the Securities Actions that bought 6.25% Senior Notes, and the Senior Notes Underwriters that did not take part in the June 2015 Settlement are the exclusive remaining Securities Actions defendants.

## III. DISCUSSION

### A.   LEGAL STANDARD FOR CLASS CERTIFICATION

To certify the Proposed Class, Plaintiff must satisfy all four of the requirements of Rule 23(a) and one of the categories of Rule 23(b)(3). See In re Livent Noteholders Sec. Litig., 210 F.R.D. 512, 514 (S.D.N.Y. 2002).

To meet Rule 23(a)'s prerequisites, a plaintiff must demonstrate that:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Rule 23(b)(3) further requires that Plaintiff demonstrate that common questions of law or fact "predominate over any questions affecting individual members" and that maintaining a class action "is superior to other available methods" of adjudication. Fed. R. Civ. P. 23(b)(3).

Trial courts are given substantial discretion in determining whether to grant class certification because "'the district court is often in the best position to assess the propriety of the class and has the ability . . . to alter or modify the class, create subclasses, and

- 8 -

decertify the class whenever warranted.'" In re Nigeria Charter Flights Contract Litig., 233 F.R.D. 297, 301 (E.D.N.Y. 2006) (alteration in original) (quoting In re Sumitomo Copper Litig., 262 F.3d 134, 139 (2d Cir. 2001)). The Second Circuit has directed courts to adopt a liberal interpretation of Rule 23 in order to maximize the benefits to both private parties and to the public provided by class actions. See In re Sumitomo Copper Litig., 182 F.R.D. 85, 88-89 (S.D.N.Y. 1998); see also Eisen v. Carlisle and Jacquelin, 391 F.2d 555, 563 (2d Cir. 1968) ("[Rule 23] should be given a liberal rather than a restrictive interpretation."). As the Second Circuit stated in Green v. Wolf Corp., "'[I]f there is to be an error made, let it be in favor and not against the maintenance of the class action, for it is always subject to modification should later developments during the course of the trial so require.'" 406 F.2d 291, 298 (2d Cir. 1968) (quoting Esplin v. Hirshi, 402 F.2d 94, 99 (10th Cir. 1968)).

    1.   Rule 23(a) Requirements

    a.   Numerosity

Rule 23(a)(1) requires that the class be so large that joinder of all members would be impracticable (the "Numerosity Requirement"). See In re Drexel Burnham Lambert

- 9 -

Grp., Inc., 960 F.2d 285, 290 (2d Cir. 1992). The Second
Circuit has observed that "numerosity is presumed when a
class consists of 40 or more members," Consolidated Rail
Corp. v. Town of Hyde Park, 47 F.3d 473, 483 (2d Cir.
1995), though plaintiffs need not provide evidence of an
exact class size to establish numerosity. Robidoux v.
Celani, 987 F.2d 931, 935 (2d Cir. 1993).

Defendants do not dispute numerosity in their
opposition. Thus, the Court finds that the Proposed Class
meets the Numerosity Requirement of Rule 23(a)(1).

   b.   Commonality of Law or Fact Questions

Rule 23(a)(2) requires that the putative class
members' claims must share common questions of fact and law
(the "Commonality Requirement"). The Commonality
Requirement has been characterized as a "low hurdle."
McIntire v. China MediaExpress Holdings, Inc., 38 F. Supp.
3d 415, 424 (S.D.N.Y. 2014)(citation omitted). Commonality
requires only a showing that Plaintiffs' claims "depend
upon a common contention . . . [that is] of such a nature
that it is capable of classwide resolution — which means
that determination of its truth or falsity will resolve an
issue that is central to the validity of each one of the
claims in one stroke." Wal-Mart Stores, Inc. v. Dukes, 131

S. Ct. 2541, 2551 (2011). The requirement is "plainly satisfied" in a securities case where "the alleged misrepresentations in the prospectus relate to all the investors, [because the] existence and materiality of such misrepresentations obviously present important common issues." Korn v. Franchard Corp., 456 F.2d 1206, 1210 (2d Cir. 1972).

