UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> MF GLOBAL HOLDINGS LTD., JON S. CORZINE, and EDITH O'BRIEN, <br><br> Defendants. | ) ) ) ) ) ) ) Master File No. 1:11-cv-07866-VM ) (USCFTC) ) ) ) ) ) ) ) ) |

## PLAINTIFF U.S. COMMODITY FUTURES TRADING COMMISSION'S OPPOSITION TO MOVANTS' REQUEST TO STAY THE CFTC ACTION

Plaintiff U.S. Commodity Futures Trading Commission (the "CFTC" or "Commission"), by and through its undersigned attorneys, hereby opposes, in part, Movants' request, which was joined by Defendants Corzine and O'Brien, to the extent that it requests that the District Court "immediately" and indefinitely stay all MDL proceedings including the CFTC Action so that Corzine, O'Brien, and certain other MDL parties to a purported "Global Settlement" can focus on preparing settlement and motion papers necessary for approval by the Bankruptcy and District Courts. The Commission opposes any stay of the CFTC Action because, as set forth below, there is no good cause to stay the CFTC Action.

It is undisputed that the CFTC Action is not part of the purported Global Settlement involving Corzine, O'Brien, and others.[1] Yet without conferring with the Commission, the two defendants in the CFTC Action and the other settling parties are now proposing an indefinite stay

---

[1] The Global Settlement purportedly resolves claims between the Commodities Class Representatives, Litigation Trustee and Plan Administrator (the "Movants") on the one hand and various individuals on the other hand.

1

be unilaterally imposed on the CFTC Action subject to the open-ended vagaries of translating a "term sheet" into a written settlement and the class settlement notice process.[2] Moreover, instead of filing a pre-motion letter seeking permission to stay the CFTC Action, the Defendants opted to collapse a motion to stay the CFTC Action into a motion styled as one for reconsideration of the approval of the Securities Class settlement.

Notably, on November 20, 2015, CFTC counsel contacted counsel for Defendants Corzine and O'Brien to set up a date and time to discuss a schedule for the filing of pre-motion letters with the Court pursuant to this Court's Individual Practices seeking permission to file a motion for summary judgment. On November 30, counsel and the Commission met and the Commission advised counsel for Defendants Corzine and O'Brien of its present intention to file a pre-motion letter by December 4.[3] Counsel proposed filing such letters on January 4, only a week before the current Civil Case Management Plan and Scheduling Order's (the "Case Management Order") January 11 deadline to file summary judgment motions, and requested additional time to consult regarding this proposed schedule.[4] At no time during this meeting did Defendants' counsel mention that they likely would seek a stay of the CFTC Action or that they had already agreed with other parties to request a stay of all MDL proceedings including the CFTC Action. Yet, just hours after the meet and confer, Defendants did exactly that and joined in the motion for a stay of the CFTC Action.[5]

---

[2] The stay being sought would also seem to apply to the Sapere action. The Commission does not take any position on whether the stay should be entered as to any other actions consolidated currently.

[3] In light of the joint conference before this Court and Judge Glenn scheduled for December 11 at 1 p.m. regarding the pending motions for reconsideration and to stay the CFTC Action, the Commission does not intend to file any pre-motion letters until after that conference.

[4] See Dkt. # 715, Civil Case Management Plan and Scheduling Order (CFTC Action), April 24, 2014; and Dkt. # 991, Order Amending Civil Case Management Plan and Scheduling Order (CFTC Action), July 28, 2015.

[5] See Nov. 30, 2015, Corzine Limited Response, ¶4 (Dkt. # 1035) and O'Brien Response (Dkt# 1034).

2

Most importantly, Defendants' request for a stay of the CFTC Action should be denied on the merits. *First*, the deadlines in the CFTC Action have been set by the Case Management Order. The deadlines in that Case Management Order should not be stayed by a settlement in other actions governed by their own case management orders and to which the Commission is not a party. Notably, in issuing the most recent Case Management Order on July 28, 2015, the Court accepted the Commission's proposal to keep the CFTC Action under a separate case management plan[6] and rejected the proposal of Defendants[7] to combine all the case management plans in the various actions into a single plan.

*Second*, even the moving parties acknowledge that the settlement does not resolve or change the posture of the remaining actions. The proposed stay only postpones an already lengthy case. But postponing summary judgment motion practice or other pre-trial preparation will not make the expenses disappear or be reduced. Indeed, summary judgment practice is the only current way short of trial to resolve some, if not all, of the Commission's claims.

*Third*, Defendants Corzine and O'Brien and other MDL parties vaguely argue that "extending the remaining deadlines in the MDL proceedings (which would have to be re-opened if the Global Settlement were for any reason not to be consummated) and re-setting them after the Global Settlement's final approval would serve the interests of efficiency and not unduly prejudice any party."[8] However, the Commission would be prejudiced by the unnecessary delay in requesting a resolution of the CFTC Action through a summary judgment motion. Moreover, a stay of the CFTC Action yields no possible efficiencies because the as yet unconsummated "Global Settlement" has no possibility of resolving the CFTC Action. A stay will interfere,

---

[6] *See* Dkt. # 985, Letter dated July 24, 2015, from K. Rasor to Hon. James C. Francis, at 3-4.
[7] *See* Dkt. # 984, Letter dated July 24, 2015 from M. Mazur to Hon. James C. Francis, at 3-4.
[8] *See* Corzine Limited Response, *supra*, ¶5.

however, with the Commission's statutory duty to enforce the Commodity Exchange Act, including seeking penalties and injunctive and other equitable relief against Defendants Corzine and O'Brien. The proposed stay will unnecessarily delay fulfillment of that duty, and prejudice the Commission's ability to timely prosecute its action. Further, because each action that was consolidated in the MDL proceedings for pre-trial purposes has its own unique claims and legal theories, it will not serve the interests of efficiency to stay the CFTC Action. In contrast, the Commission intends to seek leave to move for summary judgment, and believes that such motion practice has the potential to save resources and expenses as well as advance the completion of the litigation.

\* \* \*

Accordingly, the Commission respectfully requests that any stay, if one were to be granted, not extend to the CFTC Action.

Dated: December 4, 2015

ATTORNEYS FOR PLAINTIFF U.S. COMMODITY FUTURES TRADING COMMISSION

_____
Steven Ringer
Janine Gargiulo
David Oakland
Katie Rasor
K. Brent Tomer
Douglas Yatter

U.S. Commodity Futures Trading Commission
Division of Enforcement
140 Broadway, 19th Floor

New York, NY 10005
(646) 746-9700
(646) 746-9940 (fax)

4