USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/23/15

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
JOSEPH DEANGELIS, et al.,           :
                                    :   11 Civ. 7866
                 Plaintiffs,        :
                                    :
    -  against  -                   :
                                    :
JON S. CORZINE, et al.,             :
                                    :
                 Defendants.        :
----------------------------------X
IN RE MF GLOBAL HOLDINGS LTD.       :
INVESTMENT LITIGATION               :   12 MD 2338
                                    :
                                    :   DECISION AND ORDER
                                    :
----------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

## I.    BACKGROUND

By Decision and Order dated November 25, 2015 ("November 25 Order," Dkt. No. 1027) the Court approved the Motion for Final Approval of Class Action Settlement (the "Securities Settlement") filed by Lead Securities Plaintiffs the Virginia Retirement System and Her Majesty The Queen in Right of Albert ("Lead Securities Plaintiffs"). The Securities Settlement resolved all claims by the Lead Securities Plaintiffs against defendants David Bolger, Eileen Fusco, David Gelber, Martin Glynn, Edward Goldberg, David Schamis, and Robert Sloan (collectively, "Independent Director Defendants") and defendants Jon S. Corzine, J. Randy MacDonald, and Henri Steenkamp in In re MF Global Holdings Limited Securities

Litigation, No. 11-Civ. 7866 (S.D.N.Y.) (the "Securities Action").

By motion dated November 25, 2015, MF Global Holdings, Ltd. as Plan Administrator and Nader Tavakoli as Litigation Trustee, along with co-lead counsel for the customer representatives (collectively, "Movants"), sought reconsideration of the Court's November 25 Order. ("Motion for Reconsideration" or "Motion," Dkt. No. 1028.) Defendant Bradley Abelow[1] joined in the Motion for Reconsideration. (Dkt. No. 1033.) On November 30, 2015, Movants submitted a supplement to the Motion ("Supplement") informing the Court that a final term sheet had been executed embodying a settlement (the "MFG Settlement") between Movants and all individual defendants named in In re MF Global Holdings Limited Investment Litigation, No. 11 Civ. 7866 (S.D.N.Y.) (the "Commodities Customer Class Action") and in Tavakoli v. Corzine et al., No. 14 Civ. 0566 (S.D.N.Y.) (the "Trustee Action," collectively with the Commodities Customer Class Action, the "Estate MDL Proceedings").[2]

---

[1] Bradley Abelow is not a defendant in the Securities Action but is a defendant in other proceedings in the Multi-District Litigation ("MDL").

[2] The individual defendants to the Estate MDL proceedings are Jon S. Corzine, Henri Steenkamp, Bradley Abelow, Vinay Mahajan, David Dunne and Edith O'Brien.

In their Motion and Supplement, Movants contend that the Court approved the Securities Settlement based on a misunderstanding that there had been no progress toward a "global settlement" that would potentially resolve all or many of the remaining proceedings in the MDL.[3] In fact, Movants argue, the parties to the Estate MDL Proceedings were working diligently toward settlement, a process that resulted in the MFG Settlement. Movants contend that withdrawing the November 25 Order would permit parties to the Securities Action and the MFG Settlement, and other interested parties, to negotiate a global settlement that would exhaust insurance layers in the Directors and Officers ("D&O") insurance tower up to and including $25 million in coverage reserved for claims against the Independent Directors (the "IDL Policies"). The IDL Policies would not be reached if the Securities Settlement reached judgment first. Movants further asked for a combined hearing on final approval of the Securities Settlement and the as-yet finalized settlement in the Estate MDL Proceedings.

---

[3] In addition to the Securities Action, the Commodities Customer Class Action and the Trustee Action, the remaining proceedings in the MDL include U.S. Commodity Futures Trading Commission v. MF Global Holdings Ltd. et al., No. 11 Civ. 7866 (S.D.N.Y.)(the "CFTC Action") and Sapere CTA Fund, L.P. v. Corzine et al., No. 11 Civ. 9114 (S.D.N.Y.)(the "Sapere Action").

