# SHEARMAN & STERLING LLP

599 LEXINGTON AVENUE | NEW YORK | NY | 10022-6069

WWW.SHEARMAN.COM | T +1.212.848.4000 | F +1.212.648.7179

ahakki@shearman.com
212.848.4924

January 4, 2016

By Facsimile (212-805-6382)

The Honorable Victor Marrero
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007



*In re MF Global Holdings Limited Securities Litigation*, 11-CV-07866(VM)(JCF)

Dear Judge Marrero:

We represent defendants Jefferies LLC ("Jefferies"), BMO Capital Markets Corp., Natixis Securities Americas LLC, Lebenthal & Co., LLC, and U.S. Bancorp Investments, Inc. (collectively, the "Senior Notes Underwriters") in the above-referenced action. Pursuant to the scheduling order governing the Securities Action (the Senior Notes Underwriters are only parties to the Securities Action), summary judgment motions are due to be filed on January 11, 2016. Pursuant to Your Honor's Individual Practices, we write to advise the Court of the Senior Notes Underwriters' contemplated summary judgment motion (which we would timely file on January 11) and to indicate our availability at the Court's convenience for a pre-motion conference should the Court require one.

The Senior Notes Underwriters are uniquely positioned in that their involvement with MF Global and this litigation consists entirely of a single bond offering conducted in early August 2011. The Senior Notes Underwriters are not accused of fraud or willful wrongdoing and are not alleged to have been involved in any of the customer asset issues or business decisions that preceded MF Global's bankruptcy. As the Court envisioned when it determined that plaintiff had plausibly alleged violations of the securities laws *for pleading purposes only*, the parties embarked on extensive discovery aimed at unearthing the truth of what actually occurred. That discovery is now complete.

For the Senior Notes Underwriters, unlike all other parties, the threshold question is whether – as of early August 2011 specifically – the offering documents for the Senior Notes offering were materially false or misleading when read as a whole. On this subject, there is a core set of

ABU DHABI | BEIJING | BRUSSELS | DUBAI | FRANKFURT | HONG KONG | LONDON | MENLO PARK | MILAN | NEW YORK
PARIS | ROME | SAN FRANCISCO | SÃO PAULO | SAUDI ARABIA* | SHANGHAI | SINGAPORE | TOKYO | TORONTO | WASHINGTON, DC

SHEARMAN & STERLING LLP IS A LIMITED LIABILITY PARTNERSHIP ORGANIZED IN THE UNITED STATES UNDER THE LAWS OF THE STATE OF DELAWARE, WHICH LAWS LIMIT THE PERSONAL LIABILITY OF PARTNERS
*ABDULAZIZ ALASSAF & PARTNERS IN ASSOCIATION WITH SHEARMAN & STERLING LLP

The Honorable Victor Marrero  January 4, 2016
Page 2

dispositive facts that are not in material dispute. MF Global had a highly respected disclosure counsel (Sullivan & Cromwell), auditor (PricewaterhouseCoopers), seasoned senior executives and directors and robust, multi-disciplinary disclosure and Sarbanes-Oxley compliance processes. The record of the activities of these professionals is extensive, and there is unrebutted testimony that, as of early August 2011, the company's securities filings and financial statements were, and were fully intended to be, accurate in all material respects. To be sure, MF Global's subsequent bankruptcy was both sudden and traumatic, but as the Second Circuit and Your Honor have stated, hindsight plays no part in adjudicating a securities case.[1] Furthermore, as this Court observed at the motion to dismiss phase, a broad swath of plaintiff's case challenges statements of opinion, which have since become subject to the Supreme Court's decision in *Omnicare, Inc. v. Laborers District Council Construction Industry Pension Fund*, 135 S. Ct. 1318 (2015). Rigorous analysis of the undisputed facts under *Omnicare* makes clear that plaintiff's challenges to MF Global's statements of opinion fail as a matter of law.

The Senior Notes Underwriters remain mindful of the Court's admonitions at the start of the case that all parties should strive for efficiency (as evidenced, among other things, by the Senior Notes Underwriters' focused, 10-page opposition to class certification). As for summary judgment, despite a record comprising over 90 days of depositions, the production of approximately 17 million documents and the reports and testimony of six expert witnesses, the Senior Notes Underwriters propose to file a summary judgment brief of no longer than 35 pages, focused not on every defense, but rather those best suited for summary adjudication.

