Marrero, V.

```
┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #: _____      3/18/16         │
│ DATE FILED:    //8//6                │
└─────────────────────────────────────┘
```

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE MF GLOBAL HOLDINGS<br>LIMITED SECURITIES LITIGATION | :    Civil Action No. 1:11-CV-07866-VM |
| THIS DOCUMENT RELATES TO: | : |
| All Securities Actions<br>(*DeAngelis v. Corzine*) | :    ECF CASE |

### ORDER PRELIMINARILY APPROVING
### PROPOSED SETTLEMENT WITH DEFENDANTS JEFFERIES LLC,
### BMO CAPITAL MARKETS CORP., NATIXIS SECURITIES AMERICAS LLC,
### LEBENTHAL & CO., LLC, AND U.S. BANCORP INVESTMENTS, INC.

WHEREAS, a consolidated securities class action is pending in this Court styled *In re MF Global Holdings Limited Securities Litigation*, Civil Action No. 1:11-CV-07866-VM, that has been consolidated with other actions under the master case *DeAngelis v. Corzine*, 11-CV-07866-VM (the "Action");

WHEREAS, by Order dated October 14, 2015, the Court certified the Action to proceed as a class action with respect to the claims asserted against the Remaining Senior Notes Underwriter Defendants on behalf of all persons who and entities which purchased or otherwise acquired MF Global 6.25% Senior Notes between August 8, 2011 and November 21, 2011 (including persons who and entities which placed orders before August 8, 2011) (the "Class Period") and were damaged thereby (the "Remaining Senior Notes Underwriter Class" or "Class");[1]

---

[1] Excluded from the Class are: (i) Defendants and MF Global; (ii) members of the Immediate Families of the Individual Defendants; (iii) the subsidiaries and affiliates of Defendants and MF Global; (iv) any person who or entity which, during the Class Period, was, and/or is a partner, executive officer, director or

WHEREAS, (a) Lead Plaintiffs the Virginia Retirement System and Her Majesty The Queen In Right Of Alberta (collectively "Lead Plaintiffs") and named plaintiff the Government of Guam Retirement Fund (together with Lead Plaintiffs, the "Settling Plaintiffs"), on behalf of themselves, the other named plaintiffs in the Action, and the other members of the Class, and (b) defendants Jefferies LLC (f/k/a Jefferies & Company, Inc.), BMO Capital Markets Corp., Natixis Securities Americas LLC (f/k/a Natixis Securities North America Inc.), Lebenthal & Co., LLC, and U.S. Bancorp Investments, Inc. (collectively, the "Remaining Senior Notes Underwriter Defendants," and, together with Settling Plaintiffs, on behalf of themselves, the other named plaintiffs in the Action, and the other members of the Class, the "Settling Parties") have determined to settle all claims asserted against the Remaining Senior Notes Underwriter Defendants in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement with Defendants Jefferies LLC, BMO Capital Markets Corp., Natixis Securities Americas LLC, Lebenthal & Co., LLC, and U.S. Bancorp Investments, Inc. dated March 9, 2016 (the "Stipulation"), subject to approval of this Court (the "Settlement");

WHEREAS, Settling Plaintiffs have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation, and allowing notice to Class Members as more fully described herein;

---

controlling person of MF Global, or any of its subsidiaries or affiliates, or of any Defendant or any of their subsidiaries or affiliates; (v) any entity in which any Defendant or MF Global had during the Class Period and/or has a controlling interest; (vi) Defendants' liability insurance carriers, and any affiliates or subsidiaries thereof; and (vii) the legal representatives, heirs, successors, and assigns of any such excluded person or entity; provided, however, that any Investment Vehicle (as defined in the Stipulation) shall not be deemed an excluded person or entity by definition. Also excluded from the Class are any persons who and entities which submit a request for exclusion from the Remaining Senior Notes Underwriter Class that is accepted by the Court or who or which were, pursuant to request, excluded from any of the Other Classes (to the extent such persons and entities are also Remaining Senior Notes Underwriter Class Members).

WHEREAS, the Court has read and considered: (a) the Consolidated Second Amended Securities Class Action Complaint filed in this Action on October 3, 2014; (b) Settling Plaintiffs' motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (c) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.      **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable and adequate to the Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

2.      **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on  July   15  , 2016 at  11 : 00 a.m. in Courtroom 11B of the United States Courthouse, 500 Pearl Street, New York, NY 10007, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Class, and should be finally approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice as against the Remaining Senior Notes Underwriter Defendants; (c) to determine whether the motion by Co-Lead Counsel for an award of attorneys' fees and reimbursement of expenses should be approved; and (d) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Class Members as set forth in paragraph 4 of this Order.

