UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE MF GLOBAL HOLDINGS LTD. INVESTMENT LITIGATION | Case No. 12-MD-2338 (VM) |
| JOSEPH DEANGELIS, *et al.*, <br><br> Plaintiffs, <br><br> - against - <br><br> JON S. CORZINE, *et al.*, <br><br> Defendants. | Case No. 11-Civ-7866 (VM) <br><br> ECF CASE <br><br> USDC SDNY <br> DOCUMENT <br> ELECTRONICALLY FILED <br> DOC #: <br> DATE FILED: 7/14/16 |
| THIS DOCUMENT RELATES TO: <br><br> The Commodity Customer Class Action | |

**ORDER GRANTING PRELIMINARY APPROVAL OF THE FINAL CUSTOMER SETTLEMENT WITH THE INDIVIDUAL DEFENDANTS, APPROVING THE PROPOSED NOTICE TO THE CLASS, AND SETTING A SCHEDULE FOR FINAL APPROVAL**

WHEREAS, the above-captioned consolidated multi-district litigation (the "MDL") includes a class action (the "Customer Class Action") on behalf of former commodity customers (the "Customers") of MF Global Inc. ("MFGI") limited to claims for pre-judgment interest and/or loss-of-use damages (the "Customer Interest Claims") based on MFGI's failure to return Customers' net equity deposits ("Net Equity") following MFGI's October 31, 2011 collapse;

WHEREAS, Co-Lead Counsel for the Customers are litigating both: (i) the Customer Interest Claims; and (ii) the claims of Customers and the MFGI estate arising from the shortfall in Customers' Net Equity (the "Net Equity Claims"), which were assigned by the Customers to the MFGI estate pursuant to an October 2, 2013 assignment (the "Assignment Agreement") in

exchange for the advance of general estate funds sufficient to repay 100% of Customers' outstanding net equity (the "Net Equity Settlement");[1]

WHEREAS, since August 2015, Co-Lead Counsel have litigated the Net Equity Claims on behalf of MF Global Assigned Assets, L.L.C. ("MFGAA"), pursuant to a July 24, 2015 Sale and Assumption Agreement (the "Sale and Assumption Agreement") under which the SIPA Trustee sold the Net Equity Claims to MFGAA;

WHEREAS, because, pursuant to the Assignment Agreement, Net Equity Settlement, and Sale and Assumption Agreement, the Customers no longer hold the Net Equity Claims and settlement of those claims does not require approval under Federal Rule of Civil Procedure 23(e);

WHEREAS, pursuant to the Assignment Agreement, Net Equity Settlement, and Sale and Assumption Agreement, the remaining Customer Interest Claims, consisting of the pre-judgment interest and/or loss-of-use of funds, are subrogated and subordinated to recovery of the shortfall claim held by MFGAA, such that any recovery on the Customer class claims in litigation would have to be paid over to MFGAA until the shortfall advances (totaling in excess of $400 million) have been recovered;

WHEREAS, (i) MFGAA as assignee of certain claims of MFGI; (ii) MF Global Holdings Ltd., as Plan Administrator and otherwise ("MFGH"); (iii) Nader Tavakoli, in his capacity as the Litigation Trustee of the MF Global Litigation Trust (the "Litigation Trustee" and, together with MFGAA and MFGH, the "MFG Plaintiffs"); (iv) the Customer class representatives; (v) Sapere CTA Fund, L.P.; and (vi) Jon S. Corzine, Bradley Abelow, Henri Steenkamp, David Dunne,

---

[1] The MFGI estate's claims based on the shortfall were originally assigned by James W. Giddens (the "SIPA Trustee"), Trustee for the liquidation of MFGI under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. (the "SIPA Proceeding"), to the customer representatives to permit the claims to be litigated by Co-Lead Counsel in conjunction with the Customers' claims in one action.

2

Vinay Mahajan, and Edith O'Brien (collectively, the "Individual Defendants") have executed a Stipulation and Agreement of Settlement (the "Settlement Agreement"), dated July 6, 2016 (the "Execution Date"), that resolves certain claims in the MDL (the "Global Settlement"), including both the Customer Interest Claims and the Net Equity Claims, as well as any and all claims on behalf of the Customers that could have been brought as part of the Customer Class Action (the "Settled Class Claims");

WHEREAS, the Global Settlement provides for payment to a settlement fund of amounts equal to all remaining limits under certain errors and omissions liability policies (the "E&O Policies") and directors and officers liability policies (the "D&O Policies") (subject to the payment of defense costs and the establishment of certain reserves, including to address claims against Jon Corzine and Edith O'Brien asserted by the Commodity Futures Trading Commission (the "CFTC")), and includes an assignment to the Plan Administrator of the Individual Defendants' rights to litigate coverage disputes with non-paying carriers;