Defendants do not raise objections to commonality in their opposition papers. Accordingly, because Plaintiff alleges misconduct that is common to all Proposed Class members, requiring the same findings of fact and law, the Commonality Requirement of Rule 23(a)(2) is satisfied.

c.   Typicality

Rule 23(a)(3) requires that Guam's claims be typical of the Proposed Class (the "Typicality Requirement"). Typicality is satisfied "when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." China MediaExpress, 38 F. Supp. 3d 415 at 424; see also In re Drexel Burnham Lambert Group Inc., 960 F.2d 285, 291 (2d Cir. 1992).

The Typicality Requirement is "not demanding." Tsereteli v. Residential Asset Securitization Trust 2006-

A8, 283 F.R.D. 199, 208 (S.D.N.Y. 2012) (internal citations omitted). Typicality "does not require factual identity between the named plaintiffs and the class members, only that the disputed issues of law or fact occupy essentially the same degree of centrality to the named plaintiff's claim as to that of other members of the proposed class." Pennsylvania Ave. Funds, 2011 WL 2732544, at *4 (internal quotation marks omitted).

Defendants contend that Guam does not meet the Typicality Requirement because it is subject to unique defenses that "threaten to become the focus of the litigation." Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 903 F.2d 176, 180 (2d Cir. 1990). Defendants claim that Guam's investment manager, Franklin Templeton, had access to and relied on nonpublic information in the form of a conference call with MF Global executives prior to the Senior Notes Offering. Additionally, Defendants offer testimony by a Franklin Templeton analyst (the "Forsyth Testimony") that they contend represents an admission that Guam was not misled by the Offering Documents. (Def. Mem. at 6.) According to Defendants, these admissions and knowledge-based defenses are "meritorious enough to require the plaintiff to devote

- 12 -

considerable time to rebut" and therefore defeat Guam's typicality as a class member. Lapin v. Goldman Sachs & Co., 254 F.R.D. 168, 179 (S.D.N.Y. 2008).

The Court is not persuaded that the unique defenses contemplated by Defendants would overshadow the common claim that the Offering Documents were materially misleading. Even if Defendants can show a potential unique defense as to Guam, it should not prevent certification if "it does not go to the heart of Plaintiff's case and will not require considerable time and effort to rebut." Lapin, 254 F.R.D. at 180. The legal and factual arguments that Guam advances in support of its claims — chiefly, that MF Global's 6.25% Senior Notes Offering Documents omitted or misstated information material to the value of its securities — are the same arguments that all Proposed Class members would advance in support of their claims. Although the extent of the Proposed Class members' knowledge will inevitably vary depending on their level of sophistication and the time of purchase, "such variances are insufficient to defeat typicality because the nature of the claims that Plaintiffs must prove remains unchanged." N.J. Carpenters Health Fund v. Residential Capital, LLC, 272 F.R.D. 160 (S.D.N.Y. 2011); see also In re IndyMac Mortgage-Backed

- 13 -

Sec. Lit., 286 F.R.D. 226 (S.D.N.Y. 2012)(declining to find plaintiffs atypical based on their delegation of investment decisions to investment advisors with potentially varying levels of knowledge).

Here, the evidence cited by Defendants is insufficient to defeat Guam's showing that it meets the Typicality Requirement. The Forsyth Testimony, taken as a whole, does not suggest that the conference call provided Guam information inconsistent with the Offering Documents. At most, the Forsyth Testimony suggests that MF Global made misstatements and omissions in both its pre-offering phone call and the Offering Documents. The complete transcript also includes testimony that the Offering Documents omitted to disclose MF Global's breach of risk limits, lack of internal controls, failure to safeguard client money and the proprietary nature of the RTM Transactions — the issues at the heart of the Proposed Class's Securities Act claims. (Def. Mem. Ex. B at 289:16-294:23.) Although Defendants may still raise a knowledge-based defense against Guam at trial, for purposes of class certification Defendants have not shown that a potential knowledge defense threatens to

- 14 -

become the focus of the litigation such that Guam would inadequately represent the Class.[4]

The Court is persuaded that there are common questions of law and fact affecting all Proposed Class members and that Guam's claims are typical of the Proposed Class as a whole. Accordingly, Guam has met the Typicality Requirement of Rule 23(a)(3).

    d.   <u>Adequacy</u>

Rule 23(a)(4) requires that the representative of the parties will "fairly and adequately protect the interests of the class" (the "Adequacy Requirement"). Fed. R. Civ. P. 23(a)(4). To meet this requirement, the lead plaintiffs' counsel must be "qualified, experienced, and generally able to conduct the proposed litigation," and the class representative must not have interests conflicting with the class. See <u>Livent</u>, 210 F.R.D. at 517 (internal citations and quotation marks omitted).