Lead Securities Plaintiffs filed an Opposition to the Motion for Reconsideration on December 8, 2015. (Dkt. No. 1049.) The Independent Director Defendants filed a separate Opposition to the Motion for Reconsideration on December 8, 2015. (Dkt. No. 1050.) Defendant Randy MacDonald joined in the Independent Director Defendants' Opposition on December 9, 2015. (Dkt. No. 1045.) Movants replied in support of the Motion on December 10, 2015. (Dkt. No. 1055.)

On December 11, 2015, the Court held a joint status conference with Bankruptcy Judge Martin Glenn and Magistrate Judge James Francis to review progress toward a global settlement that would incorporate the MFG Settlement and the Securities Settlement, as well as other pending actions in the MDL. ("December 11 Conference," Dkt. Minute Entry for Dec. 11, 2015.) To facilitate a resolution among all interested parties and third parties, the Court directed the parties to inform the Court of the likelihood of a global settlement by December 18, 2015, at which time the Court would issue a ruling on the Motion for Reconsideration. On December 18, 2015, having received a report from Magistrate Judge Francis that the parties continued to engage in good faith discussions and had made progress toward a global settlement, the Court extended the parties' and third parties' deadline

for updating the Court on the status of their discussions to December 23, 2015 at 3:00 PM. (Dkt. No. 1059.)

The Court received a report from Magistrate Judge Francis prior to the December 23 deadline informing the Court that the parties have reached a global settlement. However, that circumstance is not relevant to the Court's consideration of the Motion for Reconsideration, discussed below.

## II.   STANDARD OF REVIEW

Reconsideration of a previous order by the court is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (internal citations and quotation marks omitted). "The provision for reargument is not designed to allow wasteful repetition of arguments already briefed, considered and decided." Schonberger v. Serchuk, 742 F. Supp. 108, 119 (S.D.N.Y. 1990). "The major grounds justifying reconsideration are 'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 Charles Alan Wright,

Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 4478 at 790 (2d ed.)). To these ends, a request for reconsideration under Local Rule 6.3 ("Rule 6.3") must point to controlling law or factual matters put before the court in its decision on the underlying matter that the movant believes the court overlooked and that might reasonably be expected to alter the conclusion reached by the court. See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

Rule 6.3 is intended to "'ensure the finality of decisions and to prevent the practice of a losing party . . . plugging the gaps of a lost motion with additional matters.'" S.E.C. v. Ashbury Capital Partners, No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001) (quoting Carolco Pictures, Inc. v. Sirota, 700 F. Supp. 169, 170 (S.D.N.Y. 1988)). A court must narrowly construe and strictly apply Rule 6.3 so as to avoid duplicative rulings on previously considered issues and prevent Rule 6.3 from being used to advance different theories not previously argued or as a substitute for appealing a final judgment. See Montanile v. Nat'l Broad. Co., 216 F. Supp. 2d 341, 342 (S.D.N.Y. 2002); Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151 (S.D.N.Y. 1999).

## II. DISCUSSION

A.   MOTION FOR RECONSIDERATION

### 1.   Intervening Change of Controlling Law

The first major ground justifying reconsideration is an intervening change in controlling law. See Virgin Atl. Airways, Ltd., 956 F.2d at 1255. Respondents do not argue that there has been an intervening change in controlling law that would have altered the outcome of the November 25 Order. See Shrader, 70 F.3d at 257. The Court therefore finds that there has been no "intervening change of controlling law" which justifies reconsideration of the Order.

### 2.   Availability of New Evidence

The second ground justifying reconsideration is the availability of new evidence. See Virgin Atl. Airways, Ltd., 956 F.2d at 1255. For evidence to be considered "newly available" it must be "evidence that was truly newly discovered or could not have been found by due diligence." Space Hunters, Inc. v. United States, 500 F. App'x 76, 81 (2d Cir. 2012) (internal quotation marks omitted). A motion to reconsider is "not supposed to treat the court's initial decision as the opening of a dialogue in which [the party making the motion] may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings." Polsby v. St. Martin's Press, Inc., No. 97 Civ.