In brief, the Senior Notes Underwriters will demonstrate in their motion that:

1. There is no genuine, material dispute that – as of early August 2011 and as conclusively confirmed by discovery – MF Global's disclosures regarding its exposure to European sovereign debt (heavily vetted by professionals) were not only accurate, but also robust and specific in disclosing the risks attendant to those positions.

2. There is no genuine and material dispute that – as of early August 2011 and as conclusively confirmed by discovery and expert analysis – MF Global's remarkably candid disclosures and audited and auditor-reviewed financial statement entries regarding its deferred tax assets ("DTAs") were statements of opinion, consonant with the reliable information then available and fully insulated from liability under *Omnicare*.[2]

---

[1] *See Denny v. Barber*, 576 F.2d 465, 470 (2d Cir. 1978); *In re Livent, Inc. Noteholders Secs. Litig.*, 151 F. Supp. 2d 371, 412 (S.D.N.Y. 2003).

[2] This Court has already ruled that MF Global's DTA disclosures are opinion statements based on "substantially subjective judgments." *In re MF Global Holdings Ltd. Secs. Litig.*, 982 F. Supp. 2d 277, 313 (S.D.N.Y. 2013).

The Honorable Victor Marrero                                    January 4, 2016
Page 3

    3. The risk management infrastructure and policies referenced in MF Global's disclosures – again, as of early August 2011 – were accurate in all material respects, warned of precisely the issues that later arose, and only could be found misleading by distorting the undisputed factual record and disclosures beyond any fair-minded reading.

In addition to the plaintiff's inability to prove any false or misleading statement, which will be the sole focus of the Senior Notes Underwriters' motion for summary judgment, the Senior Notes Underwriters have various additional defenses in the case. They, of course, have a due diligence defense, rooted in the diligence conducted by Jefferies, as lead underwriter, and their legal counsel, Fried Frank Shriver & Jacobson. The lead Fried Frank partner testified that he could not recall participating in an investment grade bond offering where there were more due diligence calls held or more hours spent by his team. Moreover, the Senior Notes Underwriters justifiably and permissibly relied on MF Global's highly respected independent auditor, which issued a clean audit report and comfort letters, and MF Global's distinguished external disclosure counsel, which opined in writing to the Senior Notes Underwriters that, after extensive due diligence, it was not aware of a single untrue statement or material omission in the operative disclosures. The Senior Notes Underwriters also have served an exhaustive report by one of the nation's foremost experts on due diligence, opining that the diligence conducted here was entirely appropriate and consistent with industry practice. Similarly, a leading certified public accountant, specialized in broker-dealer accounting, has opined in detail that the DTAs were appropriate under GAAP as of the date of the Senior Notes Offering, and a distinguished finance professor emeritus and senior lecturer at MIT has determined, after detailed financial analysis and econometric testing, that the alleged misrepresentations and omissions at issue, in fact, caused no damage. Finally, any hypothetical liability on the part of the Senior Notes Underwriters, even if there were recoverable damages, would be subject to massive judgment reduction and settlement credit given plaintiff's settlements with other parties, including certain parties who plaintiff's counsel recently described to Your Honor as "those[] arguably at most fault."[3]

The Senior Notes Underwriters stand ready to file their motion on January 11 and, alternatively, are available for a conference should the Court require one.

Respectfully submitted,

Adam S. Hakki

cc:   Magistrate Judge James C. Francis
      Counsel for Plaintiff Government of Guam Retirement Fund

> Plaintiffs are directed to respond by 1-8-16, by letter not to exceed three (3) pages, to the matter set forth above by Senior Notes Underwriters. The time for Defendants herein to file summary judgment motions is extended to a date to be set at a pre-motion telephone conference to be scheduled by the Court.
> SO ORDERED.
> DATE 1-4-16    VICTOR MARRERO, U.S.D.J.

---

[3] Transcript of Hearing before the Honorable Victor Marrero on November 20, 2015 at 9:5-6.