3

3.      The Court may adjourn the Settlement Hearing and approve the proposed Settlement with such modifications as the Settling Parties may agree to, if appropriate, without further notice to the Class.

4.      **Retention of Claims Administrator and Manner of Giving Notice** – Garden City Group, LLC (f/k/a The Garden City Group, Inc.) (the "Claims Administrator" or "GCG"), which the Court previously authorized Co-Lead Counsel to retain to supervise and administer the notice procedure in connection with the Earlier Settlements and the processing of Claims, shall supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims related to the Settlement, as more fully set forth below. Notice of the Settlement, Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses, and the Settlement Hearing shall be given by Co-Lead Counsel as follows:

(a)      Not later than fifteen (15) business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice substantially in the form attached hereto as Exhibit 1, to be mailed by first-class mail to potential Class Members who or which may be identified through reasonable effort including, but not limited to, from the names and addresses previously obtained for holders of 6.25% Senior Notes through the dissemination of the notices in connection with the Earlier Settlements and through the nominee procedures set forth below;

(b)      Contemporaneously with the mailing of the Notice, the Claims Administrator shall cause a copy of the Notice to be posted on the website maintained by the Claims Administrator for the Action. Copies of the previously approved Plan of Allocation, which shall also apply to the Remaining Senior Notes Underwriter Net Settlement Fund subject to the one modification noted in paragraph 7 below, and the previously approved Proof of Claim

4

Form, which were disseminated in connection with the Earlier Settlements, will also be available to Class Members on the website.[2]  The Proof of Claim Form will be updated to include the revised postmark deadline as provided in paragraph 7 below.

(c)     not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 2, to be published once each in *The Wall Street Journal* and *Investor's Business Daily* and to be transmitted once over the *PR Newswire*; and

(d)     not later than seven (7) calendar days prior to the Settlement Hearing, Co-Lead Counsel shall serve on Remaining Senior Notes Underwriter Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

5.     **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice and the Summary Notice, attached hereto as Exhibits 1 and 2, respectively, and (b) finds that the mailing and distribution of the Notice and the publication of the Summary Notice in the manner and form set forth in paragraph 4 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, of the certification of the Class, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of their right to object to the Settlement and/or the motion for attorneys' fees and expenses, of their right to exclude themselves from the Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the

---

[2]  All members of the Class are also members of each of the settlement classes certified in connection with the Earlier Settlements.  Thus, the Plan of Allocation and the Proof of Claim Form were mailed to all such persons and entities identified in connection with the Earlier Settlements.

requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 77z-1, as amended, and all other applicable laws and rules.  The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

6.    **Nominee Procedures** – In connection with the previously disseminated notices concerning the Underwriter Settlement, the Commerz Settlement and the joint notice concerning the PwC Settlement and Individual Defendant Settlement, brokers and other nominees ("Nominees") were advised that if, for the beneficial interest of any person or entity other than themselves, they purchased or otherwise acquired 6.25% Senior Notes during the period from August 1, 2011 through and including November 21, 2011, they must either:  (a) within seven (7) calendar days of receipt of those notices, request from GCG sufficient copies of the notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those notices forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice, send a list of the names and addresses of all such beneficial owners to GCG.

(a)    For Nominees who previously chose the first option (*i.e.*, elected to mail notices directly to beneficial owners), GCG shall forward Notices to such Nominees for forwarding to the beneficial owners of 6.25% Senior Notes, and the Nominees shall within seven (7) calendar days of receipt of the Notices mail them to the beneficial owners.

(b)    For Nominees who previously chose the second option (*i.e.*, provided a list of names and addresses of beneficial holders to GCG), GCG shall promptly mail a copy of the

Notice to each of the beneficial owners of 6.25% Senior Notes whose names and addresses the Nominee previously supplied.

(c)     For Nominees that purchased or acquired 6.25% Senior Notes during the Class Period for beneficial owners for whom they did not previously provide names and addresses to GCG nor request notices to forward, such Nominees shall within seven (7) calendar days of receipt of the Notice, provide a list of the names and addresses of all such beneficial owners to GCG, or shall request from GCG sufficient copies of the Notice to forward to all such beneficial owners which the Nominee shall, within seven (7) calendar days of receipt of the Notices from GCG, mail to the beneficial owners.

(d)     Nominees who elected or now elect to send the Notice to their beneficial owners shall send a statement to the Claims Administrator confirming that the mailing was made.