WHEREAS, Co-Lead Counsel for the Customers and the Plan Administrator have negotiated an amount of $2 million (plus the potential for an additional allocation of up to $3 million upon resolution of the CFTC's ongoing action) to be paid *pro rata* to Customer Class Members (as defined below) based on the amount each Customer Class member received in the Net Equity Settlement, to be allocated to the settlement of the Customer Interest Claims (the "Customer Settlement Fund") that is fair and equitable, particularly in light of the subrogated and subordinated nature of the Customer Interest Claims;

WHEREAS, Class counsel for the Customers are not seeking an award of attorneys' fees and litigation expenses from the Customer Settlement Fund and only intend to seek attorneys' fees and litigation expenses consistent with agreements with MFGI now held by MFGAA under the Sale and Assumption Agreement;

3

WHEREAS, settlement of the Customer Interest Claims (the "Customer Settlement") requires approval and notice under Federal Rule of Civil Procedure 23(e) and, by letter motion dated July 12, 2016, Co-Lead Counsel moved for an order preliminarily approving the Customer Settlement, under the applicable terms set forth in the Settlement Agreement;

WHEREAS, efficient summary procedures for notifying Customers and the identity of Customers who are members of the class entitled to share in the Customer Settlement Fund have been established through Customer claims filed in the SIPA Proceeding and through: (i) claims filed by Customers in connection with the Customers' 2013 settlement with JPMorgan Chase Bank, N.A.; (ii) the Net Equity Settlement; and (iii) the Customers' 2014 settlement with The CME Group Inc. and Chicago Mercantile Exchange, Inc. (collectively, the "Prior Settlements");

WHEREAS, Customers were sent notices for each of the Prior Settlements, the Court certified a settlement class of Customers entitled to recover in each of the Prior Settlements, the Court subsequently certified a class of Customers by Order dated July 20, 2015 (the "Customer Class") that are entitled to share in recovery from the Customer Interest Claims, such that no additional claimants can now claim to be part of the Customer Class, thus the class of Customers entitled to share in the Customer Settlement Fund is established (the "Customer Class Members");

WHEREAS, Co-Lead Counsel on behalf of the Customer Class has submitted a proposed *Notice to Former Commodity Futures Customers of MF Global Inc. of the Final Customer Settlement with the Individual Defendants and the Date for a Hearing on Final Approval* (the "Notice");

WHEREAS, the amount of the Net Equity shortfall that the MFGI estate was required to advance to Customers pursuant to the Net Equity Settlement, as established by the Bankruptcy Court in the SIPA Proceeding by order dated November 6, 2013, continues to exceed at least

4

$400 million and is far greater than the assets available to the Individual Defendants to pay claims;

WHEREAS, the Customer Interest Claims are subrogated and subordinated to the Net Equity Claims owned by MFGAA;

WHEREAS, in the interest of expediency and efficiency, and given the procedural history of the Customer Class Action, including the: ( ) Court's familiarity with the facts and procedural history of the case; (ii) ease of notice using the names and contact information amassed in the SIPA Proceeding and Prior Settlements including the fact that the members of the Customer Class have been established through the Prior Settlements and the Customer Class has been certified; (iii) Prior Settlements involving the Customers approved by the Court and the submissions in connection with those Prior Settlements that underscored the issues in the Customer Class Action; (iv) fact that the Net Equity Claims have been assigned to MFGAA; and (v) fact that the Customer Interest Claims are subrogated and subordinated to the Net Equity Claims;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **Preliminary Approval of the Customer Settlement:** Based on the Court's review of the Settlement Agreement, including consideration of the amount of the Customer Settlement Fund and the subrogated and subordinated nature of the Customer Interest Claims to the Net Equity Claims, the Court hereby preliminarily approves the Customer Settlement as fair, reasonable and adequate, and in the best interest of the Customer Class, subject to further consideration at the final approval hearing (the "Final Hearing"), if necessary, to be conducted at the date and time identified herein.

2. Preliminary approval and approval of the proposed Notice is appropriate without the necessity of a notice of motion, memorandum of law or supporting declaration.

3. **Settlement Hearing:** The Court will hold the Final Hearing, if necessary, on September 16, 2016 at 2:00 p.m., or as soon thereafter as the Court is available, at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Courtroom 11B, New York, NY 10007-1312, for the following purposes: (a) to determine whether the proposed Customer Settlement is fair, reasonable and adequate, and should be approved by the Court; (b) to determine whether a final order approving the Customer Settlement and dismissing the Customer Interest Claims and Settled Class Claims with prejudice should be entered; and (c) to consider any other matters that may properly be brought before the Court in connection with the Customer Settlement. Notice of the Customer Settlement and the Final Hearing shall be furnished to the Customer Class as set forth in Paragraphs 7-8 of this Order.