Defendants argue that Guam is an inadequate class representative because it lacks personal knowledge of the facts of the case and lacks independent oversight of Proposed Class Counsel. Defendants cite testimony by Guam's

---

[4] Defendants' reliance on knowledge to defeat class certification is discussed further <u>infra</u> in Section III(A)(2)(a).

corporative representative that his understanding of the
complaint's allegations comes only from Proposed Class
Counsel. (Def.'s Mem. at 9.) The Court rejects Defendants'
characterization that Guam has demonstrated disinterest in
the case and notes that "attacks on the adequacy of a class
representative based on the representative's ignorance" are
generally disfavored. See Flag Telecom Holdings, Ltd. Sec.
Litig., 574 F.3d 29, 42 (2d Cir. 2009). Guam is an
institutional investor of the type "unequivocally"
preferred as lead plaintiff by the Private Securities
Litigation Reform Act ("PSLRA"). In re Oxford Health Plans,
Inc. Sec. Lit., 182 F.R.D. 42 (S.D.N.Y. 1998). Guam's Board
receives monthly updates on litigation in board meetings
and is familiar with the allegations in the complaint. Guam
is far from having "so little knowledge of and involvement
in the class action that they would be unable or unwilling
to protect the class against the possibly competing
interests of the attorneys." Maywalt v. Parker & Parsley
Petroleum Co., 67 F.3d 1072, 1077 (2d Cir. 1955).

    As to the adequacy of the Proposed Class Counsel, the
Court is persuaded that appointment of Bernstein Litowitz
and Bleichmar Fonti as Co-Lead Counsel is appropriate.
Proposed Class Counsel have vigorously pursued these claims

to date, including defeating Defendants' motion to dismiss, and have adequately represented classes in other securities litigation and other complex class actions. The Court is persuaded that Proposed Class Counsel is sufficiently qualified, experienced and capable for the purposes of Rule 23(a)(4).

    2.   <u>Rule 23(b)(3) Requirements</u>

In addition to satisfying Rule 23(a), Guam must also establish that this action may be maintained as a class action under Rule 23(b). Guam seeks to certify the Proposed Class pursuant to Rule 23(b)(3), which provides that an action is maintainable as a class action if "questions of law or fact common to class members predominate over any questions affecting only individual members" (the "Predominance Requirement") and if "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy" (the "Superiority Requirement"). Fed. R. Civ. P. 23(b)(3). "A class certified under Rule 23(b)(3) is sometimes referred to as an 'opt-out' class because Rule 23(c)(2) mandates that members of a class certified pursuant to Rule 23(b)(3) be afforded the opportunity to 'request exclusion' from that class." <u>In re Vivendi</u>, 242 F.R.D. 76, 90 (S.D.N.Y. 2007). Should the

Court certify the Proposed Class, any investor who does not opt out of the class "is bound by the final disposition of the case." Id.

    a.   Predominance Requirement

The Predominance Requirement is a more demanding standard than the Commonality Requirement and is satisfied if "resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and if these particular issues are more substantial than the issues subject only to individualized proof." Moore v. PaineWebber, Inc., 306 F.3d 1247, 1252 (2d Cir. 2002). The Predominance Requirement does not require that every issue be subject to class-wide proof, only that common questions predominate over questions affecting only individual class members. See Amgen Inc. v. Conn. Ret. Plans & Trust Funds, 133 S. Ct. 1184, 1196 (2013). That standard is met here.

Guam's Securities Act claims against the Defendants arise from alleged misstatements and omissions of material fact in the Offering Documents for the 6.25% Senior Notes. Guam does not need to prove reliance as to the Securities Act claims. See Rombach v. Chang, 355 F.3d 164, 169 n.4 (2d Cir. 2004). Each Proposed Class member's claim will succeed

- 18 -

on proof of the same findings: that the registration statement and prospectus for the Senior Notes contained untrue statements or omissions of material fact and that the Defendants underwrote the Senior Notes. 15 U.S.C. § 77k, 77l. Additional affirmative defenses are also subject to general proof, including whether Defendants knew or should have known of the untruths or omissions before the effective date. Id. These questions, among others, are identical for each Proposed Class member, as is the evidence necessary to answer these questions. The Court is persuaded that the issues in this case are sufficiently determinable on a class-wide basis and satisfy the Predominance Requirement.