690, 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000); see also
Goldstein v. New York, No. 00 Civ. 7463, 2001 WL 893867, at
*1 (S.D.N.Y. Aug. 7, 2001) (holding that a motion to
reconsider is not an opportunity "to put forward additional
arguments which the movant could have made, but neglected to
make before judgment") (internal quotation marks omitted).

Movants have not presented newly available evidence that
would lead the Court to reconsider its decision approving the
Securities Settlement. Movants have submitted the term sheet
for the proposed MFG Settlement to the Court, but subsequent
developments in the case do not constitute "newly available
evidence" for purposes of a motion for reconsideration.
Moreover, the term sheet submitted to the Court makes clear
that approval of the MFG Settlement does not hinge on
reconsideration of the Securities Settlement.

Although Movants refer in their brief to certain
correspondence with D&O Insurers that they argue supports
their Motion (Dkt. No. 1055 at 5), this information would not
constitute new evidence as Movants could have acquired the
letters by due diligence prior to the December 11 Conference.
See Space Hunters, Inc., 500 F. App'x at 81. Therefore, the
Court finds that this evidence is not "newly available" and
that Movants have presented no new evidence meriting
reconsideration.

3.   <u>Need to Correct Clear Error or Prevent Manifest Injustice</u>

The third ground justifying reconsideration is the "need to correct a clear error or prevent manifest injustice." <u>Virgin Atl. Airways</u>, 956 F.2d at 1255 (internal quotation marks omitted). Movants do not specifically indicate which considerations they believe would warrant reconsideration on these grounds, instead arguing broadly that the Court's "clear misunderstanding about the state of progress toward Global Settlement should satisfy any of the applicable rules" governing reconsideration, including Local Civil Rule 6.3. (Dkt. No. 1028 at 8 n.11.) To the extent that Movants are claiming that the Court's final approval of the Securities Settlement was premature, this argument does not suffice to establish manifest injustice.

Movants continue to make the argument they raised in their original objection to the Securities Settlement (Dkt. No. 1006) that the loss of the $25 million in IDL Policies would constitute harm to parties to other proceedings in the MDL. The Court considered this objection in its November 25 Order and determined that the Securities Settlement was fair, reasonable and adequate to the Securities Class under Rule 23 of the Federal Rules of Civil Procedure and that there was no just reason for delay under Rule 54(b) of the Federal Rules

of Civil Procedure. Movants have identified no "clear error or manifest injustice" in the November 25 Order granting final approval of the Securities Settlement that would require reconsideration.      Therefore,      the      Court      will      deny reconsideration on this ground.

B.    <u>MOTION FOR COMBINED HEARING</u>

Movants ask the Court to schedule a hearing jointly with the Bankruptcy Court for the combined approval of the MFG Settlement and the Securities Settlement. They argue that simultaneous approval of these settlements will preserve the status quo with respect to the Securities Settlement while preserving Movants' ability to access the full amount of the D&O policies. For the reasons stated in Section II(A), the Court is not persuaded that reconsideration of the Securities Settlement is warranted. While the parties to the MFG Settlement, and any further settlements within the MDL, will come before the Court at the proper time for final approval, no further hearing to approve the Securities Settlement is necessary.

### III. ORDER

For the reasons stated above, it is hereby

**ORDERED** that the motion of MF Global Holdings, Ltd. as Plan Administrator and Nader Tavakoli as Litigation Trustee, co-lead counsel for the customer representatives, and Bradley Abelow (collectively "Movants") for Reconsideration of the Court's Order Granting Final Approval of Class Action Settlement (Dkt. No. 1028) is **DENIED**.

**SO ORDERED.**

Dated: New York, New York
      23 December 2015

                          VICTOR MARRERO
                            U.S.D.J.