(e)     Upon full compliance with this Order, Nominees who mail the Notice to beneficial owners, or who provide additional names and addresses of beneficial owners to the Claims Administrator, may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing GCG with proper documentation supporting the expenses for which reimbursement is sought.  Such properly documented expenses incurred by Nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses subject to review by the Court.

7.     **Participation in the Settlement** –

(a) Plan of Allocation:  The Plan of Allocation approved by the Court in its Order Approving Plan of Allocation of Net Settlement Funds dated November 25, 2015 (ECF No.

1031) shall be utilized for determining the allocation of the Remaining Senior Notes Underwriter Net Settlement Fund to Class Members subject to the modification that this fund shall be added to "Fund 3: The 6.25% Note Fund" referred to in ¶ 18.c of the Plan of Allocation for distribution solely to Authorized Claimants who are Remaining Senior Notes Underwriter Class Members.

(b) Proof of Claim Form:

(i) Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund who did not previously submit a Claim Form in the Action, must complete a Proof of Claim Form in accordance with the instructions contained therein.

(ii) Class Members who filed a Proof of Claim Form in connection with the Earlier Settlements should not file another Claim Form as all transaction information regarding the 6.25% Senior Notes during the Class Period was required to be included in the Proof of Claim Form in connection with those settlements and that information will be used for purposes of calculating Class Members' proportional share of the Remaining Senior Notes Underwriter Net Settlement Fund.

(iii) With respect to the release on page 10 of the Proof of Claim Form, the term "applicable Settlement(s)" shall be deemed to include the Settlement; the term "applicable Stipulation(s)" shall be deemed to include the Stipulation; the term "Settling Defendants" shall be deemed to include the Remaining Senior Notes Underwriter Defendants; the term "Settling Defendants' Releasees" shall be deemed to include the Remaining Senior Notes Underwriter Defendants' Releasees; and the term "Released Plaintiffs' Claim" shall include that term as defined in the Stipulation.

8

(iv) Unless the Court orders otherwise, all Proof of Claim Forms must be postmarked no later than sixty (60) calendar days after the Notice Date. The Court extends the deadline for submission of Proof of Claim Forms to this date with respect to the Earlier Settlements as well. Notwithstanding the foregoing, Co-Lead Counsel may, at their discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Funds to the Remaining Senior Notes Underwriter Class or the Other Classes. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim and the subject matter of the applicable settlement(s).

8.      Each Proof of Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Co-Lead Counsel or the Claims Administrator; (c) if the person executing the Proof of Claim Form is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Class Member must be included in the Proof of Claim Form to the satisfaction of Co-Lead Counsel or the Claims Administrator; and (d) the Proof of Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

9

9.      Any Class Member who or which does not timely and validly submit a Proof of Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Judgment, and the Releases provided for therein, whether favorable or unfavorable to the relevant Class; and (d) shall be barred from commencing, maintaining or prosecuting any of the Released Plaintiffs' Claims against each and all of the Remaining Senior Notes Underwriter Defendants' Releasees, as more fully described in the Stipulation and the Notice.  Notwithstanding the foregoing, late Proof of Claim Forms may be accepted for processing as set forth in paragraph 7 above

10.     **Exclusion from the Class** – Any Class Member who wishes to exclude himself, herself or itself from the Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Class must be mailed or delivered such that it is received no later than twenty-eight (28) calendar days prior to the Settlement Hearing, to: *In re MF Global Holdings Limited Securities Litigation*, EXCLUSIONS, c/o the Claims Administrator at the address to be set forth in the Notice, and (b) that each request for exclusion must: (i) state the name, address and telephone number of the person or entity requesting exclusion, and, in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Remaining Senior Notes Underwriter Class in *In re MF Global Holdings Limited Securities Litigation*, Civil Action No. 1:11-CV-7866"; (iii) state the face value of the 6.25% Senior Notes that the person or entity requesting exclusion purchased/acquired and/or

sold during the Class Period, as well as the dates and prices of each such purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

11. Any person who or entity which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Class shall not be a Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action relating to the Settlement, and shall not receive any payment out of the Remaining Senior Notes Underwriter Net Settlement Fund. Any person or entity who was excluded from any of the Other Classes pursuant to request shall be excluded from the Class.

12. Any Class Member who or which does not timely and validly request exclusion from the Class in the manner stated in this Order: (a) shall be deemed to have waived his, her or its right to be excluded from the Class; (b) shall be forever barred from requesting exclusion from the Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation, the Settlement, and all proceedings, determinations, orders and judgments in the Action relating to the Settlement, including, but not limited to, the Judgment, and the Releases provided for therein whether favorable or unfavorable to the Class; and (d) shall be barred from commencing, maintaining or prosecuting any of the Released Plaintiffs' Claims against any of the Remaining Senior Notes Underwriter Defendants' Releasees, as more fully described in the Stipulation and Notice.