4. The deadline for Co-Lead Counsel to file a notice of motion for final approval, memorandum of law in support of final approval, and declaration in support of final approval, if the Court deems them necessary, and any additional submissions, shall be due not later than twenty-eight (28) days prior to the Final Hearing. Any requests for exclusion or written objections by Customer Class Members, as well as any statements, objections, or responses by any other parties in interest to any portion of the motion for final approval (this Order does not act to create standing for parties where none exists), shall be due not later than fourteen (14) days prior to the Final Hearing. Any replies by Co-Lead Counsel shall be due not later than seven (7) days before the Final Hearing.

5. The deadline for Co-Lead Counsel to file a notice of motion seeking an award of attorneys' fees and the reimbursement of litigation expenses, memorandum of law in support, and declaration in support, shall be due within fourteen (14) days of entry of this Order, unless otherwise agreed by Co-Lead Counsel and counsel for the MFG Plaintiffs. Nothing herein limits

the right of the MFG Plaintiffs to object, oppose, or otherwise contest any fees or expenses as provided under Paragraph 14 of the Settlement Agreement.

6. The Court may adjourn the Final Hearing and/or approve the Customer Settlement with such modifications as the parties may agree to, if appropriate, without further notice to the Customer Class, and, further, in the event no Customer Class files a written objection to any aspect of the Customer Settlement pursuant to Paragraph 15 herein, the Court shall give final approval to the Customer Settlement on submission, and enter such appropriate orders and judgments of dismissal as submitted by Co-Lead Counsel pursuant to Paragraph 4 herein.

7. **Use of Collected Data and Manner of Notice:** All distributions to Customer Class Members from the Customer Settlement Fund upon final approval, which will be made *pro rata* based on the amount each Customer received in the Net Equity Settlement, shall be allocated as appropriate based on the data collected and contact information established in the SIPA Proceeding to Customer Class Members, *except that no member of the class that delivers a valid and timely request for exclusion from the Global Settlement shall receive any portion of the Customer Settlement Fund.*

Co-Lead Counsel shall furnish the Notice to the Customer Class as follows:

(a) Epiq Systems Inc., formerly claims administrator in the SIPA Proceeding, will cause to be sent by first-class mail within ten (10) days of entry of this Order the Notice, substantially in the form attached as Exhibit B to Co-Counsel's letter motion, to Customer Class Members identified through the Customer claims process in the SIPA Proceeding and through any claim forms filed in connection with the Prior Settlements;

(b) When available, Co-Counsel will make the following materials available on their respective websites at www.entwistle-law.com and www.bergermontague.com: (i) the executed Preliminary Approval Order; (ii) the Settlement Agreement, without schedules or

7

exhibits, and with provisions not material to the Customer Settlement redacted; and (iii) any submissions by Co-Lead Counsel in connection with final approval of the Customer Settlement; and

(c) Because Customer Class Members were identified through the Customer claims process in the SIPA Proceeding and through claim forms filed in connection with the Prior Settlements, Co-Lead Counsel are not required also to publish notice.

8. **Approval of Form and Content of Notice:** The Court (a) approves the manner of notice provided in Paragraph 7, and (b) finds that the mailing and distribution of the Notice and website posting of the materials identified in Paragraph 7(b): (i) are appropriate under the circumstances; (ii) constitute notice that is reasonably calculated, under the circumstances, to apprise Customer Class Members of the relevant details of the Customer Settlement; (iii) constitute due, adequate and sufficient notice to all persons or entities entitled to receive notice of the Customer Settlement; and (iv) satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and all other applicable law and rules.

9. **Participation in the Customer Settlement:** Customer Class Members who previously submitted a customer proof of claim in the SIPA Proceeding and/or in connection with the Prior Settlements and who wish to participate in the Customer Settlement ***DO NOT*** need to submit a claim or take any additional steps; they will automatically participate in the Customer Settlement ***UNLESS*** they elect to be excluded by following the procedure outlined herein.

10. Any Customer who did not submit a claim in the SIPA Proceeding and/or in connection with the Prior Settlements: (i) shall be deemed to have waived his, her or its right to receive payment in the Customer Settlement; (ii) shall be bound by the provisions of the Customer Settlement, all proceedings, determinations, orders and judgments in the Customer Class Action relating thereto, whether favorable or unfavorable to the Customers; and (iii) will be barred from

commencing, maintaining or prosecuting any of the Settled Class Claims, including Customer Interest Claims.