Defendants argue that the Predominance Requirement is not met here because the potential knowledge defense discussed in connection with the Typicality Requirement in Section III(A)(1)(c), supra, prevents questions common to the class from predominating over individual questions. Since knowledge is an affirmative defense, not a required element of a Securities Act claim, defendants must provide evidence that Guam (or its investment manager acting on its behalf) had knowledge about the misleading statements or omissions when it invested in the Senior Notes. See In re

- 19 -

IndyMac, 286 F.R.D. at 238. In addition to the Forsyth Testimony about Guam's understanding of the Offering Documents and the conference call with MF Global executives, Defendants cite an e-mail from Guam's investment consultant, received by the Director of the Government of Guam Retirement Fund after MF Global declared bankruptcy, observing that Guam's investment in Senior Notes when "rumors were already out about MF [Global]'s stability and its great bets on Europe" was a "concerning matter." (Def. Mem. at 11.) This individualized knowledge by Guam's investment manager, Defendants contend, "would precipitate individual inquiries as to the knowledge of each member of the class." N.J. Carpenters Health Fund, 272 F.R.D. at 168.

The Court found that the evidence set forth by Defendants was not sufficient to defeat typicality, and now finds that it is insufficient to defeat predominance. As discussed supra in section III(1)(c), the Forsyth Testimony, taken as a whole, fails to prove that Guam had private knowledge about omissions or misstatements contained in the Senior Notes Offering Documents. The testimony suggests, in fact, that information in the MF Global conference call was consistent with the information

- 20 -

in the Offering Documents. When asked whether "the way [the RTM transaction] was discussed with you by the company . . . differs from what's written [in the Offering Documents]" the analyst responded, "No." (Def. Mem. Ex. B at 122:17-122:21.)

Nor have Defendants shown that Guam was not misled by anything in the Offering Documents. Franklin Templeton's acknowledgment that it "had all [of the] information" it needed to assess MF Global's liquidity position (Def. Mem. Ex. B at 273:18-274:9), for instance, is most plausibly read to reflect its belief at the time that the offering documents were accurate. Defendants' characterization of the Forsyth Testimony disregards Forsyth's own statements that the Offering Documents failed to disclose: (1) that MF Global had breached internal risk limits on the RTM trades; (2) that MF Global's Chief Risk Officer had objected to the breaches of risk limits and been replaced; and (3) that MF Global's lax internal controls enabled it to misappropriate client funds. (Def. Mem. Ex. B at 289:16-294:23.)

Defendants' only other evidence cited to support a knowledge defense, the post-bankruptcy e-mail, is insufficient to show that Guam had knowledge or notice of the information misstated or omitted from the Offering

- 21 -

Documents. At best, it tends to show the existence of public speculation and "rumors" concerning MF Global's stability, which are subject to generalized proof. See Tsereteli, 283 F.R.D. at 214 (finding news stories and other public information were subject to general proof and could not defeat predominance); see also In re IndyMac, 286 F.R.D. at 239 (publicly available lawsuits were subject to general proof and could not defeat predominance).

Defendants rely largely on N.J. Carpenters Health Fund, a Securities Act case where the Predominance Requirement was deemed unmet because of disparities in knowledge among investors. 272 F.R.D. 160. In that case, Plaintiff's investment advisor was an "active participant" in the market it was evaluating. Id. at 169. The proposed class included investment banks and other sophisticated investors, a number of whom were "extensively involved" in the structuring of the offerings at issue and had "specific individual knowledge of the underlying loans and underwriting guidelines in the offering documents." Id. at 169-70. That situation is not analogous to the case here. The fact that Guam purchased the Senior Notes through an investment manager does not establish that Guam had knowledge or actual notice of MF Global's risk exposure or

internal controls. Nor do the statements in the Forsyth Testimony brought forward by Defendants undermine predominance, since they tend to establish that MF Global's assertions, both over the phone and in the Offering Documents, consistently omitted to state the full extent of MF Global's risk exposure and lack of internal controls.

The Court is persuaded that questions of liability can be resolved on a class-wide basis. Given the large number of questions of law, fact, and damage calculation that can be handled at the class level, any individual inquiries and defenses that may arise are far from the threshold of individualized issues of proof that would be necessary here to defeat a finding of predominance under Rule 23(b)(3). Accordingly, Guam has satisfied the Predominance Requirement of Rule 23(b)(3).

    b.    Superiority Requirement

When certifying a proposed class in accordance with Rule 23(b)(3), courts must consider whether a class action is "superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The Superiority Requirement asks courts to balance the advantages of a class action against those of alternative available methods of adjudication. Securities

suits easily satisfy the Superiority Requirement of Rule 23(b)(3) because "the alternatives are either no recourse for thousands of stockholders" or "a multiplicity and scattering of suits with the inefficient administration of litigation which follows in its wake." Green, 406 F.2d at 301; see also In re Blech Sec. Litig., 187 F.R.D. 97, 107 (S.D.N.Y. 1999).

Defendants do not argue that Guam has failed to satisfy the Superiority Requirement. In this case, it is likely that absent a class action, certain investors would be unable to adjudicate their claims. Guam points out that a large number of investors in MF Global securities are "geographically dispersed" and seek individual damages small enough to render individual litigation prohibitively expensive. (Pl. Mem. at 25.) Further, Guam and Proposed Class Counsel have already negotiated a settlement with a number of individual defendants on behalf of Proposed Class members. They have engaged in significant discovery and resolved a motion to dismiss, with no difficulties arising from the management of the Proposed Class. Accordingly, the Court is persuaded that Plaintiff has met the Superiority Requirement.

Since   Guam   has   satisfied   all   of   the   relevant
requirements   of   Rule   23,   the   Court   thus certifies the
Proposed Class and appoints Guam as class representative.

B.   APPOINTMENT OF CO-LEAD COUNSEL

Under Rule 23(g), a court's appointment of lead class
counsel must consider "(i) the work counsel has done in
identifying   or   investigating   potential   claims   in   the
action;   (ii)   counsel's   experience   in   handling   class
actions, other complex litigation, and the types of claims
asserted in the action; (iii) counsel's knowledge of the
applicable law; and (iv) the resources that counsel will
commit to representing the class . . . ." Fed. R. Civ. P.
23(g)(1)(A). Additionally, a court "may consider any other
matter   pertinent   to   counsel's   ability   to   fairly   and
adequately represent the interests of the class . . . ."
Fed. R. Civ. P. 23(g)(1)(B).

Furthermore, the PSLRA instructs that a lead plaintiff
"shall, subject to the approval of the court, select and
retain counsel to represent the class." 15 U.S.C. § 78u-
4(a)(3)(B)(v). The PSLRA "evidences a strong presumption in
favor of approving a properly-selected lead plaintiff's
decisions as to counsel selection and counsel retention."
Varghese v. China Shenghuo Pharm. Holdings, Inc., 589 F.

- 25 -

Supp. 2d 388, 398 (S.D.N.Y. 2008) (quoting <u>In re Adelphia</u>
<u>Commc'ns Corp. Sec. & Derivative Litig.</u>, 03 MDL 1529, 2008
WL 4128702, at *2 (S.D.N.Y. Sept. 3, 2008).

Guam has selected Bernstein Litowitz and Bleichmar
Fonti as Proposed Class Counsel. As discussed above in
connection with satisfaction of the Adequacy Requirement of
Rule 23(a)(4), these two firms have vigorously pursued
Plaintiff's claims to date, have successfully negotiated
several settlements with additional defendants in this
case, and have significant experience representing classes
in other securities class actions. Guam's counsel have
demonstrated knowledge of the applicable law and has
committed significant resources to its representation of
Plaintiff. Accordingly, the Court approves Bernstein
Litowitz and Bleichmar Fonti as Co-Lead Class Counsel.

## III. ORDER

For the reasons discussed above, it is hereby

**ORDERED** that the Motion of the Government of Guam Retirement Fund for Class Certification and Appointment of Class Representative and Co-Lead Class Counsel (Dkt. No. 764) is GRANTED.

**SO ORDERED.**

Dated: New York, New York
       14 October 2015

                                    VICTOR MARRERO
                                        U.S.D.J.

- 27 -