13. **Appearance and Objections at Settlement Hearing** – Any Class Member who or which does not request exclusion from the Class may enter an appearance in the Action at his, her or its own expense, individually or through counsel of his, her or its own choice, by filing

11

with the Clerk of Court and delivering a notice of appearance to both Co-Lead Counsel and Remaining Senior Notes Underwriter Defendants' Counsel, at the addresses set forth in paragraph 14 below, such that it is received no later than twenty-eight (28) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct. Any Class Member who does not enter an appearance will be represented by Co-Lead Counsel.

14.     Any Class Member who does not request exclusion from the Class may file a written objection to the proposed Settlement and/or Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and show cause, if he, she or it has any cause, why the proposed Settlement and/or Co-Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; *provided, however*, that no Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement and/or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Co-Lead Counsel and Remaining Senior Notes Underwriter Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-eight (28) calendar days prior to the Settlement Hearing.

|  | **Co-Lead Counsel** |  | **Remaining**<br>**Senior Notes Underwriter**<br>**Defendants' Counsel** |
|---|---|---|---|
| Bernstein Litowitz Berger<br>   & Grossmann LLP<br>Salvatore J. Graziano, Esq.<br>1251 Avenue of the Americas<br>New York, NY 10020 | | AND | Bleichmar Fonti<br>   & Auld LLP<br>Javier Bleichmar, Esq.<br>7 Times Square, 27th Floor<br>New York, NY 10036 | Shearman & Sterling LLP<br>Adam S. Hakki, Esq.<br>599 Lexington Avenue<br>New York, NY 10022-6069 |

15.     Any objections, filings and other submissions by the objecting Class Member: (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Class Member's objection or

objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Class, including the face value of the 6.25% Senior Notes that the objecting Class Member purchased/acquired and/or sold during the Class Period, as well as the dates and prices of each such purchase/acquisition and/or sale.

16.     Any Class Member who or which does not make his, her or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object to any aspect of the proposed Settlement and Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and shall be forever barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Settlement or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

17.     **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action between the Settling Parties other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.  Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Settling Plaintiffs, and all other members of the Class, from commencing or prosecuting any and all of the Released Plaintiffs' Claims against each and all of the Remaining Senior Notes Underwriter Defendants' Releasees.

18.     **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

19.     **Settlement Fund** – The contents of the Settlement Fund held by Citibank, N.A. (which the Court approves as the Escrow Agent) shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

20.     **Taxes** – Co-Lead Counsel are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect of the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

21.     **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Settling Plaintiffs, the other Class Members and the Remaining Senior Notes Underwriter Defendants, and the Settling Parties shall revert to their respective positions in the Action as of January 25, 2016, as provided in the Stipulation.

22.     **Use of this Order** – Neither this Order, the Stipulation (whether or not consummated), including the exhibits thereto, the Plan of Allocation, the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):   (a) shall be offered against any of the Remaining Senior Notes Underwriter Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of (i) any presumption, concession, or admission by any of the Remaining Senior Notes Underwriter

14

Defendants' Releasees with respect to the truth of any fact alleged by Settling Plaintiffs, the validity of any claim that was or could have been asserted by Settling Plaintiffs or any member of the Class, or the deficiency of any defense that has been or could have been asserted by the Remaining Senior Notes Underwriter Defendants in this Action or in any other litigation, or (ii) any liability, negligence, fault, or other wrongdoing of any kind of any of the Remaining Senior Notes Underwriter Defendants' Releasees or in any way referred to for any other reason as against any of the Remaining Senior Notes Underwriter Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of (i) any presumption, concession or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Remaining Senior Notes Underwriter Defendants' Releasees had meritorious defenses, or that damages recoverable against the Remaining Senior Notes Underwriter Defendants under the Complaint would not have exceeded the Settlement Amount, or (ii) any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered against the Remaining Senior Notes Underwriter Defendants after trial; *provided, however*, that if the Stipulation is approved by the Court, the Settling Parties and the Releasees and their respective counsel may

refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

23.    **Supporting Papers** – Co-Lead Counsel shall file and serve the opening papers in support of the proposed Settlement no later than forty-two (42) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

24.    The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this ____ day of _____, 2016.

The Honorable Victor Marrero
United States District Judge

#954436

16