11. **Exclusion From the Customer Settlement:**  Any Customer Class member who previously submitted a claim in the SIPA Proceeding and/or in connection with the Prior Settlements who wishes to exclude himself, herself or itself from the Customer Settlement must request exclusion in writing as follows:  (a) any such request for exclusion from the Customer Settlement must be mailed or delivered such that it is received by Co-Lead Counsel, as set forth in Paragraph 15 below, no later than fourteen (14) calendar days prior to the Final Hearing; and (b) that each request for exclusion must (i) state the name, address and telephone number of the person or entity requesting exclusion; (ii) state that such person or entity "requests exclusion from the Customer Settlement in the Customer Class Action consolidated into *In re MF Global Ltd. Investment Litigation*, 11-MD-2338 (VM) (S.D.N.Y.)"; and (iii) be signed by the person or entity requesting exclusion or an authorized representative.  A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

12. Any Customer Class member who previously submitted a claim in the SIPA Proceeding and/or in connection with the Prior Settlements who timely and validly requests exclusion from the Customer Settlement, in compliance with the terms stated in this Order, and is excluded from the Customer Settlement, shall not be a class member for purposes of the Customer Settlement, shall not be bound by the terms of the Customer Settlement, and *shall have no right to receive any payment from Customer Settlement Fund.*

13. Any Customer Class member who previously submitted a claim in the SIPA Proceeding and/or in connection with the Prior Settlements who does not timely and validly request exclusion from the Customer Settlement in the manner stated in this Order: (a) shall be

9

deemed to have waived his, her or its right to be excluded from the Customer Settlement; (b) shall be forever barred from requesting exclusion from the Customer Settlement in this or any other proceeding; (c) shall be bound by the provisions of the Customer Settlement and all proceedings, determinations, orders and judgments in the Customer Class Action, whether favorable or unfavorable to the Customers; and (d) will be barred from commencing, maintaining or prosecuting any of the Settled Class Claims, including Customer Interest Claims.

14. **Appearance and Objections at Settlement Hearing**: Any Customer Class member who does not request exclusion from the Customer Settlement may enter an appearance in the Customer Class Action, at his, her or its own expense, individually or through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to Co-Lead Counsel, as set forth in Paragraph 15 below, such that it is received no later than fourteen (14) calendar days prior to the Final Hearing, or as the Court may otherwise direct. Any Customer Class member who does not enter an appearance will be represented by Co-Lead Counsel.

15. Any Customer Class member who does not request exclusion from the Customer Settlement may file written objections to any aspect of the Customer Settlement and appear at the Final Hearing and show cause, if he, she or it has any cause, why the proposed Customer Settlement should not be approved; *provided, however,* that no Customer Class member shall be heard or entitled to contest the approval of the terms and conditions of any aspect of the proposed Customer Settlement unless that person or entity has filed written objections with the Court and served copies of such objections on Co-Lead Counsel at the addresses set forth below such that they are received no later than fourteen (14) calendar days prior to the Final Hearing:

TO THE COURT

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
DANIEL PATRICK MOYNIHAN UNITED STATES COURTHOUSE
500 PEARL STREET
NEW YORK, NY 10007-1312
RE:  *IN RE MF GLOBAL LTD. INVESTMENT
LITIGATION*, 11-MD-2338 (VM)

CO-LEAD COUNSEL

| | |
|---|---|
| ANDREW J. ENTWISTLE | MERRILL G. DAVIDOFF |
| ENTWISTLE & CAPPUCCI LLP | BERGER & MONTAGUE, P.C. |
| 299 PARK AVENUE, 20TH FLOOR | 622 LOCUST STREET |
| NEW YORK, NY 10171 | PHILADELPHIA, PA 19103 |

16.  Any objections, filings and other submissions by any objecting Customer Class member (a) must contain a statement of his, her or its objections, as well as the specific reasons for each objection, including the legal and evidentiary support the objector wishes to bring to the Court's attention; and (b) must include documents sufficient to prove membership in the class.

17.  Any Customer Class member who does not make his, her or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object to any aspect of the Customer Settlement, and shall forever be barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Customer Settlement, or from otherwise being heard concerning the Customer Settlement.

18.  **Termination:**  If the Customer Settlement is terminated, or is not approved, this Order shall become null and void, and shall be without prejudice to the rights of the Customer Class, the MFG Plaintiffs, or the Individual Defendants.

19.  **Injunction**:  Pending final determination of whether the Customer Settlement should be approved, or by further order of the Court, no Customer, whether directly,

representatively or in any other capacity, and whether or not such person or entity has appeared in the above-captioned consolidated action, shall commence or prosecute, or continue to prosecute, in any court or forum any action involving the subject matter of any of the Settled Class Claims, including Customer Interest Claims. This injunction is necessary to protect and effectuate the Customer Settlement, this Order, and the Court's flexibility and authority to enter judgment when appropriate.

20. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Customer Settlement.

SO ORDERED this 14th day of July, 2016.

The Honorable Victor Marrero
United States